UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP LTD.,<br><br>   Plaintiff,<br><br>  v.<br><br>RIPPLE LABS INC., et al.,<br><br>   Defendants. | Case No. 15-cv-01503-WHO<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER; SETTING HEARING AND BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION MOTION; AUTHORIZING EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 23 |

  Defendant/cross-plaintiff Ripple Labs Inc. and cross-defendant Jacob Stephenson have competing claims to $1,038,172, which is currently held by interpleader plaintiff Bitstamp Ltd. Ripple Labs and Bitstamp both contend that cross-defendant Jed McCaleb may also make a claim to the disputed funds. Bitstamp filed an interpleader complaint on April 1, 2015, seeking the Court's assistance in resolving ownership of the disputed funds. Dkt. No. 1. On May 13, 2015, Bitstamp filed a motion to discharge its interpleader complaint and to allow it to release the disputed funds to Stellar Development Foundation, a non-party allegedly controlled by McCaleb. Bitstamp noticed its motion for a hearing on June 10, 2015. On May 14, 2015, while Bitstamp's motion to discharge was still pending, Ripple Labs filed an *ex parte* application for a temporary restraining order and order to show cause why a preliminary injunction should not issue to enjoin Bitstamp from transferring the disputed funds to McCaleb or Stellar. Dkt. No. 23. Ripple Labs also moves for expedited discovery in advance of a hearing on its request for a preliminary injunction. *Id*.

  Having considered Ripple Labs's motion, the declarations in support thereof, and the

record in this matter, IT IS HEREBY ORDERED:

(1) In order to maintain the status quo until Bitstamp's motion to discharge and Ripple Labs's motion for a preliminary injunction can be heard and resolved, Bitstamp is TEMPORARILY ENJOINED from transferring the $1,038,172 in disputed funds to Stellar, Stephenson, McCaleb, Ripple Labs, or any other person or entity.

(2) Any person or entity other than Ripple Labs claiming ownership of the $1,038,172 in disputed funds (including Stephenson, McCaleb, Stellar, or Bitstamp), shall file an opposition to Ripple Labs' motion for a preliminary injunction (Docket Number 23) by May 27, 2015.  Any replies by Ripple Labs to the oppositions must be filed by June 4, 2015.

(3) The Court will hear argument on Ripple Labs's motion for a preliminary injunction on June 10, 2015, at the same time as the hearing on Bitstamp's motion to discharge.

(4) Assuming proper service, Ripple Labs may immediately notice and take the depositions of Jed McCaleb and Jacob Stephenson.  These depositions shall take place during the week of May 25 - 29, 2015.

(5) Assuming proper service, McCaleb and Stephenson shall provide the following discovery to Ripple Labs within 10 days of this order:

   (a) Documents sufficient to identify all XRP accounts in McCaleb's and Stephenson's ownership and/or control;

   (b) Documents relating to XRP sales and transfers by, for, or at the direction of McCaleb, Harris, and/or Stephenson for the period August 13, 2014 until the present;

   (c) Documents relating to XRP sales and transfers of XRP for the benefit of McCaleb, Stephenson, and/or Stellar for the period August 13, 2014 until the present;

   (d) McCaleb's and Stephenson's bank records which include records of virtual currency accounts with Bitstamp, Coinex, or other gateways, for the period August 13, 2014 until the present;

   (e) Communications by or among McCaleb, Stephenson, and/or Harris regarding or relating to Ripple Labs, XRP, Stellar, or STRs for the period August 13, 2014 until the present;

   (f) Communications by, among McCaleb, Harris, and/or Stephenson regarding or with Bitstamp, Coinex, or other gateways from August 13, 2014 until the present;

   (g) Documents relating to the XRP sales at issue in this matter and Stephenson's purported attempt to purchase approximately $1 million worth of STRs;

   (h) Communications by or among McCaleb and Stellar officers, directors, employees, founders, or agents regarding XRP sales and/or the Stellar auction.

(6) If the parties agree that there is insufficient time to complete the discovery within the deadlines identified above, they may file a stipulation proposing a new schedule for the hearing and briefing on the motion for a preliminary injunction, along with a new discovery schedule.

**IT IS SO ORDERED**.

Dated: May 15, 2015



WILLIAM H. ORRICK
United States District Judge