# **EXHIBIT D**

**Subject:** Order Granting TRO and Corresponding Requests for Production of Documents - Bitstamp, Ltd v. Ripple Labs Inc. et al, Case 3:15-cv-01503-WHO (N.D. Cal.)
**From:** "Chessari, Nicole L." <NChessari@goodwinprocter.com>
**Date:** 5/16/2015 12:17 PM
**To:** "tarsque@gmail.com" <tarsque@gmail.com>
**CC:** "Fondo, Grant P" <GFondo@goodwinprocter.com>, "terry@gba-law.com" <terry@gba-law.com>


Mr. Stephenson,

Our firm represents Ripple Labs Inc., in conjunction with the interpleader action filed by Bitstamp in California Federal Court on April 1, 2015.  Please find attached the Order issued yesterday by the Court in the aforementioned matter which (1) grants Ripple Labs' motion to temporarily enjoin Bitstamp from transferring the $1m+ funds in its possession, (2) requires you to file something with the Court by May 27, 2015, if you intend to make a claim on those funds, (3) permits Ripple Labs to obtain certain enumerated documents (including emails) from you that are relevant to this case within 10 days of the order (by May 25, 2015), and (4) permits Ripple Labs to take your deposition during the week of May 25-29, or on an otherwise mutually agreeable date.

Please also find attached Ripple Labs' Request for Production of Documents ("Document Request"), pursuant to the Court's Order.  In addition to the specific documents sought in Ripple Labs' Document Request, <u>you are legally required to preserve all documents relating, in any way, to the above-referenced matter</u>.  This obligation expands beyond the documents (hard copy and electronic) encompassed in the attached Document Request to any and all potentially relevant documents. This email serves as a formal demand that you preserve and maintain all information and documents held by you and all other persons or entities within your control with respect to the subject matter of this dispute, including, but not limited to, all documents relating to Bitstamp Ltd, Ripple Labs, the Ripple protocol, Jed McCaleb, Nancy Harris, Stellar Development Foundation, STR and XRP.

Both of the attached documents were formally served on you yesterday via Federal Express overnight delivery, which you should be receiving today.  This email is simply a courtesy copy.

While we have cc'd Mr. Gross on this email, he has not confirmed that he represents you for all purposes in this matter.  If you have retained counsel to represent you in this case, please provide us with his/her contact information, and we will direct all further communications to him/her going forward.

Regards,
Nicole

Nicole L. Chessari, Esq.
**Goodwin Procter LLP**
135 Commonwealth Drive
Menlo Park, CA 94025
T:  (650) 752-3281
F:  (650) 853-1038
NChessari@goodwinprocter.com
www.goodwinprocter.com



******************************************************************

Case 3:15-cv-01503-WHO   Document 31-5   Filed 05/20/15   Page 3 of 13

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Attachments:

| | |
|---|---|
| Order Granting TRO and Expedited Discovery.pdf | 121 KB |
| 150515 Doc Requests to Jacob Stephenson FINAL (2).pdf | 131 KB |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP LTD.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIPPLE LABS INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-01503-WHO<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER; SETTING HEARING AND BRIEFING SCHEDULE FOR PRELIMINARY INJUNCTION MOTION; AUTHORIZING EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 23 |

　　　　Defendant/cross-plaintiff Ripple Labs Inc. and cross-defendant Jacob Stephenson have competing claims to $1,038,172, which is currently held by interpleader plaintiff Bitstamp Ltd. Ripple Labs and Bitstamp both contend that cross-defendant Jed McCaleb may also make a claim to the disputed funds. Bitstamp filed an interpleader complaint on April 1, 2015, seeking the Court's assistance in resolving ownership of the disputed funds. Dkt. No. 1. On May 13, 2015, Bitstamp filed a motion to discharge its interpleader complaint and to allow it to release the disputed funds to Stellar Development Foundation, a non-party allegedly controlled by McCaleb. Bitstamp noticed its motion for a hearing on June 10, 2015. On May 14, 2015, while Bitstamp's motion to discharge was still pending, Ripple Labs filed an *ex parte* application for a temporary restraining order and order to show cause why a preliminary injunction should not issue to enjoin Bitstamp from transferring the disputed funds to McCaleb or Stellar. Dkt. No. 23. Ripple Labs also moves for expedited discovery in advance of a hearing on its request for a preliminary injunction. *Id*.

　　　　Having considered Ripple Labs's motion, the declarations in support thereof, and the

record in this matter, IT IS HEREBY ORDERED:

(1) In order to maintain the status quo until Bitstamp's motion to discharge and Ripple Labs's motion for a preliminary injunction can be heard and resolved, Bitstamp is TEMPORARILY ENJOINED from transferring the $1,038,172 in disputed funds to Stellar, Stephenson, McCaleb, Ripple Labs, or any other person or entity.

(2) Any person or entity other than Ripple Labs claiming ownership of the $1,038,172 in disputed funds (including Stephenson, McCaleb, Stellar, or Bitstamp), shall file an opposition to Ripple Labs' motion for a preliminary injunction (Docket Number 23) by May 27, 2015. Any replies by Ripple Labs to the oppositions must be filed by June 4, 2015.

(3) The Court will hear argument on Ripple Labs's motion for a preliminary injunction on June 10, 2015, at the same time as the hearing on Bitstamp's motion to discharge.

(4) Assuming proper service, Ripple Labs may immediately notice and take the depositions of Jed McCaleb and Jacob Stephenson. These depositions shall take place during the week of May 25 - 29, 2015.

(5) Assuming proper service, McCaleb and Stephenson shall provide the following discovery to Ripple Labs within 10 days of this order:

  (a) Documents sufficient to identify all XRP accounts in McCaleb's and Stephenson's ownership and/or control;

  (b) Documents relating to XRP sales and transfers by, for, or at the direction of McCaleb, Harris, and/or Stephenson for the period August 13, 2014 until the present;

  (c) Documents relating to XRP sales and transfers of XRP for the benefit of McCaleb, Stephenson, and/or Stellar for the period August 13, 2014 until the present;

  (d) McCaleb's and Stephenson's bank records which include records of virtual currency accounts with Bitstamp, Coinex, or other gateways, for the period August 13, 2014 until the present;

  (e) Communications by or among McCaleb, Stephenson, and/or Harris regarding or relating to Ripple Labs, XRP, Stellar, or STRs for the period August 13, 2014 until the present;

  (f) Communications by, among McCaleb, Harris, and/or Stephenson regarding or with Bitstamp, Coinex, or other gateways from August 13, 2014 until the present;

  (g) Documents relating to the XRP sales at issue in this matter and Stephenson's purported attempt to purchase approximately $1 million worth of STRs;

  (h) Communications by or among McCaleb and Stellar officers, directors, employees, founders, or agents regarding XRP sales and/or the Stellar auction.

2

(6) If the parties agree that there is insufficient time to complete the discovery within the deadlines identified above, they may file a stipulation proposing a new schedule for the hearing and briefing on the motion for a preliminary injunction, along with a new discovery schedule.

**IT IS SO ORDERED**.

Dated: May 15, 2015



WILLIAM H. ORRICK
United States District Judge

Grant P. Fondo (SBN 181530)
*gfondo@goodwinprocter.com*
Nicole L. Chessari (SBN 259970)
*nchessari@goodwinprocter.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: 650.752.3100
Fax.: 650.853.1038

Richard M. Strassberg (*Pro Hac Vice*)
*rstrassberg@goodwinprocter.com*
**GOODWIN PROCTER LLP**
353 East 72nd Street 36th Floor
New York, NY 10021
Tel.: 212.813.8800
Fax.: 212.355.3333

Attorneys for Defendant/Cross-Plaintiff
RIPPLE LABS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RIPPLE LABS INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 Through 10, Inclusive,<br><br>　　　　　Defendant.<br> | Case No. 15-cv-01503-WHO<br><br>**DEFENDANT/CROSS-PLAINTIFF RIPPLE LABS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT/CROSS-DEFENDANT JACOB STEPHENSON**<br><br>Hon. William H. Orrick |
| RIPPLE LABS INC., a California Corporation,<br><br>　　　　　Cross-Plaintiff,<br><br>　　v.<br><br>JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1 Through 10, Inclusive,<br><br>　　　　　Cross-Defendants. | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's May 15, 2015 Order (*See* Dkt. No. 24), Defendant and Cross-Plaintiff Ripple Labs Inc. propounds the following First Set of Requests for Production of Documents on Defendant and Cross-Defendant Jacob Stephenson:

**DEFINITIONS**

1. The term "BITSTAMP" means Bitstamp Ltd. and its past and present agents, representatives, employees, contractors, directors, parent companies, subsidiaries, affiliates, or attorneys, as well as any other PERSONS currently or previously under its control or acting on its behalf.

2. The term "COINEX" means Coinex Gateway and its past and present agents, representatives, employees, contractors, directors, parent companies, subsidiaries, affiliates, or attorneys, as well as any other PERSONS currently or previously under its control or acting on its behalf.

3. The term "HARRIS" means Nancy Harris and her past and present agents, representatives, or attorneys, as well as any other PERSONS currently or previously under her control or acting on her behalf.

4. The term "GATEWAY" means an exchange that holds the currency that Ripple protocol users and/or Stellar protocol users send to one another.

5. The term "PERSON" or "PERSONS" includes not only ANY natural person or individual, but also ANY corporation(s), partnership(s), unincorporated association(s), joint venture(s), nonprofit organization(s), firm(s), or other business entity or association of PERSONS, and also ANY governmental agency, office, administrative, board, or other body.

6. The term "RIPPLE LABS" means Ripple Labs, Inc. and its past and present agents, representatives, employees, contractors, directors, parent companies, subsidiaries, affiliates, or attorneys, as well any other PERSONS currently or previously under its control or acting on its behalf.

7. The term "STELLAR" means Stellar Development Foundation and its past and present agents, representatives, employees, contractors, directors, parent companies, subsidiaries,

affiliates, or attorneys, as well as any other PERSONS currently or previously under its control or acting on its behalf.

    8.    The term "STELLAR AUCTION" means the auction initiated by STELLAR on or about March 16, 2015, to sell STR to the public.

    9.    The term "MCCALEB" means Jed McCaleb and his past and present agents, representatives, or attorneys, as well as any other PERSONS currently or previously under his control or acting on his behalf.

    10.    The term "STR" means the native currency of the Stellar protocol.

    11.    The term "XRP" means the native currency of the Ripple protocol.

    12.    The term "XRP ACCOUNTS" means accounts on the Ripple protocol.

    13.    The term "YOU" means Jacob Stephenson and his past and present agents, representatives, or attorneys, as well as any other PERSONS currently or previously under his control or acting on his behalf.

### INSTRUCTIONS

A.    The Requests contained herein extends to ALL DOCUMENTS in YOUR possession, custody, or control, including DOCUMENTS in the possession of YOUR attorneys, employees, brokers, accountants, financial advisors, representatives and agents, ANY former attorneys, representatives or agents over whom YOU retain control, and ANY other persons acting for YOU or on YOUR behalf.

B.    ALL DOCUMENTS are to be produced as they are kept in the usual course of business, in the files in which such DOCUMENTS have been maintained, and in the order within each file in which such DOCUMENTS have been maintained; or ALL DOCUMENTS shall be organized and labeled to correspond with the following Requests.

C.    If YOU withhold ANY DOCUMENT(S) from production on the basis of a claim of attorney-client or ANY other privilege, or on the basis of the attorney work-product doctrine, YOU must set forth with specificity the privilege or work-product claim and furnish a list identifying each DOCUMENT for which the privilege or work-product doctrine is claimed, together with, for each DOCUMENT: (i) a brief description of the nature and subject matter,

-2-

DEFENDANT/CROSS-PLAINTIFF RIPPLE LABS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT/CROSS-DEFENDANT JACOB STEPHENSON, Case No. 15-cv-01503-WHO

including the title and type, of the DOCUMENT; (ii) the date of the DOCUMENT's preparation; (iii) the name and title of the author(s) of the DOCUMENT; (iv) the name and title of the addressee(s); (v) the name and title of ALL persons to whom the DOCUMENT was sent, including blind carbon copies; (vi) the number of pages of the DOCUMENT; (vii) the DOCUMENT request(s) to which the withheld DOCUMENT is otherwise responsive; and (viii) the complete basis upon which YOU contend YOU are entitled to withhold the information or DOCUMENT from production.

D.   These Requests specifically require the production of ALL responsive DOCUMENTS, including ALL responsive information that is stored electronically, including all available metadata, regardless of the data storage medium or system on which the electronic data resides. These Requests should thus be understood to encompass, and YOUR response should include, electronically-stored information.

E.   ALL electronically-stored information should be produced in a Relativity database or other format compatible with Relativity, together with a description of the system from which it is derived. YOU must provide text-searchable copies of DOCUMENTS in the event that certain DOCUMENTS exist in both searchable and non-searchable formats.

F.   If DOCUMENTS exist in both electronic and non-electronic form, or if multiple copies of the same DOCUMENT exist in the same form, YOU shall produce ALL copies with sufficient information to determine the source of each copy.

G.   To the extent that YOU contend that YOU need not provide discovery of certain responsive electronically-stored information on the ground that such information is not readily accessible, YOU shall identify with particularity: (i) the information that is not readily accessible; (ii) the reasons why the information is not readily accessible; and (iii) the burden and cost associated with the production of the information.

H.   YOU must identify, by category or type, ANY sources containing potentially responsive electronically-stored information that YOU are not searching. This identification shall provide enough detail to enable RIPPLE LABS to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.

DEFENDANT/CROSS-PLAINTIFF RIPPLE LABS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT/CROSS-DEFENDANT JACOB STEPHENSON, Case No. 15-cv-01503-WHO

**DOCUMENTS TO BE PRODUCED**

1. Documents sufficient to identify all XRP ACCOUNTS in YOUR control.

2. Documents sufficient to identify all XRP ACCOUNTS in MCCALEB'S ownership and/or control.

3. Any and all documents relating to XRP sales and transfers by, for, or at the direction of YOU, HARRIS, and/or MCCALEB for the period August 13, 2014 until the present.

4. Any and all documents relating to XRP sales and transfers for the benefit of YOU, MCCALEB, and/or STELLAR for the period August 13, 2014 until the present.

5. All of YOUR bank records, including records of YOUR virtual currency accounts with BITSTAMP, COINEX, or other GATEWAYS, for the period August 13, 2014 until the present.

6. Any and all communications by or among YOU, MCCALEB, and/or HARRIS concerning RIPPLE LABS, XRP, STELLAR, or STRs for the period August 13, 2014 until the present.

7. Any and all communications by or among YOU, HARRIS, and/or MCCALEB concerning, or with, BITSTAMP, COINEX, or any other GATEWAYS from August 13, 2014 until the present.

8. Any and all documents relating to the XRP sales at issue in this action, including, but not limited to following transactions:

- Transactions by Ripple account r3Q3B6A2giHDMef83AztzBStBm1JBmxUKX that took place between August 14, 2014 and September 25, 2014;
- Transactions by Ripple account rnj8sNUBCw3J6sSstY9QDDoncnijFwH7Cs that took place between September 25 and October 8, 2014;
- The offer by Ripple account r3Q3B6A2giHDMef83AztzBStBm1JBmxUKX to sell 98,846,600 XRP on March 19, 2015; and
- The offer and subsequent sale by Ripple account r3Q3B6A2giHDMef83AztzBStBm1JBmxUKX to sell 96,342,361.6 XRP on March 20, 2015.

9. Any and all documents relating to MCCALEB'S purported attempt to purchase approximately $1 million worth of STRs.

10. Any and all communications by YOU concerning XRP sales.

11. Any and all communications by YOU concerning the STELLAR AUCTION.

12. Any and all communications with STELLAR concerning XRP sales.

13. Any and all communications with STELLAR concerning the STELLAR AUCTION.

Dated: May 15, 2015

Respectfully submitted,

By: *Grant P. Fondo* /s/
Grant P. Fondo (SBN 181530)
gfondo@goodwinprocter.com
Nicole L. Chessari (SBN 259970)
nchessari@goodwinprocter.com
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, California 94025-1105
Tel.: 650.752.3100
Fax.: 650.853.1038

Richard M. Strassberg (*Pro Hac Vice*)
rstrassberg@goodwinprocter.com
**GOODWIN PROCTER LLP**
353 East 72nd Street 36th Floor
New York, NY 10021
Tel.: 212.813.8800
Fax.: 212.355.3333

Attorneys for Defendant/Cross-Plaintiff
RIPPLE LABS INC.

-5-

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Three Embarcadero Center, 24th Floor, San Francisco, CA 94111.

On **May 15, 2015,** I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**DEFENDANT/CROSS-PLAINTIFF RIPPLE LABS INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT/CROSS-DEFENDANT JACOB STEPHENSON**

Jacob Stephenson
509 S. Hawk Place
Fayetteville, AR 72701-8872

Jacob Stephenson
University of Arkansas
Information Technology Services
155 Razorback Rd.
Fayetteville, Arkansas 72701

☑ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **May 15, 2015**, at San Francisco, California.

April Sun
(Type or print name)                                        (Signature)