Grant P. Fondo (SBN 181530)
*gfondo@goodwinprocter.com*
Nicole L. Chessari (SBN 259970)
*nchessari@goodwinprocter.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, CA 94025-1105
Tel.: 650.752.3100
Fax.: 650.853.1038

Richard M. Strassberg (*Pro Hac Vice*)
*rstrassberg@goodwinprocter.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel.: 212.813.8800
Fax.: 212.355.3333

Attorneys for Defendant/Cross-Plaintiff
**RIPPLE LABS INC.**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 Through 10, Inclusive,<br><br>Defendant. | Case No. 15-cv-01503-WHO<br><br>**RIPPLE LABS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS AND CROSS DEFENDANTS' MOTION TO DISSOLVE OR MODIFY TEMPORARY RESTRAINING ORDER**<br><br>Date:   May 22, 2012<br>Time:   3:00 p.m.<br>Dept.:   Courtroom 2, 17th Floor<br><br>Judge:  Hon. William H. Orrick |
| RIPPLE LABS INC., a California Corporation,<br><br>Cross-Plaintiff,<br><br>v.<br><br>JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1 Through 10, Inclusive,<br><br>Cross-Defendants. | |

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ........................................................................................................... 1
II. BACKGROUND ............................................................................................................. 3
    A. Bitstamp's Expressed Intent To Transfer The Disputed Funds To Stellar Because Of Threats From McCaleb And Stellar ........................................... 3
    B. Ripple Labs' Application For A Temporary Restraining Order ............................... 4
    C. The Court Grants Ripple Labs' Motion .................................................................... 5
    D. Ripple Labs Issues Document Requests And Deposition Notices ........................... 5
        1. Document Requests ...................................................................................... 5
        2. Deposition Notices ....................................................................................... 5
        3. Ripple Labs Contacted Defendants' Counsel Regarding A Revised Discovery Schedule, Narrowed Requests, And A Protective Order ............. 6
III. LEGAL STANDARD ..................................................................................................... 6
IV. ARGUMENT .................................................................................................................. 7
    A. Defendants Have Not Shown A Basis for Dissolution Or Modification Of The TRO .................................................................................................................. 7
        1. There Is No Change In Fact Or Law Warranting The Relief Sought .......... 7
        2. The TRO Was Properly Issued ..................................................................... 7
        3. Ripple Labs Provided Parties With Proper Notice Of The TRO ................. 8
        4. There Is No Need For A Bond—The Disputed Funds Are Frozen ............. 9
    B. Defendants' Request For Reconsideration Of The Court's Order Granting Expedited Discovery Is Improper ........................................................................... 10
        1. Defendants Failed To Comply With The Necessary Procedural Requirements To Bring This Motion ........................................................... 10
        2. Ripple Labs Is Amenable To Discussing The Scope Of The Court Ordered Document Requests And Extending The Time For Compliance .................................................................................................. 11
        3. Defendants Do Not Object To McCaleb Or Stephenson's Depositions ................................................................................................... 11
V. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

**PAGE(S)**

**FEDERAL CASES**

*Aevoe Corp. v. AE Tech Co., Ltd.*,
   No. 2:12–cv–00053–GMN–NJK, 2014 WL 1089676 (D. Nev. Mar. 18, 2014) ........................7

*Am. Impex Corp. v. Int'l Ace Tex, Inc.*,
   No. CV 09-7082 PA (EX), 2009 WL 3963791 (C.D. Cal. Nov. 16, 2009) ...............................9

*Bhandari v. Capital One,*
   No. C 12-04533 PSG, 2012 WL 3792766 (N.D. Cal. Aug. 31, 2012 .........................................9

*Carmack v. Chase Manhattan Bank (USA)*,
   521 F. Supp. 2d 1017 (N.D. Cal. 2007) ..................................................................................10

*Castellanos v. Countrywide Bank NA*,
   No. 15-CV-00896-BLF, 2015 WL 914436 (N.D. Cal. Feb. 27, 2015) ......................................9

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*,
   321 F.3d 878 (9th Cir. 2003) ....................................................................................................9

*Dixie Brewing Co., Inc. v. Dep't of Veterans Affairs*,
   No. CIV. A. 13-6605, 2013 WL 6715921 (E.D. La. Dec. 18, 2013) ........................................6

*Fay Ave. Prop., LLC v. Travelers Prop. Cas. Co. of Am.*,
   No. 11-CV-2389-GPC WVG. 2014 WL 6980248 (S.D. Cal. Dec. 9, 2014) ...........................10

*Jorgensen v. Cassiday*,
   320 F.3d 906 (9th Cir. 2003) ....................................................................................................9

*Sharp v. Weston*,
   233 F.3d 1166 (9th Cir.2000) ...................................................................................................7

*United States v. Rodriguez-Vasquez*,
   4 F. Supp. 3d 1146, 1156 (N.D. Cal. 2013) .......................................................................6, 10

*ViChip Corp. v. Lee*,
   No. C 04-2914 PJH, 2004 WL 2958482 (N.D. Cal. Dec. 21, 2004).........................................6

**OTHER AUTHORITIES**

FRCP 65(b)(4)................................................................................................................................6, 11

L.R. 7-9 ..........................................................................................................................................6, 10

L.R. 65-1 ..............................................................................................................................................8

L.R. 65(c) ............................................................................................................................................9

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **I.     INTRODUCTION**

Defendant Nancy Harris and Defendants/Cross-Defendants Jed McCaleb and Jacob Stephenson (collectively, "Defendants"), after receiving the Court's May 15, 2015 order (the "Order"), now, along with "Stellar[,] consent to Bitstamp retaining the funds until [Bitstamp's] motion to discharge is resolved." (Defendants and Cross-Defendants' Motion to Dissolve Or, In the Alternative, Modify Temporary Restraining Order (the "Motion"), at 3).  Given that the preliminary injunction hearing is currently set for the same date as the motion to discharge, Defendants have thus consented to the Temporary Restraining Order ("TRO").  Accordingly, this Motion to dissolve or modify the Temporary Restraining Order appears to be a guise for a Motion for Reconsideration of the Court's order granting expedited discovery, but under a different title and under shortened time.  Defendants have not met the requisite standard for such reconsideration.

Ripple Labs had, and still has, a valid basis for seeking its TRO, preliminary injunction, and expedited discovery.  Contrary to Defendants' assertions, even after filing its motion to discharge, Bitstamp represented that, notwithstanding its motion, unless Ripple Labs obtained a court order preventing Bitstamp from transferring the Disputed Funds, it might transfer the Disputed Funds to Stellar  Development Foundation ("Stellar") *before* its motion could be heard, due to Stellar's threats and pressure.[1]  Notably, Defendants do not deny that McCaleb and Stellar made the threats that led to the TRO Motion.  Furthermore, Bitstamp was rightfully concerned that transferring the funds to Stellar, a company controlled by McCaleb, could be aiding and abetting violations of anti-money laundering and tax laws.  This is particularly worrisome given that McCaleb is currently under investigation for criminal violations of federal law, which Ripple Labs believes involve potential illegal financial transactions – another fact Defendants do not deny.

After waiting *for over six weeks* without appearing in this action, and instead, trying to work through counsel for non-party Stellar, outside the Court's purview, to move the Disputed

---

[1] Defendants also do not deny that McCaleb is under investigation by the federal government for potential criminal violations, including relating to financial transactions.

- 1 -

RIPPLE LABS' OPPOSITION TO DEFS' MOTION TO DISSOLVE OR MODIFY TRO
Case No. 15-cv-01503-WHO

1  Funds, Defendants now take issue with the form of notice provided by Ripple Labs for its TRO
2  Motion.  Ripple Labs cannot be faulted for Defendants' latency.  Ripple Labs followed the proper
3  procedure for its TRO Motion, providing advance notice to Bitstamp – the only party besides
4  Ripple Labs that had appeared in this case at that point.  Ripple Labs also took the additional step
5  of providing notice to Stellar's counsel, Terry Gross.  Mr. Gross had previously reached out to
6  Ripple Labs regarding this case on behalf of Defendants McCaleb and Stephenson, indicating that
7  he represented them in some capacity, though he would not explain the extent of his
8  representation.  Not wanting to reach out directly to a represented party, Ripple Labs provided
9  notice to Mr. McCaleb, Mr. Stephenson and to Stellar through Mr. Gross.  He never responded to
10 Ripple Labs' notice.  After Defendants realized they could no longer circumvent the Court's
11 jurisdiction – five days after the TRO issued – Defendants finally appeared in this case.
12      Defendants' sole remaining basis for this emergency relief is to push off or avoid the
13 expedited discovery.  If Defendants' new counsel simply asked Ripple Labs for more time to
14 produce discovery in advance of filing this Motion, Ripple Labs would have granted the request
15 and this Motion could have been avoided altogether.  Indeed, after receipt of Defendants' Motion,
16 Ripple Labs contacted Defendants' counsel and stated it was willing to discuss a less expedited
17 schedule, possibly narrowing the document demands, and entering into a mutually agreeable
18 protective order.
19      If the Temporary Restraining Order preventing Bitstamp from transferring the Disputed
20 Funds remains in place – something Defendants do not object to in their Motion – Ripple Labs is
21 amenable to modifying the Order.  In such case, Ripple Labs would agree to push out the date for
22 the preliminary injunction hearing to the end of June, extend the dates set forth in the Court's
23 May 15, 2015 Order, and agree to a discovery plan that is less compressed.  Alternatively, should
24 the Court order Bitstamp to deposit the Disputed Funds with the Court or hold the Disputed Funds
25 for the duration of this dispute, Ripple Labs would agree the Order is moot, will take the
26 preliminary injunction hearing off calendar, and will proceed with discovery in the normal
27 fashion.  Ripple Labs is also amenable to and recommends an expedited trial schedule to address
28 all parties' concerns over having the Disputed Funds held for a prolonged period pending this

action – Ripple Labs shares Defendants' desire to obtain the Disputed Funds as quickly as possible.

## II. BACKGROUND[2]

### A. Bitstamp's Expressed Intent To Transfer The Disputed Funds To Stellar Because Of Threats From McCaleb And Stellar

To date, Ripple Labs is the only party that answered the Interpleader Complaint asserting a formal claim to the Disputed Funds.[3] Rather than letting the judicial process run its course, McCaleb and Stellar threatened to sue Bitstamp unless Bitstamp agreed to dismiss this case in its entirety and send the Disputed Funds to Stellar. Dkt. 23-1 (Declaration of Grant Fondo in Support of TRO Motion), ¶ 3. Ripple Labs further understands that Bitstamp's Board – which consists of two of McCaleb's business partners from Pantera – passed a resolution shortly before Bitstamp's motion to discharge directing the funds be transferred to Stellar. *Id.* Notably, Defendants do not deny the existence of Stellar's threats. Instead, they assert that these threats were mooted by Bitstamp's motion to discharge. This is incorrect. Bitstamp represented to Ripple Labs right up until the filing of its TRO, ***even after filing its Motion to Discharge***, that Bitstamp may decide, at any time, to transfer the Disputed Funds to Stellar before the Court had the opportunity to rule on its motion, and that Ripple Labs, if it wanted to prevent that transfer, should file its own motion with the Court. Fondo Decl.,[4] ¶¶ 2-3. At no time since has Bitstamp changed its position. *Id.*, ¶ 3. If this was a guise to simply get expedited discovery, Ripple Labs would have filed the TRO

---

[2] Ripple Labs understands the Court to be aware of the general nature of Bitstamp's Interpleader, Ripple Labs' Answer and Cross-Complaint, and Ripple Labs' Motion for a Temporary Restraining Order, so it will not repeat that history herein.

[3] For the first time in this action, Defendants represent to the Court that Stephenson is entitled to the Disputed Funds (*see* Motion at 2, 4). They submit no evidence to support this claim and, in fact, contradict the May 11, 2015 email sent by Stephenson to Bitstamp disclaiming any rights to the Disputed Funds. *See* Dkt. No. 21 (Declaration of George Frost in Support of Bitstamp's Motion to Discharge), ¶ 4 (quoting Stephenson email, which states, "I don't have any claim over the Bitstamp USD. I started with XRP and sold that XRP for USD. I then used that USD to purchase STR. I now own STR and have no claim on the USD."). This "contradiction," perhaps driven by what is advantageous to Defendants at the time, is a good example of why Bitstamp properly filed this action as an Interpleader and why it should not be permitted to transfer the Disputed Funds.

[4] Cite to "Fondo Decl.," unless otherwise specified, refers to the Declaration of Grant P. Fondo in Support of Ripple Labs' Opposition to Defendants and Cross-Defendants Motion to Dissolve or Modify Temporary Restraining Order.

- 3 -

Motion before Bitstamp's discharge motion, not after it. Ripple Labs had no interest in filing the TRO Motion, but had no choice given Bitstamp's representations and Stellar's threats.

### B. Ripple Labs' Application For A Temporary Restraining Order

During the week prior to Ripple Labs' TRO Motion, Stellar's counsel reached out to Ripple Labs "on behalf of Jed McCaleb and Jacob Stephenson" regarding this case. Fondo Decl. ¶¶ 4-5. Indeed, on May 8, 2015 and May 11, 2015, Ripple Labs explicitly asked Mr. Gross who he represented and he responded, "the details of representation have not yet been worked out, but I am writing on behalf of Jed McCaleb and Jacob Stephenson…[.]" *Id.* At no point prior to filing the TRO Motion did Mr. Gross further clarify who he represented. *Id.*, ¶ 6.

On May 14, 2015, approximately six hours before filing its TRO Motion, Ripple Labs emailed Bitstamp's and Stellar's respective counsel (whom Ripple Labs believed also represented McCaleb and Stephenson in some capacity) to advise that Ripple Labs intended to file an *ex parte* motion later that day. Dkt. 23-1 (Declaration of Grant Fondo in Support of TRO Motion), ¶¶ 2, 6; Dkt. 31-1 (Declaration of Terry Gross in Support of Motion), ¶ 4. Ripple Labs informed Bitstamp and Mr. Gross that the anticipated motion would seek a TRO to prevent the transfer of the Disputed Funds to a private party and expedited discovery in anticipation of a preliminary injunction hearing. *Id*, ¶ 6. Mr. Gross never responded to Ripple Labs' May 14, 2015 email, and in particular, never requested that Ripple Labs provide more detail or send him a copy of the TRO Motion.[5] Fondo Decl., ¶ 7. Ripple Labs filed its TRO Motion later that evening. *See* Dkt. No. 23.

The following day, Ripple Labs served all of the parties to the action, including those who had not yet appeared. Fondo Decl., ¶ 8. Had Defendants appeared in the action during the 6-week period in which it had been pending, they would have been served with the TRO Motion immediately via the Court's electronic filing system, ECF. However, it was not until after the Court issued the TRO at issue in this Motion that Defendants, realizing they could no longer circumvent the Court's jurisdiction, filed an appearance in the action and Stellar notified Ripple

---

[5] Ripple Labs notes that the filing was available on Pacer later that day.

- 4 -

RIPPLE LABS' OPPOSITION TO DEFS' MOTION TO DISSOLVE OR MODIFY TRO
Case No. 15-cv-01503-WHO

Labs of its intent to intervene in the action.  *See* Dkt. No. 29 (Gabriel M. Ramsey May 20, 2015, Notice of Appearance); Fondo Decl., ¶ 10.

### C. The Court Grants Ripple Labs' Motion

On May 15, 2015, after considering Ripple Labs' TRO Motion and the record in this matter, the Court granted the relief sought in Ripple Labs' TRO motion.  Dkt. No. 24 (Order). The Order (1) temporarily enjoins Bitstamp, until June 10, 2015, from transferring the Disputed Funds to anyone, (2) requires anyone claiming ownership of the Disputed Funds to file an opposition to Ripple Labs' request for a preliminary injunction, the hearing of which it set for June 10, 2015, (3) requires McCaleb and Stephenson to sit for depositions between May 25 and 29, 2015, and (4) requires McCaleb and Stephenson to produce certain specified documents by May 25, 2015.  *Id.*

### D. Ripple Labs Issues Document Requests And Deposition Notices

#### 1. Document Requests

On May 15, 2015, after the Order was issued, Ripple Labs emailed Mr. Gross (currently Stellar's counsel) to again ask if he represents McCaleb and/or Stephenson and would accept Ripple Labs' discovery requests, but he never responded.  Fondo Decl., ¶ 9.  To avoid undue delay and given the Court ordered deadlines, on the afternoon of May 15, 2015, Ripple Labs served McCaleb and Stephenson directly with the Requests for Production of Documents ("Requests"). The Requests used language that tracked the Court's Order.  *See* Dkt. No. 31-1, Exs. C-D.  On May 16, 2015, Ripple Labs also emailed a courtesy copy of the Requests directly to McCaleb and Stephenson, copying Mr. Gross.  *Id.*

#### 2. Deposition Notices

On May 18, 2015, Ripple Labs served deposition notices on Stephenson and McCaleb. Fondo Decl., ¶ 11.  Pursuant to the dates set in the Court's Order, Ripple Labs noticed Stephenson's deposition for May 28, 2015 in Fayetteville, Arkansas, and noticed McCaleb's deposition for May 29, 2015, in Menlo Park, California.  *See Id.*  Although Defendants do not appear to oppose the depositions in their Motion, like the Requests, Ripple Labs is willing to discuss a mutually agreeable date with Defendants.

- 5 -

### 3. Ripple Labs Contacted Defendants' Counsel Regarding A Revised Discovery Schedule, Narrowed Requests, And A Protective Order

Defendants' counsel never contacted Ripple Labs' counsel about the motion it was filing, or to work out a discovery schedule. After seeing the motion on Pacer, the evening of May 20, 2015, the next morning, on May 21, 2015, Ripple Labs emailed Defendants' new counsel to determine whether Defendants were willing to resolve this Motion informally. Fondo Decl., ¶ 12. Ripple Labs noted that it is willing to discuss narrowing the scope of its Requests and to work out a schedule that provides additional time for McCaleb and Stephenson to produce documents and appear for their depositions. *Id.* Ripple Labs further explained that it had no objection to a mutually agreeable protective order. *Id.* Ripple Labs proposed a call later that day to discuss this matter, if they were open to doing so. *Id.* Defendants' new counsel responded that they wanted to defer such discussions until after the Court heard its Motion, but expressed a desire to engage in such discussions should the Motion be denied. *Id.*

## III. LEGAL STANDARD

A motion to dissolve a temporary restraining order under Federal Rule of Civil Procedure 65(b)(4) is treated like a motion for reconsideration. *Dixie Brewing Co., Inc. v. Dep't of Veterans Affairs*, No. CIV. A. 13-6605, 2013 WL 6715921, at *3 (E.D. La. Dec. 18, 2013); *see also e.g. ViChip Corp. v. Lee*, No. C 04-2914 PJH, 2004 WL 2958482 (N.D. Cal. Dec. 21, 2004) ("the arguments presented here do not present sufficiently new material facts warranting a modification of the TRO under Civ. L.R. 7-9."). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *United States v. Rodriguez-Vasquez*, 4 F. Supp. 3d 1146, 1156 (N.D. Cal. 2013). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*

Local Rule 7-9 provides that a party seeking reconsideration of an order in this Court must seek leave of Court to bring such motion, demonstrate reasonable diligence in bringing the motion, and show one of the following: (1) That at the time of the motion for leave, a material

- 6 -

RIPPLE LABS' OPPOSITION TO DEFS' MOTION TO DISSOLVE OR MODIFY TRO
Case No. 15-cv-01503-WHO

1  difference in fact or law exists from that which was presented to the Court before entry of the
2  interlocutory order for which reconsideration is sought and in the exercise of reasonable diligence
3  the party applying for reconsideration did not know such fact or law at the time of the
4  interlocutory order; or (2) The emergence of new material facts or a change of law occurring after
5  the time of such order; or (3) A manifest failure by the Court to consider material facts or
6  dispositive legal arguments which were presented to the Court before such interlocutory order.
7  Civ. L.R. 7-9.

## IV. ARGUMENT

### A. Defendants Have Not Shown A Basis for Dissolution Or Modification Of The TRO

#### 1. There Is No Change In Fact Or Law Warranting The Relief Sought

Defendants do not even attempt to meet the legal standard required for dissolution or modification of the TRO.  The Motion contains Defendants' unsupported arguments regarding why it believes a TRO should not issue – but it already did.  The Court is not required to review Ripple Labs' TRO Motion anew.  Rather, "[a] party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction."  *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000); *Aevoe Corp. v. AE Tech Co., Ltd.*, No. 2:12–cv–00053–GMN–NJK, 2014 WL 1089676, at *2, 5 (D. Nev. Mar. 18, 2014).  Because Defendants fail to present any new facts to warrant dissolution of the Court's Order, their Motion should be denied.

#### 2. The TRO Was Properly Issued

Although Defendants do not object to a temporary restraining order enjoining Bitstamp from transferring the Disputed Funds, consistent with Paragraph 1 of the Court's Order (Motion at 10-11), they attack the merits for the Court's issuance of the Order.  The TRO was properly issued.  Without the TRO, the Court and Ripple Labs have no assurance that Bitstamp will not succumb to the pressure imposed by Stellar and McCaleb to transfer the funds.  Bitstamp warned Ripple Labs of this very real risk, and that Bitstamp's filing did not eliminate the risk.  Contrary to Defendants' belief, this warning came both before *and after* Bitstamp filed its motion to discharge.

1   Bitstamp's motion to discharge does not alleviate the risk the Bitstamp will transfer the Disputed

2   Funds because no Order has been issued on that motion.  Without an order preventing Bitstamp

3   from transferring the Disputed Funds, and with enough pressure from Stellar, McCaleb, and its

4   conflicted board members, Bitstamp may transfer the Disputed Funds at any time.  The

5   effectiveness of Stellar's and McCaleb's threats is apparent – ***Bitstamp filed its Interpleader, then***

6   ***after extensive threats by Stellar and McCaleb, Bitstamp now seeks to dismiss it***.

7         Furthermore, Defendants contend that Ripple Labs will not suffer any harm if the Disputed

8   Funds are released to Stellar because the March 20, 2015 XRP transaction at issue in the

9   Interpleader Complaint is already completed.  Motion at 10.  This is not correct.  If it was,

10  Defendants would not have filed the instant Motion.  Bitstamp still has the funds in its possession;

11  the transaction cannot be completed until Bitstamp releases the funds.  Facilitating a secret,

12  anonymous transaction through multiple intermediaries, at McCaleb's request and for McCaleb's

13  benefit, poses serious risks for Bitstamp.  As explained in the TRO Motion, Bitstamp was

14  rightfully concerned that transferring the funds to Stellar, a company controlled by McCaleb,

15  could be aiding and abetting violations of anti-money laundering and tax laws.  This is particularly

16  worrisome because McCaleb, the founder of Mt. Gox, is currently under investigation for criminal

17  violations of federal law, which Ripple Labs believes involves potential illegal financial

18  transactions – something Defendants do not deny.

19        **3.**      **Ripple Labs Provided Parties With Proper Notice Of The TRO**

20        Defendants erroneously contend that the Court should have applied more stringent

21  restrictions on Ripple Labs than it did because they did not receive notice of the TRO Motion.

22  Local Rule 65-1 provides that "on or before the day of an ex parte motion for a temporary

23  restraining order, counsel applying for the temporary restraining order must deliver notice of such

24  motion to opposing counsel or party."  Ripple Labs notified Bitstamp, the only party that had

25  appeared in this action, before it filed its TRO.[6]  It also went out of its way to give notice to parties

26  who had not yet appeared, and to Stellar which is not even a named party.  Because Mr. Gross

---

[6] Ripple Labs believes that McCaleb, Stephenson and Harris clearly knew about the Interpleader but made the calculated decision not to appear.

- 8 -

RIPPLE LABS' OPPOSITION TO DEFS' MOTION TO DISSOLVE OR MODIFY TRO
Case No. 15-cv-01503-WHO

1  previously reached out to Ripple Labs in conjunction with this matter on behalf of McCaleb and
2  Stephenson, Ripple Labs had good reason to believe that he represented them.  Thus, to ensure it
3  did not contact a represented party, Ripple Labs went through the attorney who it knew was
4  handling aspects of this matter for McCaleb and Stephenson.  If he did not represent them for this
5  matter, he could have, and should have responded accordingly.  He failed to do so.

6  **4.    There Is No Need For A Bond—The Disputed Funds Are Frozen**

7  Defendants contend that Ripple Labs should be required to post a bond equal to the amount
8  of the Disputed Funds.  That makes no sense in a case like this where the funds necessary to make
9  the rightful party whole is sitting frozen in an account.  In fact, Defendants' request demonstrates
10 the need to freeze these fund.  Moreover, the Court properly exercised its discretion to issue the
11 TRO without requiring a bond.  "Rule 65(c) invests the district court with discretion as to the
12 amount of security required, if any."  *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)
13 (internal quotation marks omitted); *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*,
14 321 F.3d 878, 882 (9th Cir. 2003) ("The district court is afforded wide discretion in setting the
15 amount of the bond . . . and the bond amount may be zero if there is no evidence the party will
16 suffer damages from the injunction.") (internal quotation marks and citations omitted).  The
17 district court may dispense with the filing of a bond when it concludes there is no realistic
18 likelihood of harm to the defendant from the injunction.  *Id*; *see also e.g.*, *Castellanos v.*
19 *Countrywide Bank NA*, No. 15-CV-00896-BLF, 2015 WL 914436, at *3 (N.D. Cal. Feb. 27, 2015)
20 (finding that "pursuant to Rule 65(c), . . . there is no likelihood that Defendants will be wrongfully
21 enjoined or restrained by the issuance of this TRO, and therefore does not require Plaintiff to give
22 security."); *Bhandari v. Capital One*, N.A., No. C 12-04533 PSG, 2012 WL 3792766, at *2 (N.D.
23 Cal. Aug. 31, 2012) (same).  Furthermore, "[a] bond may not be required, or may be minimal ...
24 where the movant has demonstrated a likelihood of success."  *Am. Impex Corp. v. Int'l Ace Tex,*
25 *Inc.*, No. CV 09-7082 PA (EX), 2009 WL 3963791, at *3 (C.D. Cal. Nov. 16, 2009).

26 As explained in the TRO Motion, Defendants will not suffer any damages from the TRO,
27 nor do Defendants articulate any harm.  In fact, Defendants do not object to the freezing of the
28 funds until the parties' hearing on Bitstamp's and Ripple Labs' motions.  In its TRO Motion,

- 9 -

1   Ripple Labs requested that the Disputed Funds be deposited with the Court.  It reiterates that
2   request here.  By keeping control of the Disputed Funds with the Court, there is no chance that
3   Defendants will be harmed by the TRO or a subsequent preliminary injunction—the Disputed
4   Funds would not go anywhere until the Court determined to whom they rightfully belong.  To
5   further alleviate any concerns, Ripple Labs reiterates its willingness to work with the Court to
6   deposit with it or otherwise properly secure the approximately 96 million XRP it received when it
7   mitigated its damages.

  **B.**  **Defendants' Request For Reconsideration Of The Court's Order Granting Expedited Discovery Is Improper**

    **1.  Defendants Failed To Comply With The Necessary Procedural Requirements To Bring This Motion**

11     This Motion is an improper attempt by Defendants to circumvent the Court's strict
12   requirements governing motions for reconsideration.  The Court *already issued an order* granting
13   Ripple Labs' request for expedited discovery.  The proper mechanism to challenge the Court's
14   Order is a motion for reconsideration, which requires much more than a belated attempt to
15   convince the Court that its prior determination was wrong.  Rather, a motion for reconsideration
16   can be filed "if the Court manifestly failed to consider material facts or dispositive legal
17   arguments, or if the moving party can show a material difference in fact or law from the time the
18   original order was entered."  *Carmack v. Chase Manhattan Bank (USA)*, 521 F. Supp. 2d 1017,
19   1028 (N.D. Cal. 2007).  Defendants' attempt to rehash the standards necessary to obtain expedited
20   discovery and their contention that Ripple Labs did not meet the requisite standard is completely
21   irrelevant when seeking reconsideration as "a motion for reconsideration cannot be used to ask the
22   Court to rethink what the Court has already thought through merely because a party disagrees with
23   the Court's decision."  *Fay Ave. Prop., LLC v. Travelers Prop. Cas. Co. of Am.*, No. 11-CV-2389-
24   GPC WVG. 2014 WL 6980248, at *2 (S.D. Cal. Dec. 9, 2014) (citations omitted); *see also United*
25   *States v. Rodriguez-Vasquez*, 4 F. Supp. 3d at1156 ("A motion for reconsideration may not be
26   used to present arguments that were or could have been raised in the initial motion.").
27     Furthermore, Defendants cannot evade proper procedural mechanisms necessary to bring a
28   motion for reconsideration by giving it a different title.  Pursuant to Local Rule 7-9, "[n]o party

- 10 -

may notice a motion for reconsideration without first obtaining leave of Court to file." Defendants did not obtain leave of Court before filing this Motion. Instead, although they do not oppose the temporary restraining order issued by the Court (Motion at 10-11), Defendants brought their Motion within the confines of a motion to dissolve a TRO under Federal Rules of Civil Procedure 65(b)(4), in order to have the Motion heard on just two days' notice. Failure to follow the necessary procedure to bring this Motion warrants denial.

### 2. Ripple Labs Is Amenable To Discussing The Scope Of The Court Ordered Document Requests And Extending The Time For Compliance

For all the reasons explained in Ripple Labs' TRO Motion, expedited discovery was properly requested and properly granted by the Court. Nonetheless, Ripple Labs is willing to work with the Court and meet and confer with Defendants to discuss a more extended discovery schedule, provided that the preliminary injunction hearing is also extended and the TRO remains in place until the preliminary injunction can be heard. Alternatively, if the Court orders Bitstamp to deposit the Disputed Funds with the Court, Ripple Labs will withdraw its TRO and the parties may commence discovery pursuant to the standard schedule.

### 3. Defendants Do Not Object To McCaleb Or Stephenson's Depositions

Defendants do not appear to object to the Court's requirement that McCaleb and Stephenson appear for depositions. Ripple Labs surmises that this is because Defendants intend to move to compel arbitration of this case before such depositions could go forward, as they alluded in their Motion. *See* Motion at 3. However, the arbitration clause in the Settlement Agreement only applies to claims for monetary damages against the parties to the Settlement Agreement, and that paragraph 10 of the agreement specifically identifies that claims for specific performance and injunctive relief may be brought in any court of the United States…." This is the only relief sought by Ripple Labs against McCaleb in this action. *See* Dkt. No. 9-1 (Settlement Agreement), ¶¶ 10-11. While Ripple Labs seeks monetary damages against Stephenson, he is not a party to the Settlement Agreement and has not consented to arbitration, so Ripple Labs had to bring its claims against Stephenson in a court of law. Thus, Ripple Labs expects that this matter will be fully adjudicated before this Court and that the depositions will proceed as ordered.

1    To ameliorate Defendants' concerns about proceeding with depositions just three days
2 after document productions are complete, Ripple Labs is amenable to further pushing out the dates
3 for depositions after documents are produced.  However, this is contingent upon agreement by all
4 parties or an order of the Court to extend the preliminary injunction hearing until 14-days after
5 both depositions are completed and that the temporary restraining order shall remain in effect until
6 the preliminary injunction hearing, or until Bitstamp deposits the Disputed Funds with the Court.

## V.    CONCLUSION

For the foregoing reasons, Ripple Labs requests this Court deny Defendants' Motion in its entirety.

Dated:  May 22, 2015                    Respectfully submitted,

                                        By:    /s/ Grant P. Fondo
                                               Grant P. Fondo (SBN 181530)
                                               *gfondo@goodwinprocter.com*
                                               Nicole L. Chessari (SBN 259970)
                                               *nchessari@goodwinprocter.com*
                                               **GOODWIN PROCTER LLP**
                                               135 Commonwealth Drive
                                               Menlo Park, CA 94025-1105
                                               Tel.:   650.752.3100
                                               Fax.:  650.853.1038

                                               Richard M. Strassberg (*Pro Hac Vice*)
                                               *rstrassberg@goodwinprocter.com*
                                               **GOODWIN PROCTER LLP**
                                               The New York Times Building
                                               620 Eighth Avenue
                                               New York, NY 10018-1405
                                               Tel.:   212.813.8800
                                               Fax.:  212.355.3333

                                               Attorneys for Defendant/Cross-Plaintiff
                                               **RIPPLE LABS INC.**

**CERTIFICATE OF SERVICE**

I, Grant P. Fondo, hereby certify that a copy of the foregoing document and attachments, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on May 22, 2015.

/s/ Grant P. Fondo

- 13 -

RIPPLE LABS' OPPOSITION TO DEFS' MOTION TO DISSOLVE OR MODIFY TRO
Case No. 15-cv-01503-WHO