| | |
|---|---|
| 1 | Grant P. Fondo (SBN 181530) |
| | *gfondo@goodwinprocter.com* |
| 2 | Nicole L. Chessari (SBN 259970) |
| | *nchessari@goodwinprocter.com* |
| 3 | **GOODWIN PROCTER LLP** |
| | 135 Commonwealth Drive |
| 4 | Menlo Park, California 94025-1105 |
| | Tel.: 650.752.3100 |
| 5 | Fax.: 650.853.1038 |
| 6 | Richard M. Strassberg (*Pro Hac Vice*) |
| | *rstrassberg@goodwinprocter.com* |
| 7 | **GOODWIN PROCTER LLP** |
| | 353 East 72nd Street 36th Floor |
| 8 | New York, NY 10021 |
| | Tel.: 212.813.8800 |
| 9 | Fax.: 212.355.3333 |
| 10 | Attorneys for Defendant/Cross-Plaintiff |
| | RIPPLE LABS INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BITSTAMP LTD., a foreign company, | Case No. 15-cv-01503-WHO |
| Plaintiff, | **DECLARATION OF GRANT P. FONDO IN SUPPORT OF RIPPLE LABS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANTS AND CROSS DEFENDANTS' MOTION TO DISSOLVE OR MODIFY TEMPORARY RESTRAINING ORDER** |
| v. | |
| RIPPLE LABS INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 Through 10, Inclusive, | |
| | Date:       **May 22, 2012** |
| Defendant. | Time:       **3:00 p.m.** |
| | Location:   Courtroom 2, 17th Floor |
| | Hon. William H. Orrick |
| RIPPLE LABS INC., a California Corporation, | |
| Cross-Plaintiff, | |
| v. | |
| JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1 Through 10, Inclusive, | |
| Cross-Defendants. | |

DECLARATION OF FONDO IN SUPPORT OF RIPPLE LABS' OPP. TO DEFS' MOTION TO DISSOLVE OR MODIFY THE TRO
Case No. 15-cv-01503-WHO

I, Grant P. Fondo, declare as follows:

1. I am a partner at Goodwin Procter LLP, counsel of record for Defendant and Cross-Plaintiff Ripple Labs Inc. ("Ripple Labs").  I submit this declaration in support of Ripple Labs' Opposition to Defendants and Cross Defendants' Motion to Dissolve or Modify Temporary Restraining Order.  I am over the age of 18 years.  Unless otherwise indicated, I have personal knowledge of the matters stated herein and, if called upon to do so, I could and would competently testify to them under oath.

2. I am informed and believe that, on May 12, 2015,[1] my colleague, Nicole L. Chessari, spoke with counsel for Bitstamp and that Bitstamp's counsel informed her that Bitstamp's Board of Directors passed a resolution that Bitstamp should transfer the Disputed Funds to Stellar and remove itself from this case as soon as possible.  I am further informed that, during this call, Bitstamp's counsel informed Ms. Chessari that Bitstamp may not wait for a Court ruling and may instead decide to immediately transfer the Disputed Funds to Stellar.

3. On May 14, 2015, shortly before Ripple Labs filed its Motion for a Temporary Restraining Order, Order to Show Cause Why a Preliminary Injunction Should Not Issue, and Motion for Expedited Discovery ("TRO Motion"), I called Bitstamp's counsel, Jessica Nall, and asked her whether Bitstamp's Board of Directors would reconsider its directive that Bitstamp immediately transfer the Disputed Funds to Stellar, so that Ripple Labs could avoid filing the TRO Motion.  She said it would not and reiterated that, although Bitstamp filed its motion to discharge, it could decide to transfer the Disputed Funds prior to the Court issuing an order on its motion. Bitstamp has not informed me that it has changed its position on this issue.

4. On or about May 8, 2015, I spoke with Terry Gross, current counsel for Stellar.  He stated that he was calling me in connection with this action on behalf of Jed McCaleb and Jacob Stephenson, but could not commit to representing them for all purposes in this matter.  He represented that he would get back to me to confirm who he represents in this matter.

---

[1] There was a typo in my prior declaration stating that this call occurred on March 12, 2014.  The date reflected herein is the actual date that call occurred.

-1-

DECLARATION OF FONDO IN SUPPORT OF RIPPLE LABS' OPP. TO DEFS' MOTION TO DISSOLVE OR MODIFY THE TRO
Case No. 15-cv-01503-WHO

1    5.    On May 11, 2015, I emailed Mr. Gross reminding him that I still needed the names of the parties he represents in this case.  He responded to that email later that day stating "As I stated to you on Friday, the details of representation have not yet been worked out, but ***I am writing on behalf of Jed McCaleb and Jacob Stephenson***, and request that the deadline for them to respond to Ripple Labs' cross-complaint be extended until the later of 20 days after the Court enters an order denying Bitstamp's anticipated request for voluntary dismissal."  (Emphasis added).

6.    On May 18, 2015, I again emailed Mr. Gross asking, "Can you verify exactly who it is you represent in this matter, for what purposes, and whether it is for all matters in this case?"  Mr. Gross responded via email the following day, May 19, 2015, stating, "As I told you previously, my firm represents Stellar Development Foundation.  We do not represent Jed McCaleb, Jacob Stephenson or Nancy Harris -- they are represented by Orrick, and by Mark Parris, Andrew Ardigan and Paul Rugani -- I include them as cc's to this email."  This was the first time Mr. Gross informed me that he did not represent Messrs. McCaleb and Stephenson, and that the three defendants were represented by the Orrick law firm in this matter.

7.    Before filing Ripple Labs' TRO Motion on May 14, 2015, I emailed Mr. Gross notifying him that Ripple Labs intended to file a motion for a TRO, order to show cause why a preliminary injunction should not issue, and expedited discovery.  Mr. Gross never responded to my email nor requested a copy of the moving papers.

8.    On May 15, 2015, my firm served all of the parties to the action, including McCaleb and Stephenson who had not appeared, with copies of the TRO Motion via overnight Federal Express.

9.    On May 15, 2015, I again emailed Mr. Gross to ask if he represents McCaleb and/or Stephenson and would accept Ripple Labs' discovery requests, but he never responded.

10.   On May 18, 2015, Mr. Gross sent an email to me and to Bitstamp's counsel stating that Stellar intended to intervene in the case.

11.   On May 18, 2015, my firm served deposition notices on Messrs. Stephenson and

-2-

1  McCaleb. We noticed Mr. Stephenson's deposition for May 28, 2015 in Fayetteville, Arkansas,
2  and noticed McCaleb's deposition for May 29, 2015, in Menlo Park, California.
3        12. On the morning of May 21, 2015, I emailed Defendants' counsel at the Orrick law
4  firm stating, "The court in its order stated that it was open to revising the discovery schedule if the
5  parties could work out an alternative schedule. We are happy to work out a schedule that provides
6  additional time for your clients to produce documents and appear for depositions, and have no
7  objection to a mutually agreeable protective order. Similarly, we are open to a discussion
8  regarding a narrowing of the document requests. If you are open to discuss these matters please
9  let me know some times today that work for a call." Defendants counsel responded, "In the event
10 that the Court does not grant the motion to dissolve at tomorrow's hearing, we would be happy to
11 discuss a schedule that allows for a more reasonable period of time for our clients to produce
12 documents and sit for deposition."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this on 22nd day of May, 2015 in San Francisco, California.

                                                */s/ Grant P. Fondo*
                                                 Grant P. Fondo

-3-

DECLARATION OF FONDO IN SUPPORT OF RIPPLE LABS' OPP. TO DEFS' MOTION TO DISSOLVE OR MODIFY THE TRO
Case No. 15-cv-01503-WHO

1 **CERTIFICATE OF SERVICE**

2     I, Grant P. Fondo, hereby certify that a copy of the foregoing document and attachments,

3 filed through the CM/ECF system, will be sent electronically to the registered participants as

4 identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class

5 mail postage prepaid on all counsel who are not served through the CM/ECF system on May 22,

6 2015.

8                                                                   /s/ Grant P. Fondo

-4-

DECLARATION OF FONDO IN SUPPORT OF RIPPLE LABS' OPP. TO DEFS' MOTION TO DISSOLVE OR MODIFY THE TRO
Case No. 15-cv-01503-WHO