Terry Gross, terry@gba-law.com (SBN 103878)
Adam C. Belsky, adam@gba-law.com (SBN 147800)
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, CA 94104
Tel: (415) 544-0200
Fax: (415) 544-0201

Attorneys for Proposed Intervenor-Defendant
STELLAR DEVELOPMENT FOUNDATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., a California corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:15-cv-1503-WHO<br><br>**PROPOSED INTERVENOR-DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)**<br><br>Date:   July 1, 2015<br>Time:   2:00 p.m.<br>Dept:   Courtroom 2, 17th Floor<br>Judge:  Hon. William H. Orrick |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 1, 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2, of the above-entitled court, before the Honorable William H. Orrick, Stellar Development Foundation ("Stellar") will move the Court, pursuant to Federal Rule of Civil Procedure 24(a)(2), for leave to intervene as a defendant in this action and to file the attached Motion to Dismiss (attached as Exhibit A) and set the Motion to Dismiss for hearing at the same time as the Motion to Dismiss filed by defendants Jed McCabe, Jacob Stephenson and Nancy Harris.

Plaintiff Bitstamp LLP ("Bitstamp") has filed a Complaint for Interpleader, alleging that "an issue in controversy [exists] over who is entitled to that $1,038,172" held in account numbers r3Q, rPQ and rvYA.  Complaint For Interpleader, ¶¶ 22-23.  Stellar claims an interest in, and is the owner of $1,006,172.34 that is contained in the rPQ account that is the subject of this action, and Stellar is so situated that disposing of the action may as a practical matter impair or impede Stellar's ability to protect its interest.  Stellar's motion to intervene is timely.

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration of Terry Gross and Declaration of Joyce Kim in support thereof and the exhibits thereto, the complete files and records of this action, and such other arguments, written or oral, that may be presented to the Court.

Dated: May 22, 2015                     GROSS BELSKY ALONSO LLP


                                        By:   */s/ Terry Gross*              .
                                              Terry Gross

                                        Attorneys for Proposed Intervenor-Defendant
                                        STELLAR DEVELOPMENT FOUNDATION

# PROOF OF SERVICE

**RE:** ***Bitstamp, Ltd., v. Ripple Labs, Inc., et al.***
**NDCA Case No: 15-cv-1503-WHO**

I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is GROSS BELSKY ALONSO LLP, 1 Sansome Street, Suite 3670, San Francisco, CA 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **PROPOSED INTERVENOR-DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2) AND EXHIBIT A**

<u>XX</u>      **By ECF:** by USDC Live System-Document Filing System on all interested parties registered for e-filing.

| | |
|---|---|
| Mark Steven Parris<br>Andrew Robert Ardinger<br>Paul Francis Rugani<br>Orrick, Herrington & Sutcliffe LLP<br>701 Fifth Ave., Suite 5700<br>Seattle, WA  98104<br>Tel: (206) 839-4300<br><br>Gabriel M. Ramsey<br>Orrick Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>Tel: (650) 614-7400 | Attorneys for Defendant Jed McCaleb |
| Nicole Lynn Chessari<br>Grant P. Fondo<br>Richard M. Strassberg<br>Goodwin Procter LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 94025<br>Tel:(650) 752-3281<br>Fax: (650) 853-1038 | Attorneys for Defendant Ripple Labs, Inc. |

|   |   |
|---|---|
| Christopher C. Wheeler , Esq.<br>Jessica Koren Nall<br>Farella Braun & Martel LLP<br>235 Montgomery Street<br>17th Floor<br>San Francisco, CA 94104<br>Tel: (415) 954-4400 | Attorneys for Plaintiff Bitstamp Ltd. |

George Frost
Law Office of George Frost
2930 Magnolia Street
Berkeley, CA 94705
Tel: (510) 647-8863

  I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service, California that same day in the ordinary course of business.

  I declare under penalty of perjury that the foregoing is true and correct. Executed on May 22, 2015 at San Francisco, California.

              _/s/ Jessica Dean_      .
              JESSICA DEAN

# EXHIBIT A

MARK S. PARRIS (*pro hac vice pending*)
PAUL F. RUGANI (*pro hac vice pending*)
ANDREW ARDINGER (STATE BAR NO. 267417)
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue
Suite 5600
Seattle, Washington  98104-7097
Telephone:    +1-206-839-4300
Facsimile:    +1 206-839-4301
E-mail:       mparris@orrick.com

GABRIEL M. RAMSEY (SBN 209218)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:    +1-415-773-5700
Facsimile:    +1 415-773-5759
E-mail:       gramsey@orrick.com

*Attorneys for Defendants
Jed McCaleb, Jacob Stephenson, and Nancy Harris*

TERRY GROSS (SBN 103878)
ADAM C. BELSKY (SBN 147800)
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, CA 94104
Tel: (415) 544-0200
Fax: (415) 544-0201
E-mail:  terry@gba-law.com

*Attorneys for Proposed Intervenor-Defendant Stellar Development Foundation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP, LTD., a foreign company,<br><br>  Plaintiff,<br><br>  v.<br><br>RIPPLE LABS, INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br><br>  Defendants.<br><br>RIPPLE LABS, INC., a California Corporation,<br><br>  Cross-Plaintiff,<br><br>  v.<br><br>JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1 through 10, inclusive,<br><br>  Cross-Defendants. | Case No. 15-cv-01503-WHO<br><br>**PROPOSED:**<br><br>**DEFENDANTS MCCALEB, STEPHENSON, HARRIS'S AND INTERVENOR-DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR INTERPLEADER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    July 1, 2015<br>Time:   2:00 p.m.<br>Dept:    Courtroom 2, 17th Floor<br>Judge:   Hon. William H. Orrick |

Defendants' motion to dismiss;
mem. in support
15-cv-01503-who

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on July 1, 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable William H. Orrick, United States District Court for the Northern District of California, Courtroom 2 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants Jed McCaleb, Jacob Stephenson, and Nancy Harris and Proposed Intervenor-Defendant Stellar Development Foundation (collectively, "Defendants") will, and hereby do, move to dismiss Plaintiff Bitstamp Ltd.'s Complaint for Interpleader, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the [Proposed] Order submitted herewith, the documents on file with the Court, all other matters judicially noticeable, and such further evidence and argument as the Court may permit.

ORRICK, HERRINGTON & SUTCLIFFE LLP

Dated: May 22, 2015                By: */s/ Gabriel M. Ramsey*
                                   GABRIEL M. RAMSEY

*Attorneys for Defendants Jed McCaleb, Jacob Stephenson and Nancy Harris*

GROSS BELSKY ALONSO LLP

Dated: May 22, 2015                By: */s/ Terry Gross*
                                   TERRY GROSS

*Attorneys for Proposed Intervenor-Defendant Stellar Development Foundation*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

An interpleader action is only appropriate if the stakeholder who files the action has a good faith belief that there are colorable competing claims to the stake. The Complaint for Interpleader filed by plaintiff Bitstamp Ltd. ("Bitstamp") demonstrates on its face that one of the alleged claimants, defendant Ripple Labs Inc. ("Ripple"), had no colorable claim to the so-called "Disputed Funds" that are the subject of the action. No tenable basis therefore existed for Bitstamp to file the Complaint.

This case simply should not be in federal court. The alleged underlying dispute on which the Interpleader is based is a straightforward state-law breach of contract claim between non-diverse parties—Ripple and defendant Jed McCaleb ("McCaleb")—who are both residents of California (*see* Dkt. 1 ¶¶ 2-3), and no claims arising under federal law have been asserted.[1]

Bitstamp's allegations demonstrate that at the time it filed the Complaint it knew that Ripple did not have a colorable claim to the funds at issue because: (1) Ripple's only claim was for breach of contract against McCaleb and that Ripple had no ownership interest in the funds that Ripple knowingly paid to defendant Jacob Stephenson ("Stephenson") in an arms-length transaction; and (2) Ripple voluntarily entered into the transaction that it now seeks to unwind, and obtained the benefit of its bargain by receiving 96,342,361.6 XRPs, which it still possesses, and for which it paid $1,038,172.[2]

Bitstamp now acknowledges that Ripple has no colorable claim and has moved for

---

[1] Moreover, the contract at issue contains a broad arbitration clause, under which McCaleb and Stephenson are moving today to compel arbitration of Ripple's Cross-Complaint.

[2] Though not necessary to this Motion to Dismiss, after Stephenson received the $1,038,172 from his purchase and sale transaction with Ripple, Stephenson then engaged in a subsequent transaction via a separate financial service company based in New Zealand, in which Stellar Development Foundation ("Stellar") gave property (STRs) in exchange for a payment by Stephenson of $1,006,130.94, and these funds were subsequently transferred to an account owned by Stellar, account rPQ. Stellar is not only the owner of the rPQ account, but also the owner of the funds contained in this account. *See* Stellar's Motion to Intervene; Bitstamp's Motion For Order of Discharge Or, In the Alternative, For Voluntary Dismissal, Dkt. 20 at 8.

1  voluntary dismissal under Rule 41(a)(2) on that basis.  *See* Dkt. 20 at 9-10.[3]   Bitstamp claims
2  only to have recently realized the lack of any valid claim by Ripple, but that assertion is
3  contradicted on the face of Bitstamp's Complaint.  From the time it filed this lawsuit, Bitstamp
4  has not had any basis to claim interpleader protection.  Therefore, Bitstamp's Complaint should
5  be dismissed with prejudice.

6  **II.     STATEMENT OF FACTS**

7          **A.     Bitstamp's Interpleader Complaint**

8  On April 1, 2015, Bitstamp filed a Complaint for Interpleader.  *See* Dkt. 1.  Bitstamp's
9  allegations demonstrate that at the time it filed its Complaint it knew the following key facts, as
10 described in more detail below—Ripple's demand derived entirely from breach of contract claims
11 arising out of a transaction that it voluntarily engaged in and for which it retained the benefit of
12 its bargain.  Thus, Ripple only possessed a legal claim for damages, not a colorable assertion of
13 ownership over specific funds.  Specifically, Bitstamp's Complaint reveals:

14         (1)  Ripple's two demand letters to Bitstamp asserted only a breach of contract claim.  *See*
15 *id.* ¶ 13 ("Bitstamp received a letter from Ripple Labs claiming that it was entitled to
16 approximately $75,000 in Bitstamp's possession," because "Ripple Labs and McCaleb (and
17 others) entered into a contract . . . under which McCaleb agreed to abide by certain limitations
18 regarding the sale of XRP within his ownership and control, and pursuant to that contract,
19 McCaleb agreed to limit sales, and that of his family members, to $10,000 XRP per week, and
20 that this agreement had been breached by the sale of XRP by Ripple account number r3Q[]");
21 ¶ 14 ("Bitstamp received a second letter from Ripple Labs claiming that it was entitled to
22 approximately $963,000 of additional funds in Bitstamp's possession due to the breach of the
23 Contract").

24         (2)  Ripple voluntarily entered into a purchase of XRP from Stephenson's r3Q account, in
25 which Ripple paid $1,038.172 to Stephenson and received in exchange 96,342,361.6 XRPs.  *See*

---

[3]  For ease of reference, page references to Bitstamp's Motion for an Order of Discharge or, in the alternative, for Voluntary Dismissal, Dkt. 20, are made to the file-stamped page number at the top of each page.

- 2 -

1    *id.* ¶ 19 ("[O]n or around March 20, 2015, Ripple Labs, through its agent, purchased all of the
2    remaining XRP offered by r3Q, which consisted of 96,342,361.6 XRP, for $1,038,172").

3          (3)  Ripple claimed that this sale by Stephenson was a breach by McCaleb of his contract
4    with Ripple.  *Id.*  ¶ 20 ("Ripple Labs further represents that the XRP sale was done in breach of
5    McCaleb's Contract with Ripple Labs").

6         Bitstamp thus alleges in its Complaint that Ripple engaged in a monetary transaction with
7    Stephenson in which it paid $1 million to Stephenson and obtained in exchange property from
8    Stephenson (XRPs).  Bitstamp then alleges that Ripple told Bitstamp that the sale Ripple had just
9    voluntarily engaged in was a breach of contract by McCaleb and Ripple had a claim to the money
10    that it had just voluntarily paid to Stephenson (despite the fact that Ripple at the time possessed
11    the XRP it had purchased).  Finally, Ripple demanded that Bitstamp freeze Stephenson's money.

12         **B.**      <u>**Bitstamp's Motion for Discharge or Voluntary Dismissal**</u>

13         On May 13, 2015, Bitstamp filed a Motion for Order of Discharge or, in the Alternative,
14    for Voluntary Dismissal.  *See* Dkt. 20.  In its Motion, Bitstamp makes the following judicial
15    admissions, all of which are consistent with the facts alleged in its Complaint:[4]

16    • "[T]he underlying issue is a contract dispute between Ripple Labs and McCaleb and
17        Stephenson that does not require Bitstamp's participation as a stakeholder."  *Id.* at 3.

18    • "Ripple Labs does not appear to face any injury if Bitstamp were to release the Disputed
19        Funds."  *Id*.

20    • "[E]ven though Ripple claims that the funds relate to a breach of contract[,] Ripple Labs

---

[4] These judicial admissions demonstrate that Bitstamp, at the time it filed the Complaint for Interpleader, knew or should have known that there was no basis for interpleader.  *See, e.g., Ling La v. San Mateo County Transit Dist*., No. 14-cv-01768, 2014 U.S. Dist. LEXIS 164894, *10 n.2 (N.D. Cal. Nov. 25, 2014) (J. Orrick) (statement in joint case management statement was a judicial admission establishing latest date on which statute of limitations could have accrued for purposes of 12(b)(6) motion to dismiss and dismissing causes of action at issue without leave to amend) ; *Garon v. eBay, Inc.,* No. 10-05737, 2011 U.S. Dist. LEXIS 148621, *14-16 (N.D. Cal. Nov. 30, 2011) (J. Ware) (granting 12(b)(6) motion to dismiss Sherman Act claim with prejudice based on judicial admission in plaintiffs' memorandum in opposition to administrative motion to consider whether cases were related); *Realnetworks, Inc. v. DVD Copy Control Ass'n*, No. 08-4548, 2010 U.S. Dist. LEXIS 1433, *10-13 (N.D. Cal. Jan. 8, 2010) (J. Patel) (in granting 12(b)(6) motion and dismissing claims with prejudice, taking judicial notice of "admissions and concessions already made in this action" during preliminary injunction process).

has possession of the XRP that it received when it paid out approximately $1 million in the disputed transaction.  Therefore, Ripple Labs has thus received the 'benefit of the bargain' from the exchange, even though it claims that the transaction itself violates a Settlement Agreement between itself and Jed McCaleb." *Id*.

- "[T]here are no claims against Bitstamp, and it lays no claim to the Disputed Funds." *Id*.
- "[Ripple's] dispute with McCaleb and Stephenson is a simple contract dispute to which Bitstamp is not a party." *Id*. at 3-4.
- "[T]his is a contract-based dispute between Ripple, on the one hand, and McCaleb and Stephenson, on the other hand. Ripple Labs is free to assert its contract claims against the parties to the Settlement Agreement outside of this interpleader action. Bitstamp is not a party to their contract dispute and should not be involved." *Id*. at 10.

## III. ARGUMENT

### A. Bitstamp's Complaint for Interpleader Should Be Dismissed Because Bitstamp's Allegations Demonstrate That It Had No Good Faith Belief That There Were Colorable Competing Claims to the Funds

The purpose of interpleader is for an innocent stakeholder "to protect itself against the problems posed by multiple claimants to a single fund." *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (internal quotations omitted).  Where competing claims are lacking, courts find interpleader improper. *See, e.g., Bierman v. Marcus*, 246 F.2d 200, 201-04 (3d Cir. 1957); *John Hancock Mut. Life Ins. Co. v. Beardslee*, 216 F.2d 457, 459-61 (7th Cir. 1954); *National Accident Ins. Underwriters, Inc. v. Citibank, FSB*, 333 F. Supp. 2d 720, 726 (N.D. Ill. 2004).  "[I]n order to avail itself of the interpleader remedy, a stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012).  While, as *Michelman* states, this is a low threshold that is often met (*id*.), Bitstamp's allegations demonstrate that its Complaint fails to meet this basic threshold requirement and thus should be dismissed.

In *Michelman*, a former husband and wife each claimed entitlement to the proceeds of their deceased daughter's life insurance policy.  Although ultimately allowing interpleader

1  because the insurance application itself was ambiguous as to the policy's owner and the policy
2  was a community property asset not awarded to either party in their divorce, the Ninth Circuit
3  rejected as a basis for interpleader the ex-husband's claim that he had "a side agreement with [ex-
4  wife] that precluded her from removing him as a beneficiary without his knowledge or
5  permission." *Id.* at 897.  In rejecting the husband's contention, the Ninth Circuit held that,
6  "[e]ven if this were true, the fact that [ex-wife] violated an agreement with [ex-husband] to which
7  [plaintiff insurer] was not a party would not invalidate the change in beneficiary," and thus
8  "[s]uch a claim supplied no basis for interpleader." *Id.*

9  Similarly, here, Bitstamp sought interpleader based on what it knew was a simple contract
10  dispute between Ripple and McCaleb.  Bitstamp based its request for interpleader on Ripple's
11  claim that "Ripple Labs and McCaleb (and others) entered into a contract . . . under which
12  McCaleb agreed to abide by certain limitations regarding the sale of XRP."  Dkt. 1 ¶ 13; *see also*
13  *id*. ¶ 14.  Yet, as in *Michelman*, a claim that McCaleb breached an agreement with Ripple, even if
14  true, does not provide any valid basis for Bitstamp to believe that Ripple had a valid claim to the
15  funds, such that Bitstamp could be subject to liability to Ripple if Bitstamp released the sale
16  proceeds to the account owners.  *See* Dkt. 20 at 3 ("Ripple Labs does not appear to face any
17  injury if Bitstamp were to release the Disputed Funds to . . . [Stellar] . . . even though Ripple
18  claims that the funds relate to a breach of contract").  Indeed, Bitstamp had no problem with
19  Ripple maintaining possession of the XRP that Stephenson paid in consideration for those sale
20  proceeds.  *See id*. ("Ripple Labs has possession of the XRP that it received when it paid out
21  approximately $1 million in the disputed transaction.  Therefore, Ripple Labs has thus received
22  the 'benefit of the bargain' from the exchange, even though it claims that the transaction itself
23  violates a Settlement Agreement between itself and Jed McCaleb.").

24  Bitstamp clearly knew from Ripple's own statements, as alleged in the Complaint, that
25  Ripple did not have a claim that the particular funds contained in the r3Q and rPQ accounts (a
26  total of $1,038,172) belonged to Ripple.  Rather, Bitstamp knew that Ripple was asserting only
27  that McCaleb had breached a contract with Ripple, and that Ripple might be entitled to damages
28  in the amount of funds paid by Ripple in the transaction.  Such a claim is not a valid basis for

interpleader.  Interpleader is only valid when there are two competing claims to *ownership* of funds, not when one claimant simply asserts a contractual claim that the other claimant owes it money.  See *Michelman*, 685 F.3d 887, 897 (rejecting as "basis for interpleader" one claimant's claim to "have a side agreement with [other claimant]"); *Partex Apparel Int'l LTDA S.A. de C.V. v. GFSI, Inc*., No. 10-2678, 2012 U.S. Dist. LEXIS 42267, *18-29 (D. Kan. Mar. 28, 2012) (reconsidering and rejecting defendant's interpleader counterclaim based on allegations that one or more receivers had taken plaintiff manufacturer's accounts and operations and "demanded that [defendant] make payment directly to them rather than to [plaintiff]").

In *Partex*, the defendant who sought to interplead funds had admitted that it owed the funds in question to plaintiff pursuant to a contract.  *See* 2012 U.S. Dist. LEXIS 42267, at *9-10.  The defendant argued only that it had "withheld payment [to plaintiff] to avoid paying the wrong party."  *Id.* at *7.  The other purportedly interested party had alleged it was entitled to the funds based on an unrelated transaction.  *See id.* at *22.  The court rejected the proposed interpleader counterclaim because "the adverse nature of [other allegedly interested party's] claim is far from clear.  If [that party] has a claim to the funds, that claim is against [plaintiff manufacturer], not [the defendant]."  *Id*. at *26-27.  Although that party claimed to have actually obtained an "Order of Attachment" from a foreign court—a step toward actual legal entitlement that Ripple has not taken—the party, like Ripple, had not demonstrated an actual, formal legal interest in the allegedly disputed funds.  *See id.* at 27 (finding that "no party has sought to register or enforce any foreign judgments in this action" and that "[t]his unverified, unsworn, uncertified [Order of Attachment] does not provide any basis, let alone a sufficient basis, for concluding that [the party proposing interpleader] has any real, reasonable fear of double liability").  Interpleader is improper where, as here, it is just a proxy for a claim one party could assert directly against another.  *See id.* ("If [the alleged other claimant] has a claim to the funds, that claim is against [plaintiff], not [defendant and proposed interpleader]").

Bitstamp simply had no reasonable belief that Ripple could sue it if Bitstamp released the funds at issue to the account owners, as its own allegations confirm.  An assertion that Ripple might bring a hypothetical tort action directly against Bitstamp is insufficient to support an

interpleader action. *See Beardslee*, 216 F.2d at 460-61 (daughter asserting that plaintiff insurer's employee misled decedent as to his ability to change beneficiary was not a claimant for purposes of interpleader because "[a]ny possible tort action that [daughter] might have brought, based on the alleged misinformation given her by an employee of the plaintiff, could not have changed the contract embodied in the policy of insurance"). As in *Beardslee*, "[i]nstead of amounting to a claim of right, [Ripple's] letter could only be considered as a plea for help." *Id*. Accordingly, Bitstamp lacked any basis for seeking interpleader. *See Bierman*, 246 F.2d at 201-04 ("where the plaintiff knows that he can safely pay one party without substantial risk of vexatious demand by a rival claimant, interpleader will not lie"); Dkt. 20 at 3 ("Ripple Labs does not appear to face any injury if Bitstamp were to release the Disputed Funds to … [Stellar] … even though Ripple claims that the funds relate to a breach of contract").

**B. Bitstamp's Complaint in Interpleader Improperly Attempts to Manufacture Federal Jurisdiction for a Breach of Contract Dispute Between Non-Diverse Parties**

The only independent basis for original jurisdiction in this action is the presence of Bitstamp, a foreign company, as the nominal plaintiff aligned by the interpleader device against the non-diverse alleged competing "claimants." *See* Dkt. 1 at ¶ 7. But for Bitstamp's presence, the state-law breach of contract claims of Ripple (a California company) against McCaleb and Stephenson (the former, a California resident) could not proceed in this Court.[5] Defendants suspect that Bitstamp and Ripple cooperated to attempt to secure a federal forum, since the attorney who filed the Complaint on behalf of Bitstamp also represented Ripple in connection with the contract between Ripple and McCaleb on which Ripple bases its claims. *See* Dkt. 31 at 3, n.2. Obtaining federal jurisdiction through such artifice, particularly when, as set forth above, Bitstamp's own allegations confirm that it had no colorable basis for interpleader, is improper and

---

[5] Ripple's Cross-Complaint asserts that diversity jurisdiction exists because Ripple is diverse from Stephenson, an Arkansas resident. *See* Dkt. 9 ¶ 19. This argument simply ignores McCaleb's California citizenship, which Ripple expressly alleges (*id*. ¶ 16) and which destroys diversity jurisdiction. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").

1  provides a separate basis for granting Defendants' motion to dismiss the complaint in
2  interpleader.[6]

3  Moreover, Bitstamp's actions allowed Ripple in effect to obtain an improper extrajudicial
4  prejudgment attachment. If Ripple truly believed it was entitled to these funds, it should have
5  commenced an arbitration as the parties' contract requires. It did not. Instead, it demanded that
6  Bitstamp simply freeze funds belonging to a third party, on the basis that McCaleb had allegedly
7  breached a contract and might owe Ripple this amount in damages, enabling Ripple both to obtain
8  the XRPs that were sold by Stephenson and to freeze the funds that it had voluntarily paid for
9  those XRPs. Ripple had no basis for any prejudgment attachment against McCaleb, because such
10 attachment against a natural person must "arise[]out of the conduct by the defendant of a trade,
11 business, or profession," Cal. Code of Civil Procedure § 483.010(c), which Ripple cannot
12 establish. Moreover, to obtain such an attachment, Ripple would be required to "establish[] the
13 probable validity of the claim," *id.* § 484.090(a), and to post a bond, *id.* § 489.210, which it did
14 not do.

15  //
16  //

---

[6] If the Court dismisses the Complaint, it should decline to exercise supplemental jurisdiction over Ripple's Cross-Complaint. A district court "may decline to exercise supplemental jurisdiction . . . when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). If the Court dismisses Bitstamp's Complaint, as Bitstamp has requested, Dkt. 20 at 9-10, it will have dismissed all claims over which it has original jurisdiction. Because it would be left to adjudicate state-law breach of contract and tort claims between non-diverse parties, the Court should dismiss Ripple's Cross-Complaint. *See, e.g.*, *Mock v. Collins*, No. 04-395, 2004 U.S. Dist. LEXIS 29254, *7-10 (C.D. Cal. Sept. 1, 2004) (declining to exercise supplemental jurisdiction over plaintiffs' pendent state law claims for declaratory and injunctive relief where court lacked jurisdiction over plaintiffs' statutory interpleader claim); *United States Liab. Ins. Co. v. Sebelius*, 2012 U.S. Dist. LEXIS 77380, 2-3 (C.D. Cal. June 4, 2012) (declining to exercise supplemental jurisdiction after dismissing interpleader).

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss, and dismiss Bitstamp's Interpleader Complaint with prejudice.

ORRICK, HERRINGTON & SUTCLIFFE LLP

Dated: May 22, 2015　　　　　　　　　　　By:  /s/ Gabriel M. Ramsey
　　　　　　　　　　　　　　　　　　　　　　GABRIEL M. RAMSEY

*Attorneys for Defendants Jed McCaleb, Jacob Stephenson and Nancy Harris*

GROSS BELSKY ALONSO LLP

Dated: May 22, 2015　　　　　　　　　　　By:  /s/ Terry Gross
　　　　　　　　　　　　　　　　　　　　　　TERRY GROSS

*Attorneys for Proposed Intervenor-Defendant Stellar Development Foundation*

1 | **ATTESTATION**

2 | I, Gabriel M. Ramsey, hereby attest, pursuant to N.D. Cal. Civil L.R. 5-1, that the concurrence to the filing of this document has been obtained from each signatory hereto.

7 | Dated: May 22, 2015             By: */s/ Gabriel M. Ramsey*
                                         GABRIEL M. RAMSEY