Terry Gross, terry@gba-law.com (SBN 103878)
Adam C. Belsky, adam@gba-law.com (SBN 147800)
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, CA 94104
Tel: (415) 544-0200
Fax: (415) 544-0201

Attorneys for Proposed Intervenor-Defendant
STELLAR DEVELOPMENT FOUNDATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>   Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., a California corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.: 3:15-cv-1503-WHO<br><br>**PROPOSED INTERVENOR-DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)**<br><br>Date:   July 1, 2015<br>Time:   2:00 p.m.<br>Dept:   Courtroom 2, 17th Floor<br>Judge:  Hon. William H. Orrick |

## INTRODUCTION

Stellar Development Foundation ("Stellar"), a nonprofit, is the owner of the rPQ account that is one of the accounts that is the subject of this interpleader action, and which contains approximately $1,006,130.94 owned by Stellar. Bitstamp Ltd. ("Bitstamp") has admitted to the Court that Stellar is the owner of the funds at issue and has requested that the Court order Bitstamp to release the funds to Stellar. Because of the pendency of this interpleader action, Stellar is being denied the use of these funds. Accordingly, Stellar has a right to intervene in this action, and its motion to intervene must be granted.

## STATEMENT OF FACTS

Stellar Development Foundation ("Stellar") is a nonprofit foundation, whose mission is to expand financial access and literacy worldwide, and to focus on areas and geographies where access to financial services can significantly impact people's achievement of basic education, healthcare and other human rights. Declaration of Joyce Kim ("Kim Dec."), filed concurrently, ¶ 2.

Bitstamp states that defendant Jacob Stephenson ("Stephenson") engaged in a transaction with Ripple, in which Ripple purchased XRPs from Stephenson and then paid Stephenson the sum of $1,038,172. Complaint For Interpleader ¶¶ 15, 18-19 (Dkt. 1). Stephenson then engaged in a subsequent transaction via a separate financial service company based in New Zealand, in which Stellar gave property (STRs) in exchange for a payment by Stephenson of $1,006,130.94, and these funds were subsequently transferred to an account owned by Stellar, account rPQB4rgmwoaCjdX4BeoWikeshWL3fLMLD7 ("rPQ"). Stellar is not only the owner of the rPQ account, but also is the owner of the funds contained in this account. Kim Dec. ¶ 4. Neither defendant Stephenson nor defendant Jed McCaleb ("McCaleb") have any claim to or interest in the funds in account rPQ. *Id.* ¶ 5.

//

//

## ARGUMENT

### I. STELLAR'S MOTION TO INTERVENE MUST BE GRANTED

Rule 24 provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property . . . that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Rule 24(a)(2) thus establishes four requirements for intervention as of right: (1) timeliness; (2) an interest relating to the subject of the action; (3) practical impairment of the party's ability to protect that interest; and (4) inadequate representation by the parties to the suit. *Yorkshire v. United States Internal Revenue Serv.* 26 F.3d 942, 944 (9th Cir. 1994). These requirements must be construed broadly in favor of intervention. *Id.*

#### A. Stellar's Motion Is Timely

The Ninth Circuit looks to three factors in evaluating timeliness: "(1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (finding intervention timely although more than a decade had passed). Stellar's motion to intervene is timely, as this proceeding is still in the pleading stage and the first response to the complaint was filed less than three weeks ago and the time has not yet run for the other defendants to respond. No party can show any actual prejudice resulting from this brief passage of time. *See id.* (prejudice is "the most important consideration in deciding whether a motion for intervention is untimely"); *AT&T Mobility LLC v. Yeager*, 2015 U.S. Dist. LEXIS 27277, at \*\*6-7 (E.D. Cal. Mar. 3, 2015) (absence of prejudice alone is sufficient to satisfy timeliness requirement even where the other two factors favor a finding of untimeliness). Further, Stellar refrained from filing a motion to intervene and crossclaims and counterclaims because it attempted to settle this interpleader action. Stellar's counsel entered into negotiations with counsel for Ripple, requesting, since the gravamen of Ripple's dispute was solely on the interpretation of a contract provision that was

subject to an arbitration provision, that the parties dismiss the interpleader and resolve the dispute in an expedited arbitration proceeding. It was only late last week that it became apparent that these settlement discussions would not be fruitful, when Bitstamp filed its Motion for an Order of Discharge, or, in the Alternative Voluntary Dismissal ("Motion for Discharge or Dismissal"). *See* Declaration of Terry Gross, filed concurrently ("Gross Dec.") ¶ 2. Stellar promptly filed this motion to intervene.

### B. Stellar Has a Claim to the Funds at Issue

"[T]he "interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). Stellar is the owner of the rPQ account at Bitstamp, which contains approximately $1,006,130.94 of funds owned by Stellar. Kim Dec. ¶ 4. Moreover, Bitstamp has admitted to the Court that Stellar is the owner of the funds at issue and has requested that the Court order it to release the funds to Stellar. Bitstamp Motion for Discharge or Dismissal at 1.

### C. Stellar's Property Rights Could Be Impaired by Resolution of This Action

"[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). Stellar is the owner of the funds in account rPQ, which contains approximately $1,006,172.34, which is more than 97% of the Disputed Funds that are the subject of this interpleader action, and Stellar is being deprived of the use of these funds. Kim Dec. ¶ 4. In this action, Ripple seeks a court determination that it is entitled to these funds, and such a determination would dramatically affect Stellar's interests. There can be no legitimate dispute that Stellar's ability to protect its interests could be impaired by the disposition of this action without Stellar's participation.

//

//

### D. Stellar's Interests Are Not Adequately Represented by the Existing Parties

"[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." *Southwest Center*, 268 F.3d at 823 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Here, none of the existing parties can properly represent Stellar's interests. Ripple's entire claim to the Disputed Funds is based on Ripple's claim that McCaleb breached a contract he had with Ripple to limit his sales of XRPs, and Ripple admits that the sale that it claims is a breach by McCaleb was from an account represented to be owned and controlled by Stephenson. Cross-Complaint ¶¶ 1, 36, 39, 43 (Dkt. 9). McCaleb's and Stephenson's interests therefore are in showing that Ripple's interpretation of the contract is incorrect, and that the contract does not place any limits limit on actions by non-signatory Stephenson in selling XRPs. Moreover, McCaleb has no interest in *any* of the Disputed Funds, or any of the accounts at issue in this litigation, and Stephenson has no claim to any of the funds in the rPQ account as the funds had been paid by Stephenson to purchase property that had been owned by Stellar and those funds had been transferred to the rPQ account. Only Stellar – an independent nonprofit -- has a claim to the funds in the rPQ account. Kim Dec. ¶¶ 4-5. Ripple may argue that because McCaleb is a director of Stellar, he can adequately protect Stellar's interests. But given that McCaleb has no claim to *any* of the Disputed Funds, his interest is predominantly in demonstrating issues of contract interpretation, and not about ownership of any of the funds. Thus, only Stellar can adequately represent its own interests in this litigation.

## II. THE ATTACHED MOTION TO DISMISS MEETS THE CRITERIA OF RULE 24(c) AND AN ORDER SHOULD BE ENTERED PERMITTING ITS FILING

Rule 24(c) provides that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Attached to the Notice of Motion and Motion to Intervene is Stellar's Proposed Motion to Dismiss Complaint for Interpleader ("Stellar's Motion to Dismiss"). Stellar requests

that, if this motion to intervene is granted, the Court order Stellar's Motion to Dismiss to be filed and set it for hearing at the same time as the Motion to Dismiss filed by defendants Jed McCabe, Jacob Stephenson and Nancy Harris.

Although a motion to dismiss is not listed as a "pleading" under Rule 7(a), Stellar has chosen to file a motion to dismiss under Rule 12(b)6), rather than an answer, because "[a] Rule 12(b)(6) motion must be made *before* the responsive pleading. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) (emphasis in original). Stellar does not wish to relinquish its right to move to dismiss the Complaint for Interpleader by submitting an answer with its motion to intervene.

The Ninth Circuit has held that when, as here, a motion to intervene describes the basis for intervention, attachment of a proposed pleading is unnecessary. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion"); *see also New Century Bank v. Open Solutions, Inc.*, 2011 U.S. Dist. LEXIS 47340, 7-8 (E.D. Pa. May 2, 2011) (construing the "pleading" requirement of Rule 24(c) to include a motion to dismiss).

## CONCLUSION

Stellar has a right to intervene in this interpleader action in order to protect its ownership interest in the funds at issue. Accordingly, Rule 24(a)(2) mandates that its motion to intervene must be granted.

Dated: May 22, 2015                    GROSS BELSKY ALONSO LLP

                                       By:     */s/ Terry Gross*             .
                                              Terry Gross

                                       Attorneys for Proposed Intervenor-Defendant
                                       STELLAR DEVELOPMENT FOUNDATION

---

**6**
**STELLAR'S MEM OF POINTS AND AUTHORTIES ISO MOTION TO INTERVENE;**
**CASE NO.: 3:15-cv-1503-WHO**

1 **SIGNATURE ATTESTATION**

2   I hereby attest that I have on file all holographic signatures corresponding to any

3 signatures indicated by a conformed signature (/s/) within all efiled documents relating to this

4 Memorandum.

5                            _/s/  Terry Gross_
                           TERRY GROSS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

RE: *Bitstamp, Ltd., v. Ripple Labs, Inc., et al.*
**NDCA Case No: 15-cv-1503-WHO**

I am a citizen of the United States and employed in the County of San Francisco, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is GROSS BELSKY ALONSO LLP, 1 Sansome Street, Suite 3670, San Francisco, CA 94104. On the date set forth below, I served the following documents in the manner indicated on the below named parties and/or counsel of record:

- **PROPOSED INTERVENOR-DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)**
- **DECLARATION OF JOYCE KIM IN SUPPORT OF PROPOSED INTERVENOR-DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S MOTION TO INTERVENE**
- **DECLARATION OF TERRY GROSS IN SUPPORT OF PROPOSED INTERVENOR-DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S MOTION TO INTERVENE**

XX   **By ECF:** by USDC Live System-Document Filing System on all interested parties registered for e-filing.

| | |
|---|---|
| Mark Steven Parris<br>Andrew Robert Ardinger<br>Paul Francis Rugani<br>Orrick, Herrington & Sutcliffe LLP<br>701 Fifth Ave., Suite 5700<br>Seattle, WA  98104<br>Tel: (206) 839-4300 | Attorneys for Defendant<br>Jed McCaleb |
| Gabriel M. Ramsey<br>Orrick Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>Tel: (650) 614-7400 | |
| Nicole Lynn Chessari<br>Grant P. Fondo<br>Richard M. Strassberg<br>Goodwin Procter LLP<br>135 Commonwealth Drive<br>Menlo Park, CA 94025<br>Tel:(650) 752-3281<br>Fax: (650) 853-1038 | Attorneys for Defendant Ripple Labs, Inc. |

1  Christopher C. Wheeler , Esq.                Attorneys for Plaintiff Bitstamp Ltd.
   Jessica Koren Nall
2  Farella Braun & Martel LLP
   235 Montgomery Street
3  17th Floor
   San Francisco, CA 94104
4  Tel: (415) 954-4400

5  George Frost
   Law Office of George Frost
6  2930 Magnolia Street
   Berkeley, CA 94705
7  Tel: (510) 647-8863

8

9

10    I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service, and said correspondence would be deposited with the United States Postal Service, California that same day in the ordinary course of business.

13    I declare under penalty of perjury that the foregoing is true and correct. Executed on May 22, 2015 at San Francisco, California.

15                                        _/s/ Jessica Dean_   .
                                        JESSICA DEAN

**9**
**STELLAR'S MEM OF POINTS AND AUTHORTIES ISO MOTION TO INTERVENE;**
**CASE NO.: 3:15-cv-1503-WHO**