Terry Gross, terry@gba-law.com (SBN 103878)
Adam C. Belsky, adam@gba-law.com (SBN 147800)
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, CA 94104
Tel: (415) 544-0200
Fax: (415) 544-0201

Attorneys for Proposed Intervenor-Defendant
STELLAR DEVELOPMENT FOUNDATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., a California corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 3:15-cv-1503-WHO<br><br>**DECLARATION OF TERRY GROSS IN SUPPORT OF PROPOSED INTERVENOR-DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)**<br><br>Date:    July 1, 2015<br>Time:   2:00 p.m.<br>Dept:    Courtroom 2, 17th Floor<br>Judge:  Hon. William H. Orrick |

I, TERRY GROSS, declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California and admitted to practice before this Court. I am counsel for Proposed Intervenor-Defendant Stellar Development Foundation ("Stellar") in this action. I make this declaration in support of Stellar's Motion to Intervene. Except where otherwise noted, I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. Stellar refrained from filing a motion to intervene and from filing any crossclaims or counterclaims because it was engaged in attempts to settle this interpleader action. I entered into negotiations with counsel for Ripple, requesting, since the gravamen of Ripple's dispute was solely on the interpretation of a contract provision that was subject to an arbitration provision, that the parties dismiss the interpleader and resolve the dispute in an expedited arbitration proceeding. It was only late last week, on May 13, 2015 that it became apparent that these settlement discussions would not be fruitful, at about the time that Bitstamp filed its Motion for an Order of Discharge, or, in the Alternative Voluntary Dismissal.

3. I requested of counsel for Bitstamp and counsel for Ripple if their clients would agree to Stellar's motion to intervene. Counsel for Bitstamp never responded, and counsel for Ripple stated that at the time that Stellar filed its motion Ripple would evaluate whether it would oppose the motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 22nd day of May, 2015, in San Francisco, California.

                                        */s/ Terry Gross*
                                        TERRY GROSS