| | |
|---|---|
| MARK S. PARRIS (*pro hac vice granted*)<br>PAUL F. RUGANI (*pro hac vice granted*)<br>ANDREW ARDINGER (STATE BAR NO. 267417)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>701 Fifth Avenue<br>Suite 5600<br>Seattle, Washington 98104-7097<br>Telephone:   +1-206-839-4300<br>Facsimile:   +1 206-839-4301<br>E-mail:   mparris@orrick.com<br><br>GABRIEL M. RAMSEY (SBN 209218)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, California 94105-2669<br>Telephone:   +1-415-773-5700<br>Facsimile:   +1 415-773-5759<br>E-mail:   gramsey@orrick.com<br><br>*Attorneys for Defendants*<br>*Jed McCaleb, Jacob Stephenson, and Nancy Harris* | TERRY GROSS (SBN 103878)<br>ADAM C. BELSKY (SBN 147800)<br>GROSS BELSKY ALONSO LLP<br>One Sansome Street, Suite 3670<br>San Francisco, CA 94104<br>Tel: (415) 544-0200<br>Fax: (415) 544-0201<br>E-mail:   terry@gba-law.com<br><br>*Attorneys for Proposed Intervenor-Defendant Stellar Development Foundation* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP, LTD., a foreign company,<br>             Plaintiff,<br>       v.<br>RIPPLE LABS, INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br>             Defendants.<br><br>RIPPLE LABS, INC., a California Corporation,<br>             Cross-Plaintiff,<br>       v.<br>JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1 through 10, inclusive,<br>             Cross-Defendants. | Case No. 15-cv-01503-WHO<br><br>**DECLARATION OF TERRY GROSS IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER OF DISCHARGE OR, IN THE ALTERNATIVE, FOR VOLUNTARY DISMISSAL**<br><br>Date:   June 10, 2015<br>Time:   2:00 p.m.<br>Dept:   Courtroom 2, 17th Floor<br>Judge:   Hon. William H. Orrick |

I, TERRY GROSS, declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California and admitted to practice before this Court. I am counsel for Stellar Development Foundation ("Stellar") in connection with this action. I make this declaration in support of Defendants' Response to Plaintiff's Motion for an Order of Discharge or, in the alternative, for Voluntary Dismissal. Except where otherwise noted, I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. Attached as Exhibit A is a true and correct printout of the docket report in this case.

3. Attached as Exhibit B is a true and correct printout from Bitstamp's website, last visited May 27, 2015, which lists George Frost as Bitstamp's Chief Legal Officer.

4. On May 6, 2015, I had a telephone conversation with George Frost concerning this interpleader action. I informed Frost that Stellar believed Frost was conflicted due to his prior and continuing representation of Ripple, and that Bitstamp therefore was not a disinterested stakeholder. In response, Frost said: "I've told them [Ripple] that as to this matter I'm adverse." I then asked Frost to state the date upon which he stopped representing Ripple, and Frost replied that the date on which he stopped representing Ripple was privileged so he would not tell me, and added that: "In this situation, I'm adverse to them [Ripple]. I'm no longer advising them, since the onset of this action I'm not advising them."

5. I am also counsel for Stellar in the lawsuit *Arthur Britto v. Jed McCaleb, Stellar Development Foundation, and Does 1-10,* Case No. CGC-15-544133 (S.F. Superior Court) ("Britto Lawsuit"), filed on March 9, 2015.

6. In the Britto Lawsuit, Stellar served requests for production of documents on Britto, and a subpoena duces tecum on George Frost ("Britto Lawsuit Subpoena to Frost"). In the responses to the subpoenas served jointly by Frost and Kidd, both individuals jointly were represented by Britto's counsel.

- 1 -

GROSS DECLARATION IN SUPPORT OF RESPONSE TO MOTION FOR DISCHARGE OR, IN THE ALTERNATIVE, FOR VOLUNTARY DISMISSAL
15-CV-01503-WHO

7. The Britto Lawsuit Subpoena to Frost demanded production of all communications between Frost and Ripple concerning the August 2014 Settlement Agreement:

> ALL DOCUMENTS CONCERNING ANY COMMUNICATIONS between YOU OR BRITTO, on the one hand, AND RIPPLE OR Greg Kidd, on the other hand, CONCERNING the Settlement Agreement of August 13, 2014 between Ripple Labs, Inc. and Stellar Development Foundation (the "August 2014 Settlement Agreement"), the drafting of the August 2014 Settlement Agreement, the interpretation of the August 2014 Settlement Agreement, OR the dispute that resulted in the August 2014 Settlement Agreement.

Britto Lawsuit Subpoena to Frost, Document Request No. 6. Frost served only objections to Request No. 6, including an objection based on the attorney-client privilege. Frost and Britto declined to produce any responsive documents. A true and correct copy of Non-Party George J. Frost and Plaintiff Arthur Britto's First Amended Objections and Responses to Defendant Stellar Development Foundation's Deposition Subpoena for Production of Business Records is attached hereto as Exhibit C.

8. On April 29, 2015, I engaged in a meet and confer discussion with Darryl Atkinson, Esq. and Diane Rice, who are counsel for both Frost and Britto in the *Britto* lawsuit. During this discussion, I asked what the basis was for refusing to produce any documents in response to Request No. 6. Mr. Atkinson informed me that during the negotiations and execution of the August 2014 Settlement Agreement between Ripple and McCaleb, Frost had been Ripple's legal counsel and advisor, and that all communications between Frost and Ripple (or any Ripple representative, such as Greg Kidd) were protected from disclosure due to the attorney-client privilege.

9. In this conversation, Mr. Atkinson also asserted that the attorney-client privilege applied to any communications between Britto and Frost, stating that Frost had represented Britto, at all times between October 2012 and the present, including advising Britto about his claims against McCaleb and Stellar that form the basis of the Britto Lawsuit and concerning the Britto Lawsuit.

10. I also Mr. Atkinson to inform me during what time periods Frost represented Ripple, and Mr. Atkinson told me that he would obtain that information and email it to me. A

- 2 -

GROSS DECLARATION IN SUPPORT OF RESPONSE TO MOTION FOR DISCHARGE OR, IN THE ALTERNATIVE, FOR VOLUNTARY DISMISSAL
15-CV-01503-WHO

true and correct copy of Mr. Atkinson's April 29, 2015 email confirming that he would do so is attached hereto as Exhibit D. However, Mr. Atkinson has not yet provided me with that information.

11. During my conversation with Mr. Atkinson on April 29, 2015, Mr. Atkinson stated that his client, Frost, advised Greg Kidd, an officer of Ripple, concerning potential claims against McCaleb and that Frost was financing Britto in the Britto Lawsuit.

12. Attached hereto as Exhibit E is a true and correct copy of a press release issued on May 5, 2015 by the Department of Treasury's Financial Crimes Enforcement Network ("FinCEN").

13. Attached hereto as Exhibit F is a true and correct copy of a Settlement Agreement entered into on May 5, 2015 between the U.S. Department of Justice and Ripple concerning the DOJ's criminal investigation of Ripple.

14. Attached hereto as Exhibit G is a true and correct copy of an email string between Nicole Cessari, counsel for Ripple, and Ethan Jacobs, counsel for McCaleb, on August 2, 2014, concerning the 7.5 BB XRP owned or controlled by McCaleb.

15. Attached hereto as Exhibit H is a true and correct copy of Requests for Production of Documents for Bitstamp concerning issues relating to whether discharge is appropriate.

16. In the complaint filed by Britto in the Britto Lawsuit, Britto states that he currently "acts of the Chief Strategist for Ripple Labs." Britto Lawsuit Complaint ¶ 8.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of May, 2015, in San Francisco, California.

_____
TERRY GROSS

- 3 -

GROSS DECLARATION IN SUPPORT OF RESPONSE TO MOTION FOR DISCHARGE OR, IN THE ALTERNATIVE, FOR VOLUNTARY DISMISSAL
15-CV-01503-WHO