# EXHIBIT C

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
ANTHONY K. LEE (CA Bar No. 156018)
alee@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
Transamerica Pyramid, 34th Floor
600 Montgomery Street
San Francisco, California 94111
Telephone: (415) 247-6000
Facsimile: (415) 247-6001

*Attorneys for Plaintiff
Arthur Britto and Non-Party George J. Frost*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN FRANCISCO
UNLIMITED JURISDICTION

| | |
|---|---|
| ARTHUR BRITTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JED MCCALEB, an individual,<br><br>and,<br><br>STELLAR DEVELOPMENT FOUNDATION, a 501(c) corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CGC-15-544133<br><br>**NON-PARTY GEORGE J. FROST AND PLAINTIFF ARTHUR BRITTO'S FIRST AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**<br><br>Complaint Filed: February 13, 2015<br>Trial Date: None set |

PROPOUNDING PARTY:   DEFENDANT STELLAR DEVELOPMENT FOUNDATION

RESPONDING PARTY:   NON-PARTY GEORGE J. FROST

SET NO.:   DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS

Non-Party George J. Frost, ("FROST"), joined by Plaintiff Arthur Britto ("BRITTO"),[1] submit the following objections to the Deposition Subpoena for Production of Business Records (the "SUBPOENA") issued by Defendant Stellar Development Foundation ("STELLAR")[2] on the following grounds:

## GENERAL OBJECTIONS

The following objections are applicable to and shall be deemed to be incorporated in each separate response to the production requests contained in the SUBPOENA:

1. These responses are made only for the purposes of discovery in this action. Each response and/or objection is subject to all appropriate objections as to competence, relevance, materiality, and any and all other objections and grounds which would require the exclusion of any documents or statement contained therein if such statements or documents were offered at court. All such objections are expressly reserved and may be interposed at the time of trial, or at any other time.

2. FROST and BRITTO object to the time and place of requested production as unreasonable and unduly burdensome. FROST and BRITTO object to the instruction in the SUBPOENA that FROST both deliver documents and make documents available for inspection as unduly burdensome. FROST will produce the documents, if any, at a time and place convenient to FROST and the parties.

---

[1] BRITTO joins in the objections herein only. BRITTO does not agree to make any search or make any production pursuant to the SUBPOENA, and BRITTO reserves any and all rights or privileges he has as to the SUBPOENA or any production made by FROST pursuant to it.

[2] It is not clear from the SUBPOENA whether the propounding party is STELLAR or both defendants STELLAR and Jed McCaleb ("McCALEB), and FROST and BRITTO object to the SUBPOENA as vague, ambiguous and unduly burdensome on this ground. To the extent the SUBPOENA is propounded by both defendants or STELLAR these objections and responses apply; to the extent the only propounding defendant is STELLAR, RIPPLE and BRITTO reserve all rights as to any future SUBPOENA served by McCALEB.

-1-

3. FROST and BRITTO object to the SUBPOENA to the extent it was not served in conformity with the California Code of Civil Procedure or any agreement of the parties.

4. FROST and BRITTO object to each and every request to the extent that the requests purport to impose burdens or duties on FROST that exceed the scope of reasonable and permissible discovery of a non-party or that exceed the requirements of California law, local rules or any agreements of the parties.

5. FROST and BRITTO object to the SUBPOENA and the document requests contained therein on the grounds that the requests are vague, ambiguous and overbroad.

6. FROST and BRITTO object to the SUBPOENA and the document requests contained therein to the extent the requests seek documents equally available from a party to this action on the grounds that the requests are harassing of a non-party.

7. FROST and BRITTO object to the SUBPOENA and the document requests contained therein to the extent the requests seek documents that are duplicative of other discovery responses given or to be given in this case.

8. FROST and BRITTO object to the SUBPOENA and the document requests contained therein to the extent the requests seek documents not within FROST's possession, custody and/or control.

9. FROST and BRITTO object to the SUBPOENA and the document requests contained therein to the extent that they call for production of documents, communications and/or information protected from disclosure pursuant to the attorney-client privilege and/or work product doctrine, or which are otherwise privileged against, immune from, or protected from discovery, including but not limited to advice, opinions, analysis, reports, communications and recommendations of counsel. Such information shall not be provided in response to any request and any inadvertent disclosures thereof shall not be deemed a waiver of any privilege or

immunity with respect to such information or of any work product doctrine that may attach thereto.

10.   FROST and BRITTO object to each and every request to the extent that the request requires the disclosure of protected, confidential, or proprietary information, including trade secret or commercially sensitive information, of FROST and/or BRITTO. FROST will produce such information, if at all, only on agreement of an acceptable protective order on confidentiality

11.   FROST and BRITTO object to each and every request to the extent they require FROST to produce documents that are subject to a non-disclosure agreement, confidentiality agreement or protective order with a third party, or that contain the trade secrets of, or confidential, private, or proprietary information of a third party. To the extent that FROST identifies any such document, he will abide by his confidentiality obligations and provide notice to STELLAR of the nature of the documents and the confidentiality obligation that prevents disclosure.

12.   FROST and BRITTO object to each and every request to the extent that the request seeks information of a consumer, an employee or agent or former employee or former agent, or information that is otherwise confidential or protected by a person's right to privacy, including, but not limited to, BRITTO's right to privacy. FROST and BRITTO further object to the SUBPOENA for failing to comply with the requirements of California Code of Civil Procedure § 1985.3 to the extent it seeks BRITTO's personal records.

13.   FROST and BRITTO object to each and every request to the extent that the request calls for the production of documents not reasonably calculated to lead to the discovery of admissible evidence or is overly broad, burdensome or oppressive.

14.  FROST and BRITTO object to the introductory definitions and instructions to the SUBPOENA to the extent said definitions or instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific request on the ground that such enlargement, expansion, or alteration renders said request vague, ambiguous, unintelligible, unduly broad, and uncertain. FROST and BRITTO further object to the introductory definitions and instructions to the extent that they seek to require FROST to respond in a manner inconsistent with or beyond the scope of his obligations under the California Code of Civil Procedure, applicable Local Rules or Guidelines or applicable case law.

15.  FROST and BRITTO object to the definition of "COMMUNICATIONS" as overbroad, calling for privileged documents, communications and/or information, and calling for documents not within FROST's possession, custody or control.

16.  FROST and BRITTO object to the definitions of "DOCUMENT" and "DOCUMENTS" as vague, ambiguous, overly broad, and calling for privileged documents, communications and/or information.

17.  FROST and BRITTO object to the definition of "YOU" and "YOUR" as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. FROST will construe "YOU" and "YOUR" to mean non-party George J. Frost.

18.  FROST and BRITTO object to the definition of "BRITTO" as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. FROST will construe "BRITTO" to mean Plaintiff Arthur Britto.

19.  FROST and BRITTO object to the definition of "RIPPLE" as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. FROST will construe "RIPPLE" to mean non-party Ripple Labs, Inc.

- 4 -

20. FROST and BRITTO object to Instruction B, which purports to require FROST to identify individuals supplying documents to a request, as this instruction attempts to impose non-existent obligations on FROST, and is unduly burdensome.

21. FROST and BRITTO object to instruction D, which purports to require FROST to provide a "confidentiality log," as this instruction attempts to impose non-existent obligations on FROST, and is unduly burdensome (especially given, and assuming *arguendo*, that there are relevant, responsive, non-duplicative documents in FROST's possession, custody or control, FROST would be bound by a duty of confidentiality as to the majority of these documents).

22. FROST and BRITTO object to instructions E and F, which purport to require FROST to provide a privilege log, to the extent such instructions attempt to impose non-existent obligations on FROST and are unduly burdensome (especially given, and assuming *arguendo*, that there are relevant, responsive, non-duplicative documents in FROST's possession, custody or control, the majority of these documents would be attorney-client privileged and/or attorney work product).

23. FROST and BRITTO object to Instruction G, which purports to require FROST to provide a "destruction log," as this instruction attempts to impose non-existent obligations on FROST, and is unduly burdensome.

24. FROST and BRITTO object to Instruction H, which purports to require FROST to provide a "return log," as this instruction attempts to impose non-existent obligations on FROST, and is unduly burdensome.

25. FROST and BRITTO object to Instructions B, C and D as vague, ambiguous and unduly burdensome so far as they refer to instruct "plaintiff."

26. FROST will meet and confer with STELLAR as to the format for, and scope of, production of electronically stored information, if any.

27. A response that, subject to reasonable search, FROST will produce relevant, responsive, non-duplicative, non-privileged, non-immune, and non-attorney work-product documents, to the extent any exist in FROST's possession, custody, and/or control, is not a representation that any such document presently exists. Further, a response that, subject to reasonable search, FROST will make relevant, responsive, non-duplicative, non-privileged, non-immune, and non-attorney work-product documents, to the extent any exist in FROST's possession, custody, and/or control and are part of BRITTO's client file, available to BRITTO, is not a representation that any such document presently exists and does not constitute a waiver of any confidentiality, privilege, work product or immunity claim any person may assert over any such document. FROST reserves the right to supplement these responses.

28. Nothing herein shall be construed as an admission by FROST or BRITTO regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in STELLAR's discovery requests.

### OBJECTIONS AND/OR RESPONSES TO SPECIFIC REQUESTS

**DOCUMENT REQUEST NO. 1:**

All drafts of the FOUNDERS AGREEMENT.

**RESPONSE:**

FROST and BRITTO incorporate the general objections above. FROST and BRITTO further object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, *inter alia*, it seeks documents equally available from a party to this action. FROST and BRITTO also object to this request on the grounds that it seeks the confidential, proprietary or private information of BRITTO and/or a non-party. FROST and BRITTO further object to this request on the grounds that it seeks documents, communications and/or information protected by

- 6 -

the attorney client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity.

Subject to, and without waiver of, the foregoing general and specific objections, FROST states that he will make any relevant, responsive, non-duplicative, non-privileged, non-immune, and non-attorney work-product documents, to the extent such documents are in FROST's possession, custody, and/or control, are part of BRITTO's client file, and can be located after a reasonable search, available to BRITTO. FROST will not make documents that are part of other clients' files available to BRITTO.

**DOCUMENT REQUEST NO. 2:**

ALL DOCUMENTS CONCERNING the negotiation, drafting, AND interpretation of the FOUNDERS AGREEMENT AND ANY drafts of the FOUNDERS AGREEMENT.

**RESPONSE:**

FROST and BRITTO incorporate the general objections above. FROST and BRITTO further object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, *inter alia*, it seeks documents equally available from a party to this action and the term "interpretation" is vague and ambiguous. FROST and BRITTO also object to this request as unduly burdensome to the extent it is duplicative of Request No. 1. FROST and BRITTO further object to this request on the grounds that it seeks the confidential, proprietary or private information of BRITTO and/or a non-party. FROST and BRITTO also object to this request on the grounds that it seeks documents, communications and/or information protected by the attorney client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity.

Subject to, and without waiver of, the foregoing general and specific objections, FROST states that he will make any relevant, responsive, non-duplicative, non-privileged, non-immune, and non-attorney work-product documents, to the extent such documents are in FROST's possession, custody, and/or control, are part of BRITTO's client file, and can be located after a reasonable search, available to BRITTO. FROST will not make documents that are part of other clients' files available to BRITTO.

**DOCUMENT REQUEST NO. 3:**

ALL contracts between OR among BRITTO, on the one hand, AND RIPPLE OR ANY entity affiliated with OR related to RIPPLE, on the other hand, including ALL drafts of EACH such contract, as well as ANY DOCUMENTS CONCERNING the negotiation, drafting AND interpretation of such contract OR draft.

**RESPONSE:**

FROST and BRITTO incorporate the general objections above. FROST and BRITTO further object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, *inter alia*, it is not limited to the subject matter of this litigation or limited in time and the phrases "entity affiliated with OR related to RIPPLE" and "interpretation" are vague and ambiguous. FROST and BRITTO further object to this request on the grounds that it seeks the confidential, proprietary or private information of BRITTO and/or a non-party. FROST and BRITTO also object to this request on the grounds that it seeks documents, communications and/or information protected by the attorney client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity.

Subject to, and without waiver of, the foregoing general and specific objections, FROST states that he will make any relevant, responsive, non-duplicative, non-privileged, non-immune,

and non-attorney work-product documents, to the extent such documents are in FROST's possession, custody, and/or control, are part of BRITTO's client file, and can be located after a reasonable search, available to BRITTO. FROST will not make documents that are part of other clients' files available to BRITTO.

**DOCUMENT REQUEST NO. 4:**

ALL contracts between OR among BRITTO, Chris Larsen or Jed McCaleb, including ALL drafts of EACH such contract, as well as ALL DOCUMENTS CONCERNING the negotiation, drafting, AND interpretation of such contract OR draft.

**RESPONSE:**

FROST and BRITTO incorporate the general objections above. FROST and BRITTO further object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, *inter alia*, it seeks documents equally available from a party to this action, it is not limited to the subject matter of this litigation or limited in time, and the term "interpretation" is vague and ambiguous. FROST and BRITTO also object to this request as unduly burdensome to the extent it is duplicative of Request Nos. 1 and 2. FROST and BRITTO further object to this request on the grounds that it seeks the confidential, proprietary or private information of BRITTO and/or a non-party. FROST and BRITTO also object to this request on the grounds that it seeks documents, communications and/or information protected by the attorney client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity.

Subject to, and without waiver of, the foregoing general and specific objections, FROST states that he will make any relevant, responsive, non-duplicative, non-privileged, non-immune, and non-attorney work-product documents, to the extent such documents are in FROST's possession, custody, and/or control, are part of BRITTO's client file, and can be located after a

1  reasonable search, available to BRITTO. FROST will not make documents that are part of other
2  clients' files available to BRITTO.

**DOCUMENT REQUEST NO. 5:**

ALL DOCUMENTS CONCERNING ANY COMMUNICATIONS between YOU OR BRITTO, on the one hand, AND RIPPLE OR Greg Kidd, on the other hand, CONCERNING the allegations of the BRITTO COMPLAINT.

**RESPONSE:**

FROST and BRITTO incorporate the general objections above. FROST and BRITTO further object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. FROST and BRITTO further object to this request on the grounds that it seeks the confidential, proprietary or private information of BRITTO and/or a non-party. FROST and BRITTO also object to this request on the grounds that it seeks documents, communications and/or information protected by the attorney client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity.

Subject to, and without waiver of, the foregoing general and specific objections, FROST states that he will make any relevant, responsive, non-duplicative, non-privileged, non-immune, and non-attorney work-product documents, to the extent such documents are in FROST's possession, custody, and/or control, are part of BRITTO's client file, and can be located after a reasonable search, available to BRITTO. FROST will not make documents that are part of other clients' files available to BRITTO.

**DOCUMENT REQUEST NO. 6:**

ALL DOCUMENTS CONCERNING ANY COMMUNICATIONS between YOU OR BRITTO, on the one hand, AND RIPPLE OR Greg Kidd, on the other hand, CONCERNING the

Settlement Agreement of August 13, 2014 between Ripple Labs, Inc. and Stellar Development Foundation (the "August 2014 Settlement Agreement"), the drafting of the August 2014 Settlement Agreement, the interpretation of the August 2014 Settlement Agreement, OR the dispute that resulted in the August 2014 Settlement Agreement.

**RESPONSE:**

FROST and BRITTO incorporate the general objections above. FROST and BRITTO further object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, *inter alia*, it is not limited to the subject matter of this litigation and the terms "interpretation" and "dispute" are vague and ambiguous. FROST and BRITTO further object to this request on the grounds that it seeks the confidential, proprietary or private information of a party and/or a non-party. FROST and BRITTO also object to this request on the grounds that it seeks documents, communications and/or information protected by the attorney client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity.

**DOCUMENT REQUEST NO. 7:**

ALL DOCUMENTS CONCERNING ANY COMMUNICATIONS between YOU OR BRITTO, on the one hand, AND RIPPLE OR Greg Kidd, on the other hand, CONCERNING the FOUNDERS AGREEMENT.

**RESPONSE:**

FROST and BRITTO incorporate the general objections above. FROST and BRITTO further object to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, *inter alia*, it seeks documents equally available from a party. FROST and BRITTO also object to this request to the extent it is duplicative of Requests Nos. 1, 2 and 4. FROST and

BRITTO further object to this request on the grounds that it seeks the confidential, proprietary or private information of BRITTO and/or a non-party. FROST and BRITTO also object to this request on the grounds that it seeks documents, communications and/or information protected by the attorney client privilege, attorney work product doctrine, and/or any other applicable privilege or immunity.

Subject to, and without waiver of, the foregoing general and specific objections, FROST states that he will make any relevant, responsive, non-duplicative, non-privileged, non-immune, and non-attorney work-product documents, to the extent such documents are in FROST's possession, custody, and/or control, are part of BRITTO's client file, and can be located after a reasonable search, available to BRITTO. FROST will not make documents that are part of other clients' files available to BRITTO.

Dated: May 22, 2015

HOSIE RICE LLP

By: _____
DARRELL R. ATKINSON

*Attorneys for Non-Party George J. Frost and Plaintiff Arthur Britto*

**DECLARATION OF SERVICE BY E-MAIL AND U.S. MAIL**

I, Jerry Shaw, am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action. My business address is Hosie Rice LLP, Transamerica Pyramid, 34th Floor, 600 Montgomery Street, San Francisco, California, 94111. My email address is jshaw@hosielaw.com.

On May 22, 2015, I served the following attached

**NON-PARTY GEORGE J. FROST AND PLAINTIFF ARTHUR BRITTO'S FIRST AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S DEPOSITION SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**

by e-mail and U.S. Mail service at San Francisco, California, addressed to the following parties:

| | |
|---|---|
| Terry Gross | Mark S. Parris |
| Adam C. Belsky | Andrew R. Ardinger |
| Monique Alonso | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| GROSS BELSKY ALONSO LLP | 701 5TH Avenue, Suite 5600 |
| One Sansome Street, Suite 3670 | Seattle, WA 98104-7097 |
| San Francisco, CA 94104 | mparris@orrick.com |
| terry@gba-law.com | aardinger@orrick.com |
| adam@gba-law.com | |
| monique@gba-law.com | *Attorneys for Defendant Jed McCaleb* |

*Attorneys for Defendants Jed McCaleb and Stellar Development Foundation*

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   May 22, 2015

_____
Jerry Shaw