1  Grant P. Fondo (SBN 181530)
   *gfondo@goodwinprocter.com*
2  Nicole L. Chessari (SBN 259970)
   *nchessari@goodwinprocter.com*
3  **GOODWIN PROCTER LLP**
   135 Commonwealth Drive
4  Menlo Park, CA 94025-1105
   Tel.: 650.752.3100
5  Fax.: 650.853.1038

6  Richard M. Strassberg (*Pro Hac Vice*)
   *rstrassberg@goodwinprocter.com*
7  **GOODWIN PROCTER LLP**
   The New York Times Building
8  620 Eighth Avenue
   New York, NY 10018-1405
9  Tel.: 212.813.8800
   Fax.: 212.355.3333
10
   Attorneys for Defendant/Cross-Plaintiff
11 **RIPPLE LABS INC.**

12
## UNITED STATES DISTRICT COURT
13
## NORTHERN DISTRICT OF CALIFORNIA
14

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 Through 10, Inclusive,<br><br>Defendant. | Case No. 15-cv-01503-WHO<br><br>**RIPPLE LABS INC.'S MEMORANDUM IN RESPONSE TO PLAINTIFF BITSTAMP LTD.'S MOTION FOR AN ORDER OF DISCHARGE OR, IN THE ALTERNATIVE, FOR VOLUNTARY DISMISSAL**<br><br>Date:  June 10, 2015<br>Time:  2:00 p.m.<br>Dept.:  Courtroom 2, 17th Floor<br><br>Judge:  Hon. William H. Orrick |
| RIPPLE LABS INC., a California Corporation,<br><br>Cross-Plaintiff,<br><br>v.<br><br>JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1 Through 10, Inclusive,<br><br>Cross-Defendants. | |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Upon the filing of the interpleader complaint, disinterested interpleader plaintiffs routinely extract themselves from the dispute by requesting to be discharged. Ripple Labs has no objection to this standard request by Bitstamp.

There can be little genuine dispute that Bitstamp properly filed this interpleader. The parties' expansive motion practice and wrangling over the $1,038,172 currently in Bitstamp's possession (the "Disputed Funds") demonstrates both that ownership of the Disputed Funds is hotly contested, and that there is a fund at issue. Nor is it disputed that Bitstamp has no interest in the Disputed Funds, and would like to get out of this case. Therefore, Bitstamp's motion for discharge should be summarily granted, without a hearing. Any efforts by other parties to make this more than it is – simply a request for Bitstamp to discharge itself from this case – should be rejected.

Ripple Labs recognizes Bitstamp has an alternative request, but that is all it is: a back-up request should the first one fail. The Court need not and should not address it, and if it does, should reject it. As noted in other filings, Bitstamp reversed course and filed this motion containing the alternative relief sought due to Stellar Development Foundation's ("Stellar") recent threats to sue Bitstamp if it did not immediately release the funds to Stellar, the existence of this interpleader action notwithstanding. Stellar has never denied this fact. Consequently, Bitstamp, more anxious than most interpleaders to be out of the lawsuit, took the extra and unusual step of seeking, in the alternative, to dismiss the case in its entirety and to transfer the Disputed Funds to Stellar. To do so, it needed to distance itself from its initial filing, efforts the Court should not afford much weight.

McCaleb, Stephenson, and Stellar (McCaleb's purported "foundation") have gone to great lengths to prevent this Court from evaluating the merits of this dispute. They want to avoid discovery into their actions at all costs. Their profound aversion to discovery is almost certainly due to the government's criminal investigations of McCaleb. Further, they want to "grab" the funds and have them immediately disbursed to Stellar. In light of the failure of the Stellar auction,

- 1 -

an event which gave rise to the transactions that are the basis of this action, Stellar almost certainly is badly in need of operating funds. These efforts are not properly addressed here, and should be rejected.[1] Nor should the Court permit Stellar and McCaleb to benefit from their extra-judicial efforts to intimidate Bitstamp. Additionally, Bitstamp's request to transfer the Disputed Funds to Stellar is moot given the Court's order requiring Bitstamp to hold the funds until Ripple Labs' preliminary injunction can be heard.

As Bitstamp acknowledged at the inception of this case, this Court is the proper forum for resolving the parties' competing claims over the Disputed Funds. Those competing claims are still hotly contested, with Ripple Labs, Stellar and Stephenson all claiming entitlement to the Disputed Funds.[2] Bitstamp's desire not to be in the middle of this fight is understandable, and this Court should let it out while permitting the remaining parties their day in court. Thus, the Court should grant Bitstamp's essentially perfunctory request to be discharged from the case, and not reach or deny its alternative requests.

**II.     BACKGROUND[3]**

On April 1, 2015, Bitstamp filed this interpleader action to enable the Court to decide the proper owner of the $1,038,172 Disputed Funds in its possession. Dkt. No. 1 (Interpleader Complaint). Bitstamp froze the Disputed Funds, currently in Bitstamp's possession, but likely to be transferred to the Court. *Id.*, ¶ 24. Bitstamp makes no claim to the Disputed Funds. *Id.*, at ¶ 31.

Bitstamp initiated this action because it faced conflicting demands for the Disputed Funds from Ripple Labs and Stephenson. *Id.*, at ¶¶ 22, 25, 26, 27. It also feared that it may face additional demands from other parties. *Id.*, at ¶¶ 28-30. Until very recently, Ripple Labs was the

---

[1] Indeed, McCaleb, Stephenson, Harris and Stellar already filed a join motion to dismiss the interpleader action. Dkt. No. 41. The Court should defer consideration of dismissing this action until the July 1, 2015, hearing on that motion.

[2] Because Stephenson, McCaleb and Harris have yet to answer the complaint to claim to the Disputed Funds, they have no standing to assert a position regarding the Disputed Funds, or to respond to Bitstamp's Motion. Likewise, because Stellar's motion to intervene has not yet been granted by this Court, it also lacks standing at this time to respond to Bitstamp's Motion.

[3] Ripple Labs understands the Court to be aware of the nature of Bitstamp's Interpleader, Ripple Labs' Answer and Cross-Complaint, and Ripple Labs' Motion for a Temporary Restraining Order, so it will not repeat that history herein unless it is pertinent to the issues raised in this Opposition.

- 2 -

RIPPLE LABS' RESPONSE TO MOTION FOR DISCHARGE
Case No. 15-cv-01503-WHO

only party that asserted a formal claim to the Disputed Funds with the Court.  *See* Dkt. No. 9 (Ripple Labs Answer and Cross-Complaint), at ¶ 33.  Instead, rather than letting the judicial process run its course, McCaleb and Stellar threatened to sue Bitstamp unless Bitstamp agreed to dismiss this case in its entirety and send the Disputed Funds to Stellar.  Dkt. No. 23-1 (Declaration of Grant Fondo in Support of TRO Motion), ¶ 3.  This led to Bitstamp's instant motion and Ripple Labs' motion for a temporary restraining order and preliminary injunction.  On May 15, 2015, the Court issued an order temporarily enjoining Bitstamp from transferring the Disputed Funds until Ripple Labs' motion for a preliminary injunction could be heard.  Dkt. No. 24 (TRO Order).

After the Court issued the temporary restraining order, Defendants McCaleb, Stephenson and Harris, realizing they could no longer circumvent the Court's jurisdiction, formally appeared in the action, and Stellar moved to intervene in the action, claiming it is entitled to the Disputed Funds.  *See* Dkt. No. 29 (Gabriel M. Ramsey May 20, 2015, Notice of Appearance); Dkt. No. 39 (Stellar's Motion to Intervene).  Contrary to the May 11, 2015, email sent by Stephenson to Bitstamp disclaiming any rights to the Disputed Funds (*See* Dkt. No. 21 (Declaration of George Frost in Support of Bitstamp's Motion to Discharge), ¶ 4[4]), on May 20, 2015, Stephenson and McCaleb represented to the Court that Stephenson is entitled to the Disputed Funds.  *See* Dkt. No. 31 (Motion to Dissolve or Modify the TRO), at 2 ("Stellar and Mr. Stephenson understandably would like the money to which they are entitled…"), at 4 (requesting Ripple Labs post a bond "to protect Mr. Stephenson and Stellar from the wrongful deprivation of their money.").  As it recognized, Bitstamp "does not know to [sic] which of said Defendants is entitled to the Disputed Funds", it "has a real and reasonable fear of liability or vexatious, conflicting claims directed against the Disputed Funds and is not in the position to safely determine which party's claim to the Disputed Funds is meritorious without great hazard and possible multiple liability."  *Id.*, at ¶¶ 33-34.  Stellar's extra-judicial threats and the parties' extensive motion practice is sufficient evidence of the truth of these statements.

At the May 22, 2015, hearing on Harris, McCaleb and Stephenson's motion to dissolve the

---

[4] Quoting Stephenson email, which states, "I don't have any claim over the Bitstamp USD. I started with XRP and sold that XRP for USD. I then used that USD to purchase STR. I now own STR and have no claim on the USD."

- 3 -

RIPPLE LABS' RESPONSE TO MOTION FOR DISCHARGE
Case No. 15-cv-01503-WHO

1  temporary restraining order, the Court denied their motion and ordered the Disputed Funds be
2  frozen until Ripple Labs' motion for preliminary injunction could be heard.  Dkt. No. 42.  This
3  ruling mooted Bitstamp's request to transfer the Disputed Funds.

## III. LEGAL STANDARD

### A. Propriety Of The Interpleader Action

The interpleader statute is "remedial and to be liberally construed" in favor of determining an interpleader is proper.  *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967); *Prudential Ins. Co. of Am. v. Wells*, No. C09–0132 BZ, 2009 WL 1457676, at *2 (N.D. Cal. May 21, 2009) (same but in the context of a Rule 22 interpleader).  An interpleader action is proper if two basic factors are met: (1) there is a single fund at issue and (2) there is more than one adverse claimant or potential claimants to that fund.  *Allianz Life Ins. v. Agorio*, 852 F. Supp. 2d 1163, 1166 (N.D. Cal. 2012) (interpleader is proper "if there is a single fund at issue and [ ] there are adverse claimants to that fund."); *see also Allstate Life Ins. Co. v. Dall*, No. 2:07-cv-02264-GEB-KJM, 2008 WL 2682530, at *1 (E.D. Cal., June 30, 2008), citing Fed.R.Civ.P. 22; *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir.1999) ("Interpleader is proper where there are multiple conflicting claims against a stakeholder for the payment of the same fund.")  Importantly, "[t]he availability of the interpleader remedy is not dependent on the merits of the claims asserted against the stakeholder." *Prudential Ins. Co. of Am.,* 2009 WL 1457676, at *2.  So long as the stakeholder is confronted with (a) multiple adverse claims or (b) liability, interpleader is proper, even if the stakeholder does not believe that all the claims against the stake are meritorious. *Allianz Life Ins. v. Agorio*, 852 F. Supp. 2d at 1166; *United Investors Life Ins. Co. v. Grant,* 387 Fed.Appx. 683, 685 (9th Cir. 2010) ("By its language, Rule 22 applies to situations that 'may expose a plaintiff to double or multiple liability.'").  Indeed, as the Ninth Circuit explained,

> For interpleader to be held improper based on the merits of the claims being asserted against the fund or stakeholder, courts would be required to address the merits of the claims before propriety of the interpleader.  This is backwards of the usual order, and would defeat the resource-conservation purposes of interpleader.

*Mack v. Kuckenmeister,* 619 F.3d 1010, 1024 (9th Cir. 2010).

- 4 -

RIPPLE LABS' RESPONSE TO MOTION FOR DISCHARGE
Case No. 15-cv-01503-WHO

### B. Motion for Discharge

In an interpleader action, after determining that it was properly brought as an interpleader, district courts may, and routinely do, discharge a disinterested interpleader plaintiff from the case. *See Allianz Life Ins.,* 852 F. Supp. 2d 1163 (granting plaintiff's unopposed motion to discharge); *Sun Life Assur. Co. of Canada v. Chan's Estate*, No. C-03-2205 SC, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003); *see also e.g. Aurora Nat. Life Assur. Co. v. Johnson*, No. C07 00216 JF HRL, 2008 WL 956726 (N.D. Cal. Apr. 8, 2008) (granting plaintiff's unopposed motion to discharge and ordering plaintiff to deposit the stake with the court).  Although Rule 22 does not require deposit of funds with the court before discharging the stakeholder in a Rule interpleader action, Federal Rule of Civil Procedure, Rule 67 vests the court with discretion to order such a deposit prior to granting the motion for discharge. *See* Fed. R. Civ. Proc. 67; *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81–82 (9th Cir. 1982); *Transamerica Life Ins. Co. v. Shubin,* No. 1:11–cv–01958–LJO–SKO*,* 2012 WL 2839704, at *6 (E.D. Cal. July 10, 2012) ("Rule 22 does not require deposit of funds with the court before discharging the stakeholder in a Rule interpleader action; although, such a deposit may be ordered at the discretion of the court pursuant to Rule 67.").

In rule interpleader actions that initially satisfy the diversity and amount-in-controversy requirements of § 1332, federal courts continue to retain jurisdiction after the dismissal of the stakeholder, even where the remaining parties (i.e., the claimants) are not diverse from each other. *Grupo Dataflux v. Atlas Global Grp.*, *L.P.*, 541 U.S. 567, 570–71 (2004) ("It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought."); *Leimbach v. Allen*, 976 F.2d 912, 917 (4th Cir. 1992) (dismissal of stakeholder before final judgment does not destroy jurisdiction in rule interpleader action if jurisdiction was present when action was filed, even though claimants were non-diverse from each other); *Standard Ins. Co. v. Nelson*, No. C07-0140RSM, 2007 WL 1453099, at *1 (W.D. Wash. May 17, 2007) ("Federal courts maintain subject matter jurisdiction over rule interpleader actions even when the diverse stakeholder is dismissed, leaving co-citizen claimants to litigate the outcome of the stake in controversy.").

- 5 -

RIPPLE LABS' RESPONSE TO MOTION FOR DISCHARGE
Case No. 15-cv-01503-WHO

**C.     Voluntary Dismissal**

Voluntary dismissal under Rule 41(a)(2) should only be granted "on terms that the court considers proper." Fed. R. Civ. Proc., Rule 41(a)(2). It is not proper to dismiss an interpleader complaint on the grounds that there is no true controversy over the funds – a potential controversy is enough for an interpleader complaint to survive. *Mack,* 619 F.3d at 1023 (reversing dismissal of an interpleader complaint and holding, "Nor could the district court have dismissed her complaint in interpleader on the grounds that there was no true conflict over the pension funds. A stakeholder may file an interpleader action to protect itself against 'potential, as well as actual, claims.'") Further, voluntary dismissal under Rule 41(a)(2) should not be granted if plaintiff's request for dismissal is due to an improper motive. *See e.g. Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1390 (9th Cir. 1986), *cert. denied* 480 U.S. 906 (1987), (upholding denial of motion for voluntary dismissal where court concluded plaintiff was forum shopping noting plaintiffs "justification for seeking a voluntary dismissal was baseless."). Finally, voluntary dismissal under Rule 41(a)(2) should not be granted if a defendant will suffer some plain legal prejudice as a result. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); Fed. R. Civ. Proc. 41(a)(2). "Legal prejudice" means prejudice to some legal interest, claim or argument. *Westlands Water Dist.*, 100 F.3d at 97.

**IV.     ARGUMENT**

    **A.     Bitstamp's Request For Discharge Should Be Granted**

        **1.     This Is A Proper Interpleader Action**

Bitstamp's interpleader complaint was properly brought before this court and easily meets the requirements of Rule 22. There is a single fund at issue – the $1,038,172 in Bitstamp's possession from the March 20, 2015 transaction. There are also multiple potential and actual adverse claimants to that fund including, at least, Ripple Labs, Stephenson, and Stellar.[5] Indeed, given Ripple Labs' answer, Stephenson's contradictory statements regarding his claim to the Disputed Funds, and Stellar's motion to intervene, the question regarding which party is entitled to

---

[5] Neither McCaleb nor Harris have responded to the interpleader complaint and it is still possible that they could also make a claim to the Disputed Funds.

RIPPLE LABS' RESPONSE TO MOTION FOR DISCHARGE
Case No. 15-cv-01503-WHO

1  the Disputed Funds has only become more complicated since the interpleader complaint was filed.
2  Thus, because this interpleader is proper, the Court can decide whether it is appropriate to grant
3  Bitstamp's request to discharge.  Stellar's contention that Ripple Labs' claim is invalid, or that
4  Ripple Labs should not have mitigated its damages buy purchasing the XRP before it could be
5  dumped on the market is completely irrelevant at this stage of the proceedings.  There is no doubt
6  that Ripple Labs, as well as others, claim the Disputed Funds.  That is enough for this interpleader
7  action to proceed.  *See e.g. Mack v. Kuckenmeister,* 619 F.3d 1010, 1024 (9th Cir. 2010)
8  (interpleader proper when there were competing claims for rights to $500,000 in retirement funds
9  from a 401(k)); *Fidelity Nat'l, Title Co. v. U.S. Small Bus. Admin.*, No. 2:13–CV–02030–KJM–
10 AC, 2014 WL 6390275 (E.D. Cal. Nov. 13, 2014) (interpleader proper when three different
11 claimants claimed entitlement to $135,101.85 in proceeds from a foreclosure sale).

### 2. Ripple Labs Does Not Oppose Bitstamp's Request To Be Discharged

Ripple Labs does not oppose Bitstamp's request for discharge – the primary relief that it seeks.  Bitstamp is a disinterested stakeholder that understandably does not want to continue to expend resources on a case in which it has no financial interest, or continue to be subjected to threats or liability from Stellar or McCaleb.  While in some sense Ripple Labs does not care whether Bitstamp stays or goes, Bitstamp's request for discharge is the normal evolution for a plaintiff in an interpleader action, and both the law and fairness dictates it be discharged.  Accordingly, Ripple Labs does not oppose Bitstamp's request to be discharged from this action.

### 3. The Court Retains Jurisdiction Over The Interpleader Action If Bitstamp Is Discharged

While the Court need not determine this now, assuming that Bitstamp is discharged from this action, it is worth noting that the Court retains jurisdiction over this matter because diversity jurisdiction was proper when the action was initiated by Bitstamp, a foreign citizen, against Ripple Labs, McCaleb, Stephenson, and Harris, citizens of California and Arkansas, and the amount in dispute is well over $75,000.  28 U.S.C. § 1332; *Grupo Dataflux,* 541 U.S. at 570–71 ("It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought.")  This is true despite the fact that Ripple Labs and McCaleb, and Stephenson and

Harris, are citizens of the same states, which would otherwise destroy diversity.  Thus, discharging Bitstamp in no way impairs the Court's jurisdiction over the competing claims to the Disputed Funds.  *See e.g. Protective Life Ins. Co. v. Mizioch,* No. CV 10–1728–PHX–JAT, 2011 WL 587963 (D. AZ. Feb. 10, 2011) (retaining diversity jurisdiction in a Rule 22 interpleader context where discharged interpleader plaintiff was from Tennessee and interpleader defendants were all citizens of Arizona); *Transamerica Life Ins. Co. ,* 2012 WL 2839704 (retaining diversity jurisdiction in a Rule 22 interpleader action after discharging plaintiff when plaintiff was from Iowa and all defendants were from California).

### 4. The Court Should Require Bitstamp To Deposit The Disputed Funds With The Court Prior To Being Discharged From This Action

Ripple Labs posits that the Court's May 15, 2015 order that Bitstamp retains the Disputed Funds until the preliminary injunction hearing, renders Bitstamp's request in the instant motion (which predated that order) moot.  Alternatively, given Bitstamp's desire to separate itself from this case and Bitstamp's history of succumbing to Stellar's and McCaleb's threats, Ripple Labs requests the Court order and accept deposit of the Disputed Funds with the Court for the duration of this proceeding.

### B. Bitstamp's Alternative Request That The Interpleader Complaint Be Dismissed Should Not Be Considered Or Should Be Denied

As a threshold matter, if the Court grants Bitstamp's request for discharge, the Court need not consider Bitstamp's secondary request to dismiss the complaint.  Nonetheless, if the Court is inclined to consider Bitstamp's alternative request to dismiss the complaint, it should deny that request because Bitstamp has not set forth a proper basis for such dismissal.  Although it now claims that it personally believes that Stellar is the rightful owner of the Disputed Funds, based on one contradicted email and after threats from Stellar and McCaleb, it is not for Bitstamp to decide the merits of this case.  Bitstamp itself recognized this fact when it filed the interpleader.  Nor is there any actual question as to whether the Disputed Funds are, in fact disputed – of course they are, that is why there have been six substantive motions filed in this case in the last two weeks.  Thus, because there is a real controversy over the Disputed Funds, this case should not be

- 8 -

1  dismissed. *Mack*, 619 F.3d at 1024.  Bitstamp's new position should not affect the Court's
2  analysis of this issue.
3        Additionally, succumbing to threats from Stellar and McCaleb is not a proper motive to
4  dismiss the case.  Bitstamp brought this case, among other reasons, to shield itself from liability
5  and due to the concerns it had about whether this transaction violated regulatory or criminal law.
6  Those concerns still exist.  If the Court dismisses this action, Bitstamp remains exposed to future
7  litigation regarding the Disputed Funds.
8        Finally, Bitstamp's contention that Ripple Labs will not suffer any "legal prejudice" if the
9  case is dismissed is incorrect.  Ripple Labs would be unduly prejudiced by dismissal of the action
10 because it has a legal interest in the Disputed Funds, and has already spent significant time and
11 money in this proceeding trying to get this dispute adjudicated.  In the event this case were
12 dismissed, the temporary restraining order preventing Bitstamp from transferring the Disputed
13 Funds would likely be dissolved and, as expressed in the instant motion, Bitstamp would transfer
14 the funds to Stellar.  Given Stellar's dire financial condition, this would greatly prejudice Ripple
15 Labs' ability to recover the Disputed Funds.  Ripple Labs believes these funds would immediately
16 be spent by Stellar, McCaleb's company, which has no real assets.  Thus, if these funds are
17 released by the Court, Ripple Labs will not have a real possibility of ever recovering them.
18 Accordingly, for this additional reason, should the Court consider it, Bitstamp's alternative motion
19 to dismiss should be denied.  *See Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009)
20 (finding that a party would be irreparably harmed and affirming a preliminary injunction freezing
21 funds when there was "a likelihood of dissipation of the claimed assets or other inability to
22 recover monetary damages, if relief is not granted."); *Connecticut General Life Ins. Co. v. New*
23 *Images of Beverly Hills,* 321 F. 3d 878, 883 (9th Cir. 2003) (affirming district court's granting of
24 preliminary injunction to freeze party's assets on the grounds that it was probable that the party
25 would conceal or dissipate those assets).
26 **V.  CONCLUSION**
27       For the foregoing reasons, Ripple Labs respectfully requests that the Court grant
28 Bitstamp's Motion for Discharge and order Bitstamp to deposit the Disputed Funds with the

- 9 -

1  Court, if not already deposited by the time this motion is heard.

2

3  Dated:  May 28, 2015                             Respectfully submitted,

4                                              By:  /s/ Nicole L. Chessari
                                                    Grant P. Fondo (SBN 181530)
5                                                   *gfondo@goodwinprocter.com*
                                                    Nicole L. Chessari (SBN 259970)
6                                                   *nchessari@goodwinprocter.com*
                                                    **GOODWIN PROCTER LLP**
                                                    135 Commonwealth Drive
7                                                   Menlo Park, CA 94025-1105
                                                    Tel.:   650.752.3100
8                                                   Fax.:   650.853.1038

9                                                   Richard M. Strassberg (*Pro Hac Vice*)
                                                    *rstrassberg@goodwinprocter.com*
10                                                  **GOODWIN PROCTER LLP**
                                                    The New York Times Building
11                                                  620 Eighth Avenue
                                                    New York, NY 10018-1405
12                                                  Tel.:   212.813.8800
                                                    Fax.:   212.355.3333
13
                                                    Attorneys for Defendant/Cross-Plaintiff
14                                                  **RIPPLE LABS INC.**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

RIPPLE LABS' RESPONSE TO MOTION FOR DISCHARGE
Case No. 15-cv-01503-WHO

**CERTIFICATE OF SERVICE**

I, Nicole L. Chessari, hereby certify that a copy of the foregoing document and attachments, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on May 28, 2015.

/s/ Nicole L. Chessari

RIPPLE LABS' RESPONSE TO MOTION FOR DISCHARGE
Case No. 15-cv-01503-WHO