1  Jessica Nall (State Bar No. 215149)
   jnall@fbm.com
2  Christopher C. Wheeler (State Bar No. 224872)
   cwheeler@fbm.com
3  Farella Braun + Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480

6  Attorneys for Bitstamp Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RIPPLE LABS INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 Through 10, Inclusive,<br><br>　　　　　Defendants. | Case No.  15-cv-01503-WHO<br><br>**BITSTAMP LTD.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL (1)** *EXHIBITS A* **AND** *D* **TO THE REPLY DECLARATION OF JEAN-BAPTISTE GRAFTIEAUX; (2) PORTIONS OF ITS REPLY BRIEF IN SUPPORT OF MOTION FOR AN ORDER OF DISCHARGE; AND (3) PORTIONS OF THE GRAFTIEAUX REPLY DECLARATION IN SUPPORT OF THE MOTION FOR AN ORDER OF DISCHARGE** |
| RIPPLE LABS INC., a California Corporation,<br><br>　　　　　Cross-Plaintiff,<br><br>　　vs.<br><br>JED MCCALEB, an individual,  JACOB STEPHENSON, an individual, and DOES 1 Through 10, Inclusive,<br>Cross-Defendants. | Date:　　　　June 10, 2015<br>Time:　　　　2:00 p.m.<br>Judge:　　　　Hon. William H. Orrick<br>Courtroom:　12, 19th Floor |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ADMINISTRATIVE MOTION FOR LEAVE TO
FILE UNDER SEAL
Case No.  15-cv-01503-WHO

31652\4915269.3

# NOTICE OF MOTION AND MOTION

Pursuant to Civil Local Rule 79-5(d) and the Court's Standing Order on Administrative Motions to File Under Seal ("Standing Order on Sealing"), Plaintiff Bitstamp Ltd. ("Bitstamp") respectfully moves for an order authorizing the filing under seal of Exhibits A and D to the Reply Declaration of Jean-Baptiste Graftieaux ("Exhibit A" or "Exhibit D") in their entirety, certain portions of Bitstamp's Reply Brief In Support Of Motion For An Order Of Discharge ("Reply Brief"), and certain portions of the Reply Declaration Of Jean-Baptiste Graftieaux In Support Of Bitstamp LTD.'s Motion For An Order Of Discharge ("Graftieaux Reply Declaration"). Accordingly, pursuant to the Court's Standing Order on Sealing, Counsel for Bitstamp states the following:

1.  Counsel for Bitstamp, the filing party, certifies that they have reviewed and complied with the "Standing Order on Sealing;"

2.  Counsel for Bitstamp, the filing party, certifies that they have reviewed and complied with Civil Local Rule 79-5;

3.  Counsel for Bitstamp has identified the documents proposed to be sealed (Exhibit A and Exhibit D, and portions of the Reply Brief and Graftieaux Reply Declaration);

4.  Bitstamp designates all of the materials sought to be sealed as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to the Stipulated [Proposed] Protective Order agreed to by the parties.

5.  Bitstamp provides the following bases for sealing each document or portions thereof:

    **A.    Exhibit A – Bitstamp's AML Policy**

    Exhibit A is Bitstamp Europe S.A.'s Anti-Money Laundering and Counter Terrorist Financing Policy ("AML Policy"). *See* Wheeler Decl. Ex. 1 (lodged copy of Ex. A sought to be sealed). The Court should grant Bitstamp leave to file Exhibit A under seal.

    **1.    The AML Policy is privileged, protectable as a trade secret and otherwise entitled to protection under the law.**

    Exhibit A meets the requirements for sealing, as it is "privileged, [and] protectable as a

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ADMINISTRATIVE MOTION FOR LEAVE TO
FILE UNDER SEAL                                           - 1 -
Case No. 15-cv-01503-WHO

31652\4915269.3

trade secret or otherwise entitled to protection under the law." *See* CIVIL L.R. 79-5(b). The AML Policy is extremely sensitive proprietary information, disclosure of which to another party or non-party would create a substantial risk of serious harm. Bad actors could attempt to exploit information disclosed in the AML Policy to evade detection of illegal activities or competitors could appropriate Bitstamp's AML Policy, either of which could place Bitstamp at a competitive disadvantage. *See* Wheeler Decl. ¶ 2. Thus, the AML Policy is a trade secret. *See Apple, Inc. v. Samsung Electronics Co.*, No. 11-CV-01846-LHK, 2013 WL 3855529, at *2 (N.D. Cal. July 24, 2013) ("For purposes of sealing, the Ninth Circuit has adopted the definition of 'trade secret'" as one that "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." (citing *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972)). "The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" against sealing. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (citing *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990)); *cf Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. ADV. 08-01789 BRL, 2011 WL 1378602, at *3 (Bankr. S.D.N.Y. Apr. 12, 2011) (holding that "[Know your Customer] and [Anti-Money Laundering] Information is 'confidential' and 'commercial' . . . proprietary" information, and ordering sealing under bankruptcy provisions protecting trade secrets and commercial information from disclosure). Moreover, public disclosure of the AML Policy could impair Bitstamp's and law enforcement's detection and deterrence of money laundering and terrorist financing in the virtual currency marketplace.

**2. Compelling reasons outweigh presumption of access to judicial records.**

The "strong presumption of access to judicial records," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006), is rebutted under the "compelling reasons" standard applicable to Bitstamp's Reply Brief. Bitstamp's Motion for Discharge, if granted, would effectively terminate Bitstamp's involvement in the case, and thus the "compelling reasons" standard is appropriate given the dispositive nature of the Motion. *See id.* at 1179

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ADMINISTRATIVE MOTION FOR LEAVE TO
FILE UNDER SEAL - 2 -
Case No. 15-cv-01503-WHO

31652\4915269.3

(applying "compelling reasons" standard to dispositive motions).[1]  Nonetheless, protecting Bitstamp's trade secrets and ensuring the integrity of its anti-money laundering and counter-terrorism procedures justify continued secrecy.  Indeed, courts in the Northern District have held that protecting the secrecy of a bank's anti-money laundering policies constituted a compelling reason that outweighed the presumption in favor of judicial access to records.  *See Casissa v. First Republic Bank,* No. C 09-4129 CW, 2012 WL 2119326, at *2 (N.D. Cal. June 11, 2012) (granting motion to seal certain documents concerning "confidential aspects of Defendant's Anti–Money Laundering/Bank Secrecy Act program, because, if disclosed, this information would provide the general public insight into how it detects suspicious activity"); *see also Casissa*, No. C 09-4129 CW, Docket No. 125 at 2 (holding that under "compelling reasons" standard information regarding bank's anti-money laundering/Bank Secrecy Act operations qualified for sealing).  These compelling reasons for sealing are further reinforced by the legitimate law enforcement goals advanced by the AML Policy and Bitstamp's anti-money laundering and counter-terrorism efforts.  *Cf.* N.D. Cal. Criminal Local Rule 56-1 (stating that a document is sealable when a "legitimate law enforcement objective would be compromised by the public disclosure of the contents of the document.").

### 3. Sealing the AML Policy is narrowly tailored.

The request to seal Bitstamp's AML Policy is "narrowly tailored to seek sealing only of sealable material," and does not indiscriminately seek to seal documents or portions of documents which do not contain sealable material.  Civil L. R. 79-5(b).  The public filing of any portion of Bitstamp's AML Policy would provide the general public insight into Bitstamp's internal processes designed to prevent Bitstamp from becoming involved in money laundering or terrorist financing, and thus sealing the AML Policy in its entirety is the narrowest possible tailoring that accomplishes the compelling interests articulated above.

Accordingly, Bitstamp meets the requirements for leave to file Exhibit A – the AML

---

[1] Bitstamp accordingly also meets the "good cause" standard, as it "presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ADMINISTRATIVE MOTION FOR LEAVE TO
FILE UNDER SEAL
Case No.  15-cv-01503-WHO

- 3 -

31652\4915269.3

Policy – under seal.

### B. Exhibit D – Letter from the U.S. Attorneys' Office

Exhibit D is a letter from the United States Attorneys' Office for the Northern District of California related to issues presently before the Court (the "Letter from the U.S. Attorneys' Office"). *See* Wheeler Decl. Ex. 2 (lodged copy of Ex. D sought to be sealed). The Court should grant Bitstamp leave to file Exhibit D under seal. Given the sensitive nature of this communication with law enforcement:

(1) Exhibit D is "otherwise entitled to protection under the law." Civil L.R. 79-5(b); *see also* N.D. Cal. Criminal Local Rule 56-1 (stating that a document is sealable when a "legitimate law enforcement objective would be compromised by the public disclosure of the contents of the document.");

(2) Exhibit D overcomes the "strong presumption" in favor of access to judicial records because the government's ability to conduct pre-indictment investigations is a compelling reason justifying sealing. *Cf. Kamakana*, 447 F.3d at 1178 ("[A]ccess to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons' . . . such as 'grand jury transcripts and warrant materials in the midst of a pre-indictment investigation.'") (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)); and

(3) The request to seal Exhibit D in its entirety is the narrowest tailoring possible to protect these interests; redactions would not adequately protect these government interests.[2]

Accordingly, Bitstamp meets the requirements for leave to file Exhibit D – the Letter from the U.S. Attorneys' Office.

### C. Portions of the Reply Brief and Portions of Grafieaux Reply Declaration

---

[2] The version of this document provided to the Court and for which Bitstamp seeks sealing contains further redactions made to protect what Bitstamp understands are highly confidential details related to a separate investigation by the Government in the virtual currency space.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

ADMINISTRATIVE MOTION FOR LEAVE TO
FILE UNDER SEAL
Case No. 15-cv-01503-WHO

- 4 -

31652\4915269.3

The portions of the Reply Brief and Graftieaux Reply Declaration identified below refer to or summarize the contents of Exhibits A and D.  The Court should grant Bitstamp leave to file the following portions of the Reply Brief and Graftieaux Reply Declaration under seal:

| Portion of Document Sought To Be Sealed | Basis for Sealing |
|---|---|
| Reply Brief at 1:17-19; 1:20; 1:21-23; 5:6-10; 6:19; 7:5-14.<br><br>*Compare* Wheeler Ex. 3 (lodged copy of UNREDACTED Reply Brief) *with* Ex. 4 (REDACTED filed Reply Brief) | These sections quote from, summarize, or directly relate to the contents of Exhibit A or D and should thus be sealed.  These redactions reflect the narrowest possible tailoring to protect sealable material. |
| Graftieaux Reply Declaration at 1:18-23; 1:25-2:11; 2:14; 2:27-3:7.<br><br>*Compare* Wheeler Ex. 5 (lodged copy of UNREDACTED Graftieaux Reply Declaration) *with* Ex. 6 (REDACTED filed Graftieaux Reply Declaration) | *Id.* |

As the requirements for sealing Exhibits A and D have been met, as discussed above, the Court should similarly seal the corresponding portions of the Reply Brief and Graftieaux Reply Declaration on the same grounds.

6. All other materials required by the Local Rule, including courtesy copies to the Court in the correct format, have or will be provided.  *See* CIVIL L.R. 79-5(d).  Unredacted versions of Bitstamp's Reply Brief, Graftieaux Reply Declaration and of Exhibits A and D have been filed under seal along with this Motion, pursuant to Civil Local Rule 79-5(d)(1)(D).

For the foregoing reasons, the Court should grant Bitstamp's Administrative Motion for Leave to File Exhibits A and D to the Graftieaux Declaration and portions of the Reply Brief and Graftieaux Reply Declaration under seal.

Dated: June 4, 2015                    FARELLA BRAUN + MARTEL LLP

                                       By: /s/ Christoffer C. Wheeler
                                          Christoffer C. Wheeler
                                          Attorneys for Plaintiff BITSTAMP LTD.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL
Case No.  15-cv-01503-WHO

- 5 -

31652\4915269.3