# EXHIBIT H

MARK S. PARRIS (*admitted pro hac vice*)
PAUL F. RUGANI (*admitted pro hac vice*)
ANDREW ARDINGER (SBN 267417)
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue
Suite 5600
Seattle, Washington  98104-7097
Telephone:      +1-206-839-4300
Facsimile:      +1 206-839-4301
E-mail:      mparris@orrick.com

GABRIEL M. RAMSEY (SBN 209218)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:      +1-415-773-5700
Facsimile:      +1 415-773-5759
E-mail:      gramsey@orrick.com

*Attorneys for Defendants*
*Jed McCaleb, Jacob Stephenson, and Nancy Harris*

TERRY GROSS (SBN 103878)
ADAM C. BELSKY (SBN 147800)
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, CA 94104
Tel: (415) 544-0200
Fax: (415) 544-0201
E-mail:   terry@gba-law.com

*Attorneys for Proposed Intervenor-*
*Defendant Stellar Development*
*Foundation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP, LTD.,<br><br>                    Plaintiff,<br><br>         v.<br><br>RIPPLE LABS, INC., JACOB STEPHENSON, NANCY HARRIS, an individual, JED MCCALEB, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 15-cv-01503-WHO<br><br>**DEFENDANTS' REQUESTS FOR PRODUCTION TO BITSTAMP**<br><br>**SET NO. ONE** |
| RIPPLE LABS, INC.,<br><br>                    Cross-Plaintiff,<br><br>         v.<br><br>JED MCCALEB, JACOB STEPHENSON, and DOES 1 through 10, inclusive,<br><br>                    Cross-Defendants. | |

PROPOUNDING PARTY:      Defendants McCALEB, HARRIS, STEPHENSON and Proposed
                                                Intervenor-Defendant STELLAR DEVELOPMENT
                                                FOUNDATION

RESPONDING PARTY:      Plaintiff BITSTAMP, LTD.

1   TO PLAINTIFF BITSTAMP LTD. AND ITS COUNSEL OF RECORD:

2          PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of

3   Civil Procedure, Defendants Jed McCaleb, Nancy Harris, and Jacob Stephenson and Proposed

4   Intervenor-Defendant Stellar Development Foundation (collectively, "Defendants") hereby

5   request that Plaintiff Bitstamp Ltd. respond to the following requests for production in writing

6   and under oath and produce the documents, records, and other tangible things requested below, at

7   the offices of Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, California

8   94105, no later than June __, 2014.

9                          **DEFINITIONS AND INSTRUCTIONS**

10         The following definitions and instructions apply to these document requests:

11   1.     The time period for these requests is January 1, 2014 to the present.

12   2.     "YOU," "YOUR," and "PLAINTIFF" mean Plaintiff Bitstamp Ltd.

13   3.     "COMMUNICATION" means any contact, oral or documentary, formal or

14   informal, at any time or place, or under any circumstances whatsoever whereby information of

15   any nature is transmitted or transferred.

16   4.     "BITSTAMP" means Plaintiff Bitstamp Ltd., and its past and present agents,

17   representatives, employees, contractors, directors, parent companies, subsidiaries, affiliates, or

18   attorneys, as well as any other PERSONS currently or previously under its control or acting on its

19   behalf.

20   5.     "RIPPLE" means Defendant Ripple Labs, Inc., and its past and present agents,

21   representatives, employees, contractors, directors, parent companies, subsidiaries, affiliates, or

22   attorneys, as well as any other PERSONS currently or previously under its control or acting on its

23   behalf.

24   6.     "STELLAR" means Proposed Intervenor-Defendant Stellar Development Corp.,

25   and its past and present agents, representatives, employees, contractors, directors, parent

26   companies, subsidiaries, affiliates, or attorneys, as well as any other PERSONS currently or

27   previously under its control or acting on its behalf.

28

DEFENDANTS' RFPS, SET NO. ONE TO
BITSTAMP
15-CV-01503-WHO

7.      "COMPLAINT" means the Complaint filed by Plaintiff BITSTAMP in this action.

8.      "STELLAR AUCTION" refers to the auction and events alleged and referred to in the COMPLAINT at paragraph 16.

9.      "McCALEB" means Defendant Jed McCaleb and any past or present agent YOU know, allege or believe works or worked on his behalf.

10.      "STEPHENSON" means Defendant Jacob Stephenson and any past or present agent YOU know, allege or believe works or worked on his behalf.

11.      "HARRIS" means Defendant Nancy Harris and any past or present agent YOU know, allege or believe works or worked on her behalf.

12.      "XRP" means the native currency of the Ripple protocol.

13.      "PERSON" or "PERSONS" mean not only any natural person or individual, but also any corporation(s), partnership(s), unincorporated association(s), joint venture(s), nonprofit organization(s), firm(s), or other business entity or association of PERSONS, including any such agents or employees of such non-natural persons/entities, and also any governmental agency, office, administrative, board, or other body.

14.      "RIPPLE ACCOUNTS" means the accounts on the Ripple Protocol bearing numbers rPQB4rgmwoaCjdX4BeoWikeshWL3fLMLD7 ("rPQ");
r3Q3B6A2giHDMef83AztzBStBm1JBmxUKX ("r3Q"),
rUf6pynZ8ucVj1jC9bKExQ7mb9sQFooTPK ("rUf6") and
rvYAfWj5gh67oV6fW32ZzP3Aw4Eubs59B ("rvYA").  For the avoidance of doubt, these accounts are those referenced in the COMPLAINT at Paragraphs 15, 17 and 23.

15.      "DISPUTED FUNDS" means the sum of money, $1,038,172, referred to in Paragraph 22 of the COMPLAINT.

16.      "FREEZING" means the action taken by Bitstamp referred to in Paragraph 24 of the COMPLAINT, including the decision to "freeze" the funds, and any and all actions taken or contemplated prior to or after the FREEZING of the DISPUTED FUNDS RELATING to the FREEZING of the DISPUTED FUNDS.

17.     "And" and "or" have both conjunctive and disjunctive meanings; "all" and "any"

mean both "each" and "every"; the plural shall include the singular and vice versa.

18.     "DOCUMENT(S)" means and includes, but is not limited to:

(a)     any and all written, recorded, or graphic material, however produced or

reproduced and all other tangible objects, including, but not limited to, blueprints, drawings,

plans, diagrams, engineering drawings, schematics, specification sheets, illustrations, pictures,

sketches, designs, design specifications, flowcharts, annotations, studies, formulas, lists, layouts,

representations, depictions, photographs, annual reports, quarterly reports, financial statements,

financial reports, books of account, ledgers, journals, journal entries, trial balances, purchase

orders, checks, invoices, receipts, contracts, agreements, billing statements, minutes, transcripts,

memoranda, appraisals, analyses, reports, financial calculations, financial presentations, inventory

sheets, sales orders, warehouse receipts, calendars, appointment books, day books, diaries, letters,

passports, correspondence, telegrams, press releases, notes, jottings, working papers, permanent

files, general correspondence files, accounting manuals, auditing manuals, schedules, tabulations,

projections, surveys, graphs, charts, files, tapes, disks, drums, printouts, telephone bills, all other

data whether recorded by electronic, microfilm, microfiche, computer tape, computer disk,

database, or other means and all drafts and summaries thereof.  If a document was prepared and

several copies were made or if additional copies were thereafter made and any such copy is no

longer identical by reason of subsequent notation or modification of any kind whatsoever,

including, without limitation, notations on the front or back of the pages thereof, then each such

non-identical copy is a separate document and must be produced;

(b)     Copies of such DOCUMENTS on which appear any initialing, notation, or

handwriting of any kind not appearing on the original;

(c)     Whether such DOCUMENTS were prepared for BITSTAMP for

BITSTAMP'S own use or for transmittal in any manner or received by any means by

BITSTAMP; and

1   (d)   Wherever located, whether in the files of any agent, attorney,

2   representative, or employee of BITSTAMP or in any file whatsoever in the possession, direction,

3   or control of BITSTAMP, or BITSTAMP'S agents, attorneys, representatives, or employees.

4   19.   "RELATING TO" means referring to concerning (directly or indirectly),

5   contradicting, mentioning, regarding, describing, evidencing, reflecting, pertaining to,

6   comprising, setting forth, constituting, containing, showing, disclosing, explaining, summarizing,

7   analyzing, discussing, memorializing, commenting upon, embodying, addressing in any way, or

8   otherwise dealing with or concerning the subject matter of the demand.

9   20.   YOU are requested to segregate and designate by category number the

10   DOCUMENTS produced.  Thus, for example, DOCUMENTS produced pursuant to Request for

11   Production No. 1 should be so labeled and grouped separately from DOCUMENTS produced

12   pursuant to other specific categories of DOCUMENTS.

13   21.   If YOU object to the production of any document on the grounds that it is

14   protected from disclosure by the attorney-client privilege, work-product doctrine, or any other

15   privilege, YOU are requested to identify each document for which the privilege is claimed and

16   give the following information:

17   (a)   the name of the writer, sender, or initiator of each copy of the document;

18   (b)   the name of the recipient, addressee, or party to whom any copy of the

19   document was sent;

20   (c)   the date of each copy of the document, if any, or an estimate of its date;

21   (d)   a statement of the basis for the claim of privilege; and

22   (e)   a description of the document sufficient for the Court to rule on the

23   applicability and appropriateness of the claimed privilege.

24   22.   These Requests specifically require the production of ALL responsive

25   DOCUMENTS, including ALL responsive information that is stored electronically, including all

26   available metadata, regardless of the data storage medium or system on which the electronic data

27   resides. These Requests should thus be understood to encompass, and YOUR response should

28   include, electronically-stored information.

DEFENDANTS' RFPS, SET NO. ONE TO
BITSTAMP
15-CV-01503-WHO

23.     All electronically-stored information should be produced in a Relativity database or format compatible with Relativity, together with a description of the system from which it is derived. YOU must provide text-searchable copies of DOCUMENTS if certain DOCUMENTS exist in both searchable and non-searchable formats.  Please meet and confer with Defendants prior to production of electronically-stored information concerning technical specifications.

24.     To the extent that YOU contend that YOU need not provide discovery of certain responsive electronically-stored information on the ground that such information is not readily accessible, YOU shall identify with particularity: (i) the information that is not readily accessible (ii) the reasons why the information is not readily accessible; and (iii) the burden and costs associated with the production of the information.

25.     YOU must identify, by category or type, ANY sources containing potentially responsive electronically-stored information that YOU do not search. This identification shall provide enough detail to enable Defendants to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.

## DOCUMENTS TO BE  PRODUCED

**REQUEST FOR PRODUCTION NO. 1**:

All COMMUNICATIONS between RIPPLE, on the one hand, and BITSTAMP (including, without limitation, George Frost, Arthur Britto and Jean-Baptiste Graftieaux), on the other hand, RELATING TO:

(a) transactions in XRPs by McCALEB, STEPHENSON or HARRIS;

(b) the RIPPLE ACCOUNTS;

(c) BITSTAMP'S FREEZING of the DISPUTED FUNDS;

(d) the STELLAR AUCTION.

**REQUEST FOR PRODUCTION NO. 2**:

All DOCUMENTS and COMMUNICATIONS RELATING TO BITSTAMP'S alleged "regulatory/AML [anti-money laundering] concerns" referred to in Paragraph 24 of the COMPLAINT RELATING TO the DISPUTED FUNDS and all actions taken concerning these regulatory/AML concerns.

**REQUEST FOR PRODUCTION NO. 3**:

All DOCUMENTS RELATING TO BITSTAMP'S verification of the ownership by STELLAR of any account at BITSTAMP.  For the avoidance of doubt, this includes any actions taken pursuant to BITSTAMP's "Know Your Customer" policies and procedures.

**REQUEST FOR PRODUCTION NO. 4**:

DOCUMENTS sufficient to show when George Frost represented RIPPLE and George Frost's involvement in any aspect of any claim by RIPPLE concerning MCCALEB.

Dated: May __, 2015

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____

MARK S. PARRIS (*admitted pro hac vice*)
PAUL F. RUGANI (*admitted pro hac vice*)
ANDREW ARDINGER (SBN 267417)
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue
Suite 5600
Seattle, Washington  98104-7097
Telephone:   +1-206-839-4300
Facsimile:    +1 206-839-4301
E-mail:        mparris@orrick.com

GABRIEL M. RAMSEY (SBN 209218)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:   +1-415-773-5700
Facsimile:    +1 415-773-5759
E-mail:        gramsey@orrick.com

*Attorneys for Defendants Jed McCaleb, Jacob Stephenson, and Nancy Harris*

Dated: May __, 2015

GROSS BELSKY ALONSO LLP

By: _____

TERRY GROSS (SBN 103878)
ADAM C. BELSKY (SBN 147800)
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, CA 94104
Tel: (415) 544-0200
Fax: (415) 544-0201
E-mail:  terry@gba-law.com