Jessica Nall (State Bar No. 215149)
jnall@fbm.com
Christopher C. Wheeler (State Bar No. 224872)
cwheeler@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Plaintiff
BITSTAMP LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RIPPLE LABS INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 Through 10, Inclusive,<br><br>　　　　　Defendants.<br><hr>RIPPLE LABS INC., a California Corporation,<br><br>　　　　　Cross-Plaintiff,<br><br>vs.<br><br>JED MCCALEB, an individual,  JACOB STEPHENSON, an individual, and DOES 1 Through 10, Inclusive,<br><br>　　　　　Cross-Defendants. | CASE NO. 3:15-cv-1503 WHO<br><br>**BITSTAMP'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:　　　August 5, 2015<br>Time:　　　2:00 p.m.<br>Judge:　　　Hon. William H. Orrick<br>Courtroom:　2, 17th Floor |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on August 5, 2015, at 2:00 p.m., or as soon thereafter as the matter may be heard by the above-titled court, Plaintiff Bitstamp Ltd. ("Bitstamp") will and hereby does move for an award of attorneys' fees and costs. Pursuant to the Court's Order Granting Interpleader Plaintiff's Motion For An Order Of Discharge ("Order") (Docket No. 63) and standard interpleader practice, Bitstamp is entitled to be reimbursed for the reasonable attorneys' fees and costs it incurred in connection with this action pursuing, and obtaining, its release from liability.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Jessica Nall, the [Proposed] Order Granting Bitstamp's Motion for Attorneys' Fees and Costs, all pleadings and papers filed in this action, and any other evidence or argument presented by counsel to the Court.

Dated: June 26, 2015                              FARELLA BRAUN + MARTEL LLP


                                                  By: /s/ Christopher C. Wheeler
                                                       Christopher C. Wheeler

                                                  Attorneys for Bitstamp Ltd.

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. STATEMENT OF RELEVANT FACTS ......................................................................... 3

III. LEGAL STANDARD ....................................................................................................... 6

IV. ARGUMENT .................................................................................................................... 7

    A. Bitstamp Is Entitled To The Fees And Costs It Was Forced To Incur In Connection With This Interpleader Action. ........................................................... 7

    B. Bitstamp's Requested Fees And Costs Are Reasonable And Should Be Recovered In Full. ................................................................................................... 9

    C. Bitstamp's Fees And Costs Should Be Awarded From The Disputed Funds, From The XRP Received By Ripple, Or From The Disputed Funds And From McCaleb/Stellar. ......................................................................................... 13

V. CONCLUSION ............................................................................................................... 14

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

i

# TABLE OF AUTHORITIES

**Page**

*A/S Krediit Pank v. Chase Manhattan Bank,*
   303 F. 2d 648 (2d Cir. 1962) .................................................................................................. 14

*Ballen v. City of Redmond,*
   466 F.3d 736 (9th Cir. 2006) ..................................................................................................... 9

*Blum v. Stenson,*
   465 U.S. 886 (1984) ................................................................................................................... 9

*Fidelity National Title Co. v. United States Small Business Admin.,*
   2014 WL 6390275 (E.D. Cal. Nov. 13, 2014) ............................................................... 7, 8, 11

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983) ................................................................................................................... 9

*Kraszewski v. State Farm Gen. Ins. Co.,*
   No. C 79-1261 TEH, 1984 WL 1027 (N.D. Cal. June 11, 1984) ........................................ 11

*Landmark Chemical, SA. v. Merrill Lynch & Co.,*
   234 F.R.D. 62 (S.D.N.Y. 2005) .............................................................................................. 14

*Lee v. W. Coast Life Ins. Co.,*
   688 F. 3d 1004, 1009 (9th Cir. 2012) ....................................................................................... 5

*Lindoerfer v. J. C. Penney Co.,*
   244 F. Supp. 175 (N.D. Ohio 1965) ...................................................................................... 14

*Mack v. Kuckenmeister,*
   No. 3-08-CV-000320-ECR, 2011 WL 1377146 (D. Nev. Apr. 12, 2011) ............................ 9

*Mendez v. Teachers Ins. & Annuity Ass'n & College Ret. Equities Fund,*
   982 F.2d 783 (2nd Cir. 1992) .................................................................................................... 9

*Nestle Beverage Co. v. Bayerische Vereinsbank S.A.,*
   No. C-92-1571 MHP, 1993 WL 96584 (N.D. Cal. Mar. 24, 1993) ................................. 2, 13

*Phillips Petroleum Co. v. Hazlewood,*
   534 F.2d 61 (5th Cir. 1976) ....................................................................................................... 9

*PLCM Grp., Inc. v. Drexler,*
   22 Cal. 4th 1084 (2000) ............................................................................................................. 9

*ReliaStar Life Insurance Co. v. Northam,*
   2013 WL 5703341 (E.D. Cal. Oct. 16, 2013) ........................................................................ 10

*Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.,*
   306 F. 2d 188 (9th Cir. 1962) ..................................................................................... 1, 6, 8, 13

*Sun Life Assur. Co. of Canada v. Estate of Chan,*
   2003 WL 22227881 (N.D. Cal. Sept. 22, 2003) ............................................................. 1, 7, 8

*Trustees of the Directors Guild of America-Producer Pension Benefits Plans v. Tise,*
   234 F. 3d 415 (9th Cir. 2000) ................................................................................. 6, 7, 8, 10, 11

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

ii

*United Bank of Denver National Association. v. Oxford Props., Inc.,*
  683 F. Supp. 755 (D. Colo. 1988) .................................................................................. 7, 8, 14

*Wells Fargo Bank, Nat'l Ass'n v. PACCAR Fin. Corp.,*
  2009 WL 211386 (E.D. Cal. Jan. 28, 2009) ............................................................ 1, 7, 11, 14

*Winterrowd v. Am. Gen. Annuity Ins. Co.,*
  556 F.3d 815 (9th Cir. 2009) ..................................................................................................... 10

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

iii

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Bitstamp Ltd. ("Bitstamp") seeks reimbursement of the fees and costs it incurred in this interpleader action regarding a dispute between the Defendants that Bitstamp did not create over Disputed Funds to which Bitstamp has never laid any claim. The Court already has discharged Bitstamp, finding "there is no real question that there are competing claims to the disputed funds." Order Granting Interpleader Plaintiff's Motion For An Order Of Discharge (Docket No. 63) ("Order") at 4. Now, consistent with standard interpleader practice and the Court's Order, Bitstamp seeks to recover the fees and costs it was required to incur in this action pursuing, and obtaining, its release from liability.

"[T]he proper rule, in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F. 2d 188, 194 (9th Cir. 1962); *accord Wells Fargo Bank, Nat'l Ass'n v. PACCAR Fin. Corp.*, 2009 WL 211386, *2 (E.D. Cal. Jan. 28, 2009) ("Courts *routinely* grant such awards absent a showing of bad faith." (emphasis added)). "As a general matter, a court will award fees from the proceeds where '(1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability.'" *Sun Life Assur. Co. of Canada v. Estate of Chan*, 2003 WL 22227881, *3 (N.D. Cal. Sept. 22, 2003). Bitstamp indisputably satisfies each of these criteria: (1) Bitstamp is a disinterested stakeholder, as the Court has already effectively found; (2) Bitstamp has deposited the $1,006,131 in disputed funds with the Court; and (3) Bitstamp has sought, and obtained, a discharge from any liability in connection with the Disputed Funds. Therefore, pursuant to "the proper rule" in an interpleader action, Bitstamp should be awarded its reasonable attorneys' fees and costs.

The $182,948.01 in fees and costs for which Bitstamp seeks reimbursement are reasonable. This was a complex, high-profile action raising cutting-edge virtual currency issues. Bitstamp's interpleader complaint was precipitated by a series of convoluted digital financial transactions allegedly orchestrated by Defendant Jed McCaleb—transactions which, to this day, have not been fully explained. The complexities involved in this virtual currency interpleader

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

1

action, and Bitstamp's discharge from it, are more fully addressed in Bitstamp's discharge motion, the supporting reply brief, and below in Section II.

Although the subject matter of this case was complex, Bitstamp's dismissal should not have been controversial. As a mere virtual currency exchange "gateway," Bitstamp claimed no interest in the Disputed Funds and had no interest in this litigation. Yet, for reasons known only to Defendants McCaleb, Jacob Stephenson, and Nancy Harris (collectively, "McCaleb Defendants") and McCaleb's company, proposed-intervenor Stellar Development Foundation ("Stellar"), the McCaleb Defendants and Stellar (together, "McCaleb/Stellar") needlessly sought to protract this litigation and Bitstamp's discharge. Among other things, McCaleb/Stellar: (1) did not agree to the deposit of the Disputed Funds until *after* the Court ordered McCaleb and Stephenson to sit for deposition; (2) moved to dismiss Bitstamp's complaint, only to withdraw their motion approximately three weeks later; and (3) filed a 19-page opposition to Bitstamp's discharge motion, in which McCaleb/Stellar pursued an irrelevant, unsupported, and illogical theory that Bitstamp had "colluded" with Defendant Ripple Labs Inc. ("Ripple"), even after the Court had warned McCaleb/Stellar that such a tactic would exacerbate the cost of this litigation.

"The court has discretion to award attorney's fees and costs: (1) against the losing claimants as costs to such claimants, (2) from the fund payable to the winning claimants, or (3) by dividing the fees among the claimants." *Nestle Beverage Co. v. Bayerische Vereinsbank S.A.*, 1993 WL 96584, *3 (N.D. Cal. Mar. 24, 1993). Bitstamp respectfully requests that the Court exercise its discretion and award Bitstamp's fees and costs either from the Disputed Funds Bitstamp has deposited with the Court, from the XRP that Ripple received as the result of sending the Disputed Funds to Defendant Stephenson, or from both. In the event McCaleb/Stellar argue that reimbursing Bitstamp for the fees it was forced to incur would deplete the Disputed Funds, Bitstamp alternatively requests that the Court award one-half of Bitstamp's fees and costs out of the Disputed Funds deposited with the Court and award one-quarter of Bitstamp's fees and costs against Stellar and one-quarter of Bitstamp's fees and costs jointly and severally against the McCaleb Defendants. McCaleb/Stellar should bear responsibility for the consequences of their decision to needlessly protract this litigation and Bitstamp's discharge.

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

2

The Court should grant this Motion and award Bitstamp the $182,948.01 in reasonable attorneys' fees and costs it incurred in this interpleader action pursuing, and obtaining, its release from liability.

## II. STATEMENT OF RELEVANT FACTS

"On March 26 and March 30, 2015, Bitstamp received letters from Ripple Labs claiming that Bitstamp was in possession of $1,038,172 ['Disputed Funds'] to which Ripple Labs was entitled." Order at 1. Ripple informed Bitstamp that Ripple account "r3Q"—to which Ripple had sent the Disputed Funds—was "purportedly controlled by Jacob Stephenson, but [] Ripple has evidence [that it] is in fact being controlled by Mr. Stephenson's cousin, Mr. McCaleb, and is being used by Mr. McCaleb to funnel his XRP for sale." Reply Declaration of Jean-Baptiste Graftieaux in Support of Bitstamp's Motion for Discharge (Docket No. 57), Ex. C. Ripple indicated that McCaleb was manipulating the "r3Q" account: "We believe that this sale was at the direction of and for the benefit of Mr. McCaleb." *Id*. By effectuating the transaction(s), Ripple threatened, Bitstamp might be assisting McCaleb in perpetrating a fraud: McCaleb "is using Bitstamp to secretly funnel the proceeds of [a] sale" of 89,999,900 XRP using the account of Jacob Stephenson. *Id*. "Ripple Labs asserted its 'sole interest' in the funds and 'demanded the immediate transfer' of the funds to its account." Order at 2 (quoting Ripple's March 26 letter).

With no independent knowledge of who owned or controlled Ripple account "r3Q" (or any other Ripple account) (Graftieaux Decl. ¶¶3, 11), Bitstamp "froze the accounts containing the disputed funds due to the ownership dispute." Order at 2. Bitstamp then promptly filed this interpleader action, naming Ripple, McCaleb, Stephenson, and Harris as defendants. Docket No. 1. Bitstamp did "not know [] which of [the] Defendants is entitled to the Disputed Funds" (*id*. ¶33) and made no claim to the Disputed Funds (*id*. ¶33). Therefore, Bitstamp sought "the Court's assistance in resolving ownership rights of rival claimants to the same assets." *Id.*, ¶1.

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

3

The McCaleb Defendants and Stellar—who had surfaced as yet another claimant to the Disputed Funds[1]—refused to stipulate to the deposit of the Disputed Funds with the Court and refused to stipulate to Bitstamp's discharge. Had McCaleb/Stellar instead worked with Bitstamp to streamline and expedite this case, Bitstamp would not now be requesting the $182,948.01 in attorneys' fees and costs fees that it incurred as the result of the need to retain outside counsel at Farella Braun + Martel.

In light of McCaleb/Stellar's refusal to stipulate to Bitstamp's discharge and the continued threats of litigation against Bitstamp if it did not immediately release the Disputed Funds, Ripple filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why A Preliminary Injunction Should Not Issue (Docket No. 23) seeking to enjoin any transfer of the Disputed Funds. In its Application, Ripple also continued to level threats against Bitstamp. *See*, *e.g.*, *id*. at 15 ("By transferring the Disputed Funds to McCaleb and Stellar, Bitstamp not only exposes itself to potential civil liability to Ripple Labs…but may even face potential regulatory or criminal exposure for doing so.") The Court granted Ripple's Application and ordered that McCaleb and Stephenson sit for deposition and produce documents. Docket No. 24.

Days later, the McCaleb Defendants moved to dissolve the Court's TRO. Docket No. 31. (McCaleb/Stellar also filed a motion to dismiss Bitstamp's complaint, only to withdraw their motion approximately three weeks later. Docket Nos. 41 & 64.[2]) The Court denied the McCaleb Defendants' motion to dissolve at the May 22 hearing. Only after the Court denied the McCaleb Defendants' motion to dissolve did McCaleb/Stellar stipulate to the transfer of the Disputed Funds to the Court. McCaleb/Stellar finally stipulated on June 4—more than two months after Bitstamp had filed its complaint—that "the Disputed Funds shall remain deposited with the Court until the final resolution of this case or further order of the Court." Docket No. 55 at 2.

---

[1] On May 22, non-party Stellar Development Foundation ("Stellar") filed a motion to intervene, claiming its interest in the Disputed Funds. Docket No. 39. At the same time, the McCaleb Defendants indicated that Harris may also lay claim to the Disputed Funds. McCaleb Defendants' Motion To Dissolve (Docket No. 31) at 2 ("While Stellar *and Mr. Stephenson* understandably would like the money to which they are entitled sooner rather than later…" (emphasis added)).

[2] On April 29, Ripple filed a cross-complaint against McCaleb and Stephenson alleging contract and tort causes of action  Docket No. 9. Ripple did not name Bitstamp as a defendant. *See id*.

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

4

However, McCaleb/Stellar refused to stipulate to Bitstamp's discharge.

Based on the May 22 hearing, Bitstamp's discharge motion—which Bitstamp had filed on May 8[3]—should not have been controversial. The McCaleb Defendants acknowledged that the dispute did not involve Bitstamp: "what we think is really at the heart of the case that's before [the Court], is the dispute between Ripple, on the one hand, and Mr. McCaleb and Mr. Stephenson on the other hand." Declaration of Jessica Nall in Support of Bitstamp's Motion for Attorneys' Fees and Costs ("Nall Decl."), Ex. C (May 22, 2015 Tr.) at 7:7-10; *accord* Minute Order (Docket No. 42) at 1 ("The parties appear to be in agreement that the plaintiff need not be an active participant in the litigation between the defendants in the interpleader so long as the funds remain secure pending an order directing their distribution"). At the same time, the Court warned Stellar that, if it pursued its "collusion" theory, this litigation was "going to be more expensive, and it will do all of the things that I think the parties realistically would want to avoid." Nall Decl., Ex. C (May 22, 2015 Tr.) at 23:9-12.

McCaleb/Stellar ignored the Court. In response to Bitstamp's discharge motion—in which Bitstamp sought approval to transfer the Disputed Funds *to Stellar*—McCaleb/Stellar filed a 19-page opposition less than a week after the May 22 hearing.[4] Docket No. 52 ("Opp." or "Opposition"). Disregarding settled Ninth Circuit law that interpleader "is not dependent on the merits of adverse claims, only their existence" (*Lee v. W. Coast Life Ins. Co.*, 688 F. 3d 1004, 1009 (9th Cir. 2012)), McCaleb/Stellar chose to pursue an irrelevant, unsupported, and illogical theory that Bitstamp had "colluded" with Ripple to sue Ripple because one of Bitstamp's attorneys used to represent Ripple in a different matter. As part of its *ad hominem* attack on Bitstamp's attorney, George Frost, McCaleb/Stellar submitted a declaration from Stellar's outside counsel consisting largely of inadmissible hearsay. Docket No. 52-2. In other places, McCaleb/Stellar's Opposition contradicted itself. Although McCaleb/Stellar argued that Bitstamp did not face competing claims, Stellar (again) threatened to sue Bitstamp in connection

---

[3] Although Bitstamp requested voluntary dismissal as alternative relief in its moving papers, Bitstamp withdrew its request in light of continuing threats from Stellar.

[4] Ripple did not oppose Bitstamp's discharge motion. *See* Docket No. 53.

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

5

1   with the Disputed Funds. Opp. at 17. Although McCaleb/Stellar claimed that "Ripple was
2   asserting only that McCaleb had breached a contract with Ripple" (Opp. at 10), McCaleb/Stellar
3   acknowledged that "Ripple's demand to Bitstamp *claim[ed] ownership* of the Disputed Funds."
4   Opp. at 15, n.12 (emphasis added).

5   Forced to respond to McCaleb/Stellar's ethical attacks, to address McCaleb/Stellar's
6   "collusion" theory, and to (again) brief Ninth Circuit interpleader law, Bitstamp submitted a 15-
7   page reply brief as well as a declaration from its Chief Compliance Officer setting forth the
8   multiple actual and potential claims to the Disputed Funds. *See* Docket Nos. 56 & 57.

9   The Court granted Bitstamp's discharge motion on the papers. The Court observed that
10  "there is no real question that there are competing claims to the disputed funds." Order at 4; *id*.
11  ("Bitstamp faces actual and potential claims to the disputed funds"); *id*. at 1 ("there is a single
12  fund at issue and adverse claimants to that fund"). Citing settled Ninth Circuit law, the Court
13  rejected McCaleb/Stellar's argument that Bitstamp was required to adjudicate the merits of
14  Ripple's claim to "sole interest" in the Disputed Funds. *Id*. at 4. In addition, the Court rejected
15  McCaleb/Stellar's "collusion" theory, observing that Bitstamp had initially sought permission to
16  release the Disputed Funds *to Stellar*. *Id*. at 5.

17  As indicated in its Motion briefing (Docket No. 20 at 5, n.1 & Docket No. 56 at 15, n.10),
18  Bitstamp now moves to recover the fees and costs it was required to incur in connection with this
19  interpleader action.

20  ### III. <u>LEGAL STANDARD</u>

21  "[T]he proper rule, in an action in the nature of interpleader, is that the plaintiff should be
22  awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring*,
23  306 F. 2d at 194. "[T]he availability of attorneys' fees for interpleader plaintiffs recognizes that
24  by bringing the action, the plaintiff benefits all parties by 'promoting early litigation on the
25  ownership of the fund, thus preventing dissipation.'" *Trustees of the Directors Guild of America-*
26  *Producer Pension Benefits Plans v. Tise*, 234 F. 3d 415, 426 (9th Cir. 2000) (internal citation and
27  quotations omitted). In addition, "the plaintiff should not have to pay attorney fees in order to
28  guard himself against the harassment of multiple litigation." *Schirmer Stevedoring*, 306 F. 2d at

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

6

193; *Sun Life Assur. Co.*, 2003 WL 22227881, at *3 ("It is thought appropriate to award counsel fees to [a disinterested] stakeholder because the retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because he is the mutual target in a dispute which is not of his own making" (internal citation and quotation omitted)).

"The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees*, 234 F. 3d at 426 (internal citation and quotations omitted). "The traditional test for awarding fees in an interpleader action is less rigorous than the test used in other contexts." *Fid. Nat'l Title Co. v. U.S. Small Bus. Admin.*, 2014 WL 6390275, at *4 (E.D. Cal. Nov. 13, 2014) (internal citation and quotations omitted). "A court may take several factors into consideration when determining the amount of a fee: (1) the complexity of the case; (2) unique services the stakeholder provided; (3) the stakeholder's good faith and diligence; (4) whether the services rendered benefited the stakeholder; and (5) whether the claimants improperly protracted the proceedings." *Fid. Nat.*, 2014 WL 6390275, *4 (internal citation and quotations omitted).

## IV. ARGUMENT

### A. Bitstamp Is Entitled To The Fees And Costs It Was Forced To Incur In Connection With This Interpleader Action.

"As a general matter, a court will award fees from the proceeds where '(1) the party seeking fees is a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability.'" *Sun Life Assur. Co. of Canada*, 2003 WL 22227881, *3. Bitstamp indisputably satisfies this standard. There is no dispute that Bitstamp has never laid any claim to the Disputed Funds. *See United Bank of Denver Nat'l Ass'n. v. Oxford Props., Inc.*, 683 F. Supp. 755, 756 (D. Colo. 1988) (a "disinterested" interpleader "does not itself claim entitlement to any of the interpleader fund"). Bitstamp "has attempted to resolve all of the Defendants' claims by initiating the complaint in interpleader and this instant action." *Wells Fargo Bank,* 2009 WL 211386, at *2. Bitstamp has deposited the $1,006,131 in disputed funds with the Court.[5] Finally, Bitstamp immediately sought—and was

---

[5] The parties are in the process of meeting and conferring regarding the discrepancy between the $1,038,172 in disputed funds specified in the Joint Stipulation and [Proposed] Order to Deposit

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

7

granted—a discharge from liability. *See* Order (Docket No. 63).

Awarding Bitstamp its fees and costs would serve the purpose of an interpleader action. By filing this action, Bitstamp has "benefit[ted] all parties by promoting early litigation on the ownership of the fund, thus preventing dissipation." *Trustees*, 234 F. 3d at 426 (internal citation and quotations omitted). Bitstamp "should not have to pay attorney fees in order to guard himself against the harassment of multiple litigation" (*Schirmer Stevedoring*, 306 F. 2d at 193) where "the retention of counsel has in all likelihood been necessitated not because of [Bitstamp]'s wrongdoing but rather because [it] is the mutual target in a dispute which is not of [its] own making." *Sun Life Assur. Co. of Canada*, 2003 WL 22227881, *3. Indeed, Bitstamp likely would not have needed to retain outside counsel at Farella Braun + Martel if McCaleb/Stellar had simply stipulated to Bitstamp's discharge and the deposit of the Disputed Funds.

McCaleb/Stellar's argument in their Opposition to Bitstamp's discharge motion that Bitstamp should not be awarded fees and costs is, like their Opposition itself, meritless. Although "[c]ourts traditionally have refused to award costs and counsel fees to a stakeholder who is in some way culpable as regards the subject matter of the interpleader proceeding" (*United Bank of Denver*, 683 F. Supp. at 756), McCaleb/Stellar have never alleged—let alone proven—that Bitstamp engaged in any misconduct that gave rise to the competing claims to the Disputed Funds. *See* Order at 4. The Court has already rejected McCaleb/Stellar's argument that Bitstamp is not a good faith stakeholder, finding to the contrary that this action was necessitated by the "actual and potential competing claims to the disputed funds." *Id*. at 4. Indeed, McCaleb/Stellar's own authorities support Bitstamp's fee request. *See Fid. Nat'l Title Co.*, 2014 WL 6390275, at *5 ("[interpleader]'s good faith effort to resolve the dispute warrant[s] a substantial award"); *United Bank of Denver*, 683 F. Supp. at 756 (awarding fees to interpleader plaintiff where, as here, "there [was] no allegation that the plaintiff was culpable in causing the controversy over the Fund").[6]

---

Disputed Funds With The Court (Docket No. 55) and the $1,006,131 Bitstamp was authorized to, and did, deposit with the Court.

[6] The other authorities cited by McCaleb/Stellar in their Opposition are inapplicable. The Nevada District Court in *Mack v. Kuckenmeister*, 2011 WL 1377146 (D. Nev. Apr. 12, 2011), denied

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

8

### B. Bitstamp's Requested Fees And Costs Are Reasonable And Should Be Recovered In Full.

To determine a reasonable attorneys' fees award, courts calculate the "lodestar" amount, i.e. "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006); *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1094-95 (2000).

As established by the supporting Declaration of Jessica Nall ("Nall Decl."), the number of hours spent by Bitstamp's counsel in this action—Farella Braun + Martel LLP ("Farella")—in connection with pursuing, and obtaining, Bitstamp's release from liability was reasonable, especially in light of McCaleb/Stellar's unnecessary protraction of these proceedings.[7] Farella's representation included reviewing background materials and the case file; preparing and filing notices of appearance; negotiating a stipulation to extend time to respond to Bitstamp's complaint; researching, preparing, and filing Bitstamp's discharge motion, including the supporting Frost declaration; reviewing and analyzing Ripple's *ex parte* TRO application;

---

interpleader plaintiff's fee request because a "Nevada state court had already determined that [one of the interplead defendants] was entitled to the Funds." *Id*. at *4. By contrast here, no court has yet determined who is entitled to the Disputed Funds. In McCaleb/Stellar's cited case of *Mendez v. Teachers Ins. & Annuity Ass'n & College Ret. Equities Fund*, 982 F.2d 783 (2nd Cir. 1992), the Second Circuit affirmed the denial of interpleader-insurer's discharge motion because insurer had acted in bad faith by waiting more than 18 months after insured's death to interplead annuity proceeds and was "unable to confirm that the proceeds of the annuities had not been depleted by more than one half of the corpus." *Id*. at 786. By contrast here, the Court has already granted Bitstamp's discharge motion and rejected McCaleb/Stellar's bad faith argument. Finally, in McCaleb/Stellar's case *Phillips Petroleum Co. v. Hazlewood*, 534 F.2d 61 (5th Cir. 1976), the Fifth Circuit affirmed the district court's denial of fees to the interpleader plaintiff where "[t]he trial court found that [interpleader plaintiff] was not a mere stakeholder but actively took a position opposing [one claimant's] claims and supporting the claims of [another claimant]." *Id*. at 63. By contrast, Bitstamp came to this Court because it "does not know [] which of [the] Defendants is entitled to the Disputed Funds." Compl. (Docket No. 1) ¶33.

[7] Bitstamp does not expect any argument that Farella's rates are inconsistent with the prevailing market rate in San Francisco for comparable attorneys. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (reasonable rates determined by a comparison of rates "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"); *accord PLCM Grp.*, 22 Cal. 4th at 1095. As shown in the Nall Declaration, Farella staffed this case with experienced attorneys with expertise in litigating complex commercial and regulatory disputes. Nall Decl. ¶¶ 2-6. The rates sought here are well within the range of those rates charged by attorneys with comparable experience at comparable firms throughout San Francisco. *Id*. ¶ 7. Moreover, Defendants in this high-profile case are represented by multiple offices of two of the nation's leading law firms. Defendant Ripple is represented by the New York and Silicon Valley offices of Goodwin Procter LLP. The Individual Defendants are represented by the Seattle and San Francisco offices of Orrick, Herrington & Sutcliffe LLP.

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

9

reviewing and analyzing McCaleb/Stellar's motion to dismiss, motion to intervene, and motion to dissolve or, in the alternative, modify the TRO; preparing for and attending the May 22 hearing, including reviewing and analyzing Ripple's opposition to McCaleb/Stellar's motion to dissolve; negotiating the joint stipulation to revise the briefing schedule for Bitstamp's discharge motion; reviewing and analyzing McCaleb/Stellar's opposition to Bitstamp's discharge motion, including McCaleb/Stellar's "collusion"/duty of loyalty theory; reviewing and analyzing Ripple's response to Bitstamp's discharge motion; negotiating the joint stipulation to deposit the Disputed Funds with the Court; researching, preparing and filing redacted and unredacted versions of Bitstamp's reply in support of its discharge motion, including the supporting declaration of Jean-Baptiste Graftieaux and Bitstamp's administrative motion to seal; negotiating, preparing and filing a protective order in connection with Bitstamp's reply brief in support of its motion for discharge; negotiating with the parties an agreement to honor the stipulated protective order prior to its entry by the Court; beginning to prepare an opposition to McCaleb/Stellar's motion to dismiss prior to McCaleb/Stellar agreeing to withdraw their motion; requesting that McCaleb/Stellar withdraw their motion to dismiss in light of the Court's June Order and confirming with the parties that the Court's June 8 Order barred any future claim or action against Bitstamp in connection with the subject matter of this action; and working to transfer the Disputed Funds to the Court.[8] Nall Decl. ¶ 8. Farella engaged in all of these activities in (successfully) pursuing Bitstamp's release from liability. As such, Bitstamp should be awarded its reasonable fees and costs. *ReliaStar Life Ins. Co. v. Northam*, 2013 WL 5703341, *4 (E.D. Cal. Oct. 16, 2013) ("attorney's fee awards should include fees that are incurred in filing the action and pursuing the plaintiff-stakeholder's release from liability") (citing and quoting *Trustees*, 234 F. 3d at 426).

---

[8] The Nall Declaration, which sets forth with particularity the activities undertaken by Farella, as well as the services rendered by each of the three Farella attorneys, sufficiently substantiates the hours expended in securing and obtaining Bitstamp's discharge. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009) ("State law establishes the required showing for attorney's fees in an action in diversity," and, under California law, an attorney's declaration "as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records.")

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

10

Indeed, Bitstamp's fee request significantly understates Bitstamp's actual fees in four separate respects.  First, Bitstamp does not seek reimbursement of any fees in connection with the April 1, 2015 filing of its Complaint by George Frost or any other matter that preceded Farella's involvement in this case.  Nall Decl. ¶ 16.  Second, Bitstamp does not seek reimbursement for any fees (unrelated to this Motion) subsequent to entry of the Court's Order on June 8, including fees Bitstamp incurred in connection with the transfer of the Disputed Funds to the Court and negotiations with the parties regarding the logistics of such transfer.[9]  *Id*. ¶ 17.  Third, Bitstamp does not seek reimbursement of any of the $12,846.50 in fees that Farella has written off to account for any potential inefficiencies and to ensure that Farella's fees were reasonable and represented competitive value.  *Id*. ¶ 18.  Fourth, Bitstamp does not seek reimbursement of any of the $7,692.18 in costs that Bitstamp has written off, largely representing charges for computerized research.  *Id*. ¶ 19.

The factors courts consider in "routinely" (*Wells Fargo Bank*, 2009 WL 211386, *2) awarding fees to successful interpleader plaintiffs like Bitstamp further support Bitstamp's fee request.  "A court may take several factors into consideration when determining the amount of a fee: (1) the complexity of the case; (2) unique services the stakeholder provided; (3) the stakeholder's good faith and diligence; (4) 'whether the services rendered benefited the stakeholder'; and (5) 'whether the claimants improperly protracted the proceedings.'"  *Fid. Nat'l Title Co.*, 2014 WL 6390275, at *4 (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7 Fed. Prac. & Proc. Civ. § 1719 (3d ed. 2001) ("Wright & Miller")).  Each of these factors demonstrates why the amount of fees and costs requested by Bitstamp is reasonable.

**McCaleb/Stellar Improperly Protracted The Proceedings:**  At every step, McCaleb/Stellar protracted what should have been a straightforward interpleader action, increasing the fees Bitstamp was forced to incur in pursuing discharge.  Rather than simply

---

[9] Bitstamp is entitled to attorneys' fees and costs incurred in researching, drafting and filing this motion for an award of attorneys' fees.  *See Kraszewski v. State Farm Gen. Ins. Co.*, No. C 79-1261 TEH, 1984 WL 1027, at *5 (N.D. Cal. June 11, 1984).  With its reply brief, Bitstamp will provide a declaration as to the amount of fees and costs incurred in connection with this motion, as well as a projection through the hearing.

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

11

responding to Bitstamp's complaint, McCaleb/Stellar moved to dismiss it—only to then withdraw their motion to dismiss approximately three weeks later. Rather than stipulate from the outset that the Disputed Funds should be deposited with the Court where "there is no real question that there are competing claims to the disputed funds" (Order at 4), McCaleb/Stellar did not so stipulate until *after* the Court ordered McCaleb and Stephenson to sit for deposition and to produce documents. After admitting that "the heart of the case that's before [the Court], [is a] dispute between Ripple, on the one hand, and Mr. McCaleb and Mr. Stephenson on the other hand" (Nall Decl. Ex. C at 7:7-10), McCaleb/Stellar nonetheless filed a 19-page opposition to Bitstamp's discharge motion. Docket No. 52. After being warned by the Court that, if they pursued their "collusion" theory, this litigation was "going to be more expensive, and it will do all of the things that I think the parties realistically would want to avoid" (Nall Decl. Ex. C at 23:9-12), McCaleb/Stellar nonetheless pursued an irrelevant, unsupported, and illogical theory that Bitstamp filed this action because one of its attorneys had a duty of loyalty to Ripple that required Bitstamp to manufacture federal court jurisdiction for Ripple by suing Ripple. In short, having caused Bitstamp to incur the requested fees and costs, McCaleb/Stellar should not be heard to argue that Bitstamp cannot recover them.

**Complexity of the Case:** This action was precipitated by a series of convoluted digital currency transactions allegedly orchestrated by Defendant McCaleb which, to this day, have not been fully explained. In addition, Bitstamp was confronted with a variety of "actual and potential competing claims to the disputed funds" (Order at 4), as well as the allegation that it "face[d] potential regulatory or criminal exposure" for transferring the Disputed Funds. Ripple TRO App. (Docket No. 23) at 15. In short, with respect to subject matter, this was *not* the garden variety interpleader in which, for example, two family members of a deceased policy holder claim the proceeds of the same insurance policy.

**Unique Services Bitstamp Provided:** By (belatedly) stipulating to Bitstamp's deposit of the Disputed Funds with the Court, the parties have already recognized the value of Bitstamp's unique services in bringing this interpleader action where "there is no real question that there are competing claims to the disputed funds." Order at 4.

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

12

**Bitstamp's Good Faith And Diligence:** Bitstamp promptly filed this action and promptly sought to be discharged.  In granting Bitstamp's discharge motion and rejecting McCaleb/Stellar's "collusion" theory, the Court has already effectively found that Bitstamp acted in good faith.

**Bitstamp Has Received No Benefit:** Bitstamp has no interest in the Disputed Funds and no interest in this litigation.  It has received no benefit from this litigation other than the Court's order discharging it from any liability in connection with the subject matter of this action and precluding any subsequent claim or action against Bitstamp.  To the contrary, this action has only caused Bitstamp to incur attorneys fees and costs—fees and costs which it is entitled to recover, especially in the reasonable and reduced amount requested here.

In short, the requested fees are not only reasonable, they are supported by the factors courts consider in "routinely" awarding fees to interpleader plaintiffs like Bitstamp.

### C. Bitstamp's Fees And Costs Should Be Awarded From The Disputed Funds, From The XRP Received By Ripple, Or From The Disputed Funds And From McCaleb/Stellar.

"The court has discretion to award attorney's fees and costs: (1) against the losing claimants as costs to such claimants, (2) from the fund payable to the winning claimants, or (3) by dividing the fees among the claimants." *Nestle Beverage Co.*, 1993 WL 96584, *3; *Schirmer Stevedoring*, 306 F. 2d at 195.  Here, Bitstamp respectfully submits that the Court should exercise its discretion by either: (1) awarding Bitstamp's fees and costs from the Disputed Funds Bitstamp has deposited with the Court; (2) awarding Bitstamp's fees and costs from the XRP Ripple received as the result of sending the Disputed Funds to Defendant Stephenson; (3) awarding one-half of Bitstamp's fees and costs from the Disputed Funds Bitstamp has deposited with the Court and the other half of Bitstamp's fees and costs from the XRP Ripple received as the result of sending the Disputed Funds to Defendant Stephenson; or (4) awarding one-half of Bitstamp's fees and costs out of the Disputed Funds Bitstamp has deposited with the Court, one-quarter of Bitstamp's fees and costs against Stellar, and one-quarter of Bitstamp's fees and costs jointly and severally against the McCaleb Defendants.

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

13

"The prevailing principle in interpleader actions brought in the federal courts … is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorney's fees, out of the deposited fund.'" *United Bank of Denver,* 683 F. Supp. at 756 (internal citation omitted). "The stakeholder will typically be compensated for reasonable attorneys' fees out of the interpleader fund deposited in the court." *Wells Fargo Bank*, 2009 WL 211386, *2. Therefore, it is appropriate to award Bitstamp's fees and costs out of the funds Bitstamp has deposited with the Court.

In the event that McCaleb/Stellar argue that awarding Bitstamp's fees and costs out of the Disputed Funds would deplete those funds, then the Court should award one-half of Bitstamp's fees and costs out of the Disputed Funds, one-quarter of Bitstamp's fees and costs against Stellar, and one-quarter of Bitstamp's fees and costs jointly and severally against the McCaleb Defendants. As demonstrated above, McCaleb/Stellar caused Bitstamp to incur a significant portion of is fees. McCaleb/Stellar should be made to bear responsibility for the consequences of their actions in protracting this litigation. *See A/S Krediit Pank v. Chase Manhattan Bank*, 303 F. 2d 648, 649 (2d Cir. 1962) (affirming fee award that "represent[ed], in no small measure, services of [stakeholder's] attorneys occasioned by [claimant's] unjustified resistance to the interpleader"); *see also Lindoerfer v. J. C. Penney Co.*, 244 F. Supp. 175, 177 (N.D. Ohio 1965) (awarding fees based on "extensive and difficult problems that intervened in this action between the filing of the motion for interpleader, and the allowance of the motion" where a claimant made "rather paranoid accusations that the [stakeholder] was helping [another claimant]"); *Landmark Chem., SA. v. Merrill Lynch & Co.*, 234 F.R.D. 62, 64 (S.D.N.Y. 2005) (awarding substantial fees where the stakeholder's "discharge motion was opposed and fully litigated" and a claimant "b[ore] some responsibility for the protracted nature of the proceedings").

## V. CONCLUSION

Consistent with standard interpleader practice and the Court's Order, Bitstamp respectfully requests that it be reimbursed for the $182,948.01 in reasonable attorneys' fees and costs Bitstamp incurred in connection with this action pursuing, and obtaining, its release from liability.

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

14

| | |
|---|---|
| Dated: June 26, 2015 | FARELLA BRAUN + MARTEL LLP |
| | By: */s/ Christopher C. Wheeler* |
| |     Christopher C. Wheeler |
| | Attorneys for Bitstamp Ltd. |

31652\4926634.4

FARELLA BRAUN + MARTEL LLP
235 MONTGOMERY STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
(415) 954-4400

BITSTAMP'S MOTION FOR FEES AND COSTS
Case No. 3:15-cv-1503 WHO

15