# EXHIBIT A

| Last Name | First Name | Firm | Position | Grad Date | Bar Yr | Bar State | City | Actual Rate | Rate Year | Court |
|---|---|---|---|---|---|---|---|---|---|---|
| Katz | Ori | Sheppard, Mullin, Richter & Hampton LLP | Partner | 2000 | 2000 | CA | San Francisco | $695.00 | 2015 | CACB |
| Katz | Ori | Sheppard, Mullin, Richter & Hampton LLP | Partner | 2000 | 2000 | CA | San Francisco | $695.00 | 2014 | CACB |
| Gallagher | Richard | Ropes & Gray LLP | Partner | 2000 | 2000 | CA | San Francisco | $930.00 | 2015 | NHB |
| Gallagher | Richard | Ropes & Gray LLP | Partner | 2000 | 2000 | CA | San Francisco | $875.00 | 2014 | NHB |
| Kromm | Dana | Shearman & Sterling LLP | Partner | 2001 | 2001 | CA | San Francisco | $1,050.00 | 2014 | DEB |
| Leonard | Danielle | Altshuler Berzon LLP | Partner | 2001 | 2001 | CA | San Francisco | $610.00 | 2014 | CAND |
| Garner | Steven | Sheppard, Mullin, Richter & Hampton LLP | Partner | 2001 | 2001 | CA | San Francisco | $610.00 | 2014 | DEB |
| Mullan | John | Rudy, Exelrod, Zieff & Lowe, LLP | Partner | 2002 | 2002 | CA | San Francisco | $575.00 | 2014 | CAND |
| Henderson | Katherine | Wilson Sonsini Goodrich & Rosati, PC | Partner | 2003 | 2004 | NY | San Francisco | $730.00 | 2014 | DEB |
| Yavorksy | Shannon | Kirkland & Ellis LLP | Partner | 2003 | 2006 | England & Wales | San Francisco | $795.00 | 2014 | NYSB |
|  |  |  |  |  |  |  |  |  |  |  |
| Levinson | Dara | Jones Day | Associate | 2010 | 2010 | CA | San Francisco | $525.00 | 2014 | DEB |
| Waldo | Julian | Arnold & Porter LLP | Associate | 2010 | 2011 | CA | San Francisco | $640.00 | 2015 | CAND |
| Waldo | Julian | Arnold & Porter LLP | Associate | 2010 | 2011 | CA | San Francisco | $570.00 | 2014 | CAND |
| Saretsky | Michael | Kirkland & Ellis LLP | Associate | 2010 | 2010 | MD | San Francisco | $450.00 | 2014 | DEB |
| McNeile | Adam | Sheppard, Mullin, Richter & Hampton LLP | Associate | 2011 | 2011 | CA | San Francisco | $435.00 | 2014 | CASB |
| Merritt | Alexander | Sheppard, Mullin, Richter & Hampton LLP | Associate | 2011 | 2011 | CA | San Francisco | $480.00 | 2014 | DEB |
| Minear | Andrew | Schiff Hardin LLP | Associate | 2011 | 2011 | CA | San Francisco | $284.00 | 2014 | DEB |
| Littlefield | Ashley | Kirkland & Ellis LLP | Associate | 2011 | 2011 | CA | San Francisco | $665.00 | 2014 | DEB |
| Schleppegrel | Christine | Schiff Hardin LLP | Associate | 2011 | 2011 | CA | San Francisco | $355.00 | 2014 | PAEB |
| Rose | Joseph | Gibson, Dunn & Crutcher LLP | Associate | 2011 | 2011 | CA | San Francisco | $535.00 | 2014 | CAND |
| Brighton | Julia | DLA Piper | Associate | 2011 | 2011 | CA | San Francisco | $429.25 | 2014 | CAND |
| Person | Philip | Manatt, Phelps & Phillips, LLP | Associate | 2011 | 2011 | CA | San Francisco | $460.75 | 2014 | CAND |
| Cottam | Tatiana | Allen Matkins Leck Gamble Mallory & Natsis LLP | Associate | 2011 | 2011 | CA | San Francisco | $310.00 | 2014 | CACD |
| Bloom Stulberg | Caitlin | Pillsbury Winthrop Shaw Pittman LLP | Associate | 2012 | 2012 | CA | San Francisco | $412.50 | 2014 | DEB |

| Last Name | First Name | Firm | Position | Grad Date | Bar Yr | Bar State | City | Actual Rate | Rate Year | Court |
|---|---|---|---|---|---|---|---|---|---|---|
| Chang | Diana | Kirkland & Ellis LLP | Associate | 2012 | 2012 | CA | San Francisco | $595.00 | 2014 | DEB |
| Ian | Johnston | Morrison & Foerster LLP | Associate | 2012 | 2012 | CA | San Francisco | $570.00 | 2015 | DEB |
| Allen | Julia | Kirkland & Ellis LLP | Associate | 2012 | 2012 | CA | San Francisco | $635.00 | 2015 | DEB |
| Allen | Julia | Kirkland & Ellis LLP | Associate | 2012 | 2012 | CA | San Francisco | $595.00 | 2014 | DEB |
| Slevin | Matthew | DLA Piper | Associate | 2012 | 2012 | CA | San Francisco | $382.50 | 2014 | CAND |

# EXHIBIT B

**Laflamme, LouAnne (22) x3517**

| | |
|---|---|
| **From:** | Wheeler, Christopher (22) x4979 |
| **Sent:** | Friday, June 26, 2015 9:35 AM |
| **To:** | 'Rugani, Paul F.'; Fondo, Grant P; Ardinger, Andrew; Parris, Mark S.; Chessari, Nicole L.; Terry Gross; Adam Belsky |
| **Cc:** | Nall, Jessica (24) x4468 |
| **Subject:** | RE: Meet And Confer Regarding Bitstamp's Motion For Attorneys' Fees And Costs |

Paul:

We urge the Individual Defendants not to oppose Bitstamp's motion for attorneys' fees and costs ("Motion"). Bitstamp is seeking reimbursement for the fees it has been forced to incur in connection with preparing the Motion. The Individual Defendants' refusal to agree to Bitstamp's fee request, like the Individual Defendants' opposition to Bitstamp's discharge, is needlessly increasing Bitstamp's fees. Bitstamp reserves the right to request that the Court specifically award fees incurred in connection with preparing this Motion against any party who opposes it.

Regards,

Christopher C. Wheeler
Farella Braun + Martel LLP
415.954.4979

---

**From:** Rugani, Paul F. [mailto:prugani@orrick.com]
**Sent:** Thursday, June 25, 2015 5:40 PM
**To:** Fondo, Grant P; Wheeler, Christopher (22) x4979; Ardinger, Andrew; Parris, Mark S.; Chessari, Nicole L.; Terry Gross; Adam Belsky
**Cc:** Nall, Jessica (24) x4468
**Subject:** RE: Meet And Confer Regarding Bitstamp's Motion For Attorneys' Fees And Costs

Chris-

> The individual defendants intend to oppose Bitstamp's request for attorneys' fees.

Paul

---

**From:** Fondo, Grant P [mailto:GFondo@goodwinprocter.com]
**Sent:** Thursday, June 25, 2015 5:29 PM
**To:** CWheeler@fbm.com; Rugani, Paul F.; Ardinger, Andrew; Parris, Mark S.; Chessari, Nicole L.; Terry Gross; Adam Belsky
**Cc:** JNall@fbm.com
**Subject:** RE: Meet And Confer Regarding Bitstamp's Motion For Attorneys' Fees And Costs

Chris: Ripple has no objection to the use of the XRP to satisfy Bitstamp's fees in part or whole. Ripple believes McCaleb, Harris, Stephenson, and Stellar are responsible for a significant portion of the fees incurred and should pay a significant

1

portion of Bitstamp's fees. However, without seeing Bitstamp's fee application and supporting documents Ripple cannot respond to Bitstamp's request for $182,948.01 in fees and costs, or the percentage that should be paid by McCaleb, Harris, Stephenson, and Stellar.  Thank you.

Grant P. Fondo
**Goodwin Procter LLP**
135 Commonwealth Drive
Menlo Park, CA  94025
T:  650-752-3236
F:  650-853-1038
gfondo@goodwinprocter.com
www.goodwinprocter.com

**From:** CWheeler@fbm.com [mailto:CWheeler@fbm.com]
**Sent:** Thursday, June 25, 2015 5:21 PM
**To:** prugani@orrick.com; aardinger@orrick.com; mparris@orrick.com; Fondo, Grant P; Chessari, Nicole L.; terry@gba-law.com; adam@gba-law.com
**Cc:** JNall@fbm.com
**Subject:** FW: Meet And Confer Regarding Bitstamp's Motion For Attorneys' Fees And Costs

Counsel:

Bitstamp has received no response to the below email.  Please provide your availability tomorrow morning for the requested conference.

Regards,

Christopher C. Wheeler
Farella Braun + Martel LLP
415.954.4979

**From:** Wheeler, Christopher (22) x4979
**Sent:** Wednesday, June 24, 2015 7:06 PM
**To:** 'Rugani, Paul F.'; Ardinger, Andrew; Parris, Mark S.; 'Fondo, Grant P'; NChessari@goodwinprocter.com; Terry Gross; Adam Belsky
**Cc:** Nall, Jessica (24) x4468
**Subject:** Meet And Confer Regarding Bitstamp's Motion For Attorneys' Fees And Costs

Counsel:

Pursuant to Local Rule 54-5(b)(1), we write to meet and confer for the purpose of attempting to resolve any dispute with respect to Bitstamp's motion for attorneys' fees and costs ("Motion"), which Bitstamp will file Friday and notice for August 5.  Bitstamp intends to seek $182,948.01 in fees and costs, representing (part of) the amount Bitstamp was forced to incur in pursuing, and obtaining, its release from liability.  (This amount excludes the fees and costs Bitstamp is entitled to recover in connection with the Motion itself, which Bitstamp will submit with its reply brief.)

Bitstamp will propose that the Court exercise its discretion by either: (1) awarding Bitstamp's fees and costs from the Disputed Funds Bitstamp has deposited with the Court; (2) awarding Bitstamp's fees and costs from the XRP Ripple received as the result of sending the $1,038,172 in Disputed Funds to Stephenson; (3) awarding one-half of Bitstamp's fees and costs from the Disputed Funds Bitstamp has deposited with the Court and the other half of Bitstamp's fees and costs from the XRP Ripple received as the result of sending the $1,038,172 in Disputed Funds to Stephenson; or (4) awarding one-half of Bitstamp's fees and costs out of the Disputed Funds Bitstamp has deposited with the Court, one-quarter of Bitstamp's fees and costs against Stellar, and one-quarter of Bitstamp's fees and costs jointly and severally against the McCaleb Defendants.

Please advise us by no later than tomorrow whether your client will oppose Bitstamp's request, whether your client can agree in principle to any of the above options, and whether we might resolve in advance any disputes regarding Bitstamp's Motion. We are generally available to further meet and confer by phone tomorrow.

Regards,

Christopher C. Wheeler
Farella Braun + Martel LLP
415.954.4979

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

******************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
******************************************************************

NOTICE TO RECIPIENT | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

# EXHIBIT C

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3  Before The Honorable William H. Orrick, Judge
 4
 5  BITSTAMP, LTD.                    )
                                      )
 6           Plaintiff,               )
                                      )
 7  vs.                               ) No. C 15-01503-WHO
                                      )
 8  RIPPLE LABS, INC., et al.,        )
                                      )
 9           Defendants.              )
    _____ )
10
                                        San Francisco, California
11                                      Friday, May 22, 2015
12    TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
                RECORDING 3:07 - 3:38 = 31 MINUTES
13
    APPEARANCES:
14
    For Plaintiff:
15                              Farella, Braun & Martel, LLP
                                235 Montgomery Street
16                              17th Floor
                                San Francisco, California
17                                 94104
                          BY:   CHRISTOPHER C. WHEELER, ESQ.
18                        BY:   JESSICA K. NALL, ESQ.
19                              Law Office of George Frost
                                2930 Magnolia Street
20                              Berkeley, California 94705
                          BY:   GEORGE FROST, ESQ.
21
    For Defendants:
22                              Goodwin Procter, LLP
                                135 Commonwealth Drive
23                              Menlo Park, California 94025
                          BY:   GRANT P. FONDO, ESQ.
24                        BY:   NICOLE L. CHESSARI, ESQ.
25          (APPEARANCES CONTINUED ON NEXT PAGE.)
```

```
                                                              2
 1  APPEARANCES:   (Cont'd.)

 2  For Defendants:
                              Orrick, Herrington, Sutcliffe
 3                            701 5th Avenue, Suite 5600
                              Seattle, Washington 98104
 4                     BY:    PAUL F. RUGANI, ESQ.

 5                            Gross, Belsky, Alonso, LLP
                              1 Sansome Street
 6                            Suite 3670
                              San Francisco, California
 7                              94104
                       BY:    ADAM C. BELSKY, ESQ.
 8

 9  Transcribed by:           Echo Reporting, Inc.
                              Contracted Court Reporter/
10                            Transcriber
                              echoreporting@yahoo.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1  on it.
 2       So --
 3            THE COURT:  I said I read things, but I haven't
 4  read that.  Have you filed a motion to compel arbitration?
 5            MR. RUGANI:  Yes.  So I guess we should maybe set
 6  the table for what's in front of you, just because there
 7  were a few things that were filed today and probably not all
 8  of which would have gotten to you.
 9       So, as of this moment, there are five motions before
10  your Honor.  One is Bitstamp's motion to discharge, or for
11  voluntary dismissal.  One is Ripple's motion for preliminary
12  injunction.  And then there were three motions that were
13  filed today.  One was Stellar's motion to intervene.
14            THE COURT:  I saw that.
15            MR. RUGANI:  One was a motion to dismiss
16  Bitstamp's complaint and interpleader, which was filed on
17  behalf of the Defendants on my side, as well as Stellar.
18            THE COURT:  Saw that.
19            MR. RUGANI:  And then the final motion was a
20  motion to compel arbitration, as to Ripple's cross
21  complaint, which was filed by Mr. McCaleb and Mr.
22  Stephenson.
23            THE COURT:  Okay.
24            MR. RUGANI:  And so through that, Mr. Stephenson
25  has invoked arbitration.
```

7

1          THE COURT:  Okay.
2          MR. RUGANI:  Obviously it would be up for your
3 Honor to decide whether that indication is proper, we think
4 it is.  But the claim against Mr. Stephenson, if your Honor
5 grants our motion, would not be left in this court and would
6 not be left for your Honor to decide.  And I think that's an
7 important point, because what we think is really at the
8 heart of the case that's before you, is the dispute between
9 Ripple, on the one hand, and Mr. McCaleb and Mr. Stephenson
10 on the other hand.  That's a dispute between non-diverse
11 parties.  It's a simple state law breach of contract
12 dispute, and it's a dispute that is controlled by an
13 arbitration agreement.  And so we think that this is not the
14 right forum for that dispute to be heard for those two
15 reasons, both the jurisdictional reason and an arbitration
16 reason.
17      And so the idea of us --
18          THE COURT:  But if the interpleader is still
19 alive, then I have jurisdiction, and because of the
20 settlement agreement, they have the right to file an
21 injunction, right?
22          MR. RUGANI:  So the settlement agreement -- the
23 arbitration clause mandates that everything be arbitrated,
24 and the arbitration clause then says you can pursue
25 provisional remedies that are described in paragraph 10 in

*Echo Reporting, Inc.*

1  the provisional remedies, and in those provisional remedies,
2  the language uses specific language.  It says "provisional
3  remedies in aid of arbitration" and then describes the
4  remedies, including injunctive relief in paragraph 10.
5       And so the way that we read that agreement is you can
6  pursue injunctive relief, but the injunctive relief has to
7  be in aid of some arbitration, and not in aid of litigating
8  your claims in a separate forum.  And they haven't made any
9  effort to start an arbitration.  If they had brought this
10 claim in arbitration, and sought an injunction from you in
11 aid of that arbitration, this would be a different
12 conversation, but that's not how it has been presented to
13 your Honor.
14      And so, as I was saying, the hesitation on our client's
15 point is, when we're very concerned about this being the
16 appropriate forum for this dispute to be heard, is
17 subjecting our clients to discovery, and particularly
18 discovery on a more expedited schedule than would normally
19 control cases before you, when they don't think they should
20 be here at all.
21      And so -- and moreover, we're not sure, although I am
22 certainly sensitive to your Honor's point of needing to
23 understand, potentially, the ownership and the control
24 question.  But the breadth of the discovery that's been
25 asserted against my clients, and without really any kind of

1        MR. FONDO:  Well your Honor, I think the
2  interpleader can proceed.  I think that the -- just because
3  they are discharged from the case does not change the
4  jurisdiction issues.
5        THE COURT:  I'm happy -- I'm supposed to look at
6  jurisdiction first, and I'm happy to look at those
7  jurisdictional issues, but I don't -- I really don't see why
8  this all shouldn't proceed apace, and I'm happy to look at
9  the motion to compel arbitration on an expedited basis, if
10 you think that's an appropriate thing to do.
11       MR. RUGANI:  We understand your Honor's position.
12 I think Mr. Fondo and I can have some conversations now
13 about what the schedule is going to look like, including
14 potentially that issue.
15       THE COURT:  All right.
16       MR. BELSKY:  You know, discovery is going to be
17 expensive and real burden, and I think resolving the
18 jurisdictional questions first, because normally there's no
19 jurisdiction for this dispute.
20    If they wanted an injunction, if they want provisional
21 relief in aid of arbitration, they would have had to go to
22 state court to get it, not federal court.  It's only because
23 of the existence of this interpleader action, which our
24 position, and the individual defendant's position is going
25 to be, that discharge is improper because of collusion

23

1 between Bitstamp and Ripple.  We believe that voluntary
2 dismissal is appropriate, but not discharge of Bitstamp.
3     So I think it's in everybody's interest to get all of
4 that resolved and find out where the case should be before
5 discovery proceeds.
6         THE COURT:  Well if your argument is based on some
7 sort of collusion, then it seems to me that discovery is
8 going to be necessary on that issue, and you're going to end
9 up here a lot longer than you want to be.  So -- and it's
10 going to be more expensive, and it will do all of the things
11 that I think the parties realistically would want to avoid.
12 So I'm not sure that that's such a great idea, Mr. Belsky.
13     So, here is what I'm going to do.  I am going to keep
14 the injunction in place.  I am going to require the parties
15 now to meet and confer, with respect to the documents, and
16 with respect to a schedule that makes sense to them.  If you
17 are unable to reach agreement on some parts of that, you can
18 send me a joint five-page letter that outlines what the
19 disagreement is and I will decide it.
20     The -- at the moment, we have the -- I think I will
21 take the June 10th hearing off calendar, because of the
22 discovery issues.  It wouldn't make any sense to try to
23 force the discovery.
24     Ms. Null?
25         MS. NULL:  Yes, actually we just wanted to comment

1  quickly on the June 10th date.  Obviously we would like to
2  have the discharge considered as soon as possible, just
3  because the longer we have to be dragged into this dispute,
4  the more -- the flurry of filings on a Friday afternoon, the
5  more costs to our client, and we just would like to try to
6  see about an earlier exit.  So June 10th was something we
7  were really hoping to hold, if we could, at least for the
8  discharge.
9         MR. WHEELER:  Your Honor, if I may add -- Chris
10 Wheeler.  The discovery that we've heard discussed is
11 discovery that relates to the preliminary injunction, not to
12 the discharge motion.  And so from a scheduling perspective,
13 we see no reason why the discharge can't proceed as ordered
14 last week.
15        THE COURT:  All right.
16    And, Mr. Fondo, do you have a perspective one way or
17 the other?
18        MR. FONDO:  I don't have an objection, your Honor,
19 to that.
20        THE COURT:  Okay.  We'll leave -- we'll leave that
21 on for June 10th then, and if the parties want to stipulate
22 to something, with respect to Bitstamp, that is also fine
23 with me.
24        MS. NULL:  Fine with us as well.  Thank you, your
25 Honor.

```
                                                              26
 1                    CERTIFICATE OF TRANSCRIBER
 2
 3       I certify that the foregoing is a true and correct
 4  transcript, to the best of my ability, of the above pages of
 5  the official electronic sound recording provided to me by
 6  the U.S. District Court, Northern District of California, of
 7  the proceedings taken on the date and time previously stated
 8  in the above matter.
 9       I further certify that I am neither counsel for,
10  related to, nor employed by any of the parties to the action
11  in which this hearing was taken; and, further, that I am not
12  financially nor otherwise interested in the outcome of the
13  action.
14                    [signature]
15
16            Echo Reporting, Inc., Transcriber
17                Wednesday, May 27, 2015
18
19
20
21
22
23
24
25
```