MARK S. PARRIS (*admitted pro hac vice*)
PAUL F. RUGANI (*admitted pro hac vice*)
ANDREW ARDINGER (SBN 267417)
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue
Suite 5600
Seattle, Washington  98104-7097
Telephone:     +1-206-839-4300
Facsimile:      +1 206-839-4301
E-mail:         mparris@orrick.com

GABRIEL M. RAMSEY (SBN 209218)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:     +1-415-773-5700
Facsimile:      +1 415-773-5759
E-mail:         gramsey@orrick.com

*Attorneys for Defendant Nancy Harris*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP, LTD., a foreign company,<br><br>                     Plaintiff,<br><br>          v.<br><br>RIPPLE LABS, INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br><br>                     Defendants. | Case No. 15-cv-01503-WHO<br><br>**DEFENDANT NANCY HARRIS'S ANSWER TO COMPLAINT FOR INTERPLEADER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:  Hon. William H. Orrick |
| RIPPLE LABS, INC., a California Corporation,<br><br>                     Cross-Plaintiff,<br><br>          v.<br><br>JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1 through 10, inclusive,<br><br>                     Cross-Defendants. | |

1    Defendant Nancy Harris hereby answers and otherwise responds to the Complaint for

2    Interpleader (the "Complaint") filed by Plaintiff Bitstamp, Ltd. ("Bitstamp") in this action.  By

3    this response, Ms. Harris does not waive, and expressly reserves, any and all rights she has to file

4    dispositive motions addressed to some or all of the claims or allegations set forth in the

5    Complaint.  Except as expressly admitted, Ms. Harris denies each and every allegation in the

6    Complaint.

7                                **As to "PARTIES"**

8    1.    Ms. Harris lacks knowledge or information sufficient to form a belief regarding the

9    truth of the allegations contained in Paragraph 1 of the Complaint and on that basis denies those

10   allegations.

11   2.    Ms. Harris lacks knowledge or information sufficient to form a belief regarding the

12   truth of the allegations contained in Paragraph 2 of the Complaint and on that basis denies those

13   allegations.

14   3.    Ms. Harris admits, on information and belief, that Mr. McCaleb is a co-founder,

15   board member and developer of and for Stellar Development Foundation.  Ms. Harris admits that

16   Mr. McCaleb is a resident of San Francisco, California.  Ms. Harris lacks knowledge or

17   information sufficient to form a belief regarding the truth of the remaining allegations contained

18   in Paragraph 3 of the Complaint and on that basis denies those allegations.

19   4.    Ms. Harris admits that Mr. Stephenson is a resident of Arkansas and that he and

20   Mr. McCaleb are cousins.

21   5.    Ms. Harris admits that she is a resident of Arkansas and that she is Mr.

22   Stephenson's mother and Mr. McCaleb's aunt.

23   6.    Ms. Harris lacks knowledge or information sufficient to form a belief regarding the

24   truth of the allegations contained in Paragraph 6 of the Complaint and on that basis denies those

25   allegations.

26                        **As to "JURISDICTION AND VENUE"**

27   7.    Paragraph 7 asserts legal conclusions to which no response is necessary.  To the

28   extent any response is necessary, Ms. Harris admits that the amount of money Bitstamp has

1   sought to interplead is in excess of $75,000, and denies any remaining allegations contained

2   within Paragraph 7 of the Complaint.

3       8.      Paragraph 8 asserts legal conclusions to which no response is necessary.  To the

4   extent any response is necessary, Ms. Harris admits that Mr. McCaleb resides within the Northern

5   District of California.  Ms. Harris lacks knowledge or information sufficient to form a belief

6   regarding the truth of the remaining allegations contained in Paragraph 8 of the Complaint and on

7   that basis denies those allegations.

8       9.      Paragraph 9 asserts legal conclusions as to which no response is necessary.  To the

9   extent a response is required, Ms. Harris denies the allegations contained in Paragraph 9 of the

10  Complaint.

11                              **As to "FACTS"**

12      10.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the

13  truth of the allegations contained in Paragraph 10 of the Complaint and on that basis denies those

14  allegations.

15      11.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the

16  truth of the allegations contained in Paragraph 11 of the Complaint and on that basis denies those

17  allegations.

18      12.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the

19  truth of the allegations contained in Paragraph 12 of the Complaint and on that basis denies those

20  allegations.

21      13.     Ms. Harris denies that any sale by the "r3Q" account resulted in a breach of the

22  Contract or is subject to the Contract in any way.  Ms. Harris lacks knowledge or information

23  sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph

24  13 of the Complaint and on that basis denies those allegations.

25      14.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the

26  truth of the allegations contained in Paragraph 14 of the Complaint and on that basis denies those

27  allegations.

28

15.     Ms. Harris admits, on information and belief, that Mr. Stephenson controls the "r3Q" account.  Ms. Harris denies, on information and belief, that Mr. McCaleb controls the "r3Q" account.  Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 15 of the Complaint and on that basis denies those allegations.

16.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 16 of the Complaint and on that basis denies those allegations.

17.     Ms. Harris admits that she and Mr. Stephenson collectively control the "rUf6" account.  Ms. Harris denies that Mr. McCaleb controls the "rUf6" account.  Ms. Harris admits that the "rUf6" account transferred XRP to the "r3Q" account in 2015.  Except as so admitted, Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 17 of the Complaint and on that basis denies those allegations.

18.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 18 of the Complaint and on that basis denies those allegations.

19.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 19 of the Complaint and on that basis denies those allegations.

20.     Ms. Harris denies that she conducted the XRP sale referenced in Paragraph 20 and denies that the sale breached the Contract.  Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 20 of the Complaint and on that basis denies those allegations.

21.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 21 of the Complaint and on that basis denies those allegations.

22.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 22 of the Complaint and on that basis denies those allegations.

23.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 23 of the Complaint and on that basis denies those allegations.

24.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 24 of the Complaint and on that basis denies those allegations.

25.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 25 of the Complaint and on that basis denies those allegations.

26.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 26 of the Complaint and on that basis denies those allegations.

27.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 27 of the Complaint and on that basis denies those allegations.

28.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 28 of the Complaint and on that basis denies those allegations.

29.     Ms. Harris admits that she owns and controls the "rUf6" account collectively with Mr. Stephenson.  Ms. Harris denies that she has or will make any claim to the funds that Bitstamp seeks to interplead, and denies any remaining allegations in Paragraph 29 of the Complaint.

30.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 30 of the Complaint and on that basis denies those allegations.

DEFENDANT HARRIS'S ANSWER TO COMPLAINT
FOR INTERPLEADER; JURY DEMAND
15-CV-01503-WHO

1     31.     Ms. Harris lacks knowledge or information sufficient to form a belief regarding the

2  truth of the allegations contained in Paragraph 31 of the Complaint and on that basis denies those

3  allegations.

4                     **As to "INTERPLEADER PROPER TO DISPUTED CLAIMS"**

5     32.     Ms. Harris denies, on information and belief, the allegations contained in

6  Paragraph 32 of the Complaint.

7     33.     Ms. Harris denies, on information and belief, the allegations contained in

8  Paragraph 33 of the Complaint.

9     34.     Paragraph 34 contains legal conclusions as to which no response is required.  To

10  the extent a response is required, Ms. Harris denies, on information and belief, the allegations

11  contained in Paragraph 34 of the Complaint.

12     35.     Paragraph 35 contains legal conclusions as to which no response is required.  To

13  the extent a response is required, Ms. Harris denies, on information and belief, the allegations

14  contained in Paragraph 35 of the Complaint.

15                              **As to "PRAYER FOR RELIEF"**

16     36.     Paragraph 36 contains statements of the relief sought by Bitstamp to which no

17  response is required.  To the extent any response is required, Ms. Harris denies that Bitstamp is

18  entitled to the relief it requests.  To the extent there are factual allegations and any response is

19  required, Ms. Harris denies, on information and belief, any such allegations.

20     37.     Paragraph 37 contains statements of the relief sought by Bitstamp to which no

21  response is required.  To the extent any response is required, Ms. Harris denies that Bitstamp is

22  entitled to the relief it requests.  To the extent there are factual allegations and any response is

23  required, Ms. Harris denies, on information and belief, any such allegations.

24     38.     Paragraph 38 contains statements of the relief sought by Bitstamp to which no

25  response is required.  To the extent any response is required, Ms. Harris denies that Bitstamp is

26  entitled to the relief it requests.  To the extent there are factual allegations and any response is

27  required, Ms. Harris denies, on information and belief, any such allegations.

28

DEFENDANT HARRIS'S ANSWER TO COMPLAINT
FOR INTERPLEADER; JURY DEMAND
15-CV-01503-WHO

39.     Paragraph 39 contains statements of the relief sought by Bitstamp to which no response is required.  To the extent any response is required, Ms. Harris denies that Bitstamp is entitled to the relief it requests.  To the extent there are factual allegations and any response is required, Ms. Harris denies, on information and belief, any such allegations.

40.     Paragraph 40 contains statements of the relief sought by Bitstamp to which no response is required.  To the extent any response is required, Ms. Harris denies that Bitstamp is entitled to the relief it requests.  To the extent there are factual allegations and any response is required, Ms. Harris denies, on information and belief, any such allegations.

41.     Paragraph 41 contains statements of the relief sought by Bitstamp to which no response is required.  To the extent any response is required, Ms. Harris denies that Bitstamp is entitled to the relief it requests.  To the extent there are factual allegations and any response is required, Ms. Harris denies, on information and belief, any such allegations.

42.     Paragraph 42 contains statements of the relief sought by Bitstamp to which no response is required.  To the extent any response is required, Ms. Harris denies that Bitstamp is entitled to the relief it requests.  To the extent there are factual allegations and any response is required, Ms. Harris denies, on information and belief, any such allegations.

## FIRST AFFIRMATIVE DEFENSE

Bitstamp fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Bitstamp is not entitled to attorneys' fees or its costs of suit.

## THIRD AFFIRMATIVE DEFENSE

Bitstamp is an interested party and, under the doctrine of unclean hands, is not entitled to equitable relief of any sort.

//

//

DEFENDANT HARRIS'S ANSWER TO COMPLAINT FOR INTERPLEADER; JURY DEMAND
15-CV-01503-WHO

1

## **PRAYER FOR RELIEF**

2   **Wherefore**, Nancy Harris prays for relief and demands judgment as follows:

3        1.      That the Court dismiss her from this lawsuit;

4        2.      That the Court deny Bitstamp an award of attorney's fees and costs of suit;

5        3.      For an award of her attorney's fees and costs of suit;

6        4.      For such other and further relief as the Court deems just and proper.

7

8

9   Dated: July 1, 2015          ORRICK, HERRINGTON & SUTCLIFFE LLP

10

11                              By: */s/ Mark S. Parris*
                              MARK S. PARRIS

12

13                              *Attorneys for Defendant Nancy Harris*

14

15

## **JURY DEMAND**

16   A trial by jury is hereby demanded on all issues triable to a jury.

17

18   Dated: July 1, 2015          ORRICK, HERRINGTON & SUTCLIFFE LLP

19

20                              By: */s/ Mark S. Parris*
                              MARK S. PARRIS

21

22                              *Attorneys for Defendant Nancy Harris*

23

24

25

26

27

28