MARK S. PARRIS (*admitted pro hac vice*)
PAUL F. RUGANI (*admitted pro hac vice*)
ANDREW ARDINGER (SBN 267417)
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue
Suite 5600
Seattle, Washington  98104-7097
Telephone:     +1-206-839-4300
Facsimile:      +1 206-839-4301
E-mail:          mparris@orrick.com

GABRIEL M. RAMSEY (SBN 209218)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California  94105-2669
Telephone:     +1-415-773-5700
Facsimile:      +1 415-773-5759
E-mail:          gramsey@orrick.com

*Attorneys for Defendant Jed McCaleb*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP, LTD., a foreign company,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS, INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>RIPPLE LABS, INC., a California Corporation,<br><br>Cross-Plaintiff,<br><br>v.<br><br>JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1 through 10, inclusive,<br><br>Cross-Defendants. | Case No. 15-cv-01503-WHO<br><br>**DEFENDANT JED MCCALEB'S ANSWER TO COMPLAINT FOR INTERPLEADER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:  Hon. William H. Orrick |

1    Defendant Jed McCaleb hereby answers and otherwise responds to the Complaint for

2    Interpleader (the "Complaint") filed by Plaintiff Bitstamp, Ltd. ("Bitstamp") in this action.  By

3    this response, Mr. McCaleb does not waive, and expressly reserves, any and all rights he has to

4    file dispositive motions addressed to some or all of the claims or allegations set forth in the

5    Complaint.  Except as expressly admitted, Mr. McCaleb denies each and every allegation in the

6    Complaint.

7                                        **As to "PARTIES"**

8         1.      Mr. McCaleb is informed and believes and on that basis admits that Bitstamp is a

9    United Kingdom company with its registered place of business at 5 New Street Square, London

10   EC4A 3TW, United Kingdom.  Mr. McCaleb admits that Bitstamp operates a worldwide digital

11   currency exchange and is a gateway on the Ripple protocol.  Mr. McCaleb denies the remaining

12   allegations contained in Paragraph 1 of the Complaint.

13        2.      Mr. McCaleb admits, on information and belief, that Ripple Labs, Inc. ("Ripple")

14   is a Delaware corporation that maintains its principal place of business at 300 Montgomery Street,

15   San Francisco, California 94104.

16        3.      Mr. McCaleb admits that he is a co-founder and developer of and for Stellar

17   Development Foundation ("SDF"), a non-profit organization that is contributing to an open-

18   source decentralized financial software platform, known as Stellar.  Mr. McCaleb denies that SDF

19   is a virtual currency company.  Mr. McCaleb admits that he is a resident of San Francisco,

20   California.  Mr. McCaleb denies the remaining allegations contained in Paragraph 3 of the

21   Complaint.

22        4.      Mr. McCaleb admits that Mr. Stephenson is a resident of Arkansas and that he and

23   Mr. Stephenson are cousins.

24        5.      Mr. McCaleb admits that Ms. Harris is a resident of Arkansas and that she is Mr.

25   Stephenson's mother and Mr. McCaleb's aunt.

26        6.      Mr. McCaleb lacks knowledge or information sufficient to form a belief regarding

27   the truth of the allegations contained in Paragraph 6 of the Complaint and on that basis denies

28   those allegations.

**As to "JURISDICTION AND VENUE"**

7.      Paragraph 7 asserts legal conclusions to which no response is necessary.  To the extent any response is necessary, Mr. McCaleb admits that the amount of money Bitstamp has sought to interplead is in excess of $75,000, and denies any remaining allegations contained within Paragraph 7 of the Complaint.

8.      Paragraph 8 asserts legal conclusions to which no response is necessary.  To the extent any response is necessary, Mr. McCaleb admits that he resides within the Northern District of California, and, on information and belief, that Ripple resides within the Northern District of California.  Mr. McCaleb denies any remaining allegations contained within Paragraph 8 of the Complaint.

9.      Paragraph 9 asserts legal conclusions as to which no response is necessary.  To the extent any response is necessary, Mr. McCaleb admits that he resides in the Northern District of California, and denies any remaining allegations in Paragraph 9 of the Complaint.

**As to "FACTS"**

10.      Mr. McCaleb admits, on information and belief, that Ripple Labs is a "currency exchange service providing on-line, real-time currency trading and cash management" and is a money services business that "engages in sales of XRP to third parties," as set forth in their recent settlement agreement with the Department of Justice and FinCEN following an investigation into Ripple's criminal activity.  Mr. McCaleb admits, on information and belief, that Ripple Labs is "a holder of XRP" and admits that XRP "is the crypto currency native to the Ripple protocol." Except as so admitted, Mr. McCaleb denies any remaining allegations in Paragraph 10 of the Complaint.

11.      Mr. McCaleb lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 11 of the Complaint and on that basis denies those allegations.

12.      Mr. McCaleb admits that "Bitstamp operates as a gateway for XRP" and that Bitstamp "permit[s] the exchange of XRP for other digital currency and fiat currency, including

1   U.S. dollars."  Except as so admitted, Mr. McCaleb denies any remaining allegations in Paragraph

2   12 of the Complaint.

3       13.     Mr. McCaleb denies that the characterization of the Contract in this paragraph is

4   accurate or complete and refers to that Contract for a full and accurate statement of its contents.

5   Mr. McCaleb further denies that he breached the Contract or that any breach of the Contract

6   occurred.  Mr. McCaleb lacks knowledge or information sufficient to form a belief regarding the

7   truth of the remaining allegations contained in Paragraph 13 of the Complaint and on that basis

8   denies those allegations.

9       14.     Mr. McCaleb denies that he breached the Contract or that any breach of the

10  Contract occurred.  Mr. McCaleb lacks knowledge or information sufficient to form a belief

11  regarding the truth of the remaining allegations contained in Paragraph 14 of the Complaint and

12  on that basis denies those allegations.

13      15.     Mr. McCaleb denies that he controls the "r3Q" account.  Mr. McCaleb admits that

14  Mr. Stephenson controls the "r3Q" account.  Mr. McCaleb admits, on information and belief, that

15  Mr. Stephenson engaged in a sale of XRPs through which Alexis Sirkia, an agent of Ripple,

16  initially transferred to Mr. Stephenson $1,038,172 in exchange for the XRP he offered for sale,

17  with direction that Mr. Stephenson immediately send $74,748 of that amount back to Mr. Sirkia

18  at a separate account provided by Mr. Sirkia.  On information and belief, Mr. Sirkia promotes

19  himself as a "market maker" or "liquidity maker" for Ripple and has been featured on Ripple's

20  blog as a "luxury jewelry merchant" who works with the Ripple development protocol.  Except as

21  so admitted, Mr. McCaleb denies any remaining allegations in Paragraph 15 of the Complaint.

22      16.     Mr. McCaleb admits that SDF is a non-profit organization that is contributing to

23  the development of an open-source financial software platform, known as Stellar.  Mr. McCaleb

24  admits that on or around March 16, 2015, SDF began an auction of STRs from SDF's inventory

25  to pay for its operating expenses.  Mr. McCaleb states that the allegations in the second sentence

26  of Paragraph 16 refer to documents that SDF made publicly available in the interest of

27  transparency, the contents of which speak for themselves.  Mr. McCaleb refers to the documents

28

- 3 -

1  for their contents and denies any characterization inconsistent with their terms.  Except as so

2  admitted, Mr. McCaleb denies any remaining allegations in Paragraph 16 of the Complaint.

3      17.      Mr. McCaleb denies that he controls the "rUf6" account.  Mr. McCaleb admits, on

4  information and belief, that Ms. Harris and Mr. Stephenson collectively control the "rUf6"

5  account.  Mr. McCaleb lacks knowledge or information sufficient to form a belief regarding the

6  truth of the remaining allegations in Paragraph 17 of the Complaint and on that basis denies those

7  allegations.

8      18.      Mr. McCaleb denies that the offer described in Paragraph 18 was made at Mr.

9  McCaleb's direction or for Mr. McCaleb's or SDF's benefit.  Mr. McCaleb lacks knowledge or

10  information sufficient to form a belief regarding the truth of the remaining allegations in

11  Paragraph 18 of the Complaint and on that basis denies those allegations.

12      19.      Mr. McCaleb admits, on information and belief, that Mr. Stephenson engaged in a

13  sale of XRPs through which Alexis Sirkia, an agent of Ripple, initially transferred to Mr.

14  Stephenson $1,038,172 in exchange for the XRP he offered for sale, with direction that Mr.

15  Stephenson immediately send $74,748 of that amount back to Mr. Sirkia at a separate account

16  provided by Mr. Sirkia.  Mr. McCaleb lacks knowledge or information sufficient to form a belief

17  regarding the truth of the remaining allegations in Paragraph 19 of the Complaint and on that

18  basis denies those allegations.

19      20.      Mr. McCaleb denies that he conducted the XRP sale referenced in Paragraph 20

20  and denies that he breached the Contract or that any breach of the Contract occurred.  Mr.

21  McCaleb denies that any sale of XRP would cause harm or damage to Ripple, particularly given

22  Ripple's prior public statements that sales of up to 7.5 billion XRP would not harm Ripple or the

23  value of XRP.  Mr. McCaleb lacks knowledge or information sufficient to form a belief regarding

24  the truth of the remaining allegations contained in Paragraph 20 of the Complaint and on that

25  basis denies those allegations.

26      21.      Mr. McCaleb admits, on information and belief, that Mr. Stephenson engaged in a

27  sale of XRPs through which Alexis Sirkia, an agent of Ripple, initially transferred to Mr.

28  Stephenson $1,038,172 in exchange for the XRP he offered for sale, with direction that Mr.

1  Stephenson immediately send $74,748 of that amount back to Mr. Sirkia at a separate account

2  provided by Mr. Sirkia.  Mr. McCaleb lacks knowledge or information sufficient to form a belief

3  regarding the truth of the remaining allegations contained in Paragraph 21 of the Complaint and

4  on that basis denies those allegations.

5       22.      Mr. McCaleb denies the allegations contained in Paragraph 22 of the Complaint.

6       23.      Mr. McCaleb lacks knowledge or information sufficient to form a belief regarding

7  the truth of the allegations contained in Paragraph 23 of the Complaint and on that basis denies

8  those allegations.

9       24.      Mr. McCaleb lacks knowledge or information sufficient to form a belief regarding

10  the truth of the allegations contained in Paragraph 24 of the Complaint and on that basis denies

11  those allegations.

12       25.      Mr. McCaleb denies the allegations contained in Paragraph 25 of the Complaint.

13       26.      Mr. McCaleb lacks knowledge or information sufficient to form a belief regarding

14  the truth of the allegations contained in Paragraph 26 of the Complaint and on that basis denies

15  those allegations.

16       27.      Mr. McCaleb admits, on information and belief, that Mr. Stephenson has made a

17  claim to ownership over a limited amount—$502—of the funds that Bitstamp seeks to interplead.

18       28.      Mr. McCaleb denies that he has control over the "r3Q" account.  Mr. McCaleb

19  denies any claim to the funds that Bitstamp seeks to interplead.  To the extent the allegations of

20  Paragraph 28 require any further response, they are denied.

21       29.      Mr. McCaleb admits, on information and belief, that Ms. Harris owns and controls

22  the "rUf6" account collectively with Mr. Stephenson.  Mr. McCaleb denies, on information and

23  belief, that Ms. Harris claims that she owns the funds that Bitstamp seeks to interplead, and

24  denies any remaining allegations in Paragraph 29 of the Complaint.

25       30.      Mr. McCaleb admits that SDF is asserting ownership rights to funds contained in

26  the "rPQ" account.  Mr. McCaleb states, on information and belief, that the rvYA account is

27  owned by Bitstamp and that no one other than Bitstamp claims ownership to that account.  Mr.

28  McCaleb lacks knowledge or information sufficient to form a belief regarding the truth of the

- 5 -

1    remaining allegations contained in Paragraph 30 of the Complaint and on that basis denies those

2    allegations.

3        31.      Mr. McCaleb lacks knowledge or information sufficient to form a belief regarding

4    the truth of the allegations contained in Paragraph 31 of the Complaint and on that basis denies

5    those allegations.

6                        **As to "INTERPLEADER PROPER TO DISPUTED CLAIMS"**

7        32.      Mr. McCaleb denies the allegations contained in Paragraph 32 of the Complaint.

8        33.      Mr. McCaleb denies the allegations contained in Paragraph 33 of the Complaint.

9        34.      Paragraph 34 contains legal conclusions as to which no response is required.  To

10   the extent a response is required, Mr. McCaleb denies the allegations contained in Paragraph 34

11   of the Complaint.

12       35.      Paragraph 35 contains legal conclusions as to which no response is required.  To

13   the extent a response is required, Mr. McCaleb denies the allegations contained in Paragraph 35

14   of the Complaint.

15                             **As to "PRAYER FOR RELIEF"**

16       36.      Paragraph 36 contains statements of the relief sought by Bitstamp to which no

17   response is required.  To the extent any response is required, Mr. McCaleb denies that Bitstamp is

18   entitled to the relief it requests.  To the extent there are factual allegations and any response is

19   required, Mr. McCaleb denies any such allegations.

20       37.      Paragraph 37 contains statements of the relief sought by Bitstamp to which no

21   response is required.  To the extent any response is required, Mr. McCaleb denies that Bitstamp is

22   entitled to the relief it requests.  To the extent there are factual allegations and any response is

23   required, Mr. McCaleb denies any such allegations.

24       38.      Paragraph 38 contains statements of the relief sought by Bitstamp to which no

25   response is required.  To the extent any response is required, Mr. McCaleb denies that Bitstamp is

26   entitled to the relief it requests.  To the extent there are factual allegations and any response is

27   required, Mr. McCaleb denies any such allegations.

28

39.     Paragraph 39 contains statements of the relief sought by Bitstamp to which no response is required.  To the extent any response is required, Mr. McCaleb denies that Bitstamp is entitled to the relief it requests.  To the extent there are factual allegations and any response is required, Mr. McCaleb denies any such allegations.

40.     Paragraph 40 contains statements of the relief sought by Bitstamp to which no response is required.  To the extent any response is required, Mr. McCaleb denies that Bitstamp is entitled to the relief it requests.  To the extent there are factual allegations and any response is required, Mr. McCaleb denies any such allegations.

41.     Paragraph 41 contains statements of the relief sought by Bitstamp to which no response is required.  To the extent any response is required, Mr. McCaleb denies that Bitstamp is entitled to the relief it requests.  To the extent there are factual allegations and any response is required, Mr. McCaleb denies any such allegations.

42.     Paragraph 42 contains statements of the relief sought by Bitstamp to which no response is required.  To the extent any response is required, Mr. McCaleb denies that Bitstamp is entitled to the relief it requests.  To the extent there are factual allegations and any response is required, Mr. McCaleb denies any such allegations.

## FIRST AFFIRMATIVE DEFENSE

Bitstamp fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Bitstamp is not entitled to attorneys' fees or its costs of suit.

## THIRD AFFIRMATIVE DEFENSE

Bitstamp is an interested party and, under the doctrine of unclean hands, is not entitled to equitable relief of any sort.

//

//

**PRAYER FOR RELIEF**

**Wherefore**, Jed McCaleb prays for relief and demands judgment as follows:

      1.     That the Court dismiss him from this lawsuit;

      2.     That the Court deny Bitstamp an award of attorney's fees and costs of suit;

      3.     For an award of his attorney's fees and costs of suit;

      4.     For such other and further relief as the Court deems just and proper.

Dated: July 1, 2015          ORRICK, HERRINGTON & SUTCLIFFE LLP

                    By: */s/ Mark S. Parris*
                    MARK S. PARRIS

                    *Attorneys for Defendant Jed McCaleb*

**JURY DEMAND**

A trial by jury is hereby demanded on all issues triable to a jury.

Dated: July 1, 2015          ORRICK, HERRINGTON & SUTCLIFFE LLP

                    By: */s/ Mark S. Parris*
                    MARK S. PARRIS

                    *Attorneys for Defendant Jed McCaleb*