MARK S. PARRIS (*admitted pro hac vice*)
PAUL F. RUGANI (*admitted pro hac vice*)
ANDREW ARDINGER (SBN 267417)
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue
Suite 5600
Seattle, Washington 98104-7097
Telephone:   +1-206-839-4300
Facsimile:   +1 206-839-4301
E-mail:   mparris@orrick.com

GABRIEL M. RAMSEY (SBN 209218)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1 415-773-5759
E-mail:   gramsey@orrick.com

*Attorneys for Defendant Jacob Stephenson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP, LTD., a foreign company,<br><br>    Plaintiff,<br><br>    v.<br><br>RIPPLE LABS, INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 15-cv-01503-WHO<br><br>**DEFENDANT JACOB STEPHENSON'S ANSWER TO COMPLAINT FOR INTERPLEADER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. William H. Orrick |
| RIPPLE LABS, INC., a California Corporation,<br><br>    Cross-Plaintiff,<br><br>    v.<br><br>JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1 through 10, inclusive,<br><br>    Cross-Defendants. | |

Defendant Jacob Stephenson hereby answers and otherwise responds to the Complaint for Interpleader (the "Complaint") filed by Plaintiff Bitstamp, Ltd. ("Bitstamp") in this action. By this response, Mr. Stephenson does not waive, and expressly reserves, any and all rights he has to file dispositive motions addressed to some or all of the claims or allegations set forth in the Complaint. Except as expressly admitted, Mr. Stephenson denies each and every allegation in the Complaint.

### As to "PARTIES"

1. Mr. Stephenson is informed and believes and on that basis admits that Bitstamp is a United Kingdom company with its registered place of business at 5 New Street Square, London EC4A 3TW, United Kingdom. Mr. Stephenson admits, on information and belief, that Bitstamp operates a worldwide digital currency exchange and is a gateway on the Ripple protocol. Mr. Stephenson denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Mr. Stephenson admits, on information and belief, that Ripple Labs, Inc. ("Ripple") is a Delaware corporation and maintains its principal place of business at 300 Montgomery Street, San Francisco, California 94104.

3. Mr. Stephenson admits, on information and belief, that Mr. McCaleb is a co-founder and developer of and for Stellar Development Foundation ("SDF"). Mr. Stephenson admits that Mr. McCaleb is a resident of San Francisco, California. Mr. Stephenson denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Mr. Stephenson admits that he is a resident of Arkansas and that he and Mr. McCaleb are cousins.

5. Mr. Stephenson admits that Ms. Harris is a resident of Arkansas and that she is his mother and Mr. McCaleb's aunt.

6. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 6 of the Complaint and on that basis denies those allegations.

### As to "JURISDICTION AND VENUE"

7. Paragraph 7 asserts legal conclusions to which no response is necessary. To the extent any response is necessary, Mr. Stephenson admits that the amount of money Bitstamp has sought to interplead is in excess of $75,000, and denies any remaining allegations contained within Paragraph 7 of the Complaint.

8. Paragraph 8 asserts legal conclusions to which no response is necessary. To the extent any response is necessary, Mr. Stephenson admits that Mr. McCaleb resides within the Northern District of California, and, on information and belief, that Ripple resides within the Northern District of California. Mr. Stephenson denies any remaining allegations contained within Paragraph 8 of the Complaint.

9. Paragraph 9 asserts legal conclusions as to which no response is necessary. To the extent a response is required, Mr. Stephenson denies the allegations contained in Paragraph 9 of the Complaint.

### As to "FACTS"

10. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 10 of the Complaint and on that basis denies those allegations.

11. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 11 of the Complaint and on that basis denies those allegations.

12. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 12 of the Complaint and on that basis denies those allegations.

13. Mr. Stephenson denies that the characterization of the Contract in this paragraph is accurate or complete and refers to that Contract for a full and accurate statement of its contents. Mr. Stephenson denies that any sale by the "r3Q" account resulted in a breach of the Contract or is subject to the Contract in any way. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 13 of the Complaint and on that basis denies those allegations.

14. Mr. Stephenson denies that he breached the Contract or that any breach of the Contract occurred. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 14 of the Complaint and on that basis denies those allegations.

15. Mr. Stephenson admits that he controls the "r3Q" account. Mr. Stephenson denies that Mr. McCaleb controls the "r3Q" account. Mr. Stephenson admits that he engaged in a sale of XRPs through which Alexis Sirkia, an agent of Ripple, initially transferred to Mr. Stephenson $1,038,172 in exchange for the XRP he offered for sale, with direction that Mr. Stephenson immediately send $74,748 of that amount back to Mr. Sirkia at a separate account provided by Mr. Sirkia. On information and belief, Mr. Sirkia promotes himself as a "market maker" or "liquidity maker" for Ripple and has been featured on Ripple's blog as a "luxury jewelry merchant" who works with the Ripple development protocol. Except as so admitted, Mr. Stephenson denies any remaining allegations in Paragraph 15 of the Complaint.

16. Mr. Stephenson admits that SDF is a non-profit organization that is contributing to the development of an open-source financial software platform, known as Stellar. Mr. Stephenson admits that on or around March 16, 2015, SDF began an auction of STRs. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 16 of the Complaint and on that basis denies those allegations.

17. Mr. Stephenson admits that he and Ms. Harris collectively control the "rUf6" account. Mr. Stephenson denies that Mr. McCaleb controls the "rUf6" account. Mr. Stephenson admits that the "rUf6" account transferred XRP to the "r3Q" in early 2015. Except as so admitted, Mr. Stephenson denies any remaining allegations in Paragraph 17 of the Complaint.

18. Mr. Stephenson admits that on or around March 20, 2015, he, via the "r3Q" account, offered for sale approximately 98,846,600 XRP through Bitstamp. Mr. Stephenson denies that the offer described in Paragraph 18 was made at Mr. McCaleb's direction or for Mr. McCaleb's or SDF's benefit. Except as so admitted, Mr. Stephenson denies the remaining allegations in Paragraph 18 of the Complaint.

19.     Mr. Stephenson admits that on or around March 20, 2015, Alexis Sirkia proposed to purchase 96,342,367 XRP offered for sale by Mr. Stephenson, and proposed to pay him $1,038,172, of which $963,424 was to remain with Mr. Stephenson and $74,748 was to be transferred to a Bitstamp account with the tag "38408536." On information and belief, Mr. Stephenson admits that Mr. Sirkia is Ripple's agent who promotes himself as a "market maker" or "liquidity maker" for Ripple and has been featured on Ripple's blog as a "luxury jewelry merchant" who works with the Ripple development protocol. Except as so admitted, Mr. Stephenson denies any remaining allegations in Paragraph 19 of the Complaint.

20.     Mr. Stephenson denies that the XRP sale referenced in Paragraph 20 was conducted by Mr. McCaleb or Ms. Harris and denies that the sale breached the Contract. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 20 of the Complaint and on that basis denies those allegations.

21.     Mr. Stephenson admits that Mr. Sirkia sent $1,038,172 to him to purchase XRPs Mr. Stephenson offered for sale, and that, in accordance with Mr. Sirkia's instructions, Mr. Stephenson sent $74,748 of that amount to the account designated by Mr. Sirkia, which Mr. Stephenson understands, on information and belief, is owned or controlled by Ripple. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 21 of the Complaint and on that basis denies those allegations.

22.     Mr. Stephenson denies the allegations contained in Paragraph 22 of the Complaint.

23.     Mr. Stephenson admits that he purchased STR. Mr. Stephenson admits that the "r3Q" account holds proceeds from Mr. Stephenson's sale of XRPs. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 23 of the Complaint and on that basis denies those allegations.

24.     Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 24 of the Complaint and on that basis denies those allegations.

25. Mr. Stephenson denies the allegations contained in Paragraph 25 of the Complaint.

26. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 26 of the Complaint and on that basis denies those allegations.

27. Mr. Stephenson admits that he has made a claim to ownership over $502 of the funds that Bitstamp seeks to interplead, as set forth below.

28. Mr. Stephenson denies that Mr. McCaleb has control over the "r3Q" account. Mr. Stephenson denies, on information and belief, that Mr. McCaleb has or will make any claim to the funds that Bitstamp seeks to interplead, and denies any remaining allegations in Paragraph 28 of the Complaint.

29. Mr. Stephenson admits that he owns and controls the "rUf6" account collectively with Ms. Harris. Mr. Stephenson denies that Ms. Harris claims that she has or will make any claim to the funds that Bitstamp seeks to interplead, and denies any remaining allegations in Paragraph 29 of the Complaint.

30. Mr. Stephenson admits, on information and belief, that SDF is asserting ownership rights to funds contained in the "rPQ" account. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 30 of the Complaint and on that basis denies those allegations.

31. Mr. Stephenson lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 31 of the Complaint and on that basis denies those allegations.

### As to "INTERPLEADER PROPER TO DISPUTED CLAIMS"

32. Mr. Stephenson denies the allegations contained in Paragraph 32 of the Complaint.

33. Mr. Stephenson denies the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 contains legal conclusions as to which no response is required. To the extent a response is required, Mr. Stephenson denies the allegations contained in Paragraph 34 of the Complaint.

35.     Paragraph 35 contains legal conclusions as to which no response is required. To the extent a response is required, Mr. Stephenson denies the allegations contained in Paragraph 35 of the Complaint.

### As to "PRAYER FOR RELIEF"

36.     Paragraph 36 contains statements of the relief sought by Bitstamp to which no response is required. To the extent any response is required, Mr. Stephenson denies that Bitstamp is entitled to the relief it requests. To the extent there are factual allegations and any response is required, Mr. Stephenson denies any such allegations.

37.     Paragraph 37 contains statements of the relief sought by Bitstamp to which no response is required. To the extent any response is required, Mr. Stephenson denies that Bitstamp is entitled to the relief it requests. To the extent there are factual allegations and any response is required, Mr. Stephenson denies any such allegations.

38.     Paragraph 38 contains statements of the relief sought by Bitstamp to which no response is required. To the extent any response is required, Mr. Stephenson denies that Bitstamp is entitled to the relief it requests. To the extent there are factual allegations and any response is required, Mr. Stephenson denies any such allegations.

39.     Paragraph 39 contains statements of the relief sought by Bitstamp to which no response is required. To the extent any response is required, Mr. Stephenson denies that Bitstamp is entitled to the relief it requests. To the extent there are factual allegations and any response is required, Mr. Stephenson denies any such allegations.

40.     Paragraph 40 contains statements of the relief sought by Bitstamp to which no response is required. To the extent any response is required, Mr. Stephenson denies that Bitstamp is entitled to the relief it requests. To the extent there are factual allegations and any response is required, Mr. Stephenson denies any such allegations.

41.     Paragraph 41 contains statements of the relief sought by Bitstamp to which no response is required. To the extent any response is required, Mr. Stephenson denies that Bitstamp is entitled to the relief it requests. To the extent there are factual allegations and any response is required, Mr. Stephenson denies any such allegations.

42.     Paragraph 42 contains statements of the relief sought by Bitstamp to which no response is required. To the extent any response is required, Mr. Stephenson denies that Bitstamp is entitled to the relief it requests. To the extent there are factual allegations and any response is required, Mr. Stephenson denies any such allegations.

## INDIVIDUAL DEFENDANTS' STATEMENT OF CLAIM

43.     According to the allegations and admissions set forth by Bitstamp (*see* Dkt. 1) and Ripple (*see* Dkt. 9), Ripple directed an agent to purchase XRPs from Mr. Stephenson. Ripple's agent, Mr. Sirkia, and Mr. Stephenson agreed on a price for the XRP.

44.     Mr. Sirkia and Mr. Stephenson agreed that Mr. Sirkia would pay $1,038,172 to Mr. Stephenson, and that Mr. Stephenson would retain $963,424 in exchange for the 96,342,367 XRP Mr. Stephenson was selling. Mr. Sirkia directed Mr. Stephenson to transfer $74,748 to a Bitstamp account that Individual Defendants understand is controlled by Ripple. On information and belief, Mr. Sirkia directed that the transaction proceed in this manner at Ripple's request to make it appear that the XRP was sold for a higher price.

45.     Mr. Stephenson delivered the XRPs to Ripple's agent, and Ripple's agent made the agreed-upon payment. Mr. Stephenson then made an initial transfer of $74,748 to a Bitstamp account with the tag "38408536," consistent with Mr. Sirkia's direction.

46.     Mr. Stephenson subsequently transferred $962,922 to the Coinex exchange, which he used to purchase 306,935,500 STRs from SDF. Having exchanged the $962,922 for STR, Mr. Stephenson makes no claim to those funds, which, on information and belief, now belong to SDF.

47.     Mr. Stephenson retained approximately $502 from the sale of XRP described above that he did not use to purchase STR. To the extent Bitstamp seeks to implead those funds, Mr. Stephenson claims his entitlement to that $502.

48.     Mr. Stephenson was not acting at the direction or for the benefit of any other person or entity, including, without limitation, Mr. McCaleb or SDF, when he conducted either transaction.

49.     Ripple has no claim to the funds that it, through its agent, voluntarily paid to Mr. Stephenson in an arm's-length transaction. Ripple also has no claim to any of the funds paid or

1  received in connection with the subsequent transaction between Mr. Stephenson and SDF.  Mr.
2  Stephenson has the right to all of the proceeds from his sale of XRPs.  Mr. McCaleb and Ms.
3  Harris do not claim ownership of the funds belonging to Mr. Stephenson.

4       50.      On information and belief, Bitstamp has also frozen funds that belong to Mr.
5  Stephenson that are unrelated to any funds received from Ripple's agent in connection with Mr.
6  Stephenson's sale of XRPs.  These funds are not properly the subject of an interpleader action and
7  should be released to Mr. Stephenson immediately.

### FIRST AFFIRMATIVE DEFENSE

Bitstamp fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Bitstamp is not entitled to attorneys' fees or its costs of suit.

### THIRD AFFIRMATIVE DEFENSE

Bitstamp is an interested party and, under the doctrine of unclean hands, is not entitled to equitable relief of any sort.

//

//

## PRAYER FOR RELIEF

**Wherefore**, Jacob Stephenson prays for relief and demands judgment as follows:

1. For judgment awarding Mr. Stephenson the full amount of the interpleaded funds to which Mr. Stephenson is entitled, according to proof;

2. That the Court deny Bitstamp an award of attorney's fees and costs of suit;

3. For an award of his attorney's fees and costs of suit;

4. For such other and further relief as the Court deems just and proper.

Dated: July 1, 2015                ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Mark S. Parris*
MARK S. PARRIS

*Attorneys for Defendant Jacob Stephenson*


## JURY DEMAND

A trial by jury is hereby demanded on all issues triable to a jury.

Dated: July 1, 2015                ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Mark S. Parris*
MARK S. PARRIS

*Attorneys for Defendant Jacob Stephenson*