Jessica Nall (State Bar No. 215149)
jnall@fbm.com
Christopher C. Wheeler (State Bar No. 224872)
cwheeler@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for
BITSTAMP LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., a California corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 15-cv-01503-WHO<br><br>BITSTAMP LTD.'S RESPONSE TO PROPOSED INTERVENOR-DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2) |
| RIPPLE LABS INC., a California corporation,<br><br>Cross-Plaintiff,<br><br>v.<br><br>JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1-10, inclusive,<br><br>Cross-Defendants. | DATE: July 16, 2015<br>TIME: 2:00 p.m.<br>LOCATION: Courtroom 2, 17th Floor<br><br>Hon. William H. Orrick |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

BITSTAMP'S RESPONSE TO MOTION TO
INTERVENE - Case No. 15-cv-01503-WHO

31652\4966549.3

# INTRODUCTION

Proposed Intervenor-Defendant Stellar Development Foundation ("SDF"), in support of its Motion to Intervene, has lately filed with this Court a proposed counterclaim against Bitstamp Ltd. ("Bitstamp") and crossclaim against its general counsel George Frost ("Mr. Frost") that are based on the exact same allegations previously litigated on Bitstamp's Motion for Discharge. SDF's proposed claims are thus directly barred by this Court's June 8, 2015 Order discharging Bitstamp from this matter ("Discharge Order"). SDF filed this "Corrected Exhibit A" on July 6, more than six weeks after first filing its Motion to Intervene and almost a month after the Court issued the Discharge Order, essentially filing a brand new Motion to Intervene only a week before the hearing date. SDF has taken this step despite effectively assuring Bitstamp that it would comply with the Discharge Order and refrain from bringing such claims.

As a general matter, Bitstamp does not oppose SDF's intervention in the litigation currently underway between Ripple Labs ("Ripple") and Jed McCaleb, Nancy Harris, and Jacob Stephenson ("McCaleb Defendants"). Indeed, Bitstamp's intent in filing the interpleader was to bring into federal court the real parties in interest, and to get out of the middle of this dispute.

However, Bitstamp *does* oppose SDF's request to intervene on the basis of proposed cross- and counterclaims that directly violate the Discharge Order and are a naked attempt to drag Bitstamp (and its General Counsel Mr. Frost) back into a litigation as to which it has no stake or interest.[1] Bitstamp requests that the Court deny SDF's Motion to Intervene to the extent it is based on these proposed cross- and counterclaims, and further requests, to the extent the Court's June 8, 2015 Order is not dispositive on this point, that the Court expressly enjoin any further lawsuits against Bitstamp and its officers, directors, and employees based on the facts underlying the interpleader.

---

[1] SDF's manifest intention to sue Bitstamp and Mr. Frost in spite of the Discharge Order further highlights the complexity of this matter and the sheer stubbornness and retaliatory bent of SDF in particular, providing further support for Bitstamp's Petition for Fees in this matter. Pursuant to its pending Petition for Fees, and as will be further detailed in its Reply in support thereof, Bitstamp intends to seek its fees for responding to this latest salvo directly from SDF.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

BITSTAMP'S RESPONSE TO MOTION TO INTERVENE - Case No. 15-cv-01503-WHO

- 1 -

31652\4966549.3

## FACTUAL AND PROCEDURAL BACKGROUND

Faced with multiple actual and potential claims to the Disputed Funds, Bitstamp initially filed its Interpleader on April 1, 2015. (Dkt. 1). On May 13, 2015, after several claimants to the Disputed Funds had made themselves known (including SDF, previously an unknown claimant), Bitstamp filed its Motion for Discharge from the action, which was fully briefed by June 4, 2015. (Dkt. 20, 52, 53, 56). In its Motion for Discharge, Bitstamp sought the Court's leave to release the Disputed Funds to SDF. (Dkt. 20). On May 22, 2015, SDF filed its first Motion to Intervene, attaching as Exhibit A a Proposed Motion to Dismiss the Complaint for Interpleader. (Dkt. 39). Following a June 5, 2015 stipulation by all current and proposed parties, including SDF, the Disputed Funds were deposited with the Court. (Dkt. 60).[2]

On June 8, 2015, the Court issued its Order Granting Interpleader Plaintiff's Motion for An Order of Discharge (Dkt. 63), explicitly ordering that "Bitstamp is DISCHARGED from this matter." Following entry of the Discharge Order, on June 10, counsel for Bitstamp reached out to counsel for SDF and the McCaleb Defendants to ensure that, despite their repeated past threats to sue Bitstamp, they intended to comply with the Discharge Order and refrain from bringing any such claims in light of the Discharge Order. In that e-mail communication, Bitstamp's counsel specifically noted that:

> ...Bitstamp interprets Judge Orrick's June 8 Order of Discharge as foreclosing any actions against it, including counterclaims, based on freezing the funds and filing the Interpleader. If any recipients of this e-mail disagree with that interpretation, and are still contemplating suit against Bitstamp based on these actions, please let us know immediately so that we may seek further Order of the Court specifically enjoining such an action. If we do not hear from you we will assume that the parties will comply with Judge Orrick's Order and refrain from bringing any further litigation against Bitstamp with regard to the matters at issue in the Interpleader.

*See* Declaration of Jessica Nall ("Nall Decl.") in Support of Response at Exh. A. Counsel for the

---

[2] Even as of the present time, Ripple, SDF, and the McCaleb Defendants have not reached agreement as to the precise amount of the Disputed Funds to be deposited with the Court. As a result, at some point in the future it may be necessary to adjust the amount held with the Court. Bitstamp takes no position regarding this ongoing and late-breaking dispute, but will continue to follow the Court's directives with regard to the disposition of the Disputed Funds.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

BITSTAMP'S RESPONSE TO MOTION TO INTERVENE - Case No. 15-cv-01503-WHO

- 2 -

31652\4966549.3

1  McCaleb Defendants, Mr. Rugani, responded by stating that "[t]he Individual Defendants and
2  Stellar will also consider and respond to your request concerning additional actions or claims
3  against Bitstamp." *See* Nall Decl., Exh. B. Despite Mr. Rugani's assurances, however, no further
4  response was forthcoming. Bitstamp's counsel Mr. Wheeler followed up again two days later to
5  ensure that any planned non-compliance with the Discharge Order could promptly be brought
6  before this Court:

> We've received no substantive response to Jessica's Wednesday
> email regarding the Court's discharge of BITSTAMP from any
> liability in connection with the subject matter of the interpleader,
> including the freezing of the Disputed Funds. In its June 8 Order
> ("Order"), the Court held that "[i]f the interpleader was properly
> brought, the stakeholder is discharged from any further liability
> with respect to the subject of the dispute." Id. at 4 (emphasis
> added). Accordingly, the Court held that Bitstamp's interpleader
> was properly brought and discharged Bitstamp from any further
> liability with respect to the subject of the dispute. Thus, the Court's
> Order forecloses any action or claim against Bitstamp in connection
> with the subject matter of the interpleader, including the freezing of
> the Disputed Funds, consistent with standard interpleader practice.
> **If no party informs Bitstamp by the end of today that it
> disagrees with any of the foregoing, Bitstamp will assume that
> all parties agree with the foregoing. If any party disagrees with
> any of the foregoing, please provide your reasoning so that
> Bitstamp can immediately bring this matter to the Court's
> attention.** Any additional fees and/or costs incurred by Bitstamp
> will be added to its fee request.

*See* Nall Decl., Exh. C (emphasis added). SDF did not inform Bitstamp at that time, or any subsequent time, that it intended to bring cross- and counterclaims against Bitstamp, thus preventing Bitstamp from bringing these issues before the Court in a timely and efficient manner.

Instead, on July 6, 2025, more than six weeks after filing its Motion to Intervene, more than three weeks after withdrawing its Motion to Dismiss, and just over one week prior to the hearing date, SDF filed with this Court a "Notice of Corrected Exhibit A" to their Motion, attaching a proposed counterclaim naming Bitstamp and Mr. Frost as counter- and cross-defendants.[3] These proposed claims are barred by the Discharge Order and should be enjoined.

---

[3]  Based on the Discharge Order, and based on SDF's and the McCaleb Defendant's evident acquiescence as to their compliance with the Order, Bitstamp considered itself no longer a party to the proceedings. Bitstamp thus did not file a response to SDF's previous Motion to Intervene (based on a proposed Motion to Dismiss, now withdrawn). SDF has now fundamentally altered its Motion to Intervene by basing its Motion on an expressed intent to claim against Bitstamp and

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

BITSTAMP'S RESPONSE TO MOTION TO
INTERVENE - Case No. 15-cv-01503-WHO

- 3 -

31652\4966549.3

## ARGUMENT

SDF's purported claims against Bitstamp and Mr. Frost are based entirely on the same conduct as to which Bitstamp was previously discharged, namely, freezing the Disputed Funds and filing the Interpleader. SDF attempts to avoid the effect of the Discharge Order by "artful pleading," and reiterating its nonsensical claims of "collusion" between Bitstamp and Ripple. If the mechanism of interpleader is to have any meaningful protection for stakeholders like Bitstamp, these attempts must fail.

At heart, SDF's purported claims against Bitstamp and Mr. Frost are not based on any alleged conduct by Bitstamp or Mr. Frost that is independent of Bitstamp having frozen the funds and filed the interpleader (rather than immediately distributing the Disputed Funds to SDF), claims that the Court has already thoroughly considered—and rejected—in discharging Bitstamp. *See, e.g.*, Stellar Development Foundation Answer and Counterclaim and Crossclaim (Dkt. 88) ("Counterclaim") at ¶ 26 (describing the freezing of the Disputed Funds, advancing once again a "collusion theory" that the Court previously rejected); ¶ 27 ("Frost ... caused Bitstamp to improperly freeze SDF's account containing $940,000 in Bitstamp USD, and then filed on behalf of Bitstamp a complaint in interpleader.").[4] Because SDF's claims are directly related to Bitstamp's decision to seek interpleader relief rather than choosing between the competing claimants, the Court's Discharge Order bars SDF's claims. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 259 (3d Cir. 2009) (interpleader "shield[s] a stakeholder from further liability" on a claimant's counterclaims that "are directly related to the stakeholder's failure to resolve the underlying dispute in favor of one of the claimants"); *see also, e.g., Trustees of the ILWU-PMA*

---

its General Counsel, in direct contravention of the Discharge Order.

[4] The only other allegation as to Mr. Frost that is specifically pled in the proposed complaint is facially barred by the litigation privilege. *See* Counter-claim at ¶ 17 (alleging that Mr. Frost represented a separate party in an unrelated lawsuit against Mr. McCaleb, conduct that is obviously protected under the litigation privilege). In any event, the fact that Mr. Frost represents an individual associated with Ripple in a suit against Mr. McCaleb was raised in SDF's and the McCaleb Defendants' Response to Bitstamp's Motion for Discharge in support of its collusion theory, which the Court rejected in issuing the Discharge Order. *See* Response, Dkt. 52 at 2:9-21, 18:8-12. SDF's claims against Mr. Frost are independently defective pursuant to Cal. Civ. Code § 1714.10 (2015).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

BITSTAMP'S RESPONSE TO MOTION TO INTERVENE - Case No. 15-cv-01503-WHO

- 4 -

31652\4966549.3

*Pension Plan v. Coates*, 2013 WL 556800 (N.D. Cal. Feb. 12, 2013) (enjoining claimant in interpleader action from bringing any further action in state or federal court); *First Interstate Bank of Oregon, N.A. v. U.S. By and Through I.R.S.*, 891 F. Supp. 543, 548 (D. Or. 1995) (injunctions barring other litigation are "generally contemplated in interpleader actions"); *Herman Miller, Inc. Retirement Income Plan v. Magallon*, 2008 WL 2620748, *3 (E.D. Cal. July 2, 2008 ("an interpleader action would be futile if claimants were allowed to file separate suits against the claim holder").

In its Discharge Order, the Court explained that SDF's threatened counterclaims were "competing claims to the disputed funds" that themselves established the propriety of the interpleader and justified Bitstamp's discharge. The Court observed, in pertinent part:

> Stellar also claims ownership of the funds and has threatened to file counterclaims against Bitstamp. . . . Stellar represents that it "potentially will file counterclaims against Bitstamp for, among other things: (1) conversion; (2) breach of contract; and (3) unfair business practices." . . . Given the foregoing, there is no real question that there are competing claims to the disputed funds.

(Dkt. 63 at 4:15-23 (citations omitted).) As the Court recognized, SDF has no counterclaims that are actually independent of Bitstamp's potential liability for freezing the Disputed Funds and filing the interpleader.[5] If SDF had established any such independent claims in the drawn-out (and, as the Court has noted, expensive) battle over Bitstamp's discharge, the Court would not have discharged Bitstamp, as the requirements for discharge would not have been met. *See Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1012 (9th Cir. 2012). SDF's claims now are just rehashed (and "artfully pled") claims that are essentially still claims on the fund itself, masquerading as new causes of action. The Discharge Order forecloses all such claims. A general principle of

---

[5] SDF's cross- and counterclaims are not independent because they are based solely on Bitstamp's response to an controversy between the claimants that Bitstamp did not cause. *See Hovis*, 553 F.3d at 264 (a claimant's counterclaims are "truly independent" only if they do not relate to the stakeholder's failure to resolve the controversy in the claimant's favor). As the Court found in discharging Bitstamp, Bitstamp properly filed the interpleader when it found itself in the middle of a dispute not of its own making. *Cf. Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1012-13 (9th Cir. 2012) (claims were independent where the stakeholder's "alleged negligence directly and proximately caused counterclaimants to forgo $290,000" and the "damages flowed not from [the stakeholder's] filing of an interpleader claim but from its alleged negligent conduct").

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

BITSTAMP'S RESPONSE TO MOTION TO INTERVENE - Case No. 15-cv-01503-WHO

- 5 -

31652\4966549.3

1  interpleader is that "a disinterested stakeholder may not be subjected to liability for its failure to
2  resolve the controversy over entitlement to the stake in one claimant's favor." *Lee*, 688 F.3d at
3  1014 (citing *Hovis*, 553 F.3d 258). In other words, the interpleader protection "prevents the
4  stakeholder from being obliged to determine at his peril which claimant has the better claim." *Id.*
5  at 1009 (quoting Wright, Miller & Kane, 7 Fed. Prac. & Proc. Civ. § 1702 (3d ed.)).

   In defiance of these principles, SDF now tries to sue Bitstamp for refusing to side with
   SDF and hand the Disputed Funds over to it. *See* Counterclaim at ¶ 27 (alleging that Bitstamp
   and Mr. Frost "improperly fr[o]ze SDF's account . . . despite knowing that Ripple's claim of a
   breach of contract was false, that Ripple had no basis to claim these funds, and that there was no
   likelihood that Ripple would sue Bitstamp and thus that there was no valid basis for the
   interpleader"). However, Bitstamp cannot be liable for refusing to resolve the competing claims
   in SDF's favor. *Hovis*, 553 F.3d at 263-65; *see also Michelman v. Lincoln Nat. Life Ins. Co.*, No.
   C10-0271RSL, 2010 WL 3212008, at *4 (W.D. Wash. Aug. 10, 2010) *aff'd*, 685 F.3d 887 (9th
   Cir. 2012) ("any cause of action that would punish the [stakeholder] for initiating the interpleader
   instead of choosing between the claimants should be dismissed").

   The practical effect of allowing SDF's proposed Counterclaim to proceed would be to
   eviscerate the purpose of the interpleader mechanism in federal court. If Bitstamp and its general
   counsel could be sued by one of the fund claimants for having frozen the funds and filed the
   interpleader, despite having been discharged from the matter, there would appear to be no
   effective protection for interpleading parties such as Bitstamp who are faced with multiple actual
   and potential conflicting claims to a fund.

   *Hovis*, which this Court cited in its Discharge Order,[6] demonstrates that SDF's proposed
   cross- and counterclaims are enjoined by that Order. *Hovis*, 553 F.3d 258. In *Hovis*, "each of
   [the claimant] Hovis's counterclaims concern[ed] [the interpleading stakeholder] Prudential's
   failure to resolve its investigation in his favor and pay out the life insurance proceeds to him." *Id.*

---

[6] The Court cited *Hovis* in its discharge order for this proposition: "If the interpleader was properly brought, the stakeholder is discharged from any further liability with respect to the subject of the dispute." (Dkt. 63, 3:26-4:2 (citing *Hovis*, 553 F.3d at 262).)

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

BITSTAMP'S RESPONSE TO MOTION TO
INTERVENE - Case No. 15-cv-01503-WHO
- 6 -
31652\4966549.3

at 264. "As such, none of the counterclaims [wa]s truly independent of who was entitled to the life insurance proceeds," and the trial court "properly discharged Prudential from liability for Hovis's counterclaims." *Id.* at 264-65. The *Hovis* court explained:

> To allow Prudential to be exposed to liability under these circumstances would run counter to the very idea behind the interpleader remedy—namely, that a "stakeholder [should] not [be] obliged at his peril to determine which claimant has the better claim." *Bierman v. Marcus*, 246 F.2d 200, 202 (3d Cir.1957). Put another way, where a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bringing an interpleader action) cannot itself be a breach of a legal duty. *See Lutheran Bhd. v. Comyne*, 216 F.Supp.2d 859, 862 (E.D.Wis.2002) (holding that the bringing of a valid interpleader action shields a plaintiff from liability for counterclaims where those "counterclaims are essentially based on the plaintiff's having opted to proceed via an interpleader complaint rather than having chosen from among competing adverse claimants"); *Metropolitan Life Ins. Co. v. Barretto*, 178 F.Supp.2d 745, 748 (S.D.Tex.2001) (holding that interpleader protection extends to counterclaims that arise from "utilizing the protections afforded by the interpleader")

*Id.* at 265.

Here, where SDF's counterclaims are based on Bitstamp's decision to freeze the funds and seek interpleader instead of siding with SDF, the counterclaims cannot survive the Discharge Order. *See id.* at 263-65; *see also City of Portland v. Hartfield*, No. 3:11-CV-00100-KI, 2014 WL 4181971, at *1 (D. Or. Aug. 21, 2014) (dismissing counterclaims because "it is not tortious for a stakeholder to fail to choose between adverse claimants"). It makes no difference that SDF is attempting to file such cross- and counterclaims *after* the Discharge Order rather than before it.

This Court has already considered, and rejected, SDF's nonsensical claims that collusion between Bitstamp/Mr. Frost and Ripple motivated Bitstamp's filing of the Interpleader, implicitly finding, by discharging Bitstamp, that no independent claims against Bitstamp could be based on such a theory:

> The individual defendants and Stellar also argue that Ripple Labs is not a good faith stakeholder because its interests coincide with Ripple Labs's interests. They note that one of Bitstamp's attorneys represented Ripple Labs in connection with the settlement agreement which McCaleb allegedly breached and that Ripple Labs and Bitstamp have several overlapping directors and investors. But the mere fact that the same attorney has represented both Ripple

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

BITSTAMP'S RESPONSE TO MOTION TO
INTERVENE - Case No. 15-cv-01503-WHO

- 7 -

31652\4966549.3

Labs and Bitstamp, or that Ripple Labs and Bitstamp have some of the same investors and directors, is hardly indicative of collusion, particularly in the concentrated world of digital currency.

(Discharge Order at 5:11-17). It would be manifestly unjust to permit SDF now to bring cross- and counterclaims against Bitstamp and Mr. Frost based on precisely the same conduct that was alleged in SDF's and the McCaleb Defendants' Response to Bitstamp's Motion for Discharge, but which the Court considered and rejected in issuing the Discharge Order. Quite simply, Bitstamp has been discharged. Consistent with the Discharge Order, no further claims may be brought against it or its officers and directors related to the subject of the dispute.

## CONCLUSION

For the foregoing reasons, Bitstamp respectfully requests that the Court require SDF to comply with the Discharge Order by specifically enjoining SDF and any other parties from bringing any cross- or counterclaims against Bitstamp related to the subject of the dispute.

Bitstamp is disadvantaged by SDF's late substitution of what amounts to a completely different Motion to Intervene just prior to the hearing date. If the Court, despite the Discharge Order, is inclined to allow SDF's cross- and counterclaims to proceed, Bitstamp intends to file a noticed Motion for a Permanent Injunction preventing SDF or any other party from bringing such a suit.[7] Bitstamp will seek from SDF is legal fees arising from having to, in essence, re-litigate the Motion for Discharge, as well as any other fees incurred in being forced to take part in the litigation despite the Discharge.

Respectfully submitted,

Dated: July 10, 2015

FARELLA BRAUN + MARTEL LLP

By: _____/s/ Jessica Nall_____
      Jessica Nall

Attorneys for Plaintiff
BITSTAMP LTD.

---

[7] In addition, if SDF is allowed to proceed with its counterclaims, Bitstamp and its counsel may request expedited discovery, seek sanctions, and/or file a special motion to strike based on the litigation privilege and California Code of Civil Procedure 425.16.