Jessica Nall (State Bar No. 215149)
jnall@fbm.com
Christopher C. Wheeler (State Bar No. 224872)
cwheeler@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for
BITSTAMP LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RIPPLE LABS INC., a California corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 15-cv-01503-WHO<br><br>DECLARATION OF JESSICA K. NALL IN SUPPORT OF BITSTAMP LTD.'S RESPONSE TO PROPOSED INTERVENOR-DEFENDANT STELLAR DEVELOPMENT FOUNDATION'S MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2) |
| RIPPLE LABS INC., a California corporation,<br><br>　　　　Cross-Plaintiff,<br><br>　v.<br><br>JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1-10, inclusive,<br><br>　　　　Cross-Defendants. | DATE:　　　　July 16, 2015<br>TIME:　　　　2:00 p.m.<br>LOCATION:　Courtroom 2, 17th Floor<br><br>Hon. William H. Orrick |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

J. NALL DECL. ISO RESP. TO MOTION TO
INTERVENE - Case No. 15-cv-01503-WHO

31652\4967275.1

I, Jessica K. Nall, declare:

1. I am a partner with the law firm of Farella Braun + Martel LLP, attorneys for Bitstamp Ltd. ("Bitstamp") in this action. I submit this declaration in support of Bitstamp's Response to Proposed Intervenor-Defendant Stellar Development Foundation's Motion to Intervene Pursuant to Federal Rule Of Civil Procedure 24(A)(2). I have personal knowledge of the facts stated herein, and could and would testify competently to the matters stated.

2. On June 10, 2015, following the Court's issuance of its Order Granting Interpleader Plaintiff's Motion for An Order of Discharge (Dkt. 63), I sent an email to counsel for Proposed Intervenor-Defendant Stellar Development Foundation ("SDF") and Defendants Jed McCaleb, Nancy Harris, and Jacob Stephenson ("McCaleb Defendants") to ensure that they intended to comply with the Discharge Order and refrain from bringing any claims based on Bitstamp's having frozen the funds at issue in this litigation and having filed this interpleader action. In this e-mail, I specifically noted that:

> …Bitstamp interprets Judge Orrick's June 8 Order of Discharge as foreclosing any actions against it, including counterclaims, based on freezing the funds and filing the Interpleader. If any recipients of this e-mail disagree with that interpretation, and are still contemplating suit against Bitstamp based on these actions, please let us know immediately so that we may seek further Order of the Court specifically enjoining such an action. If we do not hear from you we will assume that the parties will comply with Judge Orrick's Order and refrain from bringing any further litigation against Bitstamp with regard to the matters at issue in the Interpleader.

A true and correct copy of my June 10 e-mail is attached as Exhibit A.

3. On June 10, 2015, counsel for the McCaleb Defendants, Paul Rugani, responded by e-mail to my June 10 e-mail. In his e-mail, Mr. Rugani stated that "[t]he Individual Defendants and Stellar will also consider and respond to your request concerning additional actions or claims against Bitstamp." Despite Mr. Rugani's assurances, however, no further response was forthcoming. A true and correct copy of Mr. Rugani's June 10 e-mail is attached as Exhibit B.

4. Two days later, on June 12, 2015, Bitstamp's counsel Chris Wheeler sent a follow-up e-mail to counsel for SDF and the McCaleb Defendants to ensure that any planned non-

compliance with the Discharge Order could be promptly brought before this Court. In his June 12 follow-up e-mail, Mr. Wheeler stated:

> We've received no substantive response to Jessica's Wednesday email regarding the Court's discharge of Bitstamp from any liability in connection with the subject matter of the interpleader, including the freezing of the Disputed Funds. In its June 8 Order ("Order"), the Court held that "[i]f the interpleader was properly brought, the stakeholder is discharged from any further liability with respect to the subject of the dispute." Id. at 4 (emphasis added). Accordingly, the Court held that Bitstamp's interpleader was properly brought and discharged Bitstamp from any further liability with respect to the subject of the dispute. Thus, the Court's Order forecloses any action or claim against Bitstamp in connection with the subject matter of the interpleader, including the freezing of the Disputed Funds, consistent with standard interpleader practice. If no party informs Bitstamp by the end of today that it disagrees with any of the foregoing, Bitstamp will assume that all parties agree with the foregoing. If any party disagrees with any of the foregoing, please provide your reasoning so that Bitstamp can immediately bring this matter to the Court's attention. Any additional fees and/or costs incurred by Bitstamp will be added to its fee request.

A true and correct copy of Mr. Wheeler's June 12 e-mail is attached as Exhibit C.

5. Following Mr. Wheeler's June 12 e-mail, SDF did not inform Bitstamp at any subsequent time that it intended to bring cross- and counter- claims against Bitstamp.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of July, 2015 at San Francisco, California.

/s/ Jessica K. Nall
Jessica K. Nall

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

J. NALL DECL. ISO RESP. TO MOTION TO INTERVENE - Case No. 15-cv-01503-WHO

- 3 -

31652\4967275.1

# EXHIBIT A

| | |
|---|---|
| **From:** | JNall@fbm.com |
| **Sent:** | Wednesday, June 10, 2015 1:06 PM |
| **To:** | terry@gba-law.com; CWheeler@fbm.com; GFondo@goodwinprocter.com; aardinger@orrick.com; adam@gba-law.com; mparris@orrick.com; CLee@fbm.com; prugani@orrick.com; NChessari@goodwinprocter.com |
| **Subject:** | Request to withdraw Motion to Dismiss; foreclosure of future litigation against Bitstamp |

Counsel,
In light of the Court's Order of Monday, June 8, Bitstamp requests that Stellar and the Individual Defendants withdraw their motion to dismiss ("Motion") set for hearing July 8.

As the Court noted, the Motion—which is virtually identical to McCaleb/Stellar's discharge opposition and cites essentially the same case law—makes the same arguments that the Court has already rejected. Order at 6 ("some of the arguments of the [Motion] appear to be the same as the arguments I rejected here"). The Court has already held that "there is no real question" that the interpleader was proper: "there is no real question that there are competing claims to the disputed funds." *Id.* at 4; *id.* at 1 ("there is a single fund at issue and adverse claimants to that fund"); *id.* at 4 ("Bitstamp faces actual and potential competing claims to the disputed funds"). In addition, the Court rejected the core argument of McCaleb/Stellar's Motion that Ripple's claim to the Disputed Funds were not colorable: "it is sufficient that Ripple Labs made a claim." *Id.* at 5; *compare* Motion at 4-7. Finally, the Court rejected McCaleb/Stellar's "collusion" theory. *Id.*; *compare* Motion at 7-8. In short, nothing is left of McCaleb/Stellar's Motion.

Please confirm by close of business today whether Stellar and the Individual Defendants will withdraw their Motion. Absent such confirmation, Bitstamp will incur additional fees and will take the position that McCaleb/Stellar should not be heard to oppose Bitstamp's fee application.

Finally, Bitstamp interprets Judge Orrick's June 8 Order of Discharge as foreclosing any actions against it, including counterclaims, based on freezing the funds and filing the Interpleader. If any recipients of this e-mail disagree with that interpretation, and are still contemplating suit against Bitstamp based on these actions, please let us know immediately so that we may seek further Order of the Court specifically enjoining such an action. If we do not hear from you we will assume that the parties will comply with Judge Orrick's Order and refrain from bringing any further litigation against Bitstamp with regard to the matters at issue in the Interpleader.

Regards,

**Jessica K. Nall**
*Partner*
jnall@fbm.com
415.954.4468

 **FARELLA BRAUN + MARTEL LLP**

Russ Building
235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400
F 415.954.4480
www.fbm.com

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.
Farella Braun + Martel LLP

# EXHIBIT B

| | |
|---|---|
| **From:** | Rugani, Paul F. [prugani@orrick.com] |
| **Sent:** | Wednesday, June 10, 2015 5:54 PM |
| **To:** | Nall, Jessica (24) x4468; Terry Gross; Wheeler, Christopher (22) x4979; GFondo@goodwinprocter.com; Ardinger, Andrew; Adam Belsky; Parris, Mark S.; Lee, Christoffer (21) x4954; NChessari@goodwinprocter.com |
| **Subject:** | RE: Request to withdraw Motion to Dismiss; foreclosure of future litigation against Bitstamp |

Jessica-

The Individual Defendants and Stellar are considering the import of the Court's June 8 order on their pending motion to dismiss and will consider your request below. There is no basis, however, for you to demand that defendants withdraw the motion by the close of business today (essentially, within 45 hours of receiving your request) or forgo any opposition to Bitstamp's fee application. Bitstamp's response to the motion to dismiss is not due until June 17. We will inform you of our position sufficiently in advance of that deadline to allow Bitstamp to avoid incurring additional fees should the motion be withdrawn or otherwise resolved. Any fees Bitstamp chooses to undertake in the meantime are of Bitstamp's own volition. We would also be willing to extend by one week the deadline for Bitstamp to respond to the motion to dismiss if that would help Bitstamp avoid additional fees while we consider your request.

The Individual Defendants and Stellar will also consider and respond to your request concerning additional actions or claims against Bitstamp.

Paul

---

**From:** JNall@fbm.com [mailto:JNall@fbm.com]
**Sent:** Wednesday, June 10, 2015 1:06 PM
**To:** Terry Gross; CWheeler@fbm.com; GFondo@goodwinprocter.com; Ardinger, Andrew; Adam Belsky; Parris, Mark S.; CLee@fbm.com; Rugani, Paul F.; NChessari@goodwinprocter.com
**Subject:** Request to withdraw Motion to Dismiss; foreclosure of future litigation against Bitstamp

Counsel,
In light of the Court's Order of Monday, June 8, Bitstamp requests that Stellar and the Individual Defendants withdraw their motion to dismiss ("Motion") set for hearing July 8.

As the Court noted, the Motion—which is virtually identical to McCaleb/Stellar's discharge opposition and cites essentially the same case law—makes the same arguments that the Court has already rejected. Order at 6 ("some of the arguments of the [Motion] appear to be the same as the arguments I rejected here"). The Court has already held that "there is no real question" that the interpleader was proper: "there is no real question that there are competing claims to the disputed funds." *Id.* at 4; *id.* at 1 ("there is a single fund at issue and adverse claimants to that fund");*id.* at 4 ("Bitstamp faces actual and potential competing claims to the disputed funds"). In addition, the Court rejected the core argument of McCaleb/Stellar's Motion that Ripple's claim to the Disputed Funds were not colorable: "it is sufficient that Ripple Labs made a claim." *Id.* at 5; *compare* Motion at 4-7. Finally, the Court rejected McCaleb/Stellar's "collusion" theory. *Id.*; *compare* Motion at 7-8. In short, nothing is left of McCaleb/Stellar's Motion.

Please confirm by close of business today whether Stellar and the Individual Defendants will withdraw their Motion. Absent such confirmation, Bitstamp will incur additional fees and will take the position that McCaleb/Stellar should not be heard to oppose Bitstamp's fee application.

Finally, Bitstamp interprets Judge Orrick's June 8 Order of Discharge as foreclosing any actions against it, including counterclaims, based on freezing the funds and filing the Interpleader. If any recipients of this e-mail disagree with that interpretation, and are still contemplating suit against Bitstamp based on these actions, please let us know immediately so that we may seek further Order of the Court specifically enjoining such an action. If we do not hear from you we will

assume that the parties will comply with Judge Orrick's Order and refrain from bringing any further litigation against Bitstamp with regard to the matters at issue in the Interpleader.

Regards,

**Jessica K. Nall**
*Partner*
jnall@fbm.com
415.954.4468

 FARELLA BRAUN + MARTEL LLP

Russ Building                T 415.954.4400
235 Montgomery Street        F 415.954.4480
San Francisco / CA 94104     www.fbm.com

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*

# EXHIBIT C

| | |
|---|---|
| **From:** | CWheeler@fbm.com |
| **Sent:** | Friday, June 12, 2015 11:43 AM |
| **To:** | prugani@orrick.com; JNall@fbm.com; terry@gba-law.com; GFondo@goodwinprocter.com; aardinger@orrick.com; adam@gba-law.com; mparris@orrick.com; CLee@fbm.com; NChessari@goodwinprocter.com |
| **Subject:** | RE: Request to withdraw Motion to Dismiss; foreclosure of future litigation against Bitstamp |

Counsel:

We've received no substantive response to Jessica's Wednesday email regarding the Court's discharge of Bistamp from any liability in connection with the subject matter of the interpleader, including the freezing of the Disputed Funds. In its June 8 Order ("Order"), the Court held that "[i]f the interpleader was properly brought, ***the stakeholder is discharged from any further liability with respect to the subject of the dispute.***" *Id.* at 4 (emphasis added). Accordingly, the Court held that Bitstamp's interpleader was properly brought and discharged Bitstamp from any further liability with respect to the subject of the dispute. Thus, the Court's Order forecloses any action or claim against Bitstamp in connection with the subject matter of the interpleader, including the freezing of the Disputed Funds, consistent with standard interpleader practice. If no party informs Bitstamp by the end of today that it disagrees with any of the foregoing, Bitstamp will assume that all parties agree with the foregoing. If any party disagrees with any of the foregoing, please provide your reasoning so that Bitstamp can immediately bring this matter to the Court's attention. Any additional fees and/or costs incurred by Bitstamp will be added to its fee request.

Regards,

Christopher C. Wheeler
Farella Braun + Martel LLP
415.954.4979

---

**From:** Rugani, Paul F. [mailto:prugani@orrick.com]
**Sent:** Wednesday, June 10, 2015 5:54 PM
**To:** Nall, Jessica (24) x4468; Terry Gross; Wheeler, Christopher (22) x4979; GFondo@goodwinprocter.com; Ardinger, Andrew; Adam Belsky; Parris, Mark S.; Lee, Christoffer (21) x4954; NChessari@goodwinprocter.com
**Subject:** RE: Request to withdraw Motion to Dismiss; foreclosure of future litigation against Bitstamp

Jessica-

The Individual Defendants and Stellar are considering the import of the Court's June 8 order on their pending motion to dismiss and will consider your request below. There is no basis, however, for you to demand that defendants withdraw the motion by the close of business today (essentially, within 4-5 hours of receiving your request) or forgo any opposition to Bitstamp's fee application. Bitstamp's response to the motion to dismiss is not due until June 17. We will inform you of our position sufficiently in advance of that deadline to allow Bitstamp to avoid incurring additional fees should the motion be withdrawn or otherwise resolved. Any fees Bitstamp chooses to undertake in the meantime are of Bitstamp's own volition. We would also be willing to extend by one week the

1

deadline for Bitstamp to respond to the motion to dismiss if that would help Bitstamp avoid additional fees while we consider your request.
The Individual Defendants and Stellar will also consider and respond to your request concerning additional actions or claims against Bitstamp.

Paul

---

**From:** JNall@fbm.com [mailto:JNall@fbm.com]
**Sent:** Wednesday, June 10, 2015 1:06 PM
**To:** Terry Gross; CWheeler@fbm.com; GFondo@goodwinprocter.com; Ardinger, Andrew; Adam Belsky; Parris, Mark S.; CLee@fbm.com; Rugani, Paul F.; NChessari@goodwinprocter.com
**Subject:** Request to withdraw Motion to Dismiss; foreclosure of future litigation against Bitstamp

Counsel,
In light of the Court's Order of Monday, June 8, Bitstamp requests that Stellar and the Individual Defendants withdraw their motion to dismiss ("Motion") set for hearing July 8.

As the Court noted, the Motion—which is virtually identical to McCaleb/Stellar's discharge opposition and cites essentially the same case law—makes the same arguments that the Court has already rejected. Order at 6 ("some of the arguments of the [Motion] appear to be the same as the arguments I rejected here"). The Court has already held that "there is no real question" that the interpleader was proper: "there is no real question that there are competing claims to the disputed funds." *Id.* at 4; *id.* at 1 ("there is a single fund at issue and adverse claimants to that fund"); *id.* at 4 ("Bitstamp faces actual and potential competing claims to the disputed funds"). In addition, the Court rejected the core argument of McCaleb/Stellar's Motion that Ripple's claim to the Disputed Funds were not colorable: "it is sufficient that Ripple Labs made a claim." *Id.* at 5; *compare* Motion at 4-7. Finally, the Court rejected McCaleb/Stellar's "collusion" theory. *Id.*; *compare* Motion at 7-8. In short, nothing is left of McCaleb/Stellar's Motion.

Please confirm by close of business today whether Stellar and the Individual Defendants will withdraw their Motion. Absent such confirmation, Bitstamp will incur additional fees and will take the position that McCaleb/Stellar should not be heard to oppose Bitstamp's fee application.

Finally, Bitstamp interprets Judge Orrick's June 8 Order of Discharge as foreclosing any actions against it, including counterclaims, based on freezing the funds and filing the Interpleader. If any recipients of this e-mail disagree with that interpretation, and are still contemplating suit against Bitstamp based on these actions, please let us know immediately so that we may seek further Order of the Court specifically enjoining such an action. If we do not hear from you we will assume that the parties will comply with Judge Orrick's Order and refrain from bringing any further litigation against Bitstamp with regard to the matters at issue in the Interpleader.

Regards,

**Jessica K. Nall**
*Partner*
jnall@fbm.com
415.954.4468

 **FARELLA BRAUN + MARTEL** LLP

Russ Building           T 415.954.4400
235 Montgomery Street   F 415.954.4480
San Francisco / CA 94104  www.fbm.com

---

2

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

---

**NOTICE TO RECIPIENT |** This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*