1  Grant P. Fondo (SBN 181530)
   *gfondo@goodwinprocter.com*
2  Nicole L. Chessari (SBN 259970)
   *nchessari@goodwinprocter.com*
3  **GOODWIN PROCTER LLP**
   135 Commonwealth Drive
4  Menlo Park, CA 94025-1105
   Tel.: 650.752.3100
5  Fax.: 650.853.1038

6  Richard M. Strassberg (*Pro Hac Vice*)
   *rstrassberg@goodwinprocter.com*
7  **GOODWIN PROCTER LLP**
   The New York Times Building
8  620 Eighth Avenue
   New York, NY 10018-1405
9  Tel.: 212.813.8800
   Fax.: 212.355.3333
10
   Attorneys for Defendant/Cross-Plaintiff
11 RIPPLE LABS INC.

12
                    **UNITED STATES DISTRICT COURT**
13
                    **NORTHERN DISTRICT OF CALIFORNIA**
14

| | |
|---|---|
| 15  BITSTAMP LTD., a foreign company, | Case No. 15-cv-01503-WHO |
| 16           Plaintiff, | **RIPPLE LABS INC.'S RESPONSE TO BITSTAMP LTD.'S MOTION FOR ATTORNEY'S FEES AND COSTS** |
| 17       v. | |
| 18  RIPPLE LABS INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 Through 10, Inclusive, | Date:   August 12, 2015<br>Time:   2:00 p.m.<br>Dept.:  Courtroom 2, 17th Floor<br><br>Judge: Hon. William H. Orrick |
| 19 | |
| 20           Defendant. | |
| 21 | |
| 22  RIPPLE LABS INC., a California Corporation, | |
| 23           Cross-Plaintiff, | |
| 24       v. | |
| 25  JED MCCALEB, an individual, JACOB STEPHENSON, an individual, and DOES 1 Through 10, Inclusive, | |
| 26 | |
| 27           Cross-Defendants. | |

28

### I. Introduction

The vast majority of the fees and costs sought by Bitstamp Ltd.'s Motion for Attorney's Fees and Costs (the "Motion") (Dkt. Nos. 77, 80) were incurred solely due to unnecessary and burdensome tactics employed by Defendant Nancy Harris, Defendants and Cross-Defendants Jacob Stephenson and Jed McCaleb (collectively, the "McCaleb Defendants"), and proposed Intervenor Defendant Stellar Development Foundation ("Stellar," collectively, "McCaleb/Stellar").  Consequently, Defendant and Cross-Plaintiff Ripple Labs Inc. ("Ripple Labs") contends that $159,040.51 of the requested fees and costs should be paid directly by McCaleb/Stellar.  Based on the case docket and the Motion, these are the fees that would not have been incurred but for the excessive litigation tactics of McCaleb/Stellar.  Thus, these fees and costs should not be paid from the interpleader funds deposited with the Court ("Disputed Funds"). Consequently, Ripple Labs does not have a stake in whether these fees were reasonable. Moreover, Ripple Labs understands McCaleb/Stellar will be reviewing and disputing the reasonableness of some or all of these fees and costs.  Consequently, there is no need for Ripple Labs to duplicate McCaleb/Stellar's work.

As to the remaining $23,907.50 of fees claimed by Bitstamp, this amount does not appear out of the realm of reasonableness for a case like the current one, nor is it worth expending additional legal fees to litigate some small portion of that request.  Therefore, Ripple Labs does not oppose those fees and costs, but requests that these fees be paid using the XRP received and being held by Ripple Labs in conjunction with the March 20, 2015 transaction to avoid depleting the Disputed Funds.[1]

### II. Statement of Relevant Facts

Ripple Labs incorporates by reference herein Bitstamp's "Statement of Relevant Facts."

### III. Legal Standard

In an interpleader action, the court "has discretion to award attorney fees and costs: (1)

---

[1] Per Ripple Labs' prior offers and the Court's direction on July 16, 2015, Ripple Labs will be depositing control over the XRP at issue with the Court for the duration of this litigation, or as otherwise ordered.

- 1 -

1 against the losing claimants as costs to such claimants, (2) from the fund payable to the winning
2 claimants, or (3) by dividing the fees among the claimants." *Nestle Beverage Co. v. Bayerische*
3 *Vereinsbank S.A.*, No. C-92-1571 MHP, 1993 WL 96584, at *3 (N.D. Cal. Mar. 24, 1993); *see*
4 *also Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 195 (9th Cir.1962)
5 (instructing that on remand trial court has discretion to determine claimant against whom award of
6 attorney fees is charged). "Although the stakeholder's reasonable attorney's fees are usually
7 assessed against the property whose ownership is disputed, the court may, in its discretion, charge
8 them directly against a party whose conduct has largely contributed to those costs." *Koons v.*
9 *Christie, Manson & Woods Int'l Inc.*, No. 97 CIV. 4171(BSJ), 1999 WL 38195, at *3 (S.D.N.Y.
10 Jan. 27, 1999).

11 Courts, when faced with litigation behavior that caused the interpleader plaintiff to incur
12 unnecessary legal fees, will require that the party(ies) responsible pay these fees and costs.
13 *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989) (awarding all of
14 the interpleader's attorney's fees and costs against claimant because of its "unreasonable litigation
15 posture," which consisted of refusing to stipulate to the stakeholder depositing the funds with the
16 court and instead moving for motion for summary judgment and moving to dismiss the
17 interpleader complaint); *Holmes v. Artists Rights Enforcement Corp. (AREC)*, 148 F. App'x 252,
18 259 (6th Cir. 2005) (affirming award of all of the interpleader's attorneys' fees and costs against
19 particular claimants who consistently rebuffed the disinterested stakeholder's attempts to place the
20 disputed funds in an escrow account and forced the stakeholder to incur attorneys' fees and costs
21 in order to extricate itself from the litigation); *Metro. Life Ins. Co. v. Minnick*, No. 01-CV-6189
22 CJS(F), 2002 WL 1348415, at *4 (W.D.N.Y. Apr. 12, 2002) (imposing all of the interpleader's
23 fees and costs against a particular claimant for failing to timely advise plaintiff whether it would
24 stipulate to dismiss plaintiff upon payment of the proceeds into Court and questioning plaintiff's
25 use of the Interpleader statue without a good faith basis to do so).

26
27
28

IV. **Argument**

### A. The McCaleb Defendants and Stellar Should Pay $159,040.51 Of Bitstamp's Fees And Costs.

There can be little dispute that McCaleb/Stellar have been very litigious to date, and have employed aggressive extra-judicial and judicial tactics in their efforts to obtain the Disputed Funds. Bitstamp represents that, had McCaleb/Stellar agreed to stipulate to Bitstamp's discharge from this action, something Ripple Labs offered to do at the outset of this litigation, Farella never would have been retained by Bitstamp in conjunction with this action. Motion at 3-4. Rather, the entirety of what should have been a straightforward procedure would have resulted in Bitstamp incurring few fees. Based on Bitstamp's representation and the procedural history of this case, Bitstamp's fees and costs for the work performed by Farella in conjunction with this action, to the extent reimbursed pursuant to an order of this Court, should be reimbursed directly by McCaleb/Stellar rather than from the Disputed Funds.

In *Westlake Styrene, LLC v. United States*, No. CIV.A. H-10-2631, 2011 WL 643265, at *3-4 (S.D. Tex. Feb. 16, 2011), a case nearly identical to the circumstances here, the Court ordered the claimant responsible for an excessive accumulation of fees and costs incurred by the disinterested stakeholder to pay those fees and costs. One of the claimants, Louisiana Crane, objected to the stakeholder's discharge from the case on the grounds that it might seek to file a counterclaim against the stakeholder in the future (*id.* at *3) – an argument also advanced by McCaleb/Stellar in their Opposition to Bitstamp's Motion For an Order of Discharge or, In the Alternative, for Voluntary Dismissal ("Discharge Motion"),[2] which this Court rejected. The *Westlake* Court likewise rejected this argument, holding:

> Here, the only impediment to this case proceeding as a "normal" interpleader action, with Westlake paying the funds into the court and then being discharged, has been Louisiana Crane's insistence that Westlake should not be dismissed because of a counterclaim that Louisiana Crane has prevented this court from

---

[2] *See* Dkt. No. 52, at p. 1, n.2 ("Stellar and McCaleb do have counterclaims that they intend to assert against Bitstamp in the event that Bitstamp's motion for voluntary dismissal or Defendants' motion to dismiss are not granted."); p. 17 ("Stellar potentially will file counterclaims against Bitstamp for, among other things: (1) conversion; (2) breach of contract; and (3) unfair business practices. Accordingly, discharge now is improper until such time as Defendants' motion to dismiss, and Stellar's counterclaims, can be resolved.")

- 3 -

> addressing by not asserting it. If Louisiana Crane has a ripe counterclaim, it ought to have been raised. If it does not, it should not have engaged the parties and the court in unnecessary motions practice.

*Id.* at *3. In turn, the Court ordered that typical interpleader fees and costs incurred by the stakeholder to file the interpleader action be paid from the interpleader fund and that Louisiana Crane – the party that objected to Westlake's discharge – pay all costs and fees associated with Westlake's discharge motion and related pleadings. *See id.* at *4.

As in *Westlake*, but for McCaleb/Stellar's unwillingness to stipulate to or not oppose Bitstamp's discharge from this action, their extra-judicial actions, and their unnecessary motion practice, this case would have proceeded as a normal interpleader and Bitstamp would have incurred a small fraction of the fees and costs for which it seeks reimbursement. Stellar could have filed its purported counter-claims without engaging in all the unnecessary ancillary litigation, Similarly, the McCaleb defendants did not have to fight everything every step of the way and should have simply let the interpleader proceed, with them making their claims to the funds as they deem appropriate, or not. Either way, absent McCaleb/Stellar's unnecessary actions taken to significantly complicate this matter through the discharge stage of the interpleader litigation, including Stellar's efforts force Bitstamp into transferring the funds *after* the initiation of this case and without this Court's input or knowledge, Bitstamp would have incurred only fees and costs associated with the following routine tasks in an interpleader action: (1) preparing and filing the complaint (for which it is not seeking reimbursement), (2) preparing and filing a stipulation for discharge and deposit of the interpleader funds with the Court, and (3) coordinating the deposit of the funds with the Court. Instead, McCaleb/Stellar consistently resisted the normal course, refusing Bitstamp's request to discharge from the case and even refusing to appear in this action for nearly two months in hopes that waging extra-judicial threats against Bitstamp would force it transfer the Disputed Funds to Stellar and to voluntarily dismiss the interpleader complaint. These actions led to the following additional, and unnecessary, litigation, from May 13, 2015, through the present:

- Bitstamp's Discharge Motion (Dkt. No. 20);
- Ripple Labs' Ex Parte Application for a Temporary Restraining Order to prevent

- 4 -

Bitstamp from transferring the Disputed Funds to Stellar, as requested in its Discharge Motion due to extra-judicial threats from McCaleb/Stellar (Dkt. No. 23);

- Harris, McCaleb and Stephenson's Motion Dissolve or, in the Alternative, Modify Temporary Restraining Order (Dkt. No. 31);
- Stipulation granting extension to Harris, McCaleb, and Stephenson to respond to the Interpleader Complaint (Dkt. No. 33);
- Ripple Labs' Opposition to Motion to Dissolve or Modify Temporary Restraining Order (Dkt. No. 38);
- McCaleb/Stellar's Motion to Dismiss the Interpleader Complaint (Dkt. No. 41);
- Hearing on Motion to Dissolve or Modify the Temporary Restraining Order (*See* Dkt. No. 42);
- Stipulation revising briefing schedule for Discharge Motion (Dkt. No. 48);
- Negotiation of Stipulation granting Ripple Labs' preliminary injunction (Dkt. No. 55);
- Bitstamp's Reply to its Discharge Motion to refute claims in McCaleb/Stellar's Opposition to its Discharge Motion (Dkt. No. 56);
- Stipulated Protective Order prepared by Bitstamp to protect confidential exhibits to its Reply to its Discharge Motion (Dkt. No. 59);
- Preparation of Bitstamp's and Ripple Labs' respective Oppositions to McCaleb/Stellar's Motion to Dismiss which were required to be filed with the Court by June 17, 2015 (*See* Dkt. No. 60, ¶ 5), until withdrawn on June 16, 2015 (Dkt. No. 64);
- Stellar's Amended Motion to Intervene, attaching a proposed answer, cross complaint and counter complaint (Dkt. No. 88); and
- Ripple Labs' and Bitstamp's Responses to Stellar's Amended Motion to Intervene (Dkt. Nos. 92, 94).

The fees and costs incurred by Bitstamp in connection with these tasks stemmed from McCaleb/Stellar's effort to force Bitstamp to transfer the Disputed Funds and refusal to stipulate to Bitstamp's discharge, and that burden should be borne entirely by the McCaleb Defendants and Stellar.  The Farella invoices provided by Bitstamp in support of its Motion demonstrate that the

vast majority of work that Farella performed in this matter was on account of McCaleb/Stellar's actions. At minimum, all fees and costs incurred after Bitstamp filed its Discharge Motion on May 13, 2015, amounting to $159,040.51,[3] should be paid by McCaleb/Stellar. [4] [5]

### B. Ripple Labs Does Not Oppose Payment Of $23,907.50 From The Disputed Funds, But Requests Payment Be Made From The XRP Being Held.

The remaining $23,907.50[6] sought by Bitstamp, in total, does not seem excessive for a normal interpleader in a complex case such as the instant matter, nor is it worth additional legal fees and Court time to litigate that request. Therefore, Ripple Labs does not oppose reimbursement of those fees. However, Ripple Labs requests the fees and costs be reimbursed using the XRP it received and is currently holding as a result of the March 20, 2015 transaction.[7] As the Court may recall, the Disputed Funds were used to purchase this XRP. Accordingly, Ripple Labs requests an order directing that the payment be made via a transfer of the appropriate amount of held XRP to Bitstamp on the 5th business day after the Court's order, based on the market price that day. As noted in its Motion, Bitstamp is amenable to using XRP to reimburse its fees and costs. *See* Motion at 2, 13.

### V. Conclusion

Based on the foregoing, Ripple Labs respectfully requests that the Court issue an order requiring McCaleb/Stellar to pay the fees and costs awarded for work done after May 13, 2015, currently representing $159,040.51 of the fees and costs requested by Bitstamp, and that the fees

---

[3] *See* June 10, 2015 Farella invoice from the last entry on p. 2 from May 14, 2015 through p. 9.

[4] Because Ripple Labs contends that the vast majority of these fees and costs should be paid by McCaleb/Stellar, and it understands that McCaleb/Stellar will be commenting on these fees and costs, it takes no position as to reasonableness of the amount of time billed for these tasks or the billing rates of the respective Farella attorneys and staff.

[5] Arguably, the fees and costs incurred by Bitstamp to prepare its Discharge Motion should also be paid by McCaleb/Stellar, but the specific amount incurred for this work is not clear from the Farella invoices.

[6] *See* May 11, 2015 through May 13, 2015 entries on p. 2 of Farella's June 10, 2015 invoice.

[7] If the Court disagrees with Ripple Labs' request for the $159,040.51 to be paid by McCaleb/Stellar, and is inclined to order all or some portion of that amount to be paid from the Disputed Funds, Ripple Labs requests that the award be satisfied from the XRP being held, rather than the Disputed Funds.

- 6 -

RIPPLE LABS' RESPONSE TO BITSTAMP'S MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 15-cv-01503-WHO

1  and costs incurred prior to that, totaling $23,907.50, be paid to Bitstamp using the XRP from the
2  March 20, 2015 transaction.  Ripple Labs requests that any fees and costs awarded to Bitstamp to
3  be paid from the Disputed Funds be instead be paid in XRP from the March 20, 2015 transaction.

5  Dated: July 20, 2015                              Respectfully submitted,

                                            By:    /s/ Nicole L. Chessari
                                                   Grant P. Fondo (SBN 181530)
                                                   *gfondo@goodwinprocter.com*
                                                   Nicole L. Chessari (SBN 259970)
                                                   *nchessari@goodwinprocter.com*
                                                   **GOODWIN PROCTER LLP**
                                                   135 Commonwealth Drive
                                                   Menlo Park, CA 94025-1105
                                                   Tel.:  650.752.3100
                                                   Fax.:  650.853.1038

                                                   Richard M. Strassberg (*Pro Hac Vice*)
                                                   *rstrassberg@goodwinprocter.com*
                                                   **GOODWIN PROCTER LLP**
                                                   The New York Times Building
                                                   620 Eighth Avenue
                                                   New York, NY 10018-1405
                                                   Tel.:  212.813.8800
                                                   Fax.:  212.355.3333

                                                   Attorneys for Defendant/Cross-Plaintiff
                                                   RIPPLE LABS INC.

# CERTIFICATE OF SERVICE

I, Nicole L. Chessari, hereby certify that a copy of the foregoing document and attachments, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel who are not served through the CM/ECF system on July 20, 2015.

/s/ Nicole L. Chessari
Nicole L. Chessari