Terry Gross, terry@gba-law.com (SBN 103878)
Adam C. Belsky, adam@gba-law.com (SBN 147800)
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, CA 94104
Tel: (415) 544-0200
Fax: (415) 544-0201

Attorneys for Defendant
STELLAR DEVELOPMENT FOUNDATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>          Plaintiff,<br><br>     v.<br><br>RIPPLE LABS INC., a California corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.: 3:15-cv-1503-WHO<br><br>**DECLARATION OF TERRY GROSS IN OPPOSITION TO BITSTAMP'S MOTION FOR ATTORNEY'S FEES**<br><br>Date:     August 12, 2015<br>Time:    2:00 p.m.<br>Dept:    Courtroom 2, 17th Floor<br>Judge:   Hon. William H. Orrick |

1     I, TERRY GROSS, declare as follows:

2     1.     I am an attorney, duly licensed to practice law in the State of California and
admitted to practice before this Court.  I am counsel for Defendant Stellar Development
Foundation ("SDF") in this action.  I make this declaration in opposition to Bitstamp's Motion
for Attorney's Fees.  Except where otherwise noted, I have personal knowledge of the facts
stated herein and, if called upon to do so, could and would testify competently thereto.

2.     On May 18, 2015, I sent an email to Bitstamp's counsel, Jessica Nall, requesting
that Bitstamp stipulate to the intervention of SDF into this action.  Bitstamp's counsel never
responded substantively to this request.  Over the next two months, I made numerous additional
requests for Bitstamp to stipulate to SDF's intervention.  Bitstamp never communicated with me
to indicate that Bitstamp would stipulate to the intervention, and never even stated that it would
not oppose SDF's intervention.  The only time that Bitstamp indicated that it would not oppose
SDF's motion to intervene was on July 10, 2015 – just days before the July 16, 2015 hearing on
the motion to intervene, when Bitstamp filed a Response to SDF's motion.  Dkt. 94.

3.     Due to Bitstamp's refusal to stipulate, or even file a statement of non-opposition,
to SDF's motion to intervene, SDF had to incur unnecessary attorney's fees in filing its motion
to intervene and preparing for the hearing on the motion, and in unnecessary communications
with Bitstamp's counsel in unsuccessful attempts to have Bitstamp stipulate to SDF's
intervention.  Moreover, Bitstamp's refusal to stipulate to intervention delayed the progress of
this litigation by two months, and thus delayed SDF's ability to reclaim its improperly frozen
funds.  For example, at the July 16, 2015 Case Management Conference, Bitstamp's counsel
requested additional time to be able to participate in a Rule 26(f) conference and to hold a Case
Management Conference, due to the fact that SDF's counterclaim against Bitstamp was now
being filed, rather than being filed months ago.

4.     When Bitstamp first filed its Complaint, its sole counsel of record, George Frost, also its
Chief Legal Officer, also was an advisor to Ripple.  On May 6, 2015, I had a telephone

**2**
**GROSS DEC ISO STELLAR'S MOTION TO INTERVENE;**
**CASE NO.: 3:15-cv-1503-WHO**

conversation with George Frost concerning this interpleader action. I informed Frost that Stellar believed Frost was conflicted due to his prior and continuing representation of Ripple, and that Bitstamp therefore was not a disinterested stakeholder. In response, Frost said, "I've told them [Ripple] that as to this matter I'm adverse." I then asked Frost to state the date upon which he stopped representing Ripple, and Frost replied that the date on which he stopped representing Ripple was privileged so he would not tell me, and added that: "In this situation, I'm adverse to them [Ripple]. I'm no longer advising them, since the onset of this action I'm not advising them."

5. Attached hereto as Exhibit A is a true and correct copy of an email from Grant Fondo, counsel for Ripple, dated June 25, 2015.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 20th day of July, 2015, in San Francisco, California.

                                      */s/ Terry Gross*
                                      TERRY GROSS

# EXHIBIT A

**Subject:** RE: Meet And Confer Regarding Bitstamp's Motion For Attorneys' Fees And Costs
**From:** "Fondo, Grant P" <GFondo@goodwinprocter.com>
**Date:** 6/25/2015 5:28 PM
**To:** "CWheeler@fbm.com" <CWheeler@fbm.com>, "prugani@orrick.com" <prugani@orrick.com>, "aardinger@orrick.com" <aardinger@orrick.com>, "mparris@orrick.com" <mparris@orrick.com>, "Chessari, Nicole L." <NChessari@goodwinprocter.com>, "terry@gba-law.com" <terry@gba-law.com>, "adam@gba-law.com" <adam@gba-law.com>
**CC:** "JNall@fbm.com" <JNall@fbm.com>

Chris: Ripple has no objection to the use of the XRP to satisfy Bitstamp's fees in part or whole. Ripple believes McCaleb, Harris, Stephenson, and Stellar are responsible for a significant portion of the fees incurred and should pay a significant portion of Bitstamp's fees. However, without seeing Bitstamp's fee application and supporting documents Ripple cannot respond to Bitstamp's request for $182,948.01 in fees and costs, or the percentage that should be paid by McCaleb, Harris, Stephenson, and Stellar. Thank you.

Grant P. Fondo
**Goodwin Procter LLP**
135 Commonwealth Drive
Menlo Park, CA  94025
T:  650-752-3236
F:  650-853-1038
gfondo@goodwinprocter.com
www.goodwinprocter.com

**From:** CWheeler@fbm.com [mailto:CWheeler@fbm.com]
**Sent:** Thursday, June 25, 2015 5:21 PM
**To:** prugani@orrick.com; aardinger@orrick.com; mparris@orrick.com; Fondo, Grant P; Chessari, Nicole L.; terry@gba-law.com; adam@gba-law.com
**Cc:** JNall@fbm.com
**Subject:** FW: Meet And Confer Regarding Bitstamp's Motion For Attorneys' Fees And Costs

Counsel:

Bitstamp has received no response to the below email. Please provide your availability tomorrow morning for the requested conference.

Regards,
Christopher C. Wheeler
Farella Braun + Martel LLP
415.954.4979

**From:** Wheeler, Christopher (22) x4979
**Sent:** Wednesday, June 24, 2015 7:06 PM
**To:** 'Rugani, Paul F.'; Ardinger, Andrew; Parris, Mark S.; 'Fondo, Grant P'; NChessari@goodwinprocter.com; Terry Gross; Adam Belsky
**Cc:** Nall, Jessica (24) x4468
**Subject:** Meet And Confer Regarding Bitstamp's Motion For Attorneys' Fees And Costs

RE: Meet And Confer Regarding Bitstamp's Motion For Attorneys' Fe...

Case 3:15-cv-01503-WHO   Document 105-1   Filed 07/20/15   Page 6 of 7

Counsel:

Pursuant to Local Rule 54-5(b)(1), we write to meet and confer for the purpose of attempting to resolve any dispute with respect to Bitstamp's motion for attorneys' fees and costs ("Motion"), which Bitstamp will file Friday and notice for August 5. Bitstamp intends to seek $182,948.01 in fees and costs, representing (part of) the amount Bitstamp was forced to incur in pursuing, and obtaining, its release from liability. (This amount excludes the fees and costs Bitstamp is entitled to recover in connection with the Motion itself, which Bitstamp will submit with its reply brief.)

Bitstamp will propose that the Court exercise its discretion by either: (1) awarding Bitstamp's fees and costs from the Disputed Funds Bitstamp has deposited with the Court; (2) awarding Bitstamp's fees and costs from the XRP Ripple received as the result of sending the $1,038,172 in Disputed Funds to Stephenson; (3) awarding one-half of Bitstamp's fees and costs from the Disputed Funds Bitstamp has deposited with the Court and the other half of Bitstamp's fees and costs from the XRP Ripple received as the result of sending the $1,038,172 in Disputed Funds to Stephenson; or (4) awarding one-half of Bitstamp's fees and costs out of the Disputed Funds Bitstamp has deposited with the Court, one-quarter of Bitstamp's fees and costs against Stellar, and one-quarter of Bitstamp's fees and costs jointly and severally against the McCaleb Defendants.

Please advise us by no later than tomorrow whether your client will oppose Bitstamp's request, whether your client can agree in principle to any of the above options, and whether we might resolve in advance any disputes regarding Bitstamp's Motion. We are generally available to further meet and confer by phone tomorrow.

Regards,
Christopher C. Wheeler
Farella Braun + Martel LLP
415.954.4979

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

*******************************************************************

RE: Meet And Confer Regarding Bitstamp's Motion For Attorneys' Fe...

Case 3:15-cv-01503-WHO   Document 105-1   Filed 07/20/15   Page 7 of 7

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*****************************************************************