UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BITSTAMP LTD.,

        Plaintiff,

    v.

RIPPLE LABS INC., et al.,

        Defendants.

Case No. 15-cv-01503-WHO

**ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE**

Re: Dkt. No. 10

    Defendant/cross-plaintiff Ripple Labs seeks leave to file its cross-complaint and the exhibit to its cross-complaint under seal. Dkt. No. 10. It has submitted a redacted version of the cross-complaint (the "Redacted Materials") but seeks to file the entire exhibit under seal (the "Sealed Exhibit"). Ripple Labs's motion is DENIED WITHOUT PREJUDICE.

    Courts have long recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). This right is not absolute. To balance the competing interests of the public's right of access against litigants' need for confidentiality, a party seeking to file materials related to dispositive motions under seal must provide "compelling reasons" to do so. *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1180 (9th Cir. 2006). Compelling reasons justify sealing exist when the materials "might have become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, ... or release trade secrets." *Id.* at 1179. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Courts in this District treat a complaint as a dispositive motion for sealing purposes. *See, e.g., Rieckborn v. Velti PLC*, No. 13-cv-03889-WHO, 2014 WL 4964313, at *2 (N.D. Cal. Oct. 3, 2014). Moreover, the material that Ripple Labs seeks to redact is material to its cross-complaint.

    In support of its motion, Ripple Labs states that "[t]he Sealed Exhibit is a confidential settlement agreement entered into by the parties and the Redacted Materials are information the

1 parties agreed to keep confidential under the settlement agreement." Fondo Decl. ¶ 3 [Dkt. No.
2 10-1]. It also states that "[p]ublic disclosure of the aforementioned information would be
3 damaging to the parties to the settlement agreement, some of whom are not parties to this action,
4 as it would violate the legitimate privacy interests of and create a risk of particularized harm to the
5 parties to the settlement agreement, some of whom are not parties to this action." *Id*. ¶ 5. Ripple
6 Labs's conclusory boilerplate assertion lacks "articulate compelling reasons supported by specific
7 factual findings" and does not outweigh the "strong presumption" favoring disclosure.
8 *Kamakana*, 447 F.3d at 1178-81.

9 It appears that Ripple Labs seeks to seal information the disclosure of which would not be
10 damaging to anyone. Specific account numbers are likely properly redacted from the cross-
11 complaint, but much of the material which Ripple Labs seeks to seal from the cross-complaint
12 appears innocuous, including non-specific references to other parties with no identifying
13 information. Similarly, Ripple Labs seeks to seal the entire exhibit to its cross-complaint, a
14 settlement agreement entered into by the parties, but much of the settlement agreement is not
15 properly sealable. Indeed, the parties cited entire provisions of the settlement agreement in their
16 briefing regarding McCaleb's and Stephenson's motion to compel. Other provisions contain
17 information whose disclosure would not damage anyone.

18 If Ripple Labs still wishes to seal its cross-complaint and the exhibit to the cross-
19 complaint, it must, within 14 days of this order, submit narrowly tailored redactions of both and a
20 new declaration that articulates "compelling reasons supported by specific factual findings" to
21 justify sealing. *Kamakana,* 447 F.3d at 1178-79. It is possible that McCaleb is in a better position
22 than Ripple Labs to explain why this material should be sealed (indeed, much of the information at
23 issue appears to relate to him, not Ripple Labs). If that is the case, McCaleb should join in Ripple
24 Labs's motion and file a declaration establishing why the material should be sealed.

25 **IT IS SO ORDERED**.

26 Dated: August 6, 2015



WILLIAM H. ORRICK
United States District Judge