UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>RIPPLE LABS INC., et al.,<br><br>    Defendants. | Case No. 15-cv-01503-WHO<br><br>**ORDER DENYING BITSTAMP'S MOTION FOR ATTORNEY'S FEES AND COSTS WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 80 |

## INTRODUCTION

Bitstamp LTD. filed an interpleader complaint, asserting that defendants Ripple Labs Inc., Jeb McCaleb, Jacob Stephenson, and Nancy Harris had competing claims to $1,038,172 in its possession. Bitstamp now moves for an award of attorney's fees and costs incurred in bringing the interpleader action, following its discharge. Pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and I VACATE the hearing set for August 12, 2015. Until I know what Bitstamp's role was--merely an innocent holder of the disputed funds or an active participant in the dispute -- I will not have sufficient information to decide this motion. Accordingly, I DENY Bitstamp's motion for attorney's fees and costs without prejudice to its renewal at a later time.

## BACKGROUND

In March 26 and 30, 2015, Bitstamp received letters from Ripple Labs claiming that Bitstamp was in possession of $1,038,172 (the "disputed funds") to which Ripple Labs was entitled. Compl. ¶¶ 13-14 [Dkt. No. 1]. Ripple Labs represented that it had entered into a contract with McCaleb on August 13, 2014, under which McCaleb agreed to limit sales by himself and his

family members to $10,000 worth of XRP[1] per week.  *Id*.  According to Ripple Labs, McCaleb breached that agreement in March 2015 by selling approximately $1,038,172 worth of XRP on Bitstamp's gateway from a Ripple account which Bitstamp believes is controlled by McCaleb and his cousin, Stephenson.  *Id*. ¶¶ 13-15, 18.  Ripple Labs represented that it purchased the XRP offered by that account to avoid and mitigate irreparable harm and damages that it would have suffered otherwise.  *Id.* ¶¶ 19-20.  The $1,038,172 that Ripple Labs used to purchase the XRP comprises the disputed funds at issue in this action.  Ripple Labs demanded that Bitstamp release the disputed funds to Ripple Labs, and stated that in return it would return the XRP it had purchased.  *Id.* ¶¶ 14, 21.

Bitstamp claimed that it faced competing ownership claims from Ripple Labs and Stephenson, and that McCaleb and Harris may also make claims to the funds.  *Id*. ¶¶ 25-29.  It froze the accounts containing the disputed funds due to the ownership dispute on March 31, 2005.  *Id*. ¶ 24.  On April 1, 2015, Bitstamp filed this interpleader complaint, "seek[ing] the Court's assistance in resolving ownership rights of rival claimants to the same assets."

On April 29, 2015, Ripple Labs filed a cross-complaint against McCaleb and Stephenson for breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference with contractual relations, all arising from the settlement agreement between McCaleb and Ripple Labs.  Dkt. No. 9.  Ripple Labs did not name Bitstamp as a cross-defendant.

On May 13, 2013, Bitstamp filed its motion for an order of discharge.  Dkt. No. 20.  Bitstamp also sought permission to release the disputed funds to Stellar Development Foundation, digital currency company co-founded by McCaleb, which owns the Ripple account containing the disputed funds.  McCaleb, Stephenson, and Harris ("individual defendants") and proposed intervenor-defendant Stellar[2] filed a joint response stating that Bitstamp's motion for a discharge

---

[1] XRP is a digital math-based currency only used within the Ripple protocol, a digital payment system.  Compl. ¶ 10.  Ripple Labs develops software that implements and interacts with the Ripple protocol.  *Id*.  Bitstamp operates a gateway for XRP, permitting the exchange of XRP for other digital currency and fiat currency, including U.S. dollars.  *Id*. ¶ 12.

[2] Stellar filed a motion to intervene in this action on May 22, 2015, asserting that it is the owner of the disputed funds.  Dkt. No. 39-1.

1   should be denied because there is no legitimate dispute concerning ownership of the disputed
2   funds. Dkt. No. 52. In contrast, Ripple Labs filed a response stating that Bitstamp's motion for a
3   discharge should be granted. Dkt. No. 53. I found that the requirements for an interpleader action
4   were met and granted Bitstamp's motion for discharge on June 8, 2015. Dkt. No. 63.

On August 6, 2015, I granted Stellar's motion to intervene in this matter. Dkt. No. 117. Stellar alleges an unfair competition claim against Bitstamp, contending that Bitstamp improperly froze the disputed funds in Stellar's account.[3] Dkt. No. 88, first claim for relief.

## LEGAL STANDARD

The award of attorney fees in an interpleader action is fundamentally a matter of discretion of the trial court. *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194-95 (9th Cir. 1962). Fees "may properly be denied when the plaintiff has some interest in the outcome of the case." *San Rafael Compania Naviera, S. A. v. Am. Smelting & Ref. Co.*, 327 F.2d 581, 587 (9th Cir. 1964).

If fees are granted, "[t]he amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). Recoverable fees are "typically modest" and limited to such actions as "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Id*. 234 F.3d at 426-27.

## DISCUSSION

Bitstamp seeks $182,948.01 in connection with maintaining the interpleader action and its discharge motion and an additional $75,882.98 in connection with its motion for attorneys' fees, for a total of $258.830.99. That is not the modest amount typically seen in interpleader cases. *See, e.g., Tise*, 234 F.3d at 426 (recoverable fees in interpleader actions are "typically modest").[4]

---

[3] I ordered Stellar to file its proposed cross and counterclaims by August 13, 2015. Dkt. No. 117 at 2.

[4] The individual defendants seek to file portions of their response under seal. Dkt. No. 100. The motion is unopposed. For good cause, the individual defendants' motion to seal is GRANTED.

Bitstamp asserts that it is entitled to attorney's fees and costs because it is a disinterested stakeholder, it has deposited the disputed funds with the court, and it has obtained discharge from any liability in connection with the disputed funds. It requests that I assess the award in one of the following four ways: (i) from the disputed government-issued funds that have been deposited with the Court, (ii) from the XRP digital currency that has been deposited with the Court; (iii) one half from the government-issued funds and one half from the XRP, or (iv) one-half from the government-issued funds, one-quarter from Stellar, and one-quarter jointly and severally from the individual defendants, McCaleb, Stephenson, and Harris.

The other parties have responded to Bitstamp's motion, with their arguments lining up with their positions in the underlying litigation. Ripple Labs asserts that the vast majority of Bitstamp's attorney's fees and costs were incurred due to the individual defendants' and Stellar's litigation tactics. Dkt. No. 104. It contends that $159.040.51[5] of the requested fees and costs should be assessed directly against the individual defendants and Stellar. Ripple Labs requests that the remaining $23,907.50 be paid using the XRP to avoid depleting the disputed funds.

The individual defendants contend that I should not award Bitstamp fees and costs because its actions were not helpful and were inconsistent with the traditional disinterested role of an interpleader plaintiff. Dkt. No. 100-3. They argue that Bitstamp sued the wrong defendants, McCaleb and Harris, who have not made claims to the disputed funds, and failed to name as a defendant the party that did claim the disputed funds, Stellar. The individual defendants also contend that the requested amount is excessive and not adequately supported by time records submitted to the Court. *Id.* at 16. If I find that some amount of fees are appropriate, the individual defendants request that I limit the award to no more than $20,000 and assess the award against either the disputed funds or the XRP deposited with the Court.

Stellar agrees that Bitstamp's motion should be denied because it is not a disinterested or innocent stakeholder. Dkt. No. 105. It contends that Bitstamp took actions that interfered with

---

[5] This figure is based on the $182,948.01 which Bitstamp requested in its moving papers. The parties have not specifically addressed the $75,882.98 Bitstamp seeks in connection with this fees motion.

4

Stellar's rights and solely benefited Ripple Labs, and participated in a scheme with Ripple Labs which played a substantial role in creating the underlying dispute. Alternatively, Stellar asserts that I should deny the motion as premature, pending litigation of its counterclaims against Bitstamp, which will illuminate improper actions taken by Bitstamp that created the underlying dispute. *Id.* at 15. In the event that fees and costs are granted, Stellar requests that the award be assessed against the XRP deposited with the Court.

I agree with Stellar that I should deny the motion for the time being. It is not yet clear to me whether Bitstamp merely acted as an innocent holder of the disputed funds or had a more active role. Given the allegations against it, it would be premature to award Bitstamp interpleader fees until I have more information. *See, e.g., Cagle v. James St. Grp.*, 2009 WL 2230928, at *5 (W.D. Okla. July 23, 2009) (decision whether to award fees in interpleader action was premature where there where claims pending against party seeking fees) *aff'd sub nom. Cagle v. The James St. Grp.*, 400 F. App'x 348 (10th Cir. 2010); 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 1719 Practice in Interpleader Actions—Costs and Attorney's Fees (3d ed. 2001) (fees and costs are not allowed in interpleader actions as a matter of course; "[t]ypically they are available only when the party initiating the interpleader is acting as a mere stakeholder").

## CONCLUSION

I DENY Bitstamp's motion for attorney's fees and costs without prejudice to Bitstamp renewing it once its involvement in this case has been adjudicated or otherwise resolved. Dkt. No. 80.

**IT IS SO ORDERED**.

Dated: August 10, 2015

WILLIAM H. ORRICK
United States District Judge