GRANT P. FONDO (SBN 181530)
*gfondo@goodwinprocter.com*
NICOLE L. CHESSARI (SBN 259970)
*nchessari@goodwinprocter.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.:  650.752.3100
Fax.:  650.853.1038

RICHARD M. STRASSBERG (*Pro Hac Vice*)
*rstrassberg@goodwinprocter.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel.:  212.813.8800
Fax.:  212.355.3333

Attorneys for Defendant, Crossclaimant and
Cross-Defendant RIPPLE LABS INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BITSTAMP, LTD., a foreign company,<br><br>Plaintiff,<br>v.<br><br>RIPPLE LABS INC., a Delaware Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  3:15-cv-01503-WHO<br><br>**ANSWER TO COUNTERCLAIM AND CROSSCLAIM**<br><br><br>Department:    2, 17th Floor<br>Judge:            Hon. William H. Orrick |
| STELLAR DEVELOPMENT FOUNDATION, a Delaware Nonprofit Corporation,<br><br>Counterclaimant and Crossclaimant,<br>v.<br><br>RIPPLE LABS, INC., a Delaware Corporation, GEORGE FROST, an individual, BITSTAMP, LTD., a foreign company, and DOES 1-20, inclusive,<br><br>Cross-Defendants and Counter-Defendant. | |

Defendant, Crossclaimant and Cross-Defendant Ripple Labs Inc. ("Ripple Labs") hereby answers the Counterclaim and Crossclaim of Defendant, Counterclaimant, and Crossclaimant Stellar Development Foundation ("SDF"). Ripple Labs' responses are made without waiving, and expressly reserving, all rights that Ripple Labs has to file dispositive motions addressed to some or all of the claims asserted in the Counterclaim and Crossclaim. Except as expressly admitted herein, each and every allegation in the Counterclaim and Crossclaim is denied.

## INTRODUCTION

1.      Ripple Labs admits that in early 2015, Ripple Labs knew it was the target of a federal criminal investigation and knew that it was likely to enter into a settlement agreement with the U.S. Department of Justice. Ripple Labs denies the remaining allegations in paragraph 1.

2.      Ripple Labs denies each and every allegation in paragraph 2.

3.      Ripple Labs denies each and every allegation in paragraph 3.

4.      Ripple Labs denies each and every allegation in paragraph 4.

## PARTIES

5.      Ripple Labs admits that SDF purports to be a Delaware nonprofit organization with its principal place of business in San Francisco, California. Ripple Labs lacks sufficient knowledge or information on which to admit or deny the remaining allegations in paragraph 5, and on that basis, denies those allegations.

6.      Admitted.

7.      Ripple Labs admits that it is a Delaware corporation with its principal place of business in San Francisco, California. Ripple Labs further admits that it develops open source software that implements and interacts with the Ripple protocol – a decentralized ledger payment standard. Ripple Labs denies the remaining allegations in paragraph 7.

8.      Ripple Labs admits that Cross-Defendant George Frost ("Frost") is an individual, who, on information and belief, resides in the Northern District of California. Ripple Labs further admits that Frost has, at times served as outside legal counsel to Ripple Labs. Ripple Labs denies the remaining allegations in paragraph 8.

9.      Ripple Labs lacks sufficient knowledge or information on which to admit or deny the allegations of paragraph 9, and on that basis, denies those allegations.

10.     Ripple Labs denies each and every allegation in paragraph 10.

## JURISDICTION AND VENUE

11.     Admitted.

12.     Admitted.

## FACTS

13.     Ripple Labs admits that it is a startup with an enterprise sales team focused on banks.  Ripple Labs has insufficient knowledge or information on which to admit or deny the allegations in paragraph 13 pertaining to SDF's true goals, and on that basis denies those allegations.  Ripple Labs denies the remaining allegations in paragraph 13.

14.     Ripple Labs admits that the ongoing federal investigation made it more difficult for Ripple Labs to finalize a financing round.  Ripple Labs further admits the allegations in the last sentence of paragraph 14 generally tracks the FinCEN Assessment.  The allegation that Ripple Labs believed that the government investigation would "damage its position in the virtual currency market," is vague and ambiguous, and on that basis, Ripple Labs denies that allegation.  Ripple Labs denies the remaining allegations in paragraph 14.

15.     Ripple Labs denies each and every allegation in paragraph 15.

16.     Ripple Labs admits that during July and August 2014, Ripple Labs engaged in negotiations with Jed McCaleb ("McCaleb") and SDF to resolve concerns by Ripple Labs related to sales by McCaleb of XRP owned or controlled by McCaleb or his family members.  Ripple Labs further admits that Frost acted as one of Ripple Labs' legal advisors during the settlement negotiations. Ripple Labs denies the remaining allegations in paragraph 16.

17.     Denied.

18.     Ripple Labs admits, on information and belief, that in or about March 2015, Jacob Stephenson ("Stephenson"), McCaleb's cousin, was offering for sale approximately 96 million XRP.  Ripple Labs further admits that Stephenson used most of the proceeds from his XRP sale to

1    purchase SDF's native currency, STR.  Ripple Labs denies the remaining allegations in paragraph

2    18.

3          19.     Ripple Labs admits that on March 19, 2015, Ripple Labs, through its agent,

4    purchased the approximately 96 million XRP that Stephenson was offering for sale.  Ripple Labs

5    further admits that specifically, on March 19, 2015, on information and belief, Ripple Labs

6    offered, through its agent, GSR, to purchase the 96,342,367 XRP from Stephenson for $963,424.

7    Ripple Labs further admits that on information and belief, after receiving $1,038,172, Stephenson

8    transferred $74,748 to an account indicated by Sirkia.  Ripple Labs denies the remaining

9    allegations in paragraph 19.

10         20.     Ripple Labs denies each and every allegation in paragraph 20.

11         21.     Ripple Labs denies each and every allegation in paragraph 21.

12         22.     Ripple Labs denies each and every allegation in paragraph 22, including without

13    limitation SDF's characterization of Ripple Labs' statements to the extent they are inaccurate or

14    and/or incomplete.

15         23.     Ripple Labs admits that, after it purchased the 96,342,367 XRP from Stephenson

16    on March 19, 2015, it learned that Stephenson was utilizing the funds that he obtained through his

17    XRP sale to purchase STRs on the Coinex exchange.  Ripple Labs further admits on information

18    and belief that on March 20, 2015, Stephenson transferred approximately $963,000 to the Coinex

19    exchange.  Further answering, Ripple Labs states on information and belief that all allegations in

20    SDF's Counterclaim and Crossclaim concerning acts by Stephenson were done at the direction of

21    or for the benefit of McCaleb and SDF.  Ripple Labs lacks sufficient knowledge or information on

22    which to admit or deny the remaining allegations in paragraph 23, and on that basis, denies those

23    allegations.

24         24.     Ripple Labs admits that beginning on or about March 20, 2015, Ripple Labs,

25    through its then Chief Risk Officer, Greg Kidd, contacted the operator of Coinex exchange

26    regarding the transfer of approximately $963,000 by Stephenson to the Coinex exchange.  Ripple

27    Labs further admits that on March 26, 2015, Ripple Labs sent a letter, by email, to Coinex, in

28    which Ripple Labs requested that Coinex deliver to Ripple Labs $961,000 that Stephenson had

1  improperly transferred to Coinex and was attempting to convert into STR.  Ripple Labs denies the

2  remaining allegations in paragraph 24.

3      25.     Ripple Labs admits that, on or around March 28, 2015, Coinex sent $1,006,130.94

4  to SDF's account number rPQB4rgmwoaCjdX4BeoWikeshWL3fLMLD7 ("rPQ") on the Ripple

5  network, which included funds received by Stephenson from the March 19, 2015 transaction.

6  Ripple Labs denies the remaining allegations in paragraph 25.

7      26.     Ripple Labs admits that Bitstamp "froze" the funds in SDF's rPQ account, and that

8  these funds were not able to be withdrawn from the Ripple protocol.  Ripple Labs further admits

9  that, through its counsel, it sent two letters to Bitstamp on March 26 and March 30, 2015,

10 respectively.  Ripple Labs further admits that, in its March 26, 2015 letter, it asserted its interest in

11 the approximately $75,000 that the user of Ripple Labs account r3Q attempted to remove from the

12 Ripple protocol and demanded the immediate transfer of the $75,000 to Ripple Labs.  Ripple Labs

13 further admits that, in its March 30, 2015 letter, Ripple Labs notified Bitstamp of its understanding

14 that there was approximately $963,000 of additional funds in Bitstamp's control and demanded

15 that Bitstamp not release the $963,000 and $75,000 to anyone other than Ripple Labs and that,

16 upon receipt, Ripple Labs would return the XRP sold by Stephenson on March 20, 2015 to its

17 original owner.  Ripple Labs denies the remaining allegations in paragraph 26.

18     27.     Ripple Labs admits that on April 1, 2015, Bitstamp filed an interpleader in this

19 Court.  Ripple Labs denies the remaining allegations in paragraph 27.

20     28.     Ripple Labs denies each and every allegation in paragraph 28.

21                          **FIRST CLAIM FOR RELIEF**

22            (Violation of California Business and Professions Code § 17200 *et seq.*)

23     29.     Ripple Labs incorporates its above responses in paragraphs 1 – 28 as though fully

24 set forth herein.

25     30.     Ripple Labs denies each and every allegation in paragraph 30.

26     31.     Ripple Labs lacks sufficient knowledge or information on which to admit or deny

27 the allegations in paragraph 31, and on that basis, denies those allegations.

28                         **SECOND CLAIM FOR RELIEF**

(Interference With Economic Relations)

32.     Ripple Labs incorporates its above responses in paragraphs 1 – 31 as though fully set forth herein.

33.     Ripple Labs lacks sufficient knowledge or information as the exact nature of SDF and Coinex's agreements, if any, and further lacks sufficient knowledge or information on which to admit or deny the remaining allegations in paragraph 33, and on that basis, denies each and every allegation in paragraph 33.

34.     Ripple Labs incorporates is response to paragraph 33 as though fully set forth herein, and on that basis, denies those allegations.

35.     Ripple Labs denies each and every allegation in paragraph 35.

36.     Ripple Labs denies each and every allegation in paragraph 36.

37.     Ripple Labs denies each and every allegation in paragraph 37.

38.     Ripple Labs denies each and every allegation in paragraph 38.

39.     Ripple Labs denies each and every allegation in paragraph 39.

**THIRD CLAIM FOR RELIEF**

(Interference With Economic Relations)

40.     Ripple Labs incorporates its above responses in paragraphs 1 –39 as though fully set forth herein.

41.     Ripple Labs lacks sufficient knowledge or information on which to admit or deny the allegations in paragraph 41, and on that basis, denies those allegations.

42.     Ripple Labs lacks sufficient knowledge or information on which to admit or deny the allegations in paragraph 42, and on that basis, denies those allegations.

43.     Ripple Labs lacks sufficient knowledge or information on which to admit or deny the allegations in paragraph 43, and on that basis, denies those allegations.

44.     Ripple Labs lacks sufficient knowledge or information on which to admit or deny the allegations in paragraph 44, and on that basis, denies those allegations.

45.     Ripple Labs admits that it learned, after it purchased the approximately 96 million XRP from Stephenson on March 19, 2015, that Stephenson intended to utilize the funds obtained

1   from that transaction to purchase STR on through Coinex.  Ripple Labs denies the remaining

2   allegations in paragraph 45.

3         46.     Ripple Labs incorporates its above responses to paragraphs 23 – 27 as though fully

4   set forth herein.  Ripple Labs denies the remaining allegations in paragraph 46.

5         47.     Ripple Labs denies each and every allegation in paragraph 47.  Ripple Labs further

6   incorporates its above response to paragraph 20 as though fully set forth herein.

7         48.     Ripple Labs denies each and every allegation in paragraph 48.  Ripple Labs further

8   incorporates its above responses to paragraphs 23 – 25 as though fully set forth herein.

9         49.     Ripple Labs denies each and every allegation in paragraph 49.  Ripple Labs further

10  incorporates its above responses to paragraphs 26 – 27 as though fully set forth herein.

11        50.     Ripple Labs denies each and every allegation in paragraph 50.

12        51.     Ripple Labs denies each and every allegation in paragraph 51.

13        52.     Ripple Labs denies each and every allegation in paragraph 52.

14  **PRAYER FOR RELIEF**

15  Having responded to the allegations of SDF as set forth above, Ripple Labs denies that

16  SDF is entitled to any relief sought, and requests that the Court (1) order that SDF takes nothing

17  by its claims against Ripple Labs and dismiss the claims against Ripple Labs with prejudice; (2)

18  enter judgment in Ripple Labs' favor; (3) award Ripple Labs its costs of suit and attorneys' fees;

19  and (4) award Ripple Labs any other relief as the Court deems just and proper.

20  **GENERAL DENIAL**

21  All allegations set forth in SDF's Counterclaim and Crossclaim not specifically admitted

22  above are denied.

23  **AFFIRMATIVE DEFENSES**

24  Without admitting any of SDF's allegations or assuming any burden of proof, persuasion

25  or production not otherwise legally assigned to it as to any element of SDF's claims, and

26  reserving the right to amend this Answer to assert any additional defenses when, and if, in the

27  course of its investigation, discovery, preparation for trial or otherwise it becomes appropriate to

28  assert such defenses, Ripple Labs asserts the following affirmative defenses. The actions alleged

herein include not only SDF, but the actions of its officers, directors, founders, and agents, including McCaleb:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

SDF's Crossclaim and Counterclaim, and each and every cause of action therein, fails to set forth facts sufficient to constitute a cause of action or a claim for relief against Ripple Labs.

## SECOND AFFIRMATIVE DEFENSE
### (Good Faith)

SDF's claims against Ripple Labs are barred or limited, in whole or in part, because Ripple Labs acted in good faith at all relevant times.

## THIRD AFFIRMATIVE DEFENSE
### (No Unfair, Unlawful or Fraudulent Business Practices)

SDF's claims against Ripple Labs are barred in whole or part because Ripple Labs has not engaged in any unlawful, unfair, or fraudulent business practices within the meaning of California Business and Professions Code Section 17200.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

SDF's rights and claims against Ripple Labs, if any, are barred in whole or in part by the equitable defense of unclean hands, including due to McCaleb's breach of the Settlement Agreement; SDF's providing inconsistent information to Bitstamp, and failure to immediately provide information requested by Bitstamp pursuant to its Anti Money Laundering Policy; and, upon information and belief, SDF's purported but questionable status as a nonprofit.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Other Equitable Doctrines)

SDF's claims against Ripple Labs, if any, are barred in whole or in part by the doctrine of waiver, estoppel, and other equitable doctrines.

**SIXTH AFFIRMATIVE DEFENSE**
**(Injury Caused by Party Other Than Ripple Labs)**

Any injury purportedly suffered by SDF was caused by SDF itself, or by the acts or omissions of third parties, and not by any act or omission of Ripple Labs.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

SDF failed to take reasonable steps to mitigate damages, if there were any, including by SDF's providing inconsistent information to Bitstamp, and failure to immediately provide information requested by Bitstamp pursuant to its Anti Money Laundering Policy.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

SDF's claim under California Business and Professions Code Sections 17200 et seq. is barred because SDF has not lost money or property as a result of the alleged unfair competition, as required by Business and Professions Code Section 17204, and therefore lacks standing to assert the claim.

**NINTH AFFIRMATIVE DEFENSE**
**(No Actual Damages)**

SDF's has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages or other economic or non-economic damages as a result of any alleged conduct of Ripple Labs.

**TENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim for Punitive or Exemplary Damages)**

SDF's has failed to state a claim against Ripple Labs upon which relief may be granted for punitive or exemplary damages.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

If in fact the Counterclaim and Crossclaim is held to contain a claim upon which relief maybe granted, then SDF's recovery, if any, must be reduced by the relative amount of comparative fault attributable to SDF or its agents or persons other than Ripple Labs.

## TWELFTH AFFIRMATIVE DEFENSE
### (Litigation Privilege)

Ripple Labs actions were taken in anticipation of and in relation to litigation and therefore SDF's claims are barred by the litigation privilege.

Dated:  September 8, 2015                    Respectfully submitted,

By:  /s/ Nicole L. Chessari
GRANT P. FONDO (SBN 181530)
*gfondo@goodwinprocter.com*
NICOLE L. CHESSARI (SBN 259970)
*nchessari@goodwinprocter.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.:  650.752.3100
Fax.:  650.853.1038

RICHARD M. STRASSBERG (*Pro Hac Vice*)
*rstrassberg@goodwinprocter.com*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Tel.:  212.813.8800
Fax.:  212.355.3333

Attorneys for Defendant, Crossclaimant and Cross-Defendant RIPPLE LABS INC.

1

## CERTIFICATE OF SERVICE

2          I, Nicole L. Chessari, hereby certify that a true and correct copy of the above and foregoing

3 document has been served on September 8, 2015, to all counsel of record who are deemed to have

4 consented to electronic service via the Court's CM/ECF system per Civil L.R. 5-1(h). Any

5 counsel of record who have not consented to electronic service through the Court's CM/ECF

6 system will be served by first class mail, facsimile and/or overnight delivery.

7

8                                             /s/ Nicole L. Chessari
                                              Nicole L. Chessari

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28