Terry Gross, terry@gba-law.com (SBN 103878)
Adam C. Belsky, adam@gba-law.com (SBN 147800)
Monique Alonso, monique@gba-law.com (SBN 127078)
Gross Belsky Alonso LLP
1 Sansome Street, Suite 3670
San Francisco, CA 94104
Tel: (415) 544-0200
Fax: (415) 544-0201

Attorneys for Plaintiff
Maurice Caldwell

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BITSTAMP, LTD., a foreign company,<br><br>    Plaintiff,<br><br>    v.<br><br>RIPPLE LABS, INC., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 15-cv-01503-WHO<br><br>**DECLARATION OF TERRY GROSS IN SUPPORT OF EMERGENCY ADMINISTRATIVE MOTION BY DEFENDANT STELLAR DEVELOPMENT FOUNDATION TO CONTINUE DEADLINE FOR OPPOSITION TO BITSTAMP, LTD.'S SPECIAL MOTION TO STRIKE COUNTERCLAIM AND ASSOCIATED HEARING DATE** |
| STELLAR DEVELOPMENT FOUNDATION, a Delaware Nonprofit Corporation, RIPPLE LABS, INC., a California Corporation,<br><br>    Counterclaimant and Crossclaimant,<br><br>    v.<br><br>RIPPLE LABS INC., a California Corporation, GEORGE FROST, an individual, BITSTAMP LTD., a foreign company, and DOES 1 through 20, inclusive,<br><br>    Cross-Defendants and Counter-Defendants. | Dept:    Courtroom 2, 17th Floor<br>Judge:   Hon. William H. Orrick<br><br>[Local Rules 6-1, 6-3, and 7-11] |

I, Terry Gross, declare as follows:

1. I am a partner at Gross Belsky Alonso LLP ("GBA"), the law firm that is counsel of record for Counterclaimant and Crossclaimant, Stellar Development Foundation ("SDF"), in this action and I am familiar with the case file and records in this matter and make this declaration of my own personal knowledge, and if called upon, could testify competently thereto.

2. This declaration is made in support of SDF's Emergency Motion to Continue Deadline for Opposition to Bitstamp, Ltd.'s ("Bitstamp") Special Motion to Strike Counterclaim and Associated Hearing Date.

3. GBA is a small law firm. Adam Belsky is the attorney at GBA that had primary responsibility for responding to Bitstamp's Special Motion. Mr. Belsky was out of the office on vacation and work from August 30, 2015, returning on September 8, 2015. Terry Gross is the only other attorney at GBA who is working on this case, and he has been out of the office on vacation and work commitments from August 30, 2015, with a planned return date of September 14, 2015.

4. On September 1, 2015, Bitstamp and SDF engaged in a telephonic Rule 26(f) conference. Mr. Belsky represented SDF during this telephonic conference, and during this conference, Mr. Belsky, informed Bitstamp's counsel that both he and Mr. Gross were out of the office on vacation and work, and that Mr. Belsky would not return until September 8, 2015.

5. On September 1, 2015, at 5:15 pm, after the Rule 26(f) conference, Bitstamp filed its Special Motion, seeking "an order striking SDF's counterclaim against it and awarding its attorneys' fees and costs incurred in making the motion, pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16." Special Motion at 10:8-10 (Dkt. 130).

6. On September 5, 2015, while still out of the office, Mr. Belsky became ill with a serious illness stemming from an as-yet undiagnosed infection, which has caused internal bleeding, blood in his urine, fever, nausea, dizziness, and cramps. The cause of Mr. Belsky's illness has not yet been diagnosed, but laboratory tests are continuing. Mr. Belsky attempted to

1  work on the opposition to the Special Motion on September 9, 2015, but realized that he was
2  incapable of work due to his illness.

3        7.     Due to Mr. Belsky's illness, I took a deposition in another case on September 10,
4  2015, but have not yet returned to the office. Despite still nominally being on vacation have been
5  working on emergency litigation matters due to Mr. Belsky's illness.

6        8.     On September 10, 2015, while I was still out of the office, I telephoned Bistamp's
7  counsel, Kelly Woodruff, to request a short continuance of the hearing and corresponding briefing
8  schedule of one week due to Mr. Belsky's illness. I also informed Ms. Woodruff that SDF would
9  be filing a motion for discovery pursuant to the Anti-SLAPP statute, and asked if Bitstamp would
10 stipulate to discovery, or would agree to continue the hearing on the Special Motion by two
11 weeks to allow the Court additional time to consider the motion for discovery.

12       9.     Later on September 10, 2015, Ms. Woodruff responded that "If you simply need
13 more time to respond to the motion . . . then we will recommend to our client to grant you the
14 additional time you need" but *only if* SDF "guarantee[s] us that you won't use the time to seek
15 discovery" to oppose the evidence raised in Bitstamp's Special Motion. I responded that "[t]hat
16 one-week extension is not 'to allow Stellar to move for discovery,' [but] is due to Adam[
17 Belsky]'s unexpected and difficult medical condition." I asked Ms. Woodruff to "reconsider this
18 request for a one-week extension," but there has been no response from Bitstamp's counsel. A
19 true and correct copy of this email exchange with Ms. Woodruff is attached hereto as Exhibit A.

20      10.    Mr. Belsky's severe illness, along with planned time out of the office, has resulted
21 in SDF being unable to adequately file an opposition to Bitstamp's Special Motion by the current
22 deadline of Tuesday, September 15, 2015. Absent a one-week extension, SDF will be harmed
23 because it will be unable to adequately oppose Bitstamp's Special Motion prior to the deadline for
24 its opposition.

25      11.    There have been no previous time modifications in this case.

12. Granting SDF's request for a one-week extension to oppose Bitstamp's Special Motion and a corresponding one-week extension in the hearing date would have no effect on the larger schedule for this case.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this declaration was executed on September 11, 2015 in San Francisco, California.

      */s/ Terry Gross*     .
      TERRY GROSS

# Exhibit A

**Subject:** Re: Stellar counterclaim vs. Bitstamp
**From:** Terry Gross <terry@gba-law.com>
**Date:** 9/10/2015 11:54 PM
**To:** KWoodruff@fbm.com
**CC:** Jessica Nall <JNall@fbm.com>, Adam Belsky <adam@gba-law.com>
**BCC:** Terry Gross <terry@gba-law.com>

Kelly --
I made two separate requests to you: (1) to continue the hearing date for a week, due to Adam's illness and my absence from the office; and (2) to continue the hearing date an additional week, as SDF was going to bring a motion for discovery, and the extra week would provide the Court sufficient time for briefing and ruling on that motion. As I informed you during the call, I had not yet returned to the office from vacation.

I am sorry that you are unwilling to provide the professional courtesy of a one-week extension due to illness. That one-week extension is not "to allow Stellar to move for discovery," it is due to Adam's unexpected and difficult medical condition. As I informed you, SDF will be filing a motion for discovery no matter what, so Bitstamp's refusal to provide the courtesy of a one-week extension will not prevent a motion for discovery. I would appreciate it if you would reconsider this request for this one-week extension.

(I also believe that a number of your statements below are inaccurate, both about the statements that I made during our telephone call concerning the need for discovery, and about your interpretation of the merits of Bitstamp's special motion, but I do not think that it is necessary to address or resolve those issues here, where SDF is simply asking for Bitstamp's agreement to a short continuance of the hearing date, as those issues will properly be addressed in SDF's opposition to the special motion.)

Thank you for your consideration.

Terry

On Thu, Sep 10, 2015 at 5:16 PM, <KWoodruff@fbm.com> wrote:

> Dear Terry,
>
>
>
> This will confirm the substance of our call this afternoon. At 3:25 pm, you called to ask me whether Bitstamp would agree to a short continuance of the hearing and corresponding briefing schedule for the anti-SLAPP motion Bitstamp filed nine days ago (on September 1). Your response is currently due next Tuesday, September 15. You first stated that Adam was very sick, which would require one week, but also that you wanted to make a motion for discovery which would require a second week.

I specifically asked you what discovery Stellar needs to oppose the anti-SLAPP motion. You replied generically that you need discovery about evidence contained in the Graftieux Declaration submitted in connection with Bitstamp's discharge motion, and also discovery related to Frost's actions taken with Ripple in connection with the McCaleb settlement agreement and the transaction with Coinex. You were unable to articulate how such discovery was necessary or even relevant to oppose the anti-SLAPP motion.

For the reasons stated during the call, Bitstamp is not willing to continue the hearing either to allow Stellar to move for discovery or, worse, to complete discovery. If Stellar needs additional time to oppose the motion, we are willing to consider it <u>after</u> we consult with our client, which, as you know, is located in Luxemburg and not available at this time.

The reasons are numerous. First, the anti-SLAPP statute is designed, first and foremost, to reduce the time and expense defendants sued in frivolous SLAPP suits must spend in court. The primary reason discovery is automatically stayed upon the filing of an anti-SLAPP motion is the recognition that having to defend against a meritless SLAPP suit, and in particular respond to burdensome and expensive discovery, is harmful to the defendant regardless of an ultimate defeat of the action. This is particularly true here, when you were unable to articulate any legitimate basis for why Stellar counterclaimed against Bitstamp other than to punish it and harass it for filing the interpleader action. Stellar's counterclaim is a SLAPP, and it should be dismissed at the earliest opportunity.

Second, contrary to your contentions in our call, discovery is not allowed in the Ninth Circuit (or in California state courts) absent a showing of a need for particular discovery to oppose the motion. I direct your attention to just a few of the cases discussing the point. *Moser v. Triarc Companies, Inc.,* 2007 WL 3026425 (S.D.Cal.2007) (courts use Rule 56(f) standard, namely requiring discovery where non-moving party has not had the opportunity to discover information essential to its opposition to the motion); *New.Net v. Lavasoft,* 356 F.Supp.2d 1090, 1101–02 (S.D.Cal.2004) (concluding there is no "inherent 'direct collision' between the expedited procedure contemplated in the Anti–SLAPP statute, and the provisions of Rule 56" and that the opposing party must "persuade the court that discovery is essential to its opposition"); *Price v. Stossel,* 590 F. Supp. 2d 1262, 1270 (C.D. Cal. 2008).

You were unable to identify any discovery that you needed from Bitstamp that Stellar needed to oppose the anti-SLAPP motion. Although you cited the Graftieux Declaration as a basis for discovery (despite the fact, of course, that Judge Orrick has already ruled against Stellar

conclusively on the issues raised by the Gratieux Declaration), Bitstamp does not rely on <u>any</u> evidence in the Graftieux Declaration for its motion.

Finally, where, as here, the anti-SLAPP motion is based entirely on legal arguments, discovery is not allowed on an anti-SLAPP motion.  "If an anti-SLAPP motion is "founded on purely legal arguments," then the analysis of Rules 8 and 12 applies, section 425.16(g) does not conflict with the federal rules, and discovery must be stayed pursuant to that statute." *Nat'l Abortion Federation v. Center for Medical Progress*, 2015 WL 5071977, *4 (N.D. Cal. Aug. 27, 2015), citing *Z.F. v. Ripon Unified Sch. Dist.*, 482 F. App'x 239, 240 (9th Cir. 2012).

Bitstamp made three arguments in support of its anti-SLAPP motion, all purely legal:

1. Stellar's counterclaim is barred by collateral estoppel;

2. Bitstamp's actions in freezing and interpleading the funds are absolutely privileged by Civil Code section 47(b)(2);

3. Stellar cannot prevail because Bitstamp cannot be held vicariously liable on a UCL claim, and Stellar did not allege that Bitstamp directed or controlled any of Frost's allegedly wrongful actions other than as related to the interpleader.  Stellar cannot amend its counterclaim to try to rectify its deficiencies and prolong its frivolous litigation.  *Browne v. McCain,* 611 F.Supp.2d 1062, 1068 (C.D.Cal.2009) ("since the statutory intent is to provide a quick, inexpensive method of dismissing SLAPP suits, leave to amend is improper").

Terry, I say this with all sincerity, please consider dismissing the counterclaim against Bitstamp now before Stellar gets hit with even more of Bitstamp's attorneys' fees for its frivolous action.  At the very least, do not waste everyone's time and money seeking discovery that Stellar is not entitled to and will not get under the law.

If you simply need more time to respond to the motion, <u>and will guarantee us that you won't use the time to seek discovery</u>, then we will recommend to our client to grant you the additional time you need, and can probably let you know tomorrow.  But if you persist in continuing this harassing, frivolous action by seeking unnecessary and burdensome discovery, we will seek all additional attorneys' fees incurred in responding.

Regards,

Kelly

**Kelly A Woodruff**

*Litigation Partner*

kwoodruff@fbm.com

415.954.4403



Russ Building              T 415.954.4400
235 Montgomery Street      F 415.954.4480
San Francisco / CA 94104   www.fbm.com

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

--
=============
Terry Gross
Gross Belsky Alonso LLP
One Sansome Street, Suite 3670
San Francisco, CA 94104
Tel: 415 544-0200 x101
Fax: 415 544-0201
www.gba-law.com