Terry Gross, terry@gba-law.com (SBN 103878)
Adam C. Belsky, adam@gba-law.com (SBN 147800)
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, CA 94104
Tel: (415) 544-0200
Fax: (415) 544-0201

Attorneys for Defendant, Counterclaimant, and Crossclaimant
STELLAR DEVELOPMENT FOUNDATION

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| BITSTAMP, LTD., a foreign company, | Case No.: 15-cv-1503 |
| Plaintiff, | **DECLARATION OF TERRY GROSS IN SUPPORT OF STELLAR DEVELOPMENT FOUNDATION'S OPPOSITION TO BITSTAMP'S SPECIAL MOTION TO STRIKE COUNTERCLAIM** |
| vs. | |
| RIPPLE LABS INC., a Delaware Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, and DOES 1 through 10, inclusive, | |
| Defendants. | Date: October 21, 2015 |
| STELLAR DEVELOPMENT FOUNDATION, a Delaware Nonprofit Corporation, | Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick<br>Courtroom: 2, 17th Floor |
| Counterclaimant and Crossclaimant, | |
| vs. | |
| RIPPLE LABS, INC. a Delaware Corporation, GEORGE FROST, an individual, BITSTAMP, LTD., a foreign company, and DOES 1-20, inclusive, | |
| Cross-Defendants and Counter-Defendant. | |

**1
DECLARATION OF TERRY GROSS STELLAR DEVELOPMENT FOUNDATION'S OPPOSITION TO
BITSTAMP'S SPECIAL MOTION TO STRIKE COUNTERCLAIM; CASE No.: 15-cv-1503**

I, Terry Gross, declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California and admitted to practice before this Court. I am counsel for Stellar Development Foundation ("SDF") in connection with this action. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.  I submit this declaration in opposition to Bitstamp's Special Motion to Strike Complaint, but only to address procedural issues related to Bitstamp's failure to name SDF as a defendant and Bitstamp's refusal to agree to SDF's intervention into the case.  This declaration does not provide factual information relevant to any of the three claims raised by Bitstamp in its Special Motion to Strike.

2. On April 26, 2015, before the interpleader was filed, upon information and belief, Jed McCaleb, an officer of SDF, informed Bitstamp's CEO Dan Morehead, that Stellar had $1 million in a Bitstamp account.  On May 6, 2015, I had a telephone conversation with J.B. Graftieaux, Bitstamp's Chief Compliance Officer, and informed him that some of the funds frozen by Bitstamp belonged to SDF. Attached hereto as Exhibit A is a true and correct copy of various email correspondence confirming both instances of notification.

3. Attached hereto as Exhibit B is a true and correct copy of the September 10, 2015, email I received from Kelly Woodruff, counsel for Bitstamp, in which she asserted that Bitstamp's motion raised "purely legal issues" and that therefore no discovery was permitted.

4. On May 11, 2015, I received an email from George Frost and Jessica Nall in which Mr. Frost stated that Bitstamp had determined that Ripple did not have a valid claim on the disputed funds, and that Bitstamp would move to voluntarily dismiss the interpleader and that Bitstamp would deliver SDF's funds to SDF.  Based on these representations, SDF refrained from filing a motion to intervene. Attached hereto as Exhibit C is a true and correct copy of the May 11, 2015 email correspondence. I asked Jessica Nall, Bitstamp's counsel, to stipulate to intervention by SDF.  Bitstamp never responded to my request.  Bitstamp never indicated that it did not oppose intervention until July 10, 2015, less than a week before the July 16, 2015 hearing on SDF's motion, when it filed a Response.

5. No discovery has yet been taken on SDF's Counterclaim specifically, or on any other part of this case.

6. On June 10, 2015, Jessica Nall, counsel for Bitstamp, sent an email requesting that the Individual Defendants withdraw their motion to dismiss. Attached hereto as Exhibit D is a true and correct copy of the June 10, 2015 email from Jessica Nall.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 29th day of September, 2015, in San Francisco, California.

                                             /s/   *Terry Gross*               .
                                             TERRY GROSS

# EXHIBIT A



## Re: Fwd: My personal account is now frozen
2 messages

```
MIME-Version: 1.0
Received: by 10.170.80.5 with HTTP; Wed, 25 Mar 2015 07:44:40 -0700 (PDT)
Date: Wed, 25 Mar 2015 07:44:40 -0700
Delivered-To: jed2000@gmail.com
Message-ID: <CAOaN8So60sarbLxBx=8Hv=H0ynkf=sG2W6-OFaPkqBVeV1hdXQ@mail.gmail.com>
Subject: RE: Bitcoin Trade
From: Jed McCaleb <jed2000@gmail.com>
To: Matt Gorham <Matt@panteracapital.com>

Hey Matt
My current company has about $1M USD on bitstamp. I asked Dan if next time
you were going to wire there if you could just take our bitstamp USD
instead. He said to just let you know and you could tell me next time you
are sending money there.

Thanks,

Jed.
```

On Fri, Jul 17, 2015 at 1:50 PM, Joyce Kim <joyce@stellar.org> wrote:
> Let me look up our phone call logs. We talked to Dan via phone - stay tuned.

> On Fri, Jul 17, 2015 at 12:13 PM, Terry Gross <terry@gba-law.com> wrote:
>> Joyce --
>> Bitstamp filed its interpleader complaint on April 1.
>> You sent your first email to Dan Morehead about your personal account being frozen on April 2. Did you also mention at that time that SDF owned the rPQ account? (I don't see anything about that in your email string.)
>>
>> When was your first communication to anyone at Bitstamp to the effect that the rPQ account was owned by SDF? This is important for the fee motion. If you did so by email, please send me the email.

On 7/17/2015 7:49 AM, Joyce Kim wrote:

> PRIVILEGED AND CONFIDENTIAL
>
> COMMON INTEREST/JOINT DEFENSE
>
> My first email to them telling them my account is frozen.
>
> ---------- Forwarded message ----------
> From: **Dan Morehead** < dan@panteracapital.com>
> Date: Thu, Apr 2, 2015 at 3:32 PM
> Subject: RE: My personal account is now frozen
> To: Joyce Kim < joyce@stellar.org>, Jed McCaleb < jed@stellar.org>
>
> I have a strong letter into the Bitstamp board.
>
> Please let me know if anything changes.
>
> Dan
>
>
> **DAN MOREHEAD**
>
> CEO
>
> _____
>
> **T:** 415 360 3601   **EA:** 415 360 3602
>
> # P A N T E R A
>
> **From:** Joyce Kim [mailto: joyce@stellar.org]
> **Sent:** Thursday, April 02, 2015 2:45 PM

**To:** Dan Morehead; Jed McCaleb
**Subject:** My personal account is now frozen

My personal account at Bitstamp is now frozen. Bitstamp has certainly overstepped its boundaries.

--
Terry Gross
Gross Belsky Alonso LLP
One Sansome Street, Suite 3670
San Francisco, CA 94104
Tel:   415 544-0200 x101
Fax:   415 544-0201
www.gba-law.com
terry@gba-law.com

**Subject:** Bitstamp
**From:** Jean-Baptiste Graftieaux <jb.graftieaux@bitstamp.net>
**Date:** 5/6/2015 9:32 AM
**To:** Terry Gross <terry@gba-law.com>

Dear Terry,

Following our telephone conversation yesterday, unless I am mistaken, we have not received the email you were planning to send to us that summarises:

1. Information about the accounts that you believe Bitstamp has incorreclty frozen (as we need this information to move forward);
2. A short summary of your suggested course of action.

On a side note, could you please provide us with the following information:

- Evidence that Stellar is the owner of the disputed funds;
- Information about Stellar's registration with FinCEN as an SMB;
- Information about Stellar's AML/CTF programme

It would be great to receive this information in order to continue our dialogue on this matter.

Thank you,

Kind regards
Jean-Baptiste Graftieaux

# EXHIBIT B

**Subject:** Stellar counterclaim vs. Bitstamp
**From:** <KWoodruff@fbm.com>
**Date:** 9/10/2015 5:16 PM
**To:** <terry@gba-law.com>
**CC:** <JNall@fbm.com>, <adam@gba-law.com>

Dear Terry,

This will confirm the substance of our call this afternoon. At 3:25 pm, you called to ask me whether Bitstamp would agree to a short continuance of the hearing and corresponding briefing schedule for the anti-SLAPP motion Bitstamp filed nine days ago (on September 1). Your response is currently due next Tuesday, September 15. You first stated that Adam was very sick, which would require one week, but also that you wanted to make a motion for discovery which would require a second week.

I specifically asked you what discovery Stellar needs to oppose the anti-SLAPP motion. You replied generically that you need discovery about evidence contained in the Graftieux Declaration submitted in connection with Bitstamp's discharge motion, and also discovery related to Frost's actions taken with Ripple in connection with the McCaleb settlement agreement and the transaction with Coinex. You were unable to articulate how such discovery was necessary or even relevant to oppose the anti-SLAPP motion.

For the reasons stated during the call, Bitstamp is not willing to continue the hearing either to allow Stellar to move for discovery or, worse, to complete discovery. If Stellar needs additional time to oppose the motion, we are willing to consider it <u>after</u> we consult with our client, which, as you know, is located in Luxemburg and not available at this time.

The reasons are numerous. First, the anti-SLAPP statute is designed, first and foremost, to reduce the time and expense defendants sued in frivolous SLAPP suits must spend in court. The primary reason discovery is automatically stayed upon the filing of an anti-SLAPP motion is the recognition that having to defend against a meritless SLAPP suit, and in particular respond to burdensome and expensive discovery, is harmful to the defendant regardless of an ultimate defeat of the action. This is particularly true here, when you were unable to articulate any legitimate basis for why Stellar counterclaimed against Bitstamp other than to punish it and harass it for filing the interpleader action. Stellar's counterclaim is a SLAPP, and it should be dismissed at the earliest opportunity.

Second, contrary to your contentions in our call, discovery is not allowed in the Ninth Circuit (or in California state courts) absent a showing of a need for particular discovery to oppose the motion. I direct your attention to just a few of the cases discussing the point. *Moser v. Triarc Companies, Inc.,* 2007 WL 3026425 (S.D.Cal.2007) (courts use Rule 56(f) standard, namely requiring discovery where non-moving party has not had the opportunity to discover information essential to its opposition to the motion); *New.Net v. Lavasoft,* 356 F.Supp.2d 1090, 1101–02 (S.D.Cal.2004) (concluding there is no "inherent 'direct collision' between the expedited procedure contemplated in the Anti–SLAPP statute, and the provisions of Rule 56" and that the opposing party must "persuade the court that discovery is essential to its opposition"); *Price v. Stossel*, 590 F. Supp. 2d 1262, 1270 (C.D. Cal. 2008).

You were unable to identify any discovery that you needed from Bitstamp that Stellar needed to oppose the anti-SLAPP motion. Although you cited the Graftieux Declaration as a basis for discovery (despite the fact, of course, that Judge Orrick has already ruled against Stellar conclusively on the issues raised by the Graftieux Declaration), Bitstamp does not rely on <u>any</u> evidence in the Graftieux Declaration for its motion.

Finally, where, as here, the anti-SLAPP motion is based entirely on legal arguments, discovery is not allowed on an anti-SLAPP motion. "If an anti-SLAPP motion is "founded on purely legal arguments," then the analysis of Rules 8 and 12 applies, section 425.16(g) does not conflict with the federal rules, and discovery must be stayed pursuant to that statute." *Nat'l Abortion Federation v. Center for Medical Progress*, 2015 WL 5071977, *4 (N.D. Cal. Aug. 27, 2015), citing *Z.F. v. Ripon Unified Sch. Dist.*, 482 F. App'x 239, 240 (9th Cir. 2012).

Bitstamp made three arguments in support of its anti-SLAPP motion, all purely legal:

1. Stellar's counterclaim is barred by collateral estoppel;
2. Bitstamp's actions in freezing and interpleading the funds are absolutely privileged by Civil Code section 47(b)(2);
3. Stellar cannot prevail because Bitstamp cannot be held vicariously liable on a UCL claim, and Stellar did not allege that Bitstamp directed or controlled any of Frost's allegedly wrongful actions other than as related to the interpleader. Stellar cannot amend its counterclaim to try to rectify its deficiencies and prolong its frivolous litigation. *Browne v. McCain,* 611 F.Supp.2d 1062, 1068 (C.D.Cal.2009) ("since the statutory intent is to provide a quick, inexpensive method of dismissing SLAPP suits, leave to amend is improper").

Terry, I say this with all sincerity, please consider dismissing the counterclaim against Bitstamp now before Stellar gets hit with even more of Bitstamp's attorneys' fees for its frivolous action. At the very least, do not waste everyone's time and money seeking discovery that Stellar is not entitled to and will not get under the law.

If you simply need more time to respond to the motion, <u>and will guarantee us that you won't use the time to seek discovery</u>, then we will recommend to our client to grant you the additional time you need, and can probably let you know tomorrow. But if you persist in continuing this harassing, frivolous action by seeking unnecessary and burdensome discovery, we will seek all additional attorneys' fees incurred in responding.

Regards,
Kelly

**Kelly A Woodruff**
*Litigation Partner*
kwoodruff@fbm.com
415.954.4403

 FARELLA BRAUN + MARTEL LLP

Russ Building                T 415.954.4400
235 Montgomery Street        F 415.954.4480
San Francisco / CA 94104     www.fbm.com

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.
Farella Braun + Martel LLP

# EXHIBIT C

The decision to grant a voluntary dismissal under Rule 41(a)(2) is committed to the sound discretion of the district court. *See, e.g., Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001). The Ninth Circuit has repeatedly advised that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir.1982)). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* (internal quotations and citation omitted).

Background: We originally filed the interpleader based on the demands made by Ripple Labs (see below), the apparent competing claims of ownership to these funds, and Ripple Labs' allegations that Jed/Stellar was disguising the ownership and control of the accounts at issue ("funneling").

Bitstamp was most concerned by allegations that our exchange was being used as a conduit by an unregistered digital currency exchange (Stellar Foundation), which was not a Bitstamp client, and had not demonstrated AML compliance. We believed then and continue to believe that this transaction posed an undue compliance risk. Our concerns were exacerbated by our awareness of an ongoing criminal investigation targeting McCaleb and Stellar, and therefore we sought to minimize our compliance risk by filing the interpleader and asking the court's assistance.

What has changed? Essentially, we now have a better understanding of the transaction and in particular, have had benefit of reviewing Ripple Lab's counterclaims. This is fundamentally a contract breach action that does not require the continued involvement of a stakeholder. Ripple Labs can seek relief to enforce compliance with the Settlement Agreement, and has ample means to obtain and seize assets of McCaleb's should it prevail. (For instance, McCaleb in Ripple Labs that is subject to seizure.)

Moreover, in our view, releasing the $1 million funds is not damaging to RL — Ripple Labs is holding one side of the deal — the xrp — while we holding the other side — the $1 million. Thus Ripple Labs already has received the benefit of the bargain and we do not believe it makes sense for us to hold the cash or place it with the court (which, according to Stellar, will prompt (meritless, we believe) claims against Bitstamp for conversion etc. Nonetheless, we do not want to be drawn into the middle of this fight which could drain our resources and consume many, many of the coming days.

Accordingly, the Board of Directors of Bitstamp Ltd. has instructed me to move to dismiss this action, so that the real parties in interest can fight it out themselves.

As Stellar has formally claimed ownership of the funds. I am including Stellar's attorney on this email.

A short time ago we received this communication from Jacob Stephenson, a cousin of Stellar founder Jed McCaleb, whose Bitstamp account was used for the transaction he describes as follows:

**From:** Jacob Stephenson [mailto:tarsque@gmail.com]
**Sent:** May 11, 2015 8:55 AM
**To:** jb.graftieaux@bitstamp.net; Bitstamp - Nejc Kodric; Dan Morehead
**Subject:** Bitstamp USD claim

Hi,

This is Jacob Stephenson. I don't have any claim over the Bitstamp USD.

I started with XRP and sold that XRP for USD. I then used that USD to purchase STR. I now own STR and have no claim on the USD. As far as I know, at this point the USD belongs to Stellar Development Foundation.

thanks,
Jacob Stephenson

```
Time | SDF     |  Haste | Jacob | Ripple Labs
---------------------------------------------------
1 | STR in S |  | XRP in R | USD in R
Jacob sells XRP
2 | STR in S |  | USD in R | XRP in R
Jacob moves to Haste
3 | STR in S | USD in R | USD in S | XRP in R
Jacob buys STR
4 | USD in S | USD in R | STR in S | XRP in R

              SDF cashes out from Haste
5 | USD in R |  | STR in S | XRP in R
SDF wants to cash out from Bitstamp
```

    I understand that Ripple Labs will seek an injunction to prevent release of the funds to Stellar. We should coordinate so that the court can hear these arguments together, short fuse. I suggest that we tee this up for a hearing for Wednesday or Thursday if this works for each of you.

    In the meantime, I strongly urge you two Grant and Terry) to talk, and see if you can devise a means to settle this dispute, agree to an alternate forum, or at least carry on this fight without us.

    Toward this end, Grant, can you please extend a short (two or three day) extension for receiving a response from the Stellar related entities? I am not sure what there deadline is, but I am certain the court would grant this short extension if asked.

Thank you,

George

Attachments:

| | |
|---|---|
| image005.jpg | 3.2 KB |
| image006.png | 5.2 KB |
| 2015-03-26 N. Kodric Letter.pdf | 38.4 KB |
| 2015-03-30 Letter to N. Kodric.pdf | 22.7 KB |

**EXHIBIT D**



# Fwd: Request to withdraw Motion to Dismiss; foreclosure of future litigation against Bitstamp

1 message

**Subject:** Request to withdraw Motion to Dismiss; foreclosure of future litigation against Bitstamp
**Date:** Wed, 10 Jun 2015 20:05:44 +0000
**From:** JNall@fbm.com
**To:** terry@gba-law.com, CWheeler@fbm.com, GFondo@goodwinprocter.com, aardinger@orrick.com, adam@gba-law.com, mparris@orrick.com, CLee@fbm.com, prugani@orrick.com, NChessari@goodwinprocter.com

Counsel,

In light of the Court's Order of Monday, June 8, Bitstamp requests that Stellar and the Individual Defendants withdraw their motion to dismiss ("Motion") set for hearing July 8.

As the Court noted, the Motion—which is virtually identical to McCaleb/Stellar's discharge opposition and cites essentially the same case law—makes the same arguments that the Court has already rejected. Order at 6 ("some of the arguments of the [Motion] appear to be the same as the arguments I rejected here"). The Court has already held that "there is no real question" that the interpleader was proper: "there is no real question that there are competing claims to the disputed funds." *Id.* at 4; *id.* at 1 ("there is a single fund at issue and adverse claimants to that fund"); *id.* at 4 ("Bitstamp faces actual and potential competing claims to the disputed funds"). In addition, the Court rejected the core argument of McCaleb/Stellar's Motion that Ripple's claim to the Disputed Funds were not colorable: "it is sufficient that Ripple Labs made a claim." *Id.* at 5; *compare* Motion at 4-7. Finally, the Court rejected McCaleb/Stellar's "collusion" theory. *Id.*; *compare* Motion at 7-8. In short, nothing is left of McCaleb/Stellar's Motion.

Please confirm by close of business today whether Stellar and the Individual Defendants will withdraw their Motion. Absent such confirmation, Bitstamp will incur additional fees and will take the position that McCaleb/Stellar should not be heard to oppose Bitstamp's fee application.

Finally, Bitstamp interprets Judge Orrick's June 8 Order of Discharge as foreclosing any actions against it, including counterclaims, based on freezing the funds and filing the Interpleader. If any recipients of this e-mail disagree with that interpretation, and are still contemplating suit against Bitstamp based on these actions, please let us know immediately so that we may seek further Order of the Court specifically enjoining such an action. If we do not hear from you we will assume that the parties will comply with Judge Orrick's Order and refrain from bringing any further litigation against Bitstamp with regard to the matters at issue in the Interpleader.

Regards,

**Jessica K. Nall**

*Partner*

jnall@fbm.com

415.954.4468


FARELLA BRAUN + MARTEL LLP

Russ Building                    T 415.954.4400
235 Montgomery Street            F 415.954.4480
San Francisco / CA 94104         www.fbm.com

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP