SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
ANTHONY K. LEE (CA Bar No. 156018)
alee@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Cross-Defendant George Frost*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BITSTAMP LTD., a foreign company,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS, Inc., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>STELLAR DEVELOPMENT FOUNDATION, a Delaware Nonprofit Corporation,<br><br>Counterclaimant and Crossclaimant<br><br>v.<br><br>RIPPLE LABS, INC, a Delaware Corporation, GEORGE FROST, an individual, BITSTAMP, LTD., a foreign company, and DOES 1-20 inclusive,<br><br>Cross-Defendants and Counter-Defendant. | Case No. 15-CV-01503-WHO<br><br>**CROSS-DEFENDANT GEORGE FROST'S SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS STELLAR DEVELOPMENT FOUNDATION'S CROSS-CLAIMS**<br><br>Date:   November 10, 2015<br>Time:   3:00 p.m.<br>Judge:  Hon. William H. Orrick<br>Courtroom: 2, 17th Floor |

# TABLE OF CONTENTS

**Page**

STATEMENT OF ISSUES ..................................................................................................................1

POINTS AND AUTHORITIES ..........................................................................................................2

I.   INTRODUCTION .....................................................................................................................2

II.  STATEMENT OF FACTS ........................................................................................................4

III. STATEMENT OF LAW ...........................................................................................................5

    A.   The Anti-SLAPP Statute...................................................................................................5

    B.   Rule 12(b)(6).....................................................................................................................6

IV.  ARGUMENT.............................................................................................................................7

    A.   SDF's First Claim Should Be Stricken Under The Anti-SLAP Statute.................8

        1.   The claim arises from protected activity..................................................................8

        2.   SDF cannot show a probability of prevailing on the claim ...................................9

            a.   Litigation privilege...........................................................................................9

            b.   Collateral estoppel ..........................................................................................10

            c.   Injury and relief under the unfair-competition law............................................11

    B.   All Of SDF's Claims Should Be Dismissed Under Rule 12(b)(6) For Failure To State A Claim................................................................................................................12

        1.   First claim (unfair competition).............................................................................12

        2.   Second and third claims (interference with economic relations).........................13

V.   CONCLUSION........................................................................................................................14

# TABLE OF AUTHORITIES

**Case**   **Page**

*American Zurich Ins. Co. v. Country Villa Serv. Corp.*,
 No. 2:14-cv-03779-RSWL-AS, 2015 WL 4163008, at *4 (C.D. Cal. July 9, 2015) ......... 8

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................. 7, 14

*Awimer v. Turk Hava Yollari, A.O.*,
 No. 1:15-cv-69 GEB-GSA, 2015 WL 5922206, at *1 (E.D. Cal. Oct. 9, 2015) ............... 6

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 554 (2007) ........................................................................................... 4, 7, 13

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
 20 Cal. 4th 163 (1999) ............................................................................................ 11-12

*Choyce v. SF Bay Area Independent Media Center*,
 No. 13-cv-01842-JST, 2013 WL 6234628 (N.D. Cal. Dec. 1, 2013) .............................. 14

*Employers Ins. of Wausau v. Granite State Ins. Co.*,
 330 F.3d 1214 (9th Cir. 2003) ......................................................................................... 8

*Finton Const., Inc. v. Bidna & Keys P.C.*,
 238 Cal. App. 4th 200 (2015) ........................................................................................ 10

*Healy v. Tuscany Hills Landscape & Recreation Corp.*,
 137 Cal. App. 4th 1 (2006) .............................................................................................. 6

*Korea Supply Co. v. Lockheed Martin Corp.*,
 29 Cal. 4th 1134 (2003) ................................................................................................ 12

*Lapachapelle v. Kim*,
 No. 15-cv-02195-JSC, 2015 WL 5461542, at *7 (N.D. Cal. Sept. 16, 2015) ............. 4, 14

*Nevelle v. Chudacoff*,
 160 Cal. App. 4th 1255 (2008) ........................................................................................ 8

*Plummer v. T.H.E. Ins. Co.*,
 No. B246940, 2014 WL 915834 (Cal. Ct. App. Mar. 10, 2014) ................................ 8, 10

*Rusheen v. Cohen*,
 37 Cal. 4th 1048 (2006) ................................................................................................... 8

*Silberg v. Anderson*,
 50 Cal. 3d 205 (1990) ................................................................................................... 10

*Tuck Beckstoffer Wines LLC v. Ultimate Distributors, Inc.*,
    682 F. Supp. 2d 1003 (N.D. Cal. 2010) ............................................................................... 8

**<u>Statutes</u>**

California Civil Code section 47(b) ........................................................................................... 9
California Code of Civil Procedure section 425.16 .................................................. 3, 5-6, 8, 12, 14

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 10, 2015, at 3:00 p.m. or as soon as possible as counsel can be heard, Cross-Defendant George Frost will move before the Honorable William H. Orrick, United States District Judge, in Courtroom 2, 17th Floor, of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, as follows:

Mr. Frost will seek an order (i) striking the first claim for relief asserted in Stellar Development Foundation's Answer and Counterclaim and Crossclaim (Dkt. No. 122), under California Code of Civil Procedure section 425.16; and (ii) dismissing the first, second, and third claims for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion is based on this notice, the following points and authorities, the accompanying proposed order, and all pleadings, papers, files, and records in this action, including Bitstamp's Special Motion To Strike Counterclaim (Dkt. No. 130) and Reply In Support Of Bitstamp's Special Motion To Strike Counterclaim (Dkt. No. 156).

## STATEMENT OF ISSUES

1. Should the first claim for relief asserted against Cross-Defendant George Frost in the Answer and Counterclaim and Cross-Claim ("Cross-Claim") of Stellar Development Foundation ("SDF") (Dkt. No. 122) be stricken under the California anti-SLAPP statute, California Code of Civil Procedure section 425.16, where the claim is based on conduct protected by both the statute, and SDF cannot show a probability of prevailing on the claim because of issues involving litigation privilege, collateral estoppel, failure to allege injury, and inability to obtain relief?

2. Should the first claim asserted in SDF's Cross-Claim also be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against Mr. Frost, for the same reasons SDF cannot show a probability of prevailing as discussed above?

3. Should the second and third claims asserted in SDF's Cross-Claim be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against Mr. Frost, where the claims are not based on any well-pleaded allegations that Mr. Frost engaged in any actionable conduct?

## POINTS AND AUTHORITIES

### I.  INTRODUCTION

This is a case of a lawyer being sued for acting as a lawyer. It started as an interpleader action filed by the digital-currency exchange Bitstamp Ltd., who asked the Court to decide which of several competing claimants was entitled to certain disputed funds on Bitstamp's network. Stellar Development Foundation ("SDF") – a digital-currency entity affiliated with Jed McCaleb, cousin to fund claimant Jacob Stephenson – then intervened and filed counter- and cross-claims against Plaintiff Bitstamp and fund claimant Ripple Labs. SDF also reached out and sued movant George Frost, Bitstamp's general counsel.

SDF's Cross-Claim posits some sort of grand conspiracy among Mr. Frost, Bitstamp, and Ripple Labs to prop up the price of Ripple's currency, keep down that of SDF, and seize and withhold money belonging to SDF. Shorn of these conclusory allegations, however, the Cross-Claim narrative boils down to this: Bitstamp, with Mr. Frost as its general counsel, became faced with competing demands to certain funds on its network, froze the funds, and filed an interpleader action to decide entitlement to the funds. That's it.

SDF's first claim for relief against Mr. Frost (unfair competition) is based on the interpleader filing and the acts that necessarily preceded it, i.e., the freezing of the funds in

SDF's Bitstamp account.  Thus, the claim is based on litigation-related activity protected by the California anti-SLAPP statute, California Code of Civil Procedure section 425.16.[1]  The burden shifts to SDF to show it has a probability of prevailing on the claim, but it cannot do so.  Among other things, the same activity that triggers application of the anti-SLAPP statute also triggers application of the litigation privilege, precluding liability for that conduct.  The unfair-competition claim should be stricken.

The unfair-competition claim is also barred by collateral estoppel.  In its order granting Bitstamp's motion for discharge, this Court has already ruled that Bitstamp acted in good faith in freezing the funds and filing the interpleader.  Bitstamp thus faces no liability for doing so, and neither does its agent, Mr. Frost.  For these and other reasons, not only does the unfair-competition claim fall short of the post under the anti-SLAPP statute, but it also fails to state a claim under Rule 12(b)(6).

SDF's second and third claims for relief (both for interference with economic relations) also should be dismissed under Rule 12(b)(6).  These claims are based on ***Ripple's*** dealings with others – nonparty Coinex and fund claimant Stephenson.  There are no well-pleaded factual allegations that Mr. Frost played any role in those matters.  Thus, even if the allegations against Ripple were true, SDF's second and third claims fail to state a claim against Mr. Frost.[2]

---

[1]  "SLAPP" stands for "strategic lawsuit against public participation."

[2]  As discussed in more detail below, SDF tries to rope in Mr. Frost by inadequately alleging that he conspired with Ripple.  It appears that SDF's conspiracy postulation may be based on its allegations that Mr. Frost served as a legal advisor to Ripple and a Ripple co-founder.  *See* Dkt. No. 122 ¶ 8, at 6, ¶ 17, at 16 ("On information and belief, . . . Ripple's senior executives started encouraging one of its co-founders to sue McCaleb, . . . and Frost acted as attorney for that co-founder, while also serving as an advisor for Ripple.").  Obviously, the litigation privilege would bar claims against Mr. Frost simply for representing a Ripple co-founder in an action against McCaleb.  And in paragraph 18 of its Cross-Claim, SDF alleges that "Ripple and Frost conspired to prop up the price of Ripple's XRPs and the value of Ripple's

*(footnote continues on next page)*

As Bitstamp's general counsel, Mr. Frost filed a complaint in interpleader on behalf of his employer, and SDF retaliated by suing him.  If parties were allowed to sue opposing counsel simply for pursuing their clients' interests, the judicial system would quickly descend into chaos, with each case spawning sub-litigation and sub-sub-litigation as defendants sued plaintiffs' counsel, plaintiffs sued defense counsel, counsel sued each other, and so on.  The Court should not countenance that sort of tactic by SDF here, especially given allegations as thin as these.

## II.   STATEMENT OF FACTS

A detailed procedural and factual history is already set forth in Bitstamp's Special Motion To Strike Counterclaim.  *See* Dkt. No. 130, at 2:1-10:7.  To avoid repetition (and save some trees and electrons), Mr. Frost will give only a summary here, drawn from the Cross-Claim (Dkt. No. 122) so that SDF's allegations remain the focus.  Conclusory allegations such as SDF's skeletal conspiracy averments, however, have been disregarded.  *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007) ("allegation of parallel conduct and a bare assertion of conspiracy will not suffice" to plead antitrust claim); *Lachapelle v. Kim*, No. 15-cv-02195-JSC, 2015 WL 5461542, at *7 (N.D. Cal. Sept. 16, 2015) ("The allegation that '[a]t or prior to the time of the Transfers, defendants, and each of them, entered into a conspiracy to defraud creditors' by 'effectuat[ing] the Transfers to ZeroDesktop[,]' . . . is conclusory and therefore insufficient to support a pleading of conspiracy under *Iqbal* and *Twombly*.").

---

shares, and to prevent SDF from receiving funds from the purchase of STRs by Stephenson." *Id.* ¶ 18, at 8:23-24.  If by "Ripple and Frost conspired," SDF means Mr. Frost advised Ripple in its dealings with Stephenson and Coinex (which, by the way, he did not), such conduct is simply that of a lawyer giving legal advice to a client contemplating possible litigation.  This is absolutely privileged activity (*see* § IV.A below*)*, and SDF's lawyers are well aware (or should be) that such allegations provide no basis for suing Mr. Frost.

- Ripple Labs signed an agreement with Jed McCaleb that restricted McCaleb's sales of Ripple's digital currency, known as XRP. These restrictions applied to XRP in McCaleb's possession, custody, or control.

- Around March 2015, Ripple learned that a cousin of McCaleb's, Jacob Stephenson, was offering to sell some XRP. Ripple bought the XRP from Stephenson, who received over $960,000 from the transaction.

- Ripple learned that Stephenson was using his XRP sale proceeds to buy SDF's digital currency, known as STRs, on the Coinex digital-currency exchange. In that transaction SDF received approximately $940,000, which remained in its Coinex account.

- Ripple threatened Coinex until it transferred the funds from SDF's Coinex account to SDF's Bitstamp account.

- Ripple demanded of Bitstamp and its general counsel, Mr. Frost, that the funds in SDF's Bitstamp account be transferred to Ripple, asserting that the funds were the result of a contractual breach by McCaleb.

- Bitstamp and Frost froze SDF's Bitstamp account and immediately filed a complaint in interpleader.

Thus, the only specific conduct alleged as to Mr. Frost is that he received notice there were competing claimants to the funds in SDF's Bitstamp account, and he then responded by freezing the funds and filing an interpleader action on behalf of Bitstamp.

### III. STATEMENT OF LAW

#### A. The Anti-SLAPP Statute

California's anti-SLAPP statute, California Code of Civil Procedure section 425.16, is meant to protect freedom of access to the courts as well as freedom of speech. Accordingly, "[a] cause of action against a person arising from any act of that person in furtherance of the person's

right of petition or free speech . . . shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. Proc. § 425.16(b)(1).

The anti-SLAPP statute is "construed broadly, to protect the right of litigants to 'the utmost freedom of access to the courts without the fear of being harassed subsequently by derivative tort actions.'" *Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th 1, 5 (2006).

When a defendant moves to strike a claim under the anti-SLAPP statute, a two-step test is applied. First, the court decides whether defendant has made a threshold showing that the claim arises from activity protected by the statute. Cal. Code Civ. Proc. § 425.16(b)(1). The protected activities that are relevant here are "(1) any written or oral statement or writing made before a . . . judicial proceeding . . . , (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body." *Id.* § 425.16(e). If defendant makes this showing, then the claim must be stricken unless plaintiff "establishe[s] that there is a probability that the plaintiff will prevail on the claim." *Id.* § 425.16(b)(1).

**B.     Rule 12(b)(6)**

"Where the plaintiff fails to allege 'enough facts to state a claim to relief that is *plausible on its face*,' the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted." *Awimer v. Turk Hava Yollari, A.O.*, No. 1:15-cv-69 GEB-GSA, 2015 WL 5922206, at *1 (E.D. Cal. Oct. 9, 2015) (emphasis added). "A dismissal for failure to state a claim is brought under Federal Rule of Civil Procedure Rule 12(b)(6) and may be based on the *lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory*." *Id.* (emphasis added).

CROSS-DEF. GEORGE FROST'S SPECIAL MOT. TO STRIKE
AND MOT. TO DISMISS STELLAR'S CROSS-CLAIMS            6            CASE NO. 15-CV-01503-WHO

"When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the nonmoving party." *Id.* at *2. "**However, the court need not accept conclusory allegations**, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, ***unwarranted deductions of fact, or unreasonable inferences***." *Id.* (emphasis added). "Although they may provide the framework of a complaint, legal conclusions are not accepted as true and '[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "***Plausibility*** requires pleading facts, as opposed to conclusory allegations or the 'formulaic recitation of the elements of a cause of action,' and ***must rise above the mere conceivability or possibility of unlawful conduct*** that entitles the pleader to relief." *Id.* (emphasis added; citations omitted; quoting *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 678-79).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are ***merely consistent with*** a defendant's liability, ***it stops short of the line between possibility and plausibility*** of entitlement to relief." *Id.* (emphasis added; internal quotation marks omitted).

## IV. ARGUMENT

Bitstamp ably argues for the striking and dismissal of SDF's Counterclaim in support of its own special motion under the anti-SLAPP statute. Thus, as an initial matter, Mr. Frost hereby adopts and incorporates by reference all applicable arguments raised in Bitstamp's Special Motion To Strike Counterclaim (Dkt. No. 130) and Reply In Support Of Bitstamp's Special Motion To Strike Counterclaim (Dkt. No. 156).

CROSS-DEF. GEORGE FROST'S SPECIAL MOT. TO STRIKE      7      CASE NO. 15-CV-01503-WHO
AND MOT. TO DISMISS STELLAR'S CROSS-CLAIMS

### A. SDF's First Claim Should Be Stricken Under The Anti-SLAPP Statute.

#### 1. The claim arises from protected activity.

SDF's first claim for relief against Mr. Frost (unfair competition) should be stricken under the anti-SLAPP statute, California Code of Civil Procedure section 425.16. The statute applies to a claim brought against someone based on "any act of that person in furtherance of the person's right of petition or free speech." *Id.* § 425.16(b)(1). "Any act" includes "the filing, funding, and prosecution of a civil action," *Rusheen v. Cohen,* 37 Cal. 4th 1048, 1056 (2006), as well as conduct undertaken in connection with pending or contemplated litigation, *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1266 (2008); *see also Tuck Beckstoffer Wines LLC v. Ultimate Distributors, Inc.*, 682 F. Supp. 2d 1003, 1015 (N.D. Cal. 2010) ("The anti-SLAPP statute protects any act in furtherance of a person's right of petition or free speech, . . . including, without limitation, the filing of a complaint, the assertion of allegations therein, the service of subpoenas, and any factual investigation related to the issues in dispute.").

Here, for SDF's unfair-competition claim, the only specific conduct alleged as to Mr. Frost is his filing of the interpleader and the freezing of funds that necessarily preceded it. Dkt. 122 ¶ 31, at 12. That conduct is protected by the anti-SLAPP statute. *Plummer v. T.H.E. Ins. Co.*, No. B246940, 2014 WL 915834 (Cal. Ct. App. Mar. 10, 2014), is on point.[3] In *Plummer*, two lawyers, Plummer and Bisom, were jointly representing a family in a matter. The family fired Plummer. Bisom proceeded to obtain a settlement for the family. Plummer

---

[3] This Court may consider unpublished California decisions, although they are not precedential. *See Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003); *American Zurich Ins. Co. v. Country Villa Serv. Corp.*, No. 2:14-cv-03779-RSWL-AS, 2015 WL 4163008, at *4 (C.D. Cal. July 9, 2015) ("When no published California opinion controls, federal courts may consider unpublished California opinions as persuasive authority.").

asserted a lien for his fees and costs on the settlement.  The insurance company funding the settlement issued two checks – one for the family and one for attorneys' fees.  The insurance company sent the fee check to the lawyer representing Bisom in his fee dispute with Plummer, one Bohm.  Bohm deposited the check in his attorney-client trust account.  Plummer, who had obtained a judgment against Bisom entitling him to the money, repeatedly asked Bohm for it.  Bohm filed an interpleader action.  Plummer litigated the interpleader action until eventually Bohm dismissed it and gave him the money.  *See id.* at *1-3.  Plummer then sued Bohm and his law firm for conversion and interference with economic advantage.  The trial court granted defendants' anti-SLAPP motion, and the court of appeal affirmed.

> [T]he conduct of Bohm and his law firm on which the complaint was based was the agreement, and subsequent acts taken in furtherance of that agreement, to use the processes of the trial court, in the form of the allegedly meritless interpleader action, to continue to deny plaintiff access to the funds to which he claimed he was entitled.  As such, the gravamen of the claims against Bohm and his law firm implicated their right to petition the trial court, a right that is protected by section 425.16.

*Id.* at *5.  The anti-SLAPP statute likewise applies here.

   **2.     SDF cannot show a probability of prevailing on the claim.**

As the unfair-competition claim is based on protected activity, SDF must show a probability of prevailing on the claim, or else it must be stricken.  SDF cannot make the showing.

   *a.     Litigation privilege*

The same activity triggering application of the anti-SLAPP statute – the freezing of SDF's funds and filing of the interpleader – brings the California litigation privilege into play.  California Civil Code section 47(b) says, "A privileged publication or broadcast is one made . . . [¶] [i]n any . . . judicial proceeding . . . ."  The purpose of the privilege is akin to that of the anti-

SLAPP statute – "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (citation omitted).

Despite the literal wording, the privilege is not limited to publications or broadcasts. "A broad range of conduct has been determined by courts to be within the scope of the privilege, including activity **preparatory** to litigation." *Finton Constr., Inc. v. Bidna & Keys, P.C.*, 238 Cal. App. 4th 200, 212 (2015) (emphasis added). Here, faced with competing claims to the same funds, Bitstamp and Mr. Frost filed an interpleader so that entitlement to the funds could be decided in a transparent and orderly fashion. The filing of the interpleader itself was absolutely privileged, and so was the freezing of the funds, as the whole purpose of the interpleader would be thwarted if the money could be transferred to one of the claimants in the interim. *See Plummer*, 2014 WL 915834, at *7 ("Here, the filing of the interpleader action, as well as any communications made by Bohm and his law firm concerning the disputed funds that resulted in that action, were actions taken either during the course of or in anticipation of litigation."). These acts cannot give rise to liability against Mr. Frost (or Bitstamp), and thus SDF's unfair-competition claim premised on these acts necessarily fails.

      *b.*     *Collateral estoppel*

The unfair-competition claim is also barred by collateral estoppel. SDF alleges that the freezing of SDF's funds and filing of the interpleader were wrongful, because Mr. Frost and Bitstamp supposedly were colluding with Ripple and knew it had no legitimate claim to the funds. Dkt. No. 122 ¶ 26, at 11, ¶ 31, at 12. These issues have already been litigated by the parties and decided by this Court. When the Court granted Bitstamp's motion for discharge, over SDF's opposition, it rejected SDF's charges of collusion and bad faith:

> [T]he mere fact that the same attorney [Mr. Frost] has represented both Ripple Labs and Bitstamp, or that Ripple Labs and Bitstamp

> have some of the same investors and directors, is hardly indicative of collusion, particularly in the concentrated world of digital currency. In fact, Bitstamp *and McCaleb* have similar connections. . . . Moreover, Bitstamp sought leave to release the disputed funds *to Stellar*, over Ripple Labs' objections, further undermining the assertion that Bitstamp and Ripple Labs are in cahoots.

Dkt. No. 63, at 5:15-22 (original emphasis).

### c. *Injury and relief under the unfair-competition law*

In addition, SDF does not have a probability of success on this claim, because it fails to plead cognizable injury or seek available relief under the unfair-competition law, California Business and Professions section 17200 et seq. In *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999), the California Supreme Court held:

> When a plaintiff who claims to have suffered injury from a direct competitor's "unfair" act or practice invokes section 17200, the word "unfair" in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

*Id.* at 187.[4] Here, the unfair-competition claim alleges that Mr. Frost worked with SDF's direct competitor Ripple to injure SDF by "depriving [it] of the use of these funds." Dkt. No. 122 ¶ 31, at 12. At most, SDF has alleged an injury to itself (if even that), but has not alleged anything akin to an antitrust violation or significant harm to competition generally. And for the reasons discussed in the Reply In Support Of Bitstamp's Special Motion To Strike Counterclaim, SDF

---

[4] On the other hand, stated the *Cel-Tech* court, "[n]othing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as 'fraudulent' or 'unlawful' business practices or 'unfair, deceptive, untrue or misleading advertising.' 20 Cal. 4th at 187 n.12.

should not be permitted to change tack now and retroactively add section 17200 claims for "unlawful" threats, market manipulation, or the like. *See* Dkt. No. 156, at 1:16-2:10.

Further, putting aside that SDF has asserted no well-pleaded allegation of wrongdoing by Mr. Frost, that Mr. Frost's conduct is shielded by the litigation privilege, and that SDF has not pleaded unfair competition under *Cel-Tech* – putting all that aside, SDF cannot obtain relief against Mr. Frost under section 17200. Under section 17200, private plaintiffs "are generally limited to injunctive relief and restitution." *Cel-Tech Commc'ns*, 20 Cal. 4th at 179; *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150-51 (2003) ("The nonrestitutionary [profit] disgorgement remedy sought by plaintiff closely resembles a claim for damages, something that is not permitted under the UCL."). In the present case, there is no ongoing conduct by Mr. Frost to enjoin. Nor does he have anything of SDF's that could be returned to it in restitution. SDF is simply barking up the wrong tree.

Thus, SDF cannot show a probability of prevailing on its unfair-competition claim, which should be stricken under the anti-SLAPP statute.

With the striking of the claim, Mr. Frost will be entitled to an award of attorneys' fees and costs against SDF, which he has every intention of seeking. *See* Cal. Code Civ. Proc. § 425.16(c)(1) ("[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.).

**B.     All Of SDF's Claims Should Be Dismissed Under Rule 12(b)(6) For Failure To State A Claim.**

**1.     First claim (unfair competition)**

As discussed above, issues of litigation privilege, collateral estoppel, and injury and relief preclude SDF from showing a probability of prevailing on its unfair-competition claim under the anti-SLAPP statute. For the same reasons, the claim fails to state a viable claim against

Mr. Frost. Therefore, in addition to striking the claim under the anti-SLAPP statute, the Court should dismiss the claim under Rule 12(b)(6).

### 2. Second and third claims (interference with economic relations)

SDF's second and third claims, both for interference with economic relations (Dkt. No. 122 ¶¶ 32-52, at 12-15) should also be dismissed under Rule 12(b)(6). These claims are based on allegations that *Ripple* threatened Coinex and fraudulently bought XRP from fund claimant Stephenson. For instance, SDF alleges that "Ripple's agent intentionally threatened the operator of the Coinex exchange . . . . " and "Ripple, through an agent, engaged in a transaction with Stephenson . . . ." Dkt. No. 122 ¶ 36, at 13, ¶ 46, at 14. Notably absent, however, is any well-pleaded allegation that *Mr. Frost* did anything.

SDF tries to paper over these holes by lumping together Mr. Frost, Ripple, and the Doe Defendants, and alleging that they collectively "knew of" or "intended" certain things, that they made certain "threats," and that their collective conduct resulted in certain outcomes. *See id.* ¶¶ 34-39, at 13, ¶ 45, at 14. But even a cursory review of the claims shows that the only conduct alleged with any sort of specificity is that of Ripple.[5]

SDF tries to shore up its case by alleging elsewhere in the Cross-Claim that Mr. Frost was part of some vague conspiracy with Ripple and the Doe Defendants. *See* Dkt. No. 122, *e.g.,* ¶ 10, at 6 ("At all relevant times, the Cross-Defendants, and each of them, have pursued a common course of conduct, acted in concert and conspired with one another . . . ."). Allegations like these add nothing. *See Twombly*, 550 U.S. at 557 ("[A] conclusory allegation of agreement

---

[5] At one point, SDF asserts that "Ripple, *Frost* and Does 1-20 *made threats to Bitstamp* that Ripple was the owner of the funds . . . ." *Id.* ¶ 40 (emphasis added). Why would Mr. Frost be threatening his own employer? Presumably this odd allegation is simply the result of SDF's overexuberance in group pleading.

at some unidentified point does not supply facts adequate to show illegality."); *Lachapelle*, 2015 WL 5461542, at *7 ("The allegation that '[a]t or prior to the time of the Transfers, defendants, and each of them, entered into a conspiracy to defraud creditors' by 'effectuat[ing] the Transfers to ZeroDesktop[,]' . . . is conclusory and therefore insufficient to support a pleading of conspiracy under *Iqbal* and *Twombly*."). Very similar pleading was found wanting by Judge Tigar of this District in *Choyce v. SF Bay Area Independent Media Center*, No. 13-cv-01842-JST, 2013 WL 6234628 (N.D. Cal. Dec. 1, 2013):

> The closest the complaint comes to alleging Layer42's role in producing the challenged content is by alleging on information and belief that all of the named defendants were "acting as the partner, agents, servants and employees of each other," by alleging that Defendants all "conspired to" publish the material, and then group-pleading all of its claims against all defendants collectively. . . . This "formulaic recitation" of the elements of agency and conspiracy liability are not well-pled factual allegations entitled to a presumption of truth.

*Id.* at *9.

In short, ***zero*** (no specific allegations of conduct by Mr. Frost) ***plus zero*** (bare averments of conspiracy) ***still equals zero***. SDF's second and third claims fail to state a claim against Mr. Frost and should be dismissed.

**V.   CONCLUSION**

For the foregoing reasons, the Court should strike SDF's first claim for relief pursuant to the anti-SLAPP statute, California Code of Civil Procedure section 425.16, and dismiss SDF's first, second, and third claims for relief pursuant to Rule 12(b)(6) for failure to state a claim – all with prejudice.

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | Dated: October 16, 2015 | HOSIE RICE LLP |
| 2 | | |
| 3 | | By: */s/ Anthony K. Lee*_____ |
| | | SPENCER HOSIE (CA Bar No. 101777) |
| 4 | | shosie@hosielaw.com |
| | | DIANE S. RICE (CA Bar No. 118303) |
| 5 | | drice@hosielaw.com |
| | | ANTHONY K. LEE (CA Bar No. 156018) |
| 6 | | alee@hosielaw.com |
| 7 | | DARRELL R. ATKINSON (CA Bar No. 280564) |
| | | datkinson@hosielaw.com |
| 8 | | HOSIE RICE LLP |
| | | Transamerica Pyramid, 34th Floor |
| 9 | | 600 Montgomery Street |
| | | San Francisco, CA 94111 |
| 10 | | (415) 247-6000 Tel. |
| 11 | | (415) 247-6001 Fax |
| 12 | | *Attorneys for Cross-Defendant George Frost* |

CROSS-DEF. GEORGE FROST'S SPECIAL MOT. TO STRIKE      15            CASE NO. 15-CV-01503-WHO
AND MOT. TO DISMISS STELLAR'S CROSS-CLAIMS