SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
ANTHONY K. LEE (CA Bar No. 156018)
alee@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Cross-Defendant George Frost*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BITSTAMP LTD., a foreign company, <br><br> Plaintiff, <br><br> v. <br><br> RIPPLE LABS, Inc., a California Corporation, JACOB STEPHENSON, an individual, NANCY HARRIS, an individual, JED MCCALEB, an individual, and DOES 1-10, inclusive, <br> Defendants. <br><br> STELLAR DEVELOPMENT FOUNDATION, a Delaware Nonprofit Corporation, <br><br> Counterclaimant and Crossclaimant, <br><br> v. <br><br> RIPPLE LABS, INC, a Delaware Corporation, GEORGE FROST, an individual, BITSTAMP, LTD., a foreign company, and DOES 1-20 inclusive, <br><br> Cross-Defendants and Counter-Defendant. | Case No. 15-CV-01503-WHO <br><br> **REPLY IN SUPPORT OF CROSS-DEFENDANT GEORGE FROST'S SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS STELLAR DEVELOPMENT FOUNDATION'S CROSS-CLAIMS** <br><br> Date:   December 2, 2015 <br> Time:  2:00 p.m. <br> Judge:  Hon. William H. Orrick <br> Courtroom: 2, 17th Floor |

**INTRODUCTION**

SDF has chosen to address the points in Mr. Frost's opening memorandum in reverse order.  No matter – the outcome should be the same either way:  dismissal with prejudice.

As to Rule 12(b)(6), Mr. Frost showed that SDF's Cross-Claim is devoid of well-pleaded allegations as to him, and speaks only in nonactionable generalities.  In opposition, SDF simply quotes those same generalized allegations while flatly proclaiming their sufficiency.  But inadequate allegations gain no strength through mere repetition.  To extend a motif from Mr. Frost's opening memorandum:   Zero times two (or three or four) is still zero.

On litigation privilege and anti-SLAPP, SDF wants the Court to ignore California authority on point – *Plummer v. T.H.E. Insurance Co.*, No. B246940, 2014 WL 915834 (Cal. Ct. App. Mar. 10, 2014).  In *Plummer*, the court held that the statute protected a lawyer's filing of an interpleader action, as well as the alleged pre-filing conduct of which the interpleader was a continuation.  In other words, precisely the same species of claim that SDF is asserting here.  And just as the claim in *Plummer* foundered under the anti-SLAPP statue, so should that of SDF.

**ARGUMENT**

**I.     SDF FAILS TO SHOW THAT IT STATES ANY CLAIM AGAINST MR. FROST.**

**A.     All Of SDF's Claims Are Fatally Afflicted With Conclusory Pleading.**

In his opening memorandum, Mr. Frost showed that the insufficient pleading of SDF's first, second, and third claims mandated dismissal under Rule 12(b)(6).  In response, SDF simply recites a litany of its conclusory allegations and declares them good.  *See* Dkt. No. 163, at 6:13-8:4.  But a poor story does not get any better in the retelling.  SDF's allegations were inadequate when they were filed, and they remain so now.

In SDF's list of quoted allegations – and presumably these were the best SDF could come up with after combing through its own Cross-Claim – no specific wrongdoing is pleaded with

respect to Mr. Frost.  Mr. Frost allegedly engaged in a "scheme" and "conspired" with Ripple, "colluded" with Bitstamp, and "took actions in concert with" Ripple and Bitstamp.  *See* Dkt. No. 163, at 6:16-8:4.  These generalities aside, however, what ***specifically*** did he do?  Crickets.

By contrast, SDF is able to plead conduct by Ripple with at least a modicum of detail.  *See* Dkt. No. 122, *e.g.*, ¶ 24 ("Beginning on March 21, 2015, Ripple, through its Chief Risk Officer Greg Kidd, contacted the operator of the Coinex exchange . . .").[1]  SDF then tries to bootstrap these allegations against ***Ripple*** into a claim against ***Mr. Frost*** simply by averring that the two were partners in crime.  That dog won't hunt, though.  Mr. Frost is entitled to notice of what ***he*** is alleged to have done.  As the court stated in *In re iPhone Application Litigation*, No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011):

> The Mobile Industry Defendants persuasively argue that, by lumping all eight of them together, Plaintiffs have not stated sufficient facts to state a claim for relief that is plausible against [any] *one* Defendant.  Mobile Industry Defendants are correct. Plaintiffs' failure to allege ***what role each Defendant played*** in the alleged harm makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.

*Id.* at *8 (original first emphasis).

SDF argues that even if there are no well-pleaded allegations concerning actionable conduct by Mr. Frost, it can still proceed against him as a co-conspirator.  *See* Dkt. No. 163, at 8:18-24.  But Mr. Frost's opening memorandum has already shown the inadequacy of SDF's conspiracy allegations.  *See* Dkt. No. 157, at 13:18-14:18.  SDF has failed to respond, and has thus folded on its conspiracy theory.

To withstand a motion to dismiss under Rule 12(b)(6), plaintiffs must "nudge[ ] their claims across the line from conceivable to ***plausible***."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1]     Mr. Frost is not conceding, however, that SDF states claims against Ripple or anyone else.

570 (2007) (emphasis added).  Here, SDF's Cross-Claim has not only failed to cross the line from conceivable to plausible, but has dropped below the line from conceivable to downright *im*plausible.  SDF spins a tale of Mr. Frost (remember, allegedly an attorney for both Ripple and Bitstamp) colluding with and acting on behalf of Ripple in one moment, Bitstamp the next, then on behalf of both, and at one point making "threats" ***directed against Bitstamp*** in furtherance of the plot, *see* Dkt No. 122 ¶ 49 – like some behind-the-scenes, string-pulling villain from a James Bond movie.  And what kind of conspiracy has as its goal the placing of disputed money under federal court jurisdiction, so that entitlement to it can be decided in a transparent, orderly process?  This is the stuff of farce.

Back to reality now:  The specific facts that are pleaded as to Mr. Frost are much more consistent with his being simply a legal advisor to Ripple and in-house counsel at Bitstamp (in which case, all of his alleged string-pulling would be protected under the litigation privilege).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'").

To repeat a line from the opening memorandum:  "This is a case of a lawyer being sued for acting as a lawyer."  Dkt. No. 157, at 2:11-12.

**B.     SDF Fails To State A Claim Under The Unfair-Competition Law.**

**1.     SDF's unfair-competition claim is barred by the litigation privilege under *Plummer*.**

As discussed above, SDF's unfair-competition claim consists of purely conclusory allegations with respect to Mr. Frost, and can and should be dismissed on that basis alone.  The claim also suffers from other deficiencies, for which SDF has no effective response.

In his opening memorandum, Mr. Frost cited the California decision *Plummer*, 2014 WL 915834, in showing that SDF's unfair-competition claim is barred by the litigation privilege. *See* Dkt. No. 157, at 8:16-9:17, 10:10-18. SDF now asserts the Court should simply ignore *Plummer* as an unpublished decision, contending that *Kimmel v. Goland*, 51 Cal. 3d 202 (1990), is controlling. *See* Dkt. No. 163, at 10:18-24 & n.5. Not so.

In *Plummer*, the court addressed precisely the factual scenario now alleged by SDF. Just as here, the plaintiff in *Plummer* alleged the defendant lawyer had worked with others to divert money owed to plaintiff, kept the money beyond plaintiff's reach, and ultimately filed an interpleader action to continue depriving plaintiff of its use. The California court of appeal held that the litigation privilege, Cal. Civ. Code § 47(b), "barred the tort claims against [defendant] Bohm and his law firm." 2014 WL 915834, at *7.

The facts and focus of *Kimmel*, 51 Cal. 3d 202, are much different. In *Kimmel*, plaintiff alleged the defendant lawyer had participated in a ***crime***, i.e., conduct punishable under the California Penal Code, namely, the recording of confidential communications without the other side's consent or knowledge. *See id.* at 207-08. The California Supreme Court rejected the lawyer's argument that the litigation privilege "should apply to the illegal conduct of an attorney," *id.* at 213.

> To be sure, the threat of liability in a civil action based on ***violation of the privacy act or other illegal conduct*** may cool the zealousness of an attorney's efforts in the advance of his or her client's cause. We conclude, however, that such forbearance is, in fact, healthy to the extent it inhibits an attorney from assisting clients in the commission of ***crimes***.

*Id.* (emphasis added). SDF alleges no crime by Mr. Frost here. The litigation privilege fully applies.

**2.     SDF alleges no conduct covered by the unfair-competition law.**

Mr. Frost (and Bitstamp before him) also showed that SDF fails to allege "unfair" conduct under the unfair-competition law.  See Dkt. No. 157, at 11:7-12:2.  SDF now, retroactively, argues that it pleads all three types of conduct proscribed by the law:  "unlawful," "unfair," and "fraudulent."  *See* Dkt. No. 163, at 11:19-12:3.  On the contrary, it sufficiently alleges none of them as to Mr. Frost.

SDF first asserts that it alleges "unlawful acts of extortion" in the form of Ripple browbeating Coinex into transferring money from SDF's Coinex account into SDF's Bitstamp account.  There are no well-pleaded factual allegations, though, that Mr. Frost played any role whatever in this alleged episode.  *See* Dkt. No. 122 ¶¶ 24-25.  Furthermore, none of this allegedly extortionate conduct was directed at ***SDF***.

SDF also argues that it alleges "unfair" conduct having anticompetitive impact.  Even if credited, however, all the Cross-Claim alleges is that a certain amount of SDF's money, from a discrete set of transactions, was transferred from its Coinex account to its Ripple account and then brought under the Court's jurisdiction in the form of the interpleader action.  SDF does not allege it has been injured by any monopolization, price-fixing, tying, or the like, or that its ability to compete in the digital-currency market has been significantly threatened or harmed in any other way.  *See Netlist, Inc. v. Diablo Techs., Inc.*, No. 13-cv-5962-YGR, 2015 WL 1887261, at *3 (N.D. Cal. Apr. 24, 2015) ("'[I]njury to a ***competitor*** is not equivalent to injury to ***competition***,' and standing alone does not establish an 'unfair' act under the UCL.") (emphasis added).

As for "fraudulent" conduct, an unfair-competition claim based on it must meet the heightened pleading standard of Rule 9(b).  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009).  The Cross-Claim against Mr. Frost falls way short.  There are no allegations

he made any statements to SDF, much less misrepresentations.   SDF has "failed to articulate the

who, what, when, where, and how of the misconduct alleged. . . . . Accordingly, these pleadings

do not satisfy the requirement of Rule 9(b) . . . ." *Id.* at 1126.

Furthermore, there is "an actual reliance requirement on plaintiffs prosecuting a private

enforcement action under the UCL's fraud prong." *In re Tobacco II Cases*, 46 Cal. 4th 298, 326

(2009).  "In other words, the plaintiff 'must allege he or she was motivated to act or refrain from

action based on the truth or falsity of a defendant's statement, not merely on the fact it was

made.'" *Graham v. Bank of America*, 226 Cal. App. 4th 594, 614 (2014); *see also L.A. Taxi*

*Cooperative, Inc. v. Uber Techs., Inc.*, No. 15-cv-01257-JST, 2015 WL 4397706, at *9 (N.D.

Cal. July 17, 2015) ("The Court joins the majority of courts to have addressed this question and

concludes that because Plaintiffs do not plead their own reliance on [competitor] Uber's

allegedly false advertising, they lack standing to seek relief under the UCL's fraud prong.").

SDF pleads no reliance on statements made by Mr. Frost.

### 3.    SDF fails to explain how it has an unfair-competition remedy.

SDF also has no real response to Mr. Frost's observation that SDF lacks a remedy under

the unfair-competition law, even assuming the truth of its allegations, *see* Dkt. No. 157, at 12:3-

14.  Mr. Frost has no money or property of SDF to return; its funds are currently under this

Court's jurisdiction via interpleader.  Thus, there is no restitution to be had from Mr. Frost.  In

addition, there is no indication that the events giving rise to this action constitute an ongoing or

systematic practice.  Thus, there is nothing to enjoin.  SDF has no unfair-competition remedy

and hence no claim.

## II.   UNDER *PLUMMER*, THE ANTI-SLAPP STATUTE APPLIES TO SDF'S UNFAIR-COMPETITION CLAIM.

On anti-SLAPP, as with the litigation privilege, SDF wants the Court to ignore *Plummer*, 2014 WL 915834, in which the California court of appeal held the anti-SLAPP statute barred an action brought against a lawyer for filing an interpleader and for his pre-filing treatment of plaintiff's money – precisely the scenario giving rise to SDF's Cross-Claim here.  The *Plummer* plaintiff's arguments against application of the anti-SLAPP statute are strikingly similar to those now raised by SDF:

> Plaintiff contends that the acts of [defendant] Bohm and his law firm upon which his complaint was based did not constitute protected activity under section 425.16.  According to plaintiff, because his conversion and intentional interference claims against Bohm and his law firm ***were based on acts that occurred prior to the filing of the interpleader action, they did not constitute activity protected under section 425.16.  In addition, plaintiff contends that the interpleader was "sham litigation"*** – because Bohm was not a disinterested party – and therefore did not constitute a valid exercise of rights protected under section 425.16.

*Id.* at *5 (emphasis added).

And just as the *Plummer* court rejected those arguments, so should this Court here:

> Although plaintiff contends that Bohm and his law firm aided and abetted certain actions by the insurance company and its lawyers, which actions all preceded the filing of the interpleader action, the gravamen of the first amended complaint against Bohm and his law firm was that they agreed with the insurance company and its attorneys to "abuse the process of the Court for the purpose of further depriving [p]laintiff of the money which belonged to him." According to the first amended complaint, in furtherance of the agreement to abuse the process of the court, Bohm and his law firm filed a "meritless interpleader action while keeping the money 'unattachable' in their [a]ttorney-[c]lient [t]rust [a]ccount for the purpose of denying [p]laintiff access to funds which belonged to him."  It was only after plaintiff filed a dispositive motion in the

interpleader action that Bohm and his law firm released the money to plaintiff.[2]

Based on those allegations, the conduct of Bohm and his law firm on which the complaint was based was the agreement, and subsequent acts taken in furtherance of that agreement, to use the processes of the trial court, in the form of the allegedly meritless interpleader action, to continue to deny plaintiff access to the funds to which he claimed he was entitled. As such, the gravamen of the claims against Bohm and his law firm implicated their right to petition the trial court, a right that is protected by section 425.16.

*Id.*

As did the plaintiff in *Plummer*, SDF is suing a lawyer for allegedly using the interpleader procedure to continue denying SDF access to funds to which it claims entitlement. Regardless of Mr. Frost's alleged motivation or intent, the filing and related conduct are protected by the anti-SLAPP statute, requiring SDF to show a probability of success on its claim. As discussed above and in Mr. Frost's opening memorandum, SDF fails to make the showing. Its unfair-competition claim should be stricken as an anti-SLAPP.

SDF's final salvo is to urge reliance on *Renewable Resources Coalition, Inc. v. Pebble Mines Corp.*, 218 Cal. App. 4th 384 (2013). *See* Dkt. No. 163, at 14:4-15:2. In *Renewable Resources*, any connection between the challenged conduct – defendants' purchase of plaintiff's confidential documents from plaintiff's former fundraiser – and defendants' right to petition was

---

2       *Compare with* Dkt. No. 163 (SDF's opposition), at 13:20-27:

While the unfair competition cause of action does allege that . . . these conspirators then utilized the interpleader filing to manufacture federal jurisdiction, the principal thrust of the cause of action is the illegal scheme to prevent SDF from benefiting from Stephenson's purchase of STRs by coercing SDF's funds to be placed in Bitstamp account. The interpleader filing came about only after the scheme had already achieved its dominant purpose by getting SDF's funds into a Bitstamp account so that Bitstamp could prevent SDF from having access to the funds.

insufficient to trigger application of the anti-SLAPP statute.  Although defendants had pursued a complaint against plaintiff with the Alaska Public Offices Commission alleging election law violations based on those documents, the court of appeal held that plaintiff was suing defendants not for bringing the complaint, but for misappropriating the documents.

The facts here are far different.  An interpleader is filed to initiate a judicially supervised process for deciding entitlement to disputed funds among two or more parties.  The dispute, including its genesis and development, is the *raison d'être* of the interpleader.  Thus, just as the filing of the interpleader itself is protected by the anti-SLAPP statute, so is the conduct necessitating the filing.

## CONCLUSION

For the foregoing reasons and those stated in the opening memorandum, the Court should strike SDF's first claim against Mr. Frost pursuant to the anti-SLAPP statute, and dismiss SDF's first, second, and third claims for failure to state a claim – all with prejudice.

Dated:  November 18, 2015                Respectfully submitted,

HOSIE RICE LLP

By: */s/ Anthony K. Lee*_____
SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
ANTHONY K. LEE (CA Bar No. 156018)
alee@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
HOSIE RICE LLP
Transamerica Pyramid, 34th Floor
600 Montgomery Street
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Cross-Defendant George Frost*